1 | Patrice L. Bishop (182256)
service@ssbla.com
2 | STULL, STULL & BRODY
10940 Wilshire Boulevard
3 | Suite 2300
Los Angeles, CA 90024
4 | Tel:   (310) 209-2468
Fax:  (310) 209-2087

**Proposed Liaison Counsel for Plaintiffs**

Jeffrey S. Abraham
Arthur J. Chen
ABRAHAM, FRUCHTER & TWERSKY, LLP
One Penn Plaza
Suite 2805
New York, NY 10119
Tel:   (212) 279-5050
Fax:  (212) 279-3655

**Proposed Lead Counsel for Plaintiffs**

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SiRF TECHNOLOGY HOLDINGS, INC. SECURITIES LITIGATION, <br><br> This Document Relates To: <br><br> All Actions. | CASE NO. 08-CV-00856 MMC <br><br> **CLASS ACTION** <br><br> **NOTICE OF MOTION AND MOTION BY ALAN NUSSBAUM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL PURSUANT TO SECTION 21D OF THE SECURITIES EXCHANGE ACT OF 1934; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> DATE:   May 16, 2008 <br> TIME:   9:00 a.m. <br> CTRM:  7, 19th Floor <br> JUDGE: Honorable Maxine M. Chesney |

---

**NOTICE, MOTION & MEMORANDUM OF POINTS & AUTHORITIES BY ALAN NUSSBAUM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL**
**CASE NO. C08-00856 MMC**                                                                                       Z:\STULL\SIRF\PLD\LP Mtn & MPA.wpd

1  TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  PLEASE TAKE NOTICE that on May 16, 2008 at 9:00 a.m., before the Honorable Maxine M. Chesney, in Courtroom 7, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, California 94102, Alan Nussbaum will, and hereby does, move this Court for an order granting his Motion for Appointment of Lead Plaintiff Pursuant to Section 21D of the Securities Exchange Act of 1934 and Approval of his Selection of Counsel(the "Motion").

This Motion is brought pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act'), 15 U.S.C. §78u-4(a), on the grounds that Mr. Nussbaum has timely filed his Motion and is the "most adequate plaintiff," meets the requirements of Rule 23 of the Federal Rules of Civil Procedure since his claims are typical of the other class members' claims, will fairly and adequately represent the class.  Also, pursuant to Section 21D(a)(3)(B)(v) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B)(v), Mr. Nussbaum seeks the Court's approval of his selection of Abraham, Fruchter & Twersky, LLP and Stull, Stull & Brody, both of which have with substantial experience in prosecuting securities fraud class actions, respectively as Lead Counsel and Liaison Counsel, .

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Patrice L. Bishop filed herewith, the pleadings and other files herein, and on such other written or oral argument as may be permitted by the Court.

Dated: April 8, 2008                              Patrice L. Bishop
                                                  STULL, STULL & BRODY

                                    By:           /s/
                                                  Patrice L. Bishop
                                                  10940 Wilshire Boulevard
                                                  Suite 2300
                                                  Los Angeles, CA  90024
                                                  Tel:   (310) 209-2468
                                                  Fax:   (310) 209-2087

                                                  **Proposed Liaison Counsel for Plaintiffs**

//
//

1

**NOTICE, MOTION & MEMORANDUM OF POINTS & AUTHORITIES BY ALAN NUSSBAUM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL**
**CASE NO. C08-00856 MMC**                                           Z:\STULL\SIRF\PLD\LP Mtn & MPA.wpd

Jeffrey S. Abraham
Arthur J. Chen
ABRAHAM, FRUCHTER & TWERSKY LLP
One Penn Plaza
Suite 2805
New York, NY  10119
Tel:    (212) 279-5050
Fax:    (212) 279-3655

**Proposed Lead Counsel for Plaintiffs**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On March 14, 2008, this Court entered an Order consolidating seven related securities class actions filed against ("SiRF" or the "Company") and certain of its officers and directors (collectively, the "Defendants") asserting claims arising under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. §240.10b-5.  Mr. Nussbaum respectfully submits this memorandum in support of his Motion for appointment as Lead Plaintiff and for appointment of his selection of counsel pursuant to Section 21D of the Exchange Act, 15 U.S.C. §78u-4, a provision added to the Exchange Act by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, 109 Stat. 737 (1995).

