1  Patrice L. Bishop (182256)
   service@ssbla.com
2  STULL, STULL & BRODY
   10940 Wilshire Boulevard
3  Suite 2300
   Los Angeles, CA  90024
4  Tel:    (310) 209-2468
   Fax:    (310) 209-2087
5
   **Proposed Liaison Counsel for Plaintiffs**
6
7  Jeffrey S. Abraham
   Arthur J. Chen
8  ABRAHAM, FRUCHTER & TWERSKY, LLP
   One Penn Plaza
   Suite 2805
9  New York, NY  10119
   Tel:    (212) 714-2444
10 Fax:    (212) 279-3655

11 **Proposed Lead Counsel for Plaintiffs**

12

13

14                 **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16

17 In re SiRF TECHNOLOGY HOLDINGS, INC. )    CASE NO. 08-CV-00856 MMC
   SECURITIES LITIGATION,               )
18                                       )    **CLASS ACTION**
         This Document Relates To:       )
19                                       )    **DECLARATION OF PATRICE L.**
         All Actions.                    )    **BISHOP IN SUPPORT OF MOTION BY**
20 _____)    **ALAN NUSSBAUM FOR**
                                              **APPOINTMENT OF LEAD PLAINTIFF**
21                                            **AND LEAD COUNSEL PURSUANT TO**
                                              **SECTION 21D OF THE SECURITIES**
22                                            **EXCHANGE ACT OF 1934**

23                                            DATE:    May 16, 2008
                                              TIME:    9:00 a.m.
24                                            CTRM:    7, 19th Floor
                                              JUDGE:   Honorable Maxine M. Chesney
25

26

27

28

---

**DECL. OF PATRICE L. BISHOP ISO MOTION BY ALAN NUSSBAUM FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**
**CASE NO. C08-00856 MMC**

1    I, Patrice L. Bishop, declare as follows:

2        1.    I am an attorney admitted to practice in the State of California and this District.  I am

3    an associate with the law firm of Stull, Stull & Brody, co-counsel for plaintiff Alan Nussbaum and

4    for proposed lead plaintiff Alan Nussbaum.  I submit this Declaration in support of the Motion of

5    Alan Nussbaum to be appointed lead plaintiff of the above-entitled consolidated action and for

6    approval of his selection of lead and liaison counsel.  I am familiar with this matter and have

7    knowledge of the information stated herein.

8        2.    Attached hereto as Exhibit 1 is a true and correct copy of a press release distributed

9    by *Business Wire, Inc.* on February 8, 2008 entitled: "Coughlin Stoia Geller Rudman & Robbins

10   LLP Files Class Action Suit against SiRF Technology Holdings, Inc."

11       3.    Attached hereto as Exhibit 2 is a true and correct copy of the certification submitted

12   by Alan Nussbaum.

13       4.    Attached hereto as Exhibit 3 is a true and correct copy of the damage chart

14   outlining Alan Nussbaum's purchases, sales and losses.

15       5.    Attached hereto as Exhibit 4 is a true and correct copy of the firm biography of

16   Abraham, Fruchter & Twersky, LLP.

17       6.    Attached hereto as Exhibit 5 is a true and correct copy of the firm biography of

18   Stull, Stull & Brody.

19       I declare under penalty of perjury under the laws of the State of California and the United

20   States of America that the foregoing is true and correct.

21       Executed this 8th day of April, 2008 at Los Angeles, California.

22

23                                   /s/

                                  Patrice L. Bishop

24                                     Declarant

25

26

27

28

1

5 of 5 DOCUMENTS

Copyright 2008 Business Wire, Inc.
Business Wire

February 8, 2008 Friday 12:00 AM GMT

**DISTRIBUTION:** Business Editors; Financial Analysts

**LENGTH:** 716 words

**HEADLINE:** Coughlin Stoia Geller Rudman & Robbins LLP Files Class Action Suit against SiRF Technology Holdings, Inc.

**DATELINE:** SAN DIEGO

**BODY:**

Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") (http://www.csgrr.com/cases/sirf/) today announced that a class action has been commenced in the United States District Court for the Northern District of California on behalf of purchasers of SiRF Technology Holdings, Inc. ("SiRF") (NASDAQ:SIRF) publicly traded securities during the period between October 30, 2007 and February 4, 2008 (the "Class Period").

If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today. If you wish to discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, Darren Robbins of Coughlin Stoia at 800/449-4900 or 619/231-1058, or via e-mail at djr@csgrr.com If you are a member of this class, you can view a copy of the complaint as filed or join this class action online athttp://www.csgrr.com/cases/sirf/. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

The complaint charges SiRF and certain of its officers and directors with violations of the Securities Exchange Act of 1934. SiRF, through its subsidiaries, engages in the development and marketing of semiconductor and software products that are designed to enable location-awareness utilizing global positioning system and other location technologies worldwide.

The complaint alleges that during the Class Period, defendants issued materially false and misleading statements regarding the Company's business and prospects. As a result of defendants' false statements, SiRF stock traded at artificially inflated prices during the Class Period, permitting one of the defendants to sell $9.6 million worth of his SiRF stock at $24.18-$24.29 per share.

On February 4, 2008, after the market closed, the Company announced disappointing financial results for its fourth quarter and fiscal 2007. On February 5, 2008, SiRF's stock collapsed $8.91 per share to close at $7.36 per share, a one-day decline of 54%.

According to the complaint, the true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows: (a) SiRF's acquisition of Centrality Communications, Inc. was having an adverse impact on SiRF's results due to the similar products sold by Centrality which were cannibalizing SiRF's sales; (b) SiRF's major customers were not placing orders at sufficient quantities for SiRF to meet the aggressive targets set by and for the Company; (c) Centrality's System-on-Chip ("SoC") product line had lower gross margins than SiRF's

Coughlin Stoia Geller Rudman & Robbins LLP Files Class Action Suit against SiRF Technology Holdings, Inc.
Business Wire February 8, 2008 Friday 12:00 AM GMT

products and defendants knew that although the Centrality acquisition would increase revenues in the fourth quarter (as it did), it would also significantly lower SiRF's gross margins (as it also did); (d) competitive pressures were having much more of an adverse impact on the Company than acknowledged by defendants, as SiRF's customers were moving to cellular-enabled products which SiRF could not adequately compete with; (e) as of October 30, 2007, one month into the fourth quarter, fourth quarter gross margins would be down significantly because of the lower SoC product line margins; and (f) downward pricing pressures were accelerating and would lead to lower margins and earnings in future quarters.

Plaintiff seeks to recover damages on behalf of all purchasers of SiRF publicly traded securities during the Class Period (the "Class"). The plaintiff is represented by Coughlin Stoia, which has expertise in prosecuting investor class actions and extensive experience in actions involving financial fraud.

Coughlin Stoia, a 190-lawyer firm with offices in San Diego, San Francisco, Los Angeles, New York, Boca Raton, Washington, D.C., Philadelphia and Atlanta, is active in major litigations pending in federal and state courts throughout the United States and has taken a leading role in many important actions on behalf of defrauded investors, consumers, and companies, as well as victims of human rights violations. The Coughlin Stoia Web site (http://www.csgrr.com) has more information about the firm.

