1  Vahn Alexander (167373)
   FARUQI & FARUQI, LLP
2  1901 Avenue of the Stars, Second Floor
   Los Angeles, CA 90067
3  Tel: (310) 461-1426
   Fax:  (310) 461-1427
4  valexander@faruqilaw.com

5  Michael L. Kelly (82063)
   Behram V. Parekh (180361)
6  KIRTLAND & PACKARD LLP
   2361 Rosecrans Avenue, Fourth Floor
7  El Segundo, CA  90245
   Tel: (310) 536-1000
8  Fax: (310) 536-1001
   mlk@kirtlandpackard.com
9  bvp@kirtlandpackard.com

10 *Attorneys for Proposed*
   *Lead Plaintiff Alex Meruelo*

11

12

13                    UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT CALIFORNIA

15

| 16 | In re SiRF Technology Holdings, Inc. Securities Litigation | ) ) | Master File No.: C08-00856 MMC |
|---|---|---|---|
| 17 | | ) ) | **NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF ALEX MERUELO AS LEAD PLAINTIFF PURSUANT TO §21D OF THE SECURITIES EXCHANGE ACT OF 1934 AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 18 | This Document Related to: | ) ) ) | |
| 19 | ALL ACTIONS | ) ) | |
| 20 | | ) ) | |
| 21 | | ) ) ) | |
| 22 | | ) ) | |
| 23 | | | CLASS ACTION |
| 24 | | | Date: May 16, 2008  Time: 9:00 a.m.  Ctrm.: Hon. Maxine M. Chesney |

25

26

27

28

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on May 16, 2008 at 9:00 a.m., before the Honorable Maxine M. Chesney, in Courtroom 7, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, California 94102-3483, Alex Meruelo (hereinafter "Movant"), will, and hereby does, move this Court for an order granting Movant's motion for his appointment as Lead Plaintiff pursuant to §21D of the Securities Exchange Act of 1934 and for approval of his choice of counsel as Lead Counsel (the "Motion").

This Motion is brought pursuant to §21D of the Securities Exchange Act of 1934 on the grounds that Movant has timely filed his Motion and that he is the "most adequate plaintiff." Moreover, Movant meets the requirements of Rule 23 of the *Federal Rules of Civil Procedure* for the purposes of this Motion in that his claims are typical of the other class members' claims and that he will fairly and adequately represent the class. Movant also seeks the Court's approval of his selection of Faruqi & Faruqi, LLP and Kirtland & Packard LLP, law firms which have substantial experience in prosecuting securities fraud class actions, as Co-Lead Counsel pursuant to §21D(a)(3)(B)(v).

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of points and authorities in support thereof, the declaration of Vahn Alexander filed herewith, the pleadings and other files herein, and such other written or oral argument as may be permitted by the Court.

DATED: April 8, 2008

Vahn Alexander (167373)
FARUQI & FARUQI, LLP

By: /s/ Vahn Alexander
Vahn Alexander

1901 Avenue of the Stars, Second Floor
Los Angeles, CA 90067
Tel: (310) 461-1426
Fax: (310) 461-1427
valexander@faruqilaw.com

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Michael L. Kelly (82063)  
Behram V. Parekh (180361)  
KIRTLAND & PACKARD LLP  
2361 Rosecrans Avenue, Fourth Floor  
El Segundo, CA 90245  
Tel: (310) 536-1000  
Fax: (310) 536-1001  
mlk@kirtlandpackard.com  
bvp@kirtlandpackard.com  

*Attorneys for Proposed*  
*Lead Plaintiff Alex Meruelo*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................. ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................. 1

I. INTRODUCTION ........................................................ 1

II. SUMMARY OF THE ACTIONS ........................................... 3

III. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ................... 4

    A. Movant Made this Motion Within 60 Days of Publication of Notice ........... 5

    B. Movant Has the Largest Financial Interest in the Relief Sought ............... 5

    C. Movant Is Qualified under Rule 23 ................................... 6

        1. The Claims of Movant Are Typical of the Claims of the Class .......... 6

        2. Movant Will Fairly and Adequately Represent the Interests of the Class ........................................................ 7