Mr. Nussbaum acquired SiRF securities between October 30, 2007 and February 4, 2008, inclusive (the "Class Period"), and suffered damages of over $76,187.50 as a result of Defendants' violations of the federal securities laws.[1]  For the reasons outlined below, Mr. Nussbaum believes he is the most adequate plaintiff to pursue the federal securities claims of all persons who purchased or otherwise acquired SiRF securities during the Class Period.  Therefore, Mr. Nussbaum requests this Court appoint him lead plaintiff and approve his selection of proposed lead and liaison counsel.

## II. STATEMENT OF FACTS

Defendant SiRF manufactures global positioning system ("GPS") chipsets and software for consumer and commercial navigation devices and systems.  In addition to SiRF, defendants are Diosdado P. Banatao, Michael L. Canning, Kanwar Chadha, and Geoffrey Ribar.

On October 30, 2007, the first day of the Class Period, SiRF issued a press release announcing, *inter alia*, its third quarter financial results for 2007 and the Company's strong revenue

---

[1] The PSLRA specifically authorizes class members, regardless of whether they have filed a complaint, to move for appointment of lead plaintiff.  *See* 15 U.S.C. §78u-4 (a)(3)(B).  Mr. Nussbaum has completed a sworn certification listing his purchases of SiRF stock and requesting that he be appointed Lead Plaintiff.  *See* Exhibit 2 to the Declaration of Patrice L. Bishop in Support of Motion of Alan Nussbaum for Appointment as Lead Plaintiff and Lead Counsel Pursuant to Section 21D of the Securities Exchange Act of 1934 ("Bishop Decl.").

growth, success of their merger and integration with Centrality Communications, Inc. ("Centrality"), and high demand of their products. Defendants also hosted a conference call to analysts, investors, and media representatives, touting strong existing and future demand for their products and high revenue forecasts.

Then, on February 4, 2008, after the market closed, without warning, the Company issued a press release entitled "SiRF Technology Holdings Inc. Announces Financial Results for Fourth Quarter and Fiscal 2007," which stated in relevant part:

> Net revenue in the fourth quarter of 2007 was $100.4 million, an increase of 35.3 percent from $74.2 million reported in the fourth quarter of 2006. Net revenue in fiscal 2007 was $329.4 million, an increase of 33.0 percent from $247.7 million reported in fiscal 2006. Gross margin in the fourth quarter of 2007 was 48.1 percent, as compared to 54.7 percent in the fourth quarter of 2006. Gross margin in fiscal 2007 was 50.9 percent, as compared to 54.8 percent in fiscal 2006.
>
> Net income for the fourth quarter of 2007 was $0.7 million, or $0.01 per diluted share, based on 64.3 million diluted weighted average shares outstanding. This compares with net income of $9.1 million, or $0.16 per diluted share, based on 56.1 million diluted weighted average shares outstanding in the fourth quarter of 2006.
>
> Net loss for fiscal 2007 was $(10.4) million, or $(0.19) per diluted share, based on 55.5 million diluted weighted average shares outstanding. This compares with net income of $2.4 million, or $0.04 per diluted share, based on 56.0 million diluted weighted average shares outstanding in fiscal 2006.

Between the 2007 Fourth Quarter results and the conference call defendants hosted afterwards, it was revealed to the investing public that:

A.  SiRF's acquisition of Centrality was having an adverse impact on SiRF's results due to the similar products sold by Centrality which were cannibalizing SiRF's sale;

B.  SiRF's major customers were not placing orders at sufficient quantities for SiRF to meet the aggressive targets set by and for the Company;

C.  Centrality's System-on-Chip ("SoC") product line had lower gross margins than SiRF's products and defendants knew that although the Centrality acquisition would increase revenues in Q4, it would also significantly lower SiRF's gross margins); therefore, defendants had no basis for their statements on the Q3 conference call that EPS would be up in the $0.31 - $0.33 range, or that the gross margins of 54% to 55% experienced in Q3 would be maintained in Q4;