CONTACT: Coughlin Stoia Geller Rudman & Robbins LLP
Darren Robbins, 800-449-4900 or 619-231-1058
djr@csgrr.com

**URL:** http://www.businesswire.com

**LOAD-DATE:** February 9, 2008

## CERTIFICATION OF PLAINTIFF
## PURSUANT TO THE FEDERAL SECURITIES LAWS

Alan Nussbaum hereby certifies under penalties of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I have reviewed the attached Class Action Complaint For Violations of Federal Securities Laws and have authorized counsel to file the complaint.

2. I did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in this private action.

3. I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. To the best of my knowledge, the following are all of my transactions in the securities of SiRF Technology Corp. during the proposed class period are set forth on Exhibit A attached hereto.

5. I have not sought to serve as a class representative in the following other cases brought under a provision of the federal securities laws within the last three years:

6. I will not accept any payment for serving as class representative on behalf of the class beyond my pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

Dated: February _13_, 2008

_Alan Nussbaum_ (signature)
**Alan Nussbaum**

**Exhibit A**

| <u>Date</u> | <u>Action (Buy or Sell)</u> | <u>Number of Shares</u> | <u>Price Per Share</u> |
|---|---|---|---|
| 11/29/2007 | Buy | 1,150 | $24.05 |
| 11/29/2007 | Buy | 4,000 | $24.55 |
| 12/12/2007 | Buy | 1,000 | $24.53 |
| 12/28/2007 | Buy | 1,000 | $24.70 |
| 01/14/2008 | Buy | 200 | $17.75 |
| 01/16/2008 | Sell | 1,000 | $16.90 |
| 01/17/2008 | Sell | 1,000 | $16.00 |
| 02/04/2008 | Sell | 4,000 | $13.00 |
| 02/04/2008 | Sell | 1,350 | $13.00 |

# SiRF Technology Holdings, Inc.

**Register and Transaction Report**

| Plaintiff | Date of Purchase | Number of Shares | Price Per Share | | Cost Per Transaction | | Date of Sale | Number of Shares | Price Per Share | | Gross Receipts | | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **ALAN NUSSBAUM** | 11/29/2007 | 1,000 | $ | 24.05 | $ | 24,050.00 | 1/16/2008 | 1,000 | $ | 16.90 | $ | 16,900.00 | $ | (7,150.00) |
| | 11/29/2007 | 150 | $ | 24.05 | $ | 3,607.50 | 1/17/2008 | 150 | $ | 16.00 | $ | 2,400.00 | $ | (1,207.50) |
| | 11/29/2007 | 850 | $ | 24.55 | $ | 20,867.50 | 1/17/2008 | 850 | $ | 16.00 | $ | 13,600.00 | $ | (7,267.50) |
| | 11/29/2007 | 3,150 | $ | 24.55 | $ | 77,332.50 | 2/4/2008 | 3,150 | $ | 13.00 | $ | 40,950.00 | $ | (36,382.50) |
| | 12/12/2007 | 850 | $ | 24.53 | $ | 20,850.50 | 2/4/2008 | 850 | $ | 13.00 | $ | 11,050.00 | $ | (9,800.50) |
| | 12/12/2007 | 150 | $ | 24.53 | $ | 3,679.50 | 2/4/2008 | 150 | $ | 13.00 | $ | 1,950.00 | $ | (1,729.50) |
| | 12/28/2007 | 1,000 | $ | 24.70 | $ | 24,700.00 | 2/4/2008 | 1,000 | $ | 13.00 | $ | 13,000.00 | $ | (11,700.00) |
| | 1/14/2008 | 200 | $ | 17.75 | $ | 3,550.00 | 2/4/2008 | 200 | $ | 13.00 | $ | 2,600.00 | $ | (950.00) |
| **TOTAL:** | | **7,350** | | | $ | **178,637.50** | | **7,350** | | | $ | **102,450.00** | $ | **(76,187.50)** |

Firm Resume

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

Abraham, Fruchter & Twersky, LLP ("AF&T" or the "Firm") is a law firm specializing in securities and shareholder litigation and has been actively involved in the successful prosecution of such cases throughout the United States.   In the 2006 survey of class action law firms conducted by Institutional Shareholder Services, AF&T was ranked number 23 by the total dollar amount of securities class action settlements.

The actions in which AF&T and its lawyers have served as lead counsel or as a member of an executive committee of plaintiffs' counsel include:

- *Levy v. Southbrook International Investments, Ltd., et al.*, 99 CV 1479 (JSM) (S.D.N.Y.), in which settlements totaling $20 million, the largest known cash recovery at the time for claims arising under Section 16(b) of the Securities and Exchange Act of 1934 ("Section 16(b)") since the statute was first enacted in 1934, were approved by Judge John S. Martin, Jr. In approving the settlement, Judge Martin, noted that "the shareholders of Illinois Semiconductor Company received a $20,000,000.00 benefit as the sole result of the diligence and sagacity of Plaintiff's counsel." *Id*. 2001 U.S. Dist. LEXIS 7097 at *20 (S.D.N.Y. May 31, 2001);

- *In re Peregrine Systems, Inc. Securities Litigation*, No. 02-CV-0870-BEN (RBB) (S.D. Cal) is an ongoing action for violations of the federal securities laws.  Abraham Fruchter was appointed as co-lead counsel for a class alleging violations of Section 11 of the Securities Act of 1933.  In November 2006, the court approved a partial settlement of the action, in which a recovery of approximately $58 million was obtained;

- 1 -

- *Levy v. Office Depot, Inc.*, 01-8259-CIV (S.D. Fla.), was a Section 16(b) action settled for $9.4 million in cash following plaintiff's successful appeal to the United States District Court of Appeals for the Eleventh Circuit of the District Court's dismissal of the action on summary judgment and the subsequent remand of the action to the District Court for trial;

- *Lawrence v. Gouldd, et al.*, CV-S-99-969 JBR (RLH) (D. Nev.), was a class action brought pursuant to Section 12 of the Securities Act of 1933 and the Nevada Deceptive Business Practices Act for the alleged operation of a pyramid scheme.  The case settled two weeks into trial for proceeds, based upon the estimated liquidation value of defendants' assets, of approximately $30 million;

- *In re CFSBDirect Tracking Stock Shareholder Litigation*, C.A. No. 18307 (Del. Ch.), was a class action for breach of fiduciary duties which achieved a $36.4  million or 50% increase in the price offered by a controlling shareholder in a tender offer;

- *In re Bank of New York Corporate Derivative Litigation*, Index No. 99/604465 (Sup Ct. N.Y. County), was a shareholder derivative action brought on behalf of the Bank of New York with respect to damage allegedly caused to the company by the failure to implement proper procedures to safeguard against unlawful money laundering, which was settled for $26.5 million in cash and substantial remedial measures designed to strengthen the Bank of New York's internal controls and corporate governance procedures and prevent a future occurrence of similar wrongful activities;

- *Rosenberg v. Delta Air Lines, Inc.*, C.A. No. 00-461-JJF (D. Del.), was an action brought against Delta Air Lines on behalf of Priceline.com for violating the insider trading

provisions of Section 16(b) and was settled for changes in contractual terms governing various business relationships valued at more than $38 million;