IV. THIS COURT SHOULD APPROVE MOVANT'S CHOICE OF LEAD COUNSEL ... 8

V. CONCLUSION ......................................................... 8

i

# TABLE OF AUTHORITIES

*Apple v. LJ Int'l Inc.*,
  2008 U.S.Dist. LEXIS 12618 (C.D. Cal. 2008) .................................................. 5,7,8

*Blackie v. Barrack*,
  524 F.2d 891 (9th Cir. 1975), *cert. denied*, 429 U.S. 816 (1976) ............................... 7

*Casden v. HPL Tech. Inc.*,
  2003 U.S.Dist. LEXIS 19606 (N.D. Cal. 2008) ........................................................ 5

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) .............................................................................. 5,6,8

*Epstein v. MCA, Inc.*,
  50 F.3d 644 (9th Cir. 1995), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367 (1996) ............................................................... 6

*Tanne v. Autobytel, Inc.*,
  226 F.R.D. 659 (C.D. Cal. 2005) ............................................................................ 5

*In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*,
  122 F.R.D. 251 (C.D. Cal. 1988) ............................................................................ 7

*Wenderhold v. Cylink Corp.*,
  188 F.R.D. 577 (N.D. Cal. 1999) ............................................................................ 6

## FEDERAL STATUTES

15 U.S.C. §78u-4 ............................................................................................... *passim*

Federal Rules of Civil Procedure
  Rule 23 .................................................................................................... 3,6,7
  Rule 42 .................................................................................................... 3,7

Securities Exchange Act of 1934
  Section 21D ............................................................................................. *passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

Alex Meruelo (hereinafter "Movant") respectfully submits this motion for his appointment as Lead Plaintiff pursuant to §21D of the Securities Exchange Act of 1934 and for approval of his choice of counsel as Lead Counsel (the "Motion").

## I.   INTRODUCTION

Presently pending in this District are seven consolidated cases against SiRF Technology Holdings, Inc. ("SiRF" or the "Company) and certain of its officers and directors. *See* Stipulation and Consolidation Order entered March 14, 2008. The consolidated cases allege the same common scheme and course of conduct by defendants to defraud investors in violation of §10(b) and Rule 10b-5 promulgated thereunder, and §20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (codified at 15 U.S.C. §78u-4), Movant respectfully submits this memorandum in support of his Motion for: (i) appointment as Lead Plaintiff in the consolidated action; and (ii) approval of his choice of Faruqi & Faruqi, LLP and Kirtland & Packard LLP as Co-Lead Counsel in the consolidated action. Movant acquired SiRF securities between October 30, 2007 and February 4, 2008 (the "Class Period") and suffered damages as a result of defendants' violations of the federal securities laws.[1]

Movant believes he has the largest financial interest in the relief sought by the class, having suffered total damages of over $734,000. Thus, he must be presumed to be the "most adequate plaintiff." *See Exhibit A* to the Alexander Decl. filed concurrently herewith.

Section 21D of the Exchange Act, as amended by the PSLRA, sets forth the procedure for the selection of the Lead Plaintiff to oversee class actions brought under the federal securities laws. Specifically, §21D(a)(3)(A)(i) provides that within 20 days after the date on which a class action is filed under the PSLRA, the plaintiff or plaintiffs shall cause to be published, in a widely

---

[1] The PSLRA specifically authorizes class members, regardless of whether they have filed a complaint, to move for appointment of Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(i). Movant has completed a sworn certification listing his purchases of SiRF securities and requesting that he be appointed Lead Plaintiff. *See Exhibit A* to the Declaration of Vahn Alexander filed in support of the Motion ("Alexander Decl.").

circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --

 (I) of the pendency of the action, the claims asserted therein, and the purported class period; and

 (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. §78u-4(a)(3)(A)(i).