D.  Competitive pressures were having much more of an adverse impact on the Company than acknowledged by defendants, as SiRF's customers were moving to cellular-enabled products which SiRF could not adequately compete with;

E.  As of October 30, 2007, which is also one month into Q4, Q4 gross margins would be down significantly because of the lower SoC product line margins, which products were accounting for much of the increase revenues in Q4; and

F.  Downward pricing pressures were accelerating and would lead to lower margins and earnings in future quarters.

On February 5, 2008, SiRF's stock collapsed to $8.91 per share to close at $7.36 per share, a one-day decline of 54% on volume of 63 million shares, 30 times the average three-month volume.

## III.   ARGUMENT

Section 21D of the Exchange Act establishes the procedure for the selection of lead plaintiff to oversee class actions brought under the Exchange Act. In *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002), the Ninth Circuit outlined the procedures district courts are to follow when deciding who will be appointed lead plaintiff. As the Ninth Circuit noted, the statute instructs district courts to select as lead plaintiff the plaintiff "most capable of adequately representing the interests of class members." *Id*. at 729, *citing* 15 U.S.C. § 78u-4(a)(3)(B)(i). The "most capable" plaintiff -- and hence the lead plaintiff -- is the one who has the greatest financial stake in the outcome of the case, so long as the proposed lead plaintiff meets the requirements of Rule 23. *Id*. Having suffered damages of over $76,187.50, Mr. Nussbaum believes he has the largest financial interest in the relief sought by the Class and is therefore, under the mandates of the PSLRA, presumed to be the "most adequate plaintiff." *See* Bishop Decl. Ex. 3.

The PSLRA provides a simple three-step process for identifying the lead plaintiff. *Id.* The first step consists of publicizing the pendency of the action, the claims made and the purported class period. 15 U.S.C. §78u-4(a)(3)(A). *Id*. The first plaintiff to file an action covered by the Reform Act must post this notice "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. §78u-4(a)(3)(A)(i). The notice must also state that "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i)(II).

5
**NOTICE, MOTION & MEMORANDUM OF POINTS & AUTHORITIES BY ALAN NUSSBAUM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL**
**CASE NO. C08-00856 MMC**                                                                Z:\STULL\SIRF\PLD\LP Mtn & MPA.wpd

1       In step two, the district court must consider the losses allegedly suffered by the various

2 plaintiffs before selecting as the presumptively most adequate plaintiff - and hence the presumptive

3 lead plaintiff - the one who has the largest financial interest in the relief sought by the class and

4 otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id*., *citing*

5 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). To make this comparison, the district court must calculate each

6 potential lead plaintiff's financial interest in the litigation. *Id*. at 730, n.4. In other words, the

7 district court must compare the financial stakes of the various plaintiffs and determine which one

8 has the most to gain from the lawsuit. *Id*. at 729-30.

9       The district court must then focus its attention on that plaintiff and determine, based on the

10 information he has provided in his pleadings and declarations, whether he satisfies the requirements

11 of Rule 23(a), in particular those of *typicality* and *adequacy*. *Id*. at 730 (emphasis added). If the

12 plaintiff with the largest financial stake in the controversy provides information that satisfies these

13 requirements, he becomes the presumptively most adequate plaintiff. *Id*.

14       The third step of the process is to give other plaintiffs an opportunity to rebut the

15 presumptive lead plaintiff's showing that he satisfies the typicality and adequacy requirements of

16 Rule 23. *Id*. (citing 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)). At the third stage, the process turns

17 adversarial and other plaintiffs may present evidence that disputes the lead plaintiff's prima facie

18 showing of typicality and adequacy. *Id.* The district court may need to hold an evidentiary hearing,

19 and make a renewed determination of typicality and adequacy. *Id.* (citing *In re Cendant Corp.*

20 *Litig.*, 264 F.3d 201, 268. n.6 (3d Cir. 2001), *cert. denied*, 152 L. Ed. 2d 212, 122 S. Ct. 1300

21 (2002)).