- *In re Ugly Duckling Corp. Shareholders' Derivative and Class Litigation*, C.A. No. 18746 (Del. Ch.), was a consolidated shareholder derivative and class action which settled for a $9 million increase in the price of a proposed tender offer made by a controlling shareholder;

- *In re: Dreyfus Aggressive Growth Mutual Fund Litigation*, 98 CV 4318 (HB) (S.D.N.Y.), was a class action brought on behalf of purchasers of two mutual funds for damages arising from misleading statements made in the offering prospectuses, which settled for $18.5 million in cash;

- *City Partnership Co. v. Jones Intercable, Inc.*, 99-WM-1051 (D. Colo.), was a derivative action brought on behalf of a series of limited partnerships with respect to the sale of cable television systems by those partnerships to their general partner Jones Intercable, Inc., at prices alleged to have been unfairly low, that was settled for $10.5 million;

- *In re Global Crossing Ltd. Securities Litigation*, Case No. 02 Civ. 910 (GEL) (S.D.N.Y.), in which the Firm acted as co-lead counsel for a sub-class consisting of all purchasers of Asia Global Crossing securities and achieved recoveries totaling more than $20,000,000 for the Asia Global investors representing a substantial premium to the recovery achieved by ordinary Global Crossing investors; and

- *Levy, derivatively on behalf of Marketing Services Group, Inc. v. GeneralElectric Capital Corp.*, 99 Civ. 10560 (AKH) (S.D.N.Y.), was an action arising under Section 16(b) which was settled for $1,250,000, or more than 45% of recoverable damages.

- 3 -

Many of the actions the Firm litigates involve issues of first impression.  On December 19, 2002, the United States Court of Appeals for the Third Circuit resolved certain issues of first impression relating to the scope and interpretation of Rule 16b-3 and Rule 16b-7 of the Securities Exchange Act of 1934 [17 C.F.R. §§240.16b-3 and 240.16b-7] promulgated by the Securities and Exchange Commission ("SEC") consistent with the position advocated by the Firm.  *Levy v. Sterling Holding Company,*, 314 F.3d 106 (3rd Cir. 2002).  The decision is especially noteworthy because on April 30, 2003, the Third Circuit denied defendants' petition for rehearing *en banc* by a 7-3 vote despite the fact that the SEC joined defendants as an *amicus* in their petition for rehearing.

In another action arising under Section 16(b), on August 7, 2000, the United States Court of Appeals for the Second Circuit, held that for purposes of Section 16(b), a person can be the beneficial owner of an issuer's stock owned by another publicly traded corporation.  This decision in *Feder v. Frost*, 220 F.3d 29 (2d Cir. 2000), effectively overruled more than ten years of controlling case law previously articulated by the Second Circuit in *Mayer v. Chesapeake Insurance Co.*, 877 F.2d 1154 (2d Cir. 1989).

Similarly, on November 15, 1999, the New York State's Second Appellate Department, in an issue of first impression, held that New York Real Property Law §274a prohibits mortgagors from charging mortgagees (*i.e.,* consumers) a fax fee in connection with providing mortgage related documents and that mortgagees have an implied private right of action to recover any such fees paid.  The decision was "Decision of the Day" in the November 19, 1999, edition of *The New York Law Journal* and is reported as *Negrin v. Norwest Mortgage, Inc.*, 163 A.D.2d 39, 700 N.Y.S.2d 184 (2d Dep't 1999).

*Jeffrey S. Abraham* is a 1987 graduate of the Columbia University School of Law and is admitted to practice in the Courts of the State of New York as well as the United States District Courts for the Southern District of New York, the Eastern District of New York and the District of Colorado; and the United States Court of Appeals for the Second, Third, Fourth, Seventh, Ninth, Tenth and Eleventh Circuits.

*Jack G. Fruchter* is a 1992 *cum laude* graduate of the Benjamin N. Cardozo School of Law and was admitted to bar of New York State in 1993, New York and is admitted to practice in the U.S. District Courts, Southern and Eastern District of New York and the Court of Appeals for the Third Circuit.  Prior to establishing his own practice, Mr. Fruchter was employed in the enforcement division of the U.S. Securities and Exchange Commission.

*Mitchell M.Z. Twersky* is a 1991 graduate of the Georgetown University School of Law. Mr. Twersky was admitted to the bar of New York State in 1992 and is also admitted to practice before the U.S. District Courts for the Southern and Eastern Districts of New York, the Courts of Appeals for the Second, Third, Seventh and Eleventh Circuits, and the Supreme Court of the United States of America.

*Lawrence D. Levit* is a 1985 graduate of Brooklyn Law School where he was the Second Circuit Editor for the Law Review.  Prior to joining Abraham & Associates, Mr. Levit was a partner at Wolf Popper LLP, a mid-size law firm specializing in securities and class action litigation.  Mr. Levit is a member of the New York and New Jersey bars and is admitted to practice before the United States District Courts for the Southern District of New York, the Eastern District of New York and the District of Colorado; and the United States Court of Appeals for the Second and Fourth Circuits.

- 5 -

*Gilaad Deutsch* is a graduate of the University of Toronto Faculty of Law (J.D.) and the Yeshiva University Syms School of Business (B.S. Accounting). He has worked extensively in the field of shareholder and securities litigation since 2000. He has been admitted to practice law in the province of Ontario, State of New York, and the United States District Courts for the Southern and Eastern Districts of New York. He is also a Certified Public Accountant (CPA) and Chartered Financial Analyst Charterholder (CFA). Mr. Deutsch recently supervised a team of attorneys responsible for discovery pertaining to one of the largest named defendants in the *In re Initial Public Offering Case* and was responsible for the analysis of trading records.

*Atara Twersky* is a 1997 graduate of Brooklyn Law School and recently joined AF&T to lead its client relations department. Ms. Twersky is admitted to practice before the Courts of the State of New York, the United States District Court for the Southern District of New York and the United States District for the Eastern District of New York.

*Ximena Skovron* is a 2003 graduate of the University of Miami School of Law where she served as Editor in Chief of the International and Comparative Law Review. Ms. Skovron is admitted to practice in the State of New York and the United States District Court for the Southern District of New York.

*Arthur J. Chen* is a 2005 graduate of Albany Law School, during which he served as Student Editor of the New York State Bar Association Business Law Journal for two years. Mr. Chen is admitted to practice in the State of New York and the United States District Court for the Southern District of New York.

*Philip T. Taylor* is a 2006 graduate of New England School of Law and 2003 graduate of Concordia University's John Molson School of Business (B.Comm. Finance *with distinction*). Mr. Taylor is admitted to practice in the State of New York.