  The first complaint filed against defendants was the *Esses* action which was commenced on February 8, 2008. On or about the following day, counsel for plaintiff caused a notice to be published on *Business Wire* which informed potential class members of the pendency of the action and their right to move to be appointed Lead Plaintiff and to designate their choice of Lead Counsel within 60 days. *See Exhibit B* to the Alexander Decl.[2]

  The PSLRA provides that within 60 days after the publication of the notice, any member of the purported class may apply to the court to be appointed Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by plaintiffs or purported class members to serve as Lead Plaintiff in response to any such notice by not later than 90 days after the date of publication pursuant to §21D, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. 15 U.S.C. §78u-4(a)(3)(B). Under this section of the Exchange Act, the court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person, or group of persons, which:

 (aa) has either filed the complaint or made a motion in response to a notice . . .;

 (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

---

[2] Additional notices were also published by counsel in subsequently filed actions.

1       (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of
2                Civil Procedure.
3   15 U.S.C. §78u-4(a)(3)(B)(iii)(I).
4         Movant has listed his transactions concerning SiRF securities between October 30, 2007
5   and February 4, 2008, inclusive, and has incurred losses in excess of $734,000. *See* Alexander
6   Decl., *Exhibit A*. Movant therefore believes that he has the largest financial interest in the relief
7   sought by the class and is thus presumptively entitled to appointment as Lead Plaintiff.
8         Movant also satisfies the requirements of Rule 23 of the *Federal Rules of Civil Procedure*
9   because his claims are typical of the claims of the class, and he will fairly and adequately
10  represent the interest of the class since his interests are clearly aligned with the members of the
11  class and he has retained experienced class counsel to represent the class. Accordingly, Movant
12  hereby seeks approval for his appointment as Lead Plaintiff and for appointment of his counsel as
13  Lead Counsel.

14  **II.  SUMMARY OF THE ACTIONS**

15        Beginning on February 8, 2008, a number of complaints for violations of federal
16  securities laws were filed in this Court requesting class action status on behalf of all purchasers
17  of the securities of SiRF during the Class Period, and seeking to pursue remedies under the
18  Exchange Act. Defendants include SiRF and certain of its officers and directors. On March 14,
19  2008, the Court consolidated seven related actions pursuant to Civil L.R. 3-12 and Fed. R. Civ.
20  P. Rule 42(a). *See* Stipulation and Consolidation Order, entered March 14, 2008.
21        As is more fully alleged in the consolidated cases, these actions arise from damages
22  incurred by the Class as a result of a scheme and common course of conduct by defendants which
23  operated as a fraud and deceit on the Class during the Class Period. SiRF purportedly develops
24  and markets semiconductor and software products that are designed to enable location-awareness
25  utilizing global positioning systems ("GPS") and other location technologies worldwide. During
26  the Class Period, defendants embarked on a scheme to defraud the financial community in order
27  to artificially inflate the Company's securities. This permitted at least one defendant to dispose
28  of $9.6 million worth of SiRF shares at artificially high prices.

1        Then, on February 4, 2008, the Company shocked investors when it announced an 89% year-over-year decrease in fourth quarter profits. For the fourth quarter of 2007, SiRF reported net income of $0.7 million, as compared to $9.1 million in net income for the fourth quarter of 2006. Moreover, the Company stated that its net loss for fiscal 2007 was $10.4 million, as compared to net income of $2.4 million for fiscal 2006. The Company also gave a "miserable outlook" for the first quarter, predicting a loss of $.04 per share.

      As a result of the foregoing news, SiRF's stock plummeted $8.91 per share, or 54%, to close at $7.36 per share on February 5, 2008, on unusually heavy trading volume. Plaintiffs further allege that true facts which were known to defendants, but concealed from the investing public during the Class Period, include the following: (i) SiRF's acquisition of Centrality Communications, Inc. ("Centrality") was negatively impacting the Company's financial results due to the similar products sold by Centrality which were cannibalizing SiRF's sales; (ii) SiRF's aggressive sales targets were not being met because major customers were not placing orders in sufficient quantities; (iii) Centrality's System-on-Chip ("SoC") product line had lower gross margins than SiRF's products which would inevitably result in a significant decrease in the Company's gross margins; (iv) SiRF's customers were moving to cellular-enabled products which the Company could not adequately compete with; and (v) downward pricing pressures were accelerating and would lead to lower margins and earnings in future quarters.