22       If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the

23 court must repeat the inquiry, this time considering the plaintiff with the next-largest financial

24 stake, until it finds a plaintiff who is willing to serve and satisfies the requirements of Rule 23. *Id*.

25       The first complaint filed against Defendants was the *Sammy Esses, etc. v. SiRF Technology*

26 *Holdings, Inc., et al.* action, Case No. 08-CV-00856 MMC, filed on February 8, 2008. On the same

27 day, counsel in that action caused notice to be published on *Business Wire, Inc.* which informed

28

6
**NOTICE, MOTION & MEMORANDUM OF POINTS & AUTHORITIES BY ALAN NUSSBAUM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL**
**CASE NO. C08-00856 MMC**                                                             Z:\STULL\SIRF\PLD\LP Mtn & MPA.wpd

1  potential class members of the pendency of the action and their right to move to be appointed lead

2  plaintiff and to designate their choice of lead counsel within 60 days. *See* Bishop Decl. Ex. 1.

### A.  Mr. Nussbaum Is the Most Adequate Plaintiff under the Section 21D of the Exchange Act and Should Be Appointed Lead Plaintiff

Section 21D of the Exchange Act provides that within 60 days after the publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by plaintiffs or purported class members to serve as lead plaintiff in response to any such notice by not later than 90 days after the date of publication pursuant to §21D, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Under this section of the Exchange Act, the court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person, or group of persons, which:

(aa)  has either filed the complaint or made a motion in response to a notice . . .;

(bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I) of the Exchange Act; 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Mr. Nussbaum purchased 7,350 shares of SiRF stock during the Class Period and incurred losses of over $76,187.50. *See* Bishop Decl. Exs. 2 and 3. Mr. Nussbaum therefore believes he has the largest financial interest in the relief sought by the Class and is thus presumptively entitled to appointment as Lead Plaintiff.

Mr. Nussbaum also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because his claims are typical of the claims of the Class, and Mr. Nussbaum will fairly and adequately represent the interests of the Class since his interests are clearly aligned with the members of the Class. Mr. Nussbaum has also retained experienced class counsel to represent the Class. Accordingly, Mr. Nussbaum hereby seeks approval for his appointment as Lead Plaintiff and for appointment of his counsel as Lead Counsel and Liaison Counsel.

### 1. Mr. Nussbaum Makes this Motion Within 60 Days of Publication of Notice

As set forth in his certification, Mr. Nussbaum has reviewed a complaint filed against Defendants, adopted its allegations and expressed his willingness to serve as representatives of the class. Bishop Decl. Ex. 2. Mr. Nussbaum timely brings this motion within 60 days of publication of the required notice. *See* Bishop Decl. Ex. 1.

### 2. Mr. Nussbaum Has the Largest Financial Interest in the Relief Sought

During the Class Period, Mr. Nussbaum purchased 7,350 shares of SiRF stock at prices artificially inflated by Defendants' false and misleading statements and have suffered losses of over $76,187.50. *See* Bishop Decl. Exs. 2 and 3. To the best of his knowledge, Mr. Nussbaum has the largest financial interest in the relief sought by the Class. Mr. Nussbaum therefore, is presumptively the most adequate plaintiff pursuant to the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Mr. Nussbaum Is Qualified under Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of the class representative, Rule 23(a) requires that the class representative's claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. As detailed below, Mr. Nussbaum satisfies the typicality and adequacy requirements of Rule 23(a).

#### a. The Mr. Nussbaum's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff has: (a) suffered the same or similar injuries as the absent class members; (b) as a result of the same course of conduct by defendants; and (c) the claims are based on the same legal issues. *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225 (7th Cir. 1983). *See also, Epstein v. MCA, Inc.*, 50 F.3d 644, 668 (9th Cir. 1995), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Epstein*, 516

U.S. 367 (1996). The questions of law and fact common to the Class members here which predominate over questions that may affect individual claims include:

    (a)    whether the federal securities laws were violated by Defendants' acts;

    (b)    whether Defendants' statements during the Class Period omitted and/or misrepresented material facts;

    (c)    whether Defendants pursued the fraudulent scheme and course of conduct complained of;

    (d)    whether Defendants acted intentionally or recklessly;

    (e)    whether the market price of SiRF's stock was artificially inflated due to the activities complained of; and

    (f)    the extent of damages class members sustained and the appropriate measure of those damages.