# STULL, STULL & BRODY

### ATTORNEYS AT LAW

| | |
|---|---|
| 6 EAST 45TH STREET | 10940 WILSHIRE BOULEVARD |
| SUITE 500 | SUITE 2300 |
| NEW YORK, NY 10017 | LOS ANGELES, CA 90024 |
| TELEPHONE: (212) 687-7230 | TELEPHONE: (310) 209-2468 |
| FACSIMILE: (212) 490-2022 | FACSIMILE: (310) 209-2087 |

## BRIEF BIOGRAPHY OF STULL, STULL & BRODY

Over the past 30 years, Stull, Stull & Brody has developed a national reputation representing plaintiffs in securities class actions. Stull, Stull & Brody has litigated hundreds of securities cases obtaining nearly a billion dollars in settlements for aggrieved shareholders. Stull, Stull & Brody has also represented claimants in numerous class actions alleging violations of ERISA. With 18 attorneys and a full complement of secretarial and administrative personnel, Stull, Stull & Brody is capable of effectively prosecuting all types of complex litigation. Our lawyers possess outstanding credentials and have repeatedly been acknowledged for their achievements.

Stull, Stull & Brody has been recognized by numerous Courts for the high quality of its legal representation and for its excellence in the field of securities as evidenced by the following comments of judges in cases where Stull, Stull & Brody has taken a leading role:

> The firms involved, I think we heard from several of them today, the papers that have been submitted, it is clear of the dedication, devotion, professionalsm, and in the court's view efficiency of thse firms, so there is no question in the court's mind of the quality of the representation. *In re American Express Fin'l Advisors Sec. Litig., 04* Civ. 1773 (DAB) (S.D.N.Y. July 13, 2007).

> [T]his is one of the largest, if not the largest, securities fraud settlements in this district. The settlement size is particularly noteworthy as class counsel did not have the benefit of an SEC or other regulatory agency

investigation and so prosecuted the case without assistance. . . . The management of the case was also of extremely high quality. . . . [C]lass counsel is of high caliber and has extensive experience in similar class action litigation. Each of the co-lead counsel firms has a national reputation for advocacy in securities class actions, and there is no doubt that this standing enhanced their ability to prosecute the case effectively and to negotiate credibly. . . . The submissions were of consistently high quality, and class counsel has been notably diligent in preparing filing in a timely manner even when under tight deadlines. *In re Ikon Office Solutions, Inc Securities Litigation*, 2000 U.S. Dist. LEXIS 6510 (E.D. Pa. May 9, 2000).

I am satisfied that counsel in this case are highly competent, very skilled in this very specialized area and were at all times during the course of the litigation . . . well prepared, well spoken, []knew their stuff and []were a credit to their profession. They are the top of the line. *In Re Electro-Catheter Corporation Securities Litigation*, Civ. No. 87-41 (D.N.J. September 7, 1989).

The court takes note of the competence of both plaintiffs' counsel and defendants' counsel and their extensive experience in litigating securities class actions. The competence of plaintiffs' counsel resulted in this case being vigorously and efficiently prosecuted against very able opponents over a twenty month period and was a factor in bringing about settlement. *Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997).

This case is a "model for how commercial litigation should be conducted and can be resolved." *Bash v. Diagnostek*, CV 94-794 M (D.N.M.).

Indeed, I indicate to. . .counsel for plaintiff that they have done an admirable job in this case in bringing it to finality and in bringing back to the shareholders of this corporation some moneys [sic] as a result of certain things which occurred during the course of the operation of this corporation which perhaps should not have occurred. *Finkel v. O'Brien*, Civ. No. 85-2539 (D.N.J. March 27, 1990).

All the firms involved in this litigation are highly experienced and well respected, particularly in the field of securities law litigation. The Stull . . . firm [is one] of this area's, if not the nation's most active and successful law firms specializing in securities litigation. *Stull v. Baker*, 410 F.Supp. 1326, 1332 (S.D.N.Y. 1976).

Stull, Stull & Brody's expertise in the field of securities litigation has also been

recognized by the following courts: *In re Frontier Group Insurance, Inc. Securities Litigation*, 172 F.R.D. 31 (E.D.N.Y. 1997); *In re Allegheny International Inc. Shareholder*

*Litigation*, 86-835 (W.D. Pa.) (Order, December 10, 1987, Diamond J.); *Zucker v. United States Steel*, C-1-79-588 (S.D. Ohio) (Order, October 14, 1981, Rubin, C.J.); *Friedman v. Colgate Palmolive*, 80 Civ. 2340 (CPS) (E.D. N.Y.) (Order, June 16, 1981, Sifton, J.); *Zuckerman v. Sparton*, G79-457-C.A. (W.D. Mich.) (Opinion and Order, April 14, 1981, Fox, J.); *Mottoros v. Abrams*, 524 F.Supp. 254 (N.D. Ill. 1981); *Koenig v. Smith*, 79 C 452 (ERN) (E.D.N.Y.) (Memorandum Opinion and Order, December 3, 1980, Neaher, J.); *Koenig v. Kenneally*, 79 Civ. 0487 (LBS) (S.D.N.Y.) (Opinion No. 49289, November 5, 1979, Sand, J.); *In Re Commonwealth Oil-Tesoro Petroleum Securities Litigation*, MDL No. 347 (Order, July 24, 1979, Higginbotham, J.); *Wietschner v. McCulloch*, CV 78-4036-RMT (C.D. Ca.) (Order, June 29, 1979, Takasugi, J.); *Fruchthandler v. LTV Corp.*, 77C 1879 (E.D.N.Y.) (Order, May 10, 1978, Nickerson, J.); *Lewis v. Adikes*, 76 F.R.D. 68 (E.D.N.Y. 1977); *Lewis v. Black*, [1976-77 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶95,738 (E.D.N.Y. 1976) (Mishler, C.J.); *Fruchthandler v. Blakely*, 73 F.R.D. 318 (S.D.N.Y. 1976).

## SEMINAL CASES

Throughout its 30 year history, Stull, Stull & Brody has been involved with a number of seminal cases that have significantly affected the landscape of securities litigation.

- ♦ In *Rand v. Monsanto Company*, 926 F.2d 596 (7th Cir. 1991),the firm appeared for the plaintiff in a landmark decision establishing the principle that a representative plaintiff need not be willing to bear all costs of an action to satisfy the adequacy of representation requirement.

- ♦ In *Small v. Fritz Companies Inc.*, 30 Cal.4th 167 (2003), the firm successfully argued before the California Supreme Court that a non-trading shareholder has the right to sue a corporation for damages where the shareholder relies on false financial statements issued by the corporation. The decision represented a significant doctrinal change and was widely heralded as a potent new weapon for investors.

♦    In *Lewis v. Black*, 74 F.R.D. 1 (E.D.N.Y. 1975), the firm established that neither the personality nor the motive of a proposed class representative was determinative of whether he would provide vigorous advocacy for the class, thereby preventing defendant corporations from compelling representatives to respond to questions regarding motives and actions in past cases.

♦    In *In re Cabletron Systems, Inc. Securities Litigation*, 311 F.3d 11 (1st Cir. 2002), the firm was instrumental in obtaining a reversal of a dismissal of a complaint under the pleading requirements of the Private Securities Litigation Reform Act.  This case established in the First Circuit that plaintiffs are not required to provide the names of informants in a complaint.

♦    In *In re Frontier Group Insurance Litigation*, Master File No. 94 Civ. 5213 (E.D.N.Y. 2002), the firm was instrumental in defeating a *Daubert* challenge and sustained the ability of the expert to testify as to aggregate damages based on the use of a trading model.