      As a result of defendants' misleading statements and omissions during the Class Period, SiRF traded at artificially inflated prices during the Class Period. Therefore, it is alleged that those who acquired SiRF securities during the Class Period purchased their shares at prices that were artificially high and were damaged thereby.

### III. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

      The PSLRA provides that a court shall appoint as Lead Plaintiff the member of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members in accordance with the requirements of the subparagraph. 15 U.S.C. §78u-4(a)(3)(B)(i). Further, the Exchange Act, as amended by the PSLRA, provides for a rebuttable presumption:

| | |
|---|---|
| 1 | that the most adequate plaintiff in any private action arising under this title is the |
| 2 | person or group of persons that – |
| 3 | (aa) has either filed the complaint or made a motion in response to a notice . . .; |
| 4 | (bb) in the determination of the court, has the largest financial interest in the |
| 5 | relief sought by the class; and |
| 6 | (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of |
| 7 | Civil Procedure. |

See 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002); *Apple v. LJ Intl. Inc.*, 2008 U.S. Dist. LEXIS 12618, at *5-6 (C.D. Cal. February 8, 2008); *Casden v. HPL Tech. Inc.*, 2003 U.S. Dist. LEXIS 19606, at *10-11 (N.D. Cal. September 29, 2003).

### A. Movant Made this Motion Within 60 Days of Publication of Notice

As set forth in his certification attached to the Alexander Decl. as *Exhibit A*, Movant has reviewed a complaint filed against SiRF, adopted its allegations and expressed his willingness to serve as a representative of the class. Movant timely brings this motion within 60 days of publication of the required notice. See 15 U.S.C. §78u-4(a)(3)(A)(i)(II); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 665 (C.D. Cal. 2005); Alexander Decl., *Exhibit B*.

### B. Movant Has the Largest Financial Interest in the Relief Sought

During the Class Period, Movant purchased a significant amount of SiRF shares and options at prices artificially inflated by defendants' false and misleading statements and has suffered losses in excess of $734,000.[3] See *Exhibit A* to the Alexander Decl. To the best of his

---

[3] Pursuant to §21D(e)(1) of the Exchange Act, the damages for a plaintiff holding his shares through the end of the class period are calculated as "the difference between the purchase or sale price paid or received . . . and the mean trading price of [SiRF stock] during the 90 day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. §78u-4(e)(1). Because the 90 day period has not yet elapsed, the currently available trading data was used to calculate Movant's damages. The average closing price of SiRF common stock from February 5, 2008, through and including April 7, 2008 (the last full day before the filing of the instant motion) is $6.29. 15 U.S.C. §78u-4(e)(1).

knowledge, Movant has the largest financial interest in the relief sought by the Class. Movant, therefore, is presumptively the most adequate plaintiff pursuant to the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### C.     Movant Is Qualified under Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA provides that the Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of the class representative, Rule 23(a) requires that the claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. *See In re Cavanaugh,* 306 F. 3d at 730 (in appointing lead plaintiff, court is to focus in particular on "typicality" and "adequacy" requirements of Rule 23(a)); *Apple,* 2008 U.S. Dist. LEXIS 12618 at *16 ("At this stage of the litigation, 'nothing more than a preliminary showing is required' with respect to typicality and adequacy." (citations omitted)); *Wenderhold v. Cylink Corp., et al.,* 188 F.R.D. 577, 587 (N.D. Cal. 1999) (same). As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a).

#### 1.     The Claims of Movant Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff has: (a) suffered the same injuries as the absent class members; (b) as a result of the same course of conduct by defendants; and their claims are based on the same legal issues. *See Epstein v. MCA, Inc.,* 50 F.3d 644, 668 (9th Cir. 1995), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Epstein,* 516 U.S. 367 (1996). The questions of law and fact common to the class members here which predominate over questions that may affect individual claims include:

(a)     whether the federal securities laws were violated by defendants' acts;

(b)     whether defendants' statements during the Class Period omitted and/or misrepresented material facts;

(c)     whether defendants pursued the fraudulent scheme and course of conduct complained of;

(d)     whether defendants acted intentionally or recklessly;

(e) whether the market price of SiRF stock was artificially inflated due to the activities complained of; and

(f) the extent of damages class members sustained and the appropriate measure of those damages.