Mr. Nussbaum's claims are typical of the claims of the members of the proposed class. Mr. Nussbaum, as do all members of the proposed Class, allege that SiRF, and certain of its directors and high ranking officers, violated the Exchange Act by publicly disseminating false and misleading statements, and by failing to disclose material adverse facts about SiRF during the Class Period. Further, Mr. Nussbaum, as did all of the members of the proposed Class, acquired SiRF stock at prices inflated by Defendants' misrepresentations and omissions and were damaged thereby. The typicality requirement is satisfied here because the claims asserted by Mr. Nussbaum is based on the same legal theory and arise "from the same event or course of conduct giving rise to the claims of other class members." *See Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. 333 (D. Or. 1988). *Accord, Blackie v. Barrack,* 524 F.2d 891, 902-03 & n.19 (9th Cir. 1975), *cert. denied,* 429 U.S. 816 (1976); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *Freedman v. Louisiana-Pacific Corp.*, 922 F. Supp. 327, 398-99 (D. Or. 1996).

    **b.    Mr. Nussbaum Will Fairly and Adequately Represent the Interests of the Class**

Mr. Nussbaum's interests are clearly aligned with the members of the proposed Class. There is no evidence of any antagonism between the interests of Mr. Nussbaum and the proposed Class members. As detailed above, Mr. Nussbaum shares substantially similar questions of law and fact with the members of the proposed Class, its claims are typical of the members of the Class, and

9

1  Mr. Nussbaum has taken significant steps to advance this litigation. In addition, Mr. Nussbaum has
2  amply demonstrated his adequacy to serve as class representative by signing certifications affirming
3  his willingness to serve as, and assume the responsibilities of, class representative. Finally, Mr.
4  Nussbaum has selected and retained counsel highly experienced in prosecuting securities class
5  actions such as this to represent them. For these reasons, Mr. Nussbaum should be appointed Lead
6  Plaintiff in this action.

### B. This Court Should Approve Mr. Nussbaum's Choice of Lead Counsel

8  The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to
9  court approval. *See* §21D(a)(3)(B)(v). Mr. Nussbaum has selected the law firms of Stull, Stull &
10 Brody to serve as Liaison Counsel and Fruchter & Twersky, LLP to serve as Lead Counsel for the
11 class. These firms possess extensive experience in the area of securities litigation and has
12 successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See*
13 Bishop Decl. Exs. 4-5.

## IV. CONCLUSION

15 For all the foregoing reasons, Mr. Nussbaum respectfully requests that this Court: (i) appoint
16 him as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act; (ii) approve his
17 selection of Abraham, Fruchter & Twersky, LLP as Lead Counsel for the Class; and (iii) approve
18 his selection of Stull, Stull & Brody as Liaison Counsel pursuant to Section 21D(a)(3)(B)(v) of the
19 Exchange Act.

20 Dated: April 8, 2008                     Patrice L. Bishop
                                            STULL, STULL & BRODY

                                     By:         /s/
                                            Patrice L. Bishop
                                            10940 Wilshire Boulevard
                                            Suite 2300
                                            Los Angeles, CA 90024
                                            Tel:  (310) 209-2468
                                            Fax:  (310) 209-2087

                                            **Proposed Liaison Counsel for Plaintiffs**

27 //
28 //

| | |
|---|---|
| 1 | Jeffrey S. Abraham |
| 2 | Arthur J. Chen<br>ABRAHAM FRUCHTER & TWERSKY LLP |
| 3 | One Penn Plaza<br>Suite 2805 |
| 4 | New York, NY  10119<br>Tel:    (212) 279-5050 |
| 5 | Fax:    (212) 279-3655 |
| 6 | **Proposed Lead Counsel for Plaintiffs** |