♦    In *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D. Ill. 1988) the firm established the applicability of the fraud-on-the-market theory of reliance for stocks trading on NASDAQ.

♦    The firm was instrumental in establishing new law on "fraud on the market" theory in the 5th Circuit decision of *Finkel v. Docutel/Olivetti Corporation*, 817 F.2d 356 (5th Cir. 1987), *cert. denied*, 485 U.S. 959 (1988), and, in the Northern District of Illinois decision of *Mottoros v. Abrams*, 524 F.Supp. 254 (N.D. Ill. 1981).

As a lead counsel, Stull, Stull & Brody has successfully litigated hundreds of actions, recovering nearly a billion dollars on behalf of defrauded shareholders. A sampling of these cases in which Stull, Stull & Brody had a leading role include:

Settled Securities Class Action Cases

•    *In re Bankamerica Corp. Securities Litigation*, MDL No. 1264 (E.D. Mo. 2002) (recovery of $333.2 million)

•    *In re Geodyne Resources, Inc. Securities Litigation* (Harris County Tex.) (recovery of $200 million)

•    *In re Computer Associates Sec. Litig.*, Master File No. 98-CV-4839 (TCP) (E.D.N.Y. 2003) (recovery of 5.7 million shares (estimated at $134 million))

•    *In re Ikon Office Solutions, Inc. Securities Litigation*, 2000 U.S. Dist. LEXIS 6510 (E.D. Pa. May 9, 2000) (recovery of $111 million)

4

- *Morse v. Abbott Laboratories*, C.A. No. 90 C 1982 (N.D. Ill. 1994) (jury verdict of $15 million)

- *In re Salomon Brothers Treasury Litigation*, Consolidated Action No. 91 Civ. 5471 (RPP) (S.D.N.Y. 1994) (recovery of $100 million)

- *In Re American Express Financial Advisors Sec. Litig.*, 04-cv-1773 (DAB) (SDNY 2007) (recovery of $100 million cash plus remedial measures)

- *Spahn v. Edward D. Jones & Co., L.P. et al*, 04-cv-00086 (E.D. Mo. 2007) (recovery of $72.5 million in credit vouchers and $44 million in cash for former Edward Jones customers)

- *In re Westinghouse Securities Litigation,* Civil Action No. 91-354 (W.D. Pa. 1999) (recovery of $67.25 million)

- *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca. 2006) (recovery of $56.29 million for partial settlement of claims)

- *In re Thomas & Betts Securities Litigation*, Case No. 00-2127 (W.D. Tenn. 2002) - related case: *Pifko v. KPMG LLP*, Civ. Action No. 01-CV-2553 (W.D. Tenn. 2004) (recovery of $51.15 millon)

- *In re Tenneco Inc. Securities Litigation*, Civ. Action No. H-91-2010 (S.D. Tex. 1992) (recovery of $50 million)

- *In re Apria Healthcare Group Securities Litigation*, Master File No. 797060 (Superior Court of California, Orange County) (recovery of $42 million)

- *Thomas Levitan v. John B. McCoy, Jr., et al.*, Case No. 00 C 5096 (N.D. Ill. 2006) *(recovery of $39.9 million)*

- *In re Cannon Group Securities Litigation*, 86-5559-WMB (JRx) (C.D. Ca. 1988) (recovery of $33 million)

- *Teichler v. DSC Communications Corporation*, CA 3-85-2005-T (N.D. Tex. 1990) (recovery of $30 million)

- *Berger v. Compaq Computer Corp.*, Civ. Action No. 98-1148 (S.D. Tex. 2002) (recovery of $28.65 million)

- *In re: Northeast Utilities Securities Litigation*, Civil Action No. 397 CV 00189 AVC (D. Ct.) (recovery of $25 million)

- *Lasky v. Brown (United Companies Financial Corporation) Securities Litigation*, Civil Action No. 99-1035-B-M2 (M.D. La. 2002) (recovery of $20.5 million)

5

- Lasker et al v. Kanas et. al, Index No. 103557/06 (New York County, NY) (recovery of $20 million and other consideration)

- *Feinberg v. Hibernia Corp.*, Civil Action No. 90-4245 (E.D. La. 1995) (recovery of $20 million)

- *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, Master File No. 98 Civ. 4318 (HB) (S.D.N.Y.) (recovery of $18.5 million)

- *In re C.R. Bard, Inc. Securities Litigation*, Master File No. 90-948 (AMW) (D.N.J. 1991) (recovery of $17.9 million)
- *Spring v. Continental Illinois Corporation*, 84 C 4648 (N.D. Ill. 1987) (recovery of $17.5 million)

- *In re Green Tree Financial Corporation Stock Litigation*, Master File No. 97-2666 (JRT/RLE) (D. Minn. 2003) ($12.45 million)

- *In re Elscint Securities Litigation*, Civ. Action No. 85-2662-K (D. Mass. 1989) (recovery of $12 million)

- *In re National Medical Enterprises Securities Litigation II*, Case No. CV 93-5224 TJH (Bx) (C.D. Ca.) (recovery of $11.65 million)

- *Bash v. Diagnostic, Inc.*, Civil Action No. 94-784 (D.N.M.) (recovery of $10.7 million)

- *In re Cybermedia, Inc. Securities Litigation*, Master File No. 98-1811CBM (Ex) (C.D. Ca.) (recovery of $10.5 million)

- *In re Cabletron Systems, Inc. Sec. Litig.*, C 97-542 (D.R.I. 2006) (recovery of $10.5 million)

- *In re Physicians Corp. of America Sec. Litig.*, Case No. 97-3678-CIV (S.D. Fla. 2003) (recovery of $10.2 million)

- *In re Complete Management Inc. Sec. Litig.*, Master File No. 99 Civ. 1454 (NRB) (S.D.N.Y.) (recovery of $10.15 million)

- *In re U.S.A. Detergent Securities Litigation,* 97-CV-2459 (D.N.J. 1999) (recovery of $10 million)

- *In Re: Biopure Corporation Sec. Litig.*, Docket No. 03-CV-12628 (NG) (D. Mass. 2007) (cash recovery of $10 million)

- *In re Trump Hotels Shareholder Derivative Litig.*, 98-Civ-7820 (GEL) (S.D.N.Y. 2001) (recovery of assets for corporation valued in the range of $10 million)

- *In re Nice Systems, Ltd. Securities Litigation*, Master File No. 2:01 CV 737 (Judge Greenaway) (D.N.J. 2003) (recovery of $10 million)

- *Harman v. Lyphomed*, 88 C 476 (N.D. Ill. 1989) (recovery of $9.99 million)

- *In re Beverly Enterprises, Inc. Securities Litigation*, Master File No. CV 88-01189-RSWL (Tx) (C.D. Ca. 1992) (recovery of $9.975 million)

- *Greenfield v. Compuserve Corp.*, Case No. 96-CV-06-4810 (Franklin County, Ohio) (recovery of $9.5 million)

- *In re Stratosphere Securities Litigation*, Master File No. CV-S-96-00708-PMP (RLH) (D. Nev.) (recovery of $9 million)