Movant's claims are typical of the claims of the members of the proposed class. Movant, as do all members of the class, alleges that certain of SiRF's officers and directors violated the Exchange Act by publicly disseminating false and misleading statements, and by failing to disclose material adverse facts, about SiRF during the Class Period. Further, Movant, as did all of the members of the proposed class, acquired SiRF securities at prices inflated by defendants' misrepresentations and omissions and were damaged thereby. The typicality requirement is satisfied here because the claims asserted by Movant are based on the same legal theory and arise "from the same event or course of conduct giving rise to the claims of other class members." *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988). *Accord, Blackie v. Barrack,* 524 F.2d 891, 902-03 & n.19 (9th Cir. 1975), *cert. denied,* 429 U.S. 816 (1976).

### 2. **Movant Will Fairly and Adequately Represent the Interests of The Class**

Movant will fairly and adequately represent the interests of the class in this consolidated action. *See Apple*, 2008 U.S. Dist. LEXIS 12618 at *17-18 ("Adequacy, for purposes of the lead plaintiff determination, is contingent upon both the existence of common interests between the proposed lead plaintiffs and the class, and a willingness on the part of the proposed lead plaintiff to vigorously prosecute the action." (citations omitted)). First, Movant's interests are clearly aligned with those of the other members of the proposed class. Second, there is no evidence of any antagonism between his interests and those of the rest of the class. As detailed above, Movant shares substantially similar questions of law and fact with the members of the proposed class, and his claims are typical of the members of the class. Third, Movant has amply demonstrated his adequacy to serve as a class representative by signing a certification affirming his willingness to serve as, and assume the responsibilities of, class representative. *See*

In re SiRf Technology Holdings, Inc. Sec. Litig.
Master File No.: C08-00856 MMC-MPA Meruelo Motion for Lead Plaintiff

7

Alexander Decl., *Exhibit A*. Finally, Movant has selected and retained counsel highly experienced in prosecuting securities class actions such as this to vigorously represent himself and the class. For these reasons, Movant should be appointed Lead Plaintiff in the consolidated action.

## IV. THIS COURT SHOULD APPROVE MOVANT'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *In re Cavanaugh,* 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff."); *Apple*, 2008 U.S. Dist. LEXIS 12618 at *19. Movant has selected the law firms of Faruqi & Faruqi, LLP and Kirtland & Packard LLP to serve as Co-Lead Counsel for the class. These firms possess extensive experience in the area of securities litigation and attorneys with the firms have successfully prosecuted numerous securities fraud class actions on behalf of injured investors in this district and in other districts nationwide. *See* Alexander Decl., *Exhibits C* and *D*. As such, Movant has reposed his confidence in these firms and his choice should be approved by the Court.

## V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (i) appoint Movant Alex Meruelo as Lead Plaintiff in the consolidated action; and (ii) approve Movant's choice of Faruqi & Faruqi, LLP and Kirtland & Packard LLP as Co-Lead Counsel in the consolidated action.

DATED: April 8, 2008

Vahn Alexander
FARUQI & FARUQI, LLP

By: /s/ Vahn Alexander

1901 Avenue of the Stars, Second Floor
Los Angeles, CA 90067
Tel: (310) 461-1426
Fax: (310) 461-1427
valexander@faruqilaw.com

In re SiRf Technology Holdings, Inc. Sec. Litig.
Master File No.: C08-00856 MMC-MPA Meruelo Motion for Lead Plaintiff

8

Michael L. Kelly (82063)
Behram V. Parekh (180361)
KIRTLAND & PACKARD LLP
2361 Rosecrans Avenue, Fourth Floor
El Segundo, CA 90245
Tel: (310) 536-1000
Fax: (310) 536-1001
mlk@kirtlandpackard.com
bvp@kirtlandpackard.com

*Attorneys for Proposed*
*Lead Plaintiff Alex Meruelo*