- *In re Steven Madden Ltd. Securities Litigation*, No. 00-CV-3676 (JG) (E.D.N.Y. 2002) (recovery of $9 million)

- *In re Gibraltar Financial Corporation Securities Litigation*, CV 87-07876 MRP (Gx) (C.D. Ca. 1989) (recovery of $8.5 million)

- *In re FHP Securities Litigation*, Master File No. SACV 91-580-GLT (RWRx) (C.D. Ca. 1992) (recovery of $8.25 million)

- *Zucker v. Maxicare Health Plans, Inc.*, Case No. 88-02499-LEW (Tx) (C.D. Ca. 1991) (recovery of $8.1 million)

- *In re Orion Pictures Corp. Securities Litigation*, Master File No. 91 CV 1903 (CBA) (E.D.N.Y. 1992) (recovery of $8 million)

- *Berlinsky v. Alcatel*, 94-CIV-9084 CBM (S.D.N.Y.) (recovery of $8 million)

- *In re Triton Energy Corporation Securities Litigation*, Master File No. 3:92-CV-1069-H (N.D. Tex. 1993) (recovery of $8 million)

- *In re Cityscape*, CV 97 5668 (E.D.N.Y.) (recovery of $7 million)

- *In re Dime Savings Bank of New York Securities Litigation*, MDL Docket No. 846 (E.D.N.Y. 1993) (recovery of $6.8 million)

- *In re Western Digital Securities Litigation*, SACV 91-375(A) GLT (RWRx) (C.D. Ca.) (recovery of $6.75 million)

- *In re Bank of New England Corporation Class Action and Shareholder Litigations*, C.A. Nos. 89-2582-S, 89-2811-S (D. Mass. 1992) (recovery of $6.5 million)

- *In re Berkshire Realty Company, Inc. Shareholder Litigation*, C.A. No. 17242 (Delaware Chancery Court 2004) (recovery of $6.25 million)

- *Gerstein v. Micron Technology, Inc., et al.*, Civil No. 89-1262 (D. Id. 1993) (recovery of $6 million)

- *In re Ziff-Davis, Inc. Securities Litigation*, Master File No. 98-CIV-7158 (SWK) (S.D.N.Y. 2002) (recovery of $6 million)

- *Dynegy Inc., et al. v. Bernard V. Shapiro, et al.*, No. 2002-00080, in the 129th Judicial District, Harris County, Texas (recovery of $6 million)

- *In re Ascend Communications Securities Litigation*, Case No. 97-9376 MRP (AN) (C.D. Ca. 2002) (recovery of $5.45 million)

- *In re Brightpoint, Inc. Securities Litigation*, Case No. IP 01 1796 C-T/K (recovery of $5.25 million)

- *Kushner v. Wang Laboratories*, Civil Action No. 89-1963-Y (D. Mass. 1994) (recovery of $5 million)

- *In re SouthEast Banking Corp. Securities Litigation*, Master File No. 90-0760-CIV-MOORE (S.D. Fla. 1993) (recovery of $5 million)

- *Wells v. Southmark Corporation, et al.*, CA3-85-1518-G (N.D. Tex. 1992) (recovery of $5 million)

- *In re Regeneron Pharmaceuticals, Inc. Securities Litigation,* Civil Action No. 03 CV 311 (RWS) (S.D.N.Y. 2005) (recover of $4.7 million)

- *In re Sunglass Hut Intl., Inc. Securities Litigation*, Case No. 97-0191-CIV-MOORE (S.D. Fl. 2001) (recovery of $4.5 million)

- *Clive T. Miller v. Apropos Technology, Inc., et al.*, No. 01 C 8406 (N.D. Ill. 2004) (recovery of $4.5 million)

- *In re Fidelity Holdings Securities Litigation*, Case No. CV 00 5078 (CPS) (VVP) (E.D.N.Y. 2003) (recovery of $4.45 million)

- *Adam Burstyn, et al. v. Worldwide Xceed Group, Inc., et al.*, Case No. 01 CV 1125 (GEL) (S.D.N.Y. 2005)(recovery of $4.4 million)

- *In re NetEase.com Sec. Litig.*, Civil Action No. 01-CV-9405 (RO) (S.D.N.Y. 2003) (recovery of $4.35 million)

- *In re Flextronics, Inc. Sec. Litig.*, No. C-03-2102 PJH (N.D. Ca. 2004) (recovery of $4.25 million)

- *Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997) (recovery of $4.2 million)

- *In re HMO America Securities Litigation*, Civ. No. 92 C 3305 (CPK) (N.D. Ill. 1993) (recovery of $4 million)

- *In re Nanophase Technologies Corporation Securities Litigation*, Case No. 98 C 3450 (N.D. Ill.) (recovery of $4 million)

- *In re Quintex Securities Litigation*, Master File No. CV-89-6182-R (C.D. Ca. 1990) (recovery of $4 million)

- *Walsingham v. Biocontrol Tech. Inc.*, Civil Action No. 96-809 (W.D. Pa.) (recovery of $3.7 million)

- *In re Irvine Sensors Corp. Sec. Litig.*, Master File No. SA 02-00159 GLT (MLGx) (C.D. Ca. 1994) (recovery of $3.5 million)

- *In re iTurf Inc. Shareholders Litigation*, Consolidated Civil Action No. 18242 NC (Delaware Chancery Court) (recovery of $3.25 million)

- *In re Safety Kleen Rollins Shareholder Litig.*, Case No. 3:00-1343-17 (D.S.C. 2005)(recovery of $3.15 million)

- *In re Kay Jewelers Securities Litigation*, Civil Action No. 90-1663A (E.D. Va. 1991) (recovery of $3 million)

- *Clarkson v. Greyhound Lines, Inc.*, 96-11329-C (Dist. Ct., Dallas County, Tex.) (recovery of $3 million)

- *In re TwinLab Corp. Securities Litigation,* Master File No. 00-CV-6975 (DRH) (E.D.N.Y. 2005) (recover of $3 million)

- *In re Spectrian Corp. Securities Litigation*, Master File No. C-97-4672-CW (N.D. Ca.) (recovery of $2.975 million)

- *Moriarty v. Molina*, Case No. 99-0255-CIV-MORENO (S.D. Fla. 2003) (recovery of $2.8 million)

- *In re Peritus Software Services, Inc. Securities Litigation*, Civ. Action No. 98CV10955 WGY (D. Mass. 2000) (recovery of $2.8 million)

- *In re 2TheMart.com, Inc. Sec. Litig.*, Case No. 99-1127 DOC (ANx) (C.D. Ca. 2002) (recovery of $2.7 million)

- *McBride v. Vision Twenty-One, Inc.,* Case No. 99-138-CIV-T-25F (M.D. Fl. 2003) (recovery of $2.5 million)

- *In re Pharmaprint Inc. Sec. Litig.*, Civ. No. 00-61 (AJL) (D.N.J. 2003) (recovery of $2.3 million)

Settled ERISA Class Action Cases

- *In re AOL Time Warner ERISA Litigation*, Civil Action No. 02 CV 8853 (SWK) (S.D.N.Y. 2006) (recovery of $100 million in cash to the company's 401(k) plan in what the court noted was "one of the largest ERISA settlements to date")

- *In re Global Crossing Ltd. ERISA Litig.*, Master File No. 02-cv-7453 (GEL) (S.D.N.Y. 2004) (Stull, Stull & Brody served as liaison counsel for the class in a case which recovered a payment of $79 million to the company's 401(k) plan)

- *In re Lucent Technologies, Inc. ERISA Litig.*, Civil Action No. 01-cv-3491 (JAP) (D.N.J. 2005) (recovery of $69 million in cash and stock to the company's 401(k) plan)

- *In re Worldcom, Inc. ERISA Litig.*, Master File No. 02-4816 (DLC) (S.D.N.Y. 2005) (Stull, Stull & Brody served as local counsel for the class in a case which recovered $47.15 million for the company's 401(k) plan)

- *Harrington v. Household International, Inc.*, Civil Action No. 02 C 8257 (SY) (N.D. Ill. 2004) (recovery of $46.5 million in cash to the company's 401(k) plan)

- *In re Cardinal Health, Inc. ERISA Litig.*, No. C2-04-643 (ALM) (S.D. Ohio 2007) (recovery of $40 million in cash to the company's 401(k) plan)

- *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02 C 8324 (JWD) (N.D. Ill. 2007) (recovery of $14.5 million in cash to the company's 401(k) plan)

- *Russell v. Conseco Services, LLC* 1:02-cv-1639-LJM (S. D. Ind. 2005) (recovery of $9.975 million in cash to the company's 401(k) plan)

- *In re Sprint Corporation ERISA Litig.*, Master File No. 2:03-CV-02202-JWL (D. Kan. 2006) (recovery of $4 million in cash, as well as benefits to participants in the company's 401(k) plans including: increased vesting of employee accounts; increased company matching of employer contributions; a number of participant-friendly plan amendments; and improved participant communications)

Stull, Stull & Brody is presently serving as plaintiffs' lead or co-lead counsel in a

number of pending actions in various district courts, including:

Pending Securities Class Action Cases

- *In re American Express Financial Advisors Sec. Litig.,* Civil Action No. 1:04-CV-1773 (DAB) (S.D.N.Y.)

- *Sharon Bobbitt v. Andrew J. Filiposki, et al.*, No. 03 C 3599 (N.D. Ill.)

- *In re FleetBoston Financial Corp. Sec. Litig.*, Civ. No. 02-4561 (WGB) (D.N.J.)

- *In re Light Management Group, Inc. Sec. Litig.*, Civil Action No. 02-CV-3345 (RO) (S.D.N.Y.)

- *In re Merck & Co., Inc., Securities, Derivative & "ERISA: Litig.,* MDL No. 1658 (SRC), Case No. 2:05-CV-01151-SRC-MF, (D.N.J.) Case No. 2:05-CV-02367-SRC-MF (D.N.J.)

- *In re Metris Companies, Inc. Sec. Litig.*, Civil Action No. 02-CV-3677 JMR/FLN (D. Minn.)

- *In re Mutual Funds Investment Litig.,* MDL 1586, Case No. 04-MD-15863 (JFM) (D. Md.); *Parthasarathy v. RS Investment Management, L.P., et al.,* Case No. 04-cv-3798-JFM (D. Md.)

- *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca.) (for Securities Act of 1933 claims)

- *In re Priceline.com, Inc. Sec. Litig.,* Master File No. 3:00CV01884 (AVC) (D. Conn.)

- *In re Rambus Securities Class Action Litigation,* Master File No. CO6-4346 JF (N.D. Calif.)

- *In re Rhythms Sec. Litig.,* Civil Action No. 02-K-35 (GCL) (D. Co.)

- *In re Xerox Sec. Litig.*, Civil Action No. 3:99 CV 2374 (AWT) (D. Conn.)

- *In re Rambus Sec. Class Action Litig.*, Master File No. C06-4346 (JF)(N.D. Cal.)

- *In Re: Interlink Electronics Inc. Sec. Litig.ation* 05-CV 08133 (AG) (SH) (W.D. Cal.)

Pending ERISA Class Action Cases

- *Overby v. Tyco International, Ltd.,* Case No. 02-CV-1357-B (D.N.H.) (over 80 million pages of discovery were produced to counsel and over 250 days of deposition have been taken to date)

- *In re AEP ERISA Litigation*, Master File No. C2-03-67 (ALM) (S.D. Ohio)

- *Howell et al. v. Koenemann, et al*, Case No. 03-CV-5044 (RRP) (N.D. Ill.) (ERISA class action against Motorola, Inc.)

11

- *Zilhaver et al. v. UnitedHealth Group, Inc. et al*, Case No. 06-cv-2237 (JMR) (D. Minn.)

- *Quan v. Computer Sciences Corporation et al*, Case No. 06-cv-3927 (CBA) (E.D.N.Y.)

- *In re: Diebold ERISA Litig.*, Case No. 06-cv-00170 (SEL) (N.D. Ohio)

- *In Re Affiliated Computer Services ERISA Litig.*, Master File No. 06-CV-1592 (CBA) (N.D. Tex.)

- *In re Boston Scientific Corp. ERISA Litig.*, Master File No. 06-cv-10105 (JLT) (D. Mass.)  (Stull, Stull & Brody is serving as counsel for Plaintiffs)

- *Lanfear et al. v. Home Depot, et al*, 07-cv-197 (ODE) (N.D. Ga.) (appeal pending)

- *Pugh et al v. The  Tribune Companies et al*, 05-c-2927 (WTH) (N.D. Ill.) (appeal pending)

- *Fisher v. JP Morgan Chase & Co.*, et al., 03-CV-3252 (SHS) (S.D.N.Y.) (sole counsel for plaintiffs) (appeal pending)

Stull, Stull & Brody's advocacy in these and other ERISA class actions, which have been brought on behalf of 401(k) retirement plan participants and beneficiaries, has also yielded new law in the ERISA field.  For example, in the appeal of a dismissal of *In re AEP ERISA Litigation*, Stull, Stull & Brody successfully argued that the plaintiff, who had "cashed out" of his 401(k) plan, had standing to sue.   The Sixth Circuit Court of Appeals agreed and remanded the case for further proceedings.  *Bridges v. American Electric Power Co., Inc.*, 498 F.3d 442 (6th Cir. 2007).  Also, in the *Lucent* ERISA litigation the firm was largely responsible for a frequently-cited ruling by the District Court dated February 11, 2002, where the Court denied a motion to stay the ERISA litigation against Lucent until resolution of a related securities class action against the company.  Stull, Stull & Brody's briefing on the stay motion pointed out the many significant differences between ERISA and securities class actions, even when the ERISA and securities cases involve the same factual issues.  The District Court ultimately ruled that "resolution of the

12

securities class action . . . will not necessarily resolve all issues in this matter" and "[t]he legal issues here will still have to be determined, and a stay or continuance shall not change that fact."

Various courts have noted Stull, Stull & Brody's excellence in the field of ERISA Class Actions. *E.g.*, *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 556 (S.D. Ohio 2005) ("the Court finds that [co-lead counsel and] Stull & Brody have a high level of ERISA expertise and are willing to commit each firm's resources to this case such that they fairly and adequately represent all parties on their side"); *In re Sprint Corp. ERISA Litig.*, 443 F. Supp. 2d 1249, 1270 (D. Kan. 2006) ("The high quality of plaintiffs' counsel's work culminated in the successful resolution of this complex case. This was demonstrated by their successful and commendable prosecution of this case through the motion to dismiss stage and the ultimate settlement of this case under favorable terms."); *id.* at 1260 ("counsel litigated this case during its early phases aggressively and in a manner that demonstrated legal expertise in this area of the law"); *In re AOL Time Warner ERISA Litig.*, 2006 U.S. Dist. LEXIS 70474 (S.D.N.Y. 2006) ("Class counsel are qualified attorneys with considerable ERISA experience. Their prosecution of this lawsuit has secured the substantial Settlement now under consideration. Throughout this litigation, they have shown themselves to be capable and qualified to represent the Class."); *Hill v. Tribune Co.*, 2005 U.S. Dist. LEXIS 23931 (N.D. Ill. 2005) (finding "that the Stull Group has more experience and possibly greater resources" than the other applicant for lead counsel)

## ATTORNEYS

Stull, Stull & Brody maintains offices in both New York and Los Angeles. The following section sets forth basic educational and experience information for each of Stull, Stull & Brody's attorneys.

## NEW YORK

*Jules Brody* is a graduate of Brooklyn College, *magna cum laude*, and received his L.L.B. from the New York University School of Law in 1964. Mr. Brody made the Dean's List and was an editor of the Law Review. Mr. Brody was the author of "The Equitable Power to Assess Counsel Fees" which was published in the New York University Intramural Law Review in May 1964. At NYU, Mr. Brody was a John Norton Pomeroy Scholar and received the American Jurisprudence Prize in Commercial Law and graduated in the top 10% of his class. He was admitted to the New York State Bar in 1964. Mr. Brody received his LL.M. in taxation from the graduate division of the NYU School of Law in 1967. Mr. Brody is also admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York, the United States Courts of Appeals for the Second, Fourth and Fifth Circuits, and has been specially admitted to practice before various district courts throughout the United States.

*Edwin J. Mills* is Of Counsel to Stull, Stull & Brody. He is a graduate of Fordham University and received his J.D. from Brooklyn Law School in 1977. Mr. Mills was admitted to practice in the State of New York and in the Eastern District of New York in 1978. He has represented classes of purchasers of securities and shareholders for over 20 years in federal and state courts throughout the United States. He is experienced in all aspects of securities class action litigation, including settlement negotiation and trial. Mr. Mills is also active in several large ERISA class action cases brought on behalf of 401(k) retirement plan participants and beneficiaries, including cases involving Lucent Technologies, Household International, Tyco International, Conseco, American Electric Power and Sears.

*Mark Levine* is a graduate of the University of Maryland and received his J.D. from Brooklyn Law School in 1981. He was admitted to the New York State Bar in 1982 and is admitted to practice before the United States District Courts for the Southern, Western and Eastern Districts of New York and the Northern District of Illinois, the United States Court of Appeals for the Second, Fourth, Sixth, Ninth, Tenth and Eleventh Circuits, and has been specially admitted to practice before various other state and federal courts. He has participated in the litigation of securities class actions throughout the United States.

*Howard T. Longman* received his undergraduate degree from the University of Virginia and his J.D. from New York Law School in 1982. Mr. Longman is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Patrick K. Slyne* received his J.D. from the University of Wyoming in 1988.  He is a member of the Colorado, Connecticut and Wyoming state bars.

*Melissa R. Emert* received her undergraduate degree from the State University of New York at Stony Brook and her J.D. from Brooklyn Law School in 1988.  Ms. Emert is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Aaron L. Brody* received his undergraduate degree from Yeshiva University, *summa cum laude*, Class of 1990, and his J.D. from New York University School of Law in 1995.  At NYU, Mr. Brody concentrated on securities law and was a staff editor on the *Review of Law and Social Change*.  Mr. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Tzivia Brody* received her undergraduate degree from Stern College, *magna cum laude*, Class of 1992, and her J.D. from the Benjamin M. Cardozo School of Law in 1995.  Ms. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Jason D'Agnenica* received his undergraduate degree from Providence College in 1995, B.A., cum laude, and his J.D. from St. John's University School of Law in 1998.  While at St John's, Mr. D'Agnenica participated in the Moot Court Honor Society advocacy competition and represented clients in consumer protection matters through St. John's Elder Law Clinic.  Mr. D'Agnenica also served as judicial intern for Magistrate Judge Timothy M. Boudewyns, United States District Court for the District of Rhode Island.  Mr. D'Agnenica is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the District of New Jersey and the Southern and Eastern Districts of New York.

*Nathan G. Lamm* received his undergraduate degree from Yeshiva University, Class of 1997, and his J.D. from Benjamin N. Cardozo School of Law in 2000.  Mr. Lamm is a member of the New York State Bar and is admitted to practice before the Southern and Eastern Districts of New York.

*Menashe Y. Shapiro* received his undergraduate degree from Yeshiva University, *cum laude*, Class of 1997, and his J.D. from Benjamin N. Cardozo School of Law in 2000.  Mr. Shapiro is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the District of New Jersey and the Southern and Eastern Districts of New York.

*James Henry Glavin IV* received his undergraduate degree from Boston College, Class of 1999, and his J.D. from Fordham University School of Law in 2002.  While at Fordham, Mr. Glavin served as an editor on the Moot Court Board and International Law Journal.  Mr. Glavin is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Michael J. Klein* received his undergraduate degree in 2001 from Emory University and his J.D., with honors, from the University of Connecticut School of Law in 2004. While at the University of Connecticut, Mr. Klein served as an executive editor of the Connecticut Law Review. Mr. Klein is a member of the New York and Connecticut State Bars and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*James E. Lahm* received his undergraduate degree from The Ohio State University and his J.D. from Benjamin N. Cardozo School of Law in 2004. Mr. Lahm is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the Southern and Eastern Districts of New York and the District of New Jersey.

*Joseph Santangelo* received his undergraduate degree from Villanova University, Class of 2000, and his J.D. from Hofstra University School of Law in 2005. Mr. Santangelo passed the New York State Bar Exam, and is currently awaiting admission.

*Maksim Fuchs* received his undergraduate degree from Boston University, class of 2003, and his J.D. from Seton Hall School of Law in 2006. While at Seton Hall Mr. Fuchs finished in the top 16 of the Eugene Gressman Moot Court competition and served as the President of the Jewish Law Society. Mr. Fuchs is a member of the New York and New Jersey Bars.

## LOS ANGELES OFFICE

*Patrice L. Bishop* received her undergraduate degree from New York University and her J.D. from Loyola Law School - Los Angeles in 1994. Ms. Bishop is a member of the California State Bar and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, and the United States Court of Appeals for the Eighth and Ninth Circuits.

*Timothy J. Burke* graduated *magna cum laude* from Suffolk University and received his J.D. from the University of California at Los Angeles in 1995. Mr. Burke is a member of the California State Bar, and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, and the United States Court of Appeals for the Ninth Circuit.