LEVY, RAM & OLSON, LLP
Michael F. Ram (SBN 104805)
mfr@lrolaw.com
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

*Liaison Counsel for Lead Plaintiff Movant
Matthew Delaney*

SPECTOR, ROSEMAN & KODROFF, P.C.
Robert M. Roseman
rroseman@srk-law.com
Andrew D. Abramowitz
aabramowitz@srk-law.com
John A. Macoretta
jmacoretta@srk-law.com
David Felderman
dfelderman@srk-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Counsel for Lead Plaintiff Movant
Matthew Delaney*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SiRF TECHNOLOGY HOLDINGS, INC. SECURITIES LITIGATION<br><br>This Document Related To:<br>ALL ACTIONS | Master File No.: C 08 00856<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MATTHEW DELANEY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date: May 16, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 7, 19th Floor<br>[Hon. Maxine M. Chesney] |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND .................................................................................................... 2

ARGUMENT .............................................................................................................................. 3

I.   MOVANT DELANEY SHOULD BE APPOINTED LEAD PLAINTIFF ....................... 3

    A.   The PSLRA Standard for Appointing Lead Plaintiff ............................................... 3

    B.   The PSRLA Mandates That Movant Delaney Should Be Appointed Lead Plaintiff ...................................................................................................................... 5

        1.   Movant Delaney Satisfied the PSLRA's Procedural Requirements ........... 5

        2.   Movant Delaney Possesses the Largest Financial Interest in the Relief Sought by the Class ................................................................................... 5

        3.   Movant Delaney Satisfies Rule 23's Typicality and Adequacy Requirements ............................................................................................. 6

    C.   The Court Should Approve Movants' Selection of Lead and Liaison Counsel ...................................................................................................................... 8

II.  CONCLUSION .................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Cavanaugh*
  306 F.3d 726 (9th Cir. 2002) ................................................................................. 4, 6

*Chisholm v. Transouth Fin. Corp.*
  184 F.R.D. 556 (E.D. Va. 1999) ................................................................................ 7

*Ferrari v. Gisch*
  225 F.R.D. 599 (C.D.Cal. 2004) ....................................................................... 4, 6, 8

*Glauser v. EVCI Career Colls. Holding Corp.*
  236 F.R.D. 184 (S.D.N.Y. 2006) ............................................................................... 5

*In re Northern District of Calif. Dalkon Shield IUD Products Liab. Litig.*
  693 F.2d 847 (9th Cir. 1982) ..................................................................................... 7

*In re Prudential Sec.Inc. Ltd. P'Ships Litig.*
  163 F.R.D. 200 (S.D.N.Y. 1995) ............................................................................... 7

*Metro Servs. Inc. v. Wiggins*
  158 F.3d 162 (2d. Cir. 1998) ..................................................................................... 4

*Strougo v. Brantley Capital Corp.*
  243 F.R.D. 100 (S.D.N.Y. 2007) ............................................................................... 6

*Tanne v. Autobytel, Inc.*
  226 F.R.D. 659 (C.D.Cal. 2005) ....................................................................... 6, 7, 8

*Vladimir v. Bioenvision, Inc.*
  2007 WL 4526532 (S.D.N.Y. Dec. 21, 2007) ........................................................... 8

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*
  216 F.R.D. 248 (S.D.N.Y. 2003) ............................................................................... 7

*Weltz v. Lee*
  199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................... 7

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................... passim

15 U.S.C. §78j ............................................................................................................ 1

17 C.F.R. §240.10b-5 ................................................................................................. 1

Movant, Matthew Delaney, ("Movant" or "Delaney"), on behalf of himself and the Class defined herein, respectfully submits this Memorandum of Law pursuant to Section 21D(b)(3)(B) of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), in support of his Motion for the entry of an order: (1) appointing Movant as Lead Plaintiff for the Class of all purchasers of the securities of SiRF Technology Holdings, Inc. ("SiRF" or the "Company") from October 30, 2007 to February 4, 2008, inclusive (the "Class Period"); and (2) approving Movant's selection of the law firm of Spector Roseman & Kodroff, P.C. as Lead Counsel and the law firm of Levy, Ram & Olson, LLP as Liaison Counsel.

**PRELIMINARY STATEMENT**

Pending before this Court are seven (7) related securities class actions (the "Actions") brought on behalf of purchasers of the publicly traded securities of SiRF Technology Holdings, Inc. which, pursuant to this Court's Order dated March 14, 2008, have been consolidated into the above-captioned Master File. The complaints filed in this consolidated action allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), *see,* 15 U.S.C. §78j(b) and 78t(a), and Securities Exchange Commission ("SEC") Rule 10b-5, *see* 17 C.F.R. §240.10b-5.

In accordance with the Exchange Act, as amended by the PSLRA, 15 U.S.C. § 78u-4, and for the reasons set forth below, Movant respectfully moves this Court for an Order appointing him as Lead Plaintiff on behalf of himself and all others similarly situated who purchased or otherwise acquired SiRF securities from October 30, 2007 to February 4, 2008, inclusive (the "Class Period") and was damaged thereby. This motion is made on the grounds that the Movant is the most adequate plaintiff, as defined by the PSLRA.  In this regard, Movant suffered losses of approximately $141,844.74 in connection with his purchase of SiRF securities.[1]  See Ram

---

[1] The losses suffered by Movant, as detailed herein, may not be the same as legally compensable damages, measurement of which is often a complex legal question, which cannot be determined at this stage of the litigation. However, the approximate recoverable damages can be determined from the executed certifications required under Section 21D of the Exchange Act and based upon reference to the market decline in SiRF common stock.

Master File No. C 08 00856 – MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MATTHEW DELANEY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL         1

Decl., Ex. B, p. 3.[2] To Movant's knowledge, these losses exceed those of any other plaintiff or group of plaintiffs in this Action. Thus, under Section 21D of the Exchange Act, Movant is presumptively the "most adequate plaintiff" and should be appointed as Lead Plaintiff because he has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). For purposes of this motion, Movant also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the putative Class and he will fairly and adequately represent the interests of the Class.

Movant is represented by Spector Roseman & Kodroff, P.C. ("SRK"), which is seeking appointment as Lead Counsel, and Levy, Ram & Olson, LLP, which is seeking appointment as Liaison Counsel. Both firms are experienced and eminently qualified to prosecute this securities fraud action.

## FACTUAL BACKGROUND

This is a federal class action on behalf of all purchasers of SiRF securities between October 30, 2007 and February 4, 2008, inclusive, and seeks remedies under the Exchange Act.

SiRF develops and markets semiconductor and software products that are designed to enable location-awareness utilizing Global Positioning System ("GPS") and other location technologies. SiRF's technology has been integrated into mobile consumer devices, such as automobile navigation systems, mobile phones, PDAs, GPS-based peripherals and handheld GPS navigation devices, as well as into commercial applications, such as location servers, asset tracking devices and fleet management systems. SiRF markets and sells its products in three platforms: (1) wireless handheld devices, such as mobile phones; (2) automotive electronics systems, including navigation and telematics systems; and (3) consumer and computer devices, including personal digital assistants, notebook computers, recreational GPS handhelds, digital cameras and watches.

On February 4, 2008, the Company shocked investors when it announced an 89% year-over-year decrease in fourth quarter profits. For fourth quarter 2007, the Company reported net

---

[2] References to "Ram Decl. Ex. __" are to the exhibits attached to the accompanying Declaration of Michael F. Ram.

income of $0.7 million, as compared to $9.1 million in net income for fourth quarter 2006. Further, the Company stated that its net loss for fiscal 2007 was $10.4 million, as compared to net income of $2.4 million for fiscal 2006. Additionally, the Company gave a "miserable outcome" for the First Quarter, predicting a loss of four (4) cents per share. Upon the release of this news, the Company's shares fell $8.91 per share, or 54.76 percent, to close on February 5, 2008 at $7.36 per share, on unusually heavy trading volume.

The Complaints generally allege that, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's financial well-being, business relationships, and prospects. Specifically, defendants failed to disclose or indicate: (1) that there were not sufficient orders from major customers to meet the targets set by the Company; (2) that SiRF's acquisition of Centrality Communications, Inc. ("Centrality") and its system-on-chip product line would result in overall lower margins and would adversely affect SiRF's existing product line, which would result in lower gross margins for the Company's products; (3) that SiRF was not adequately equipped to deal with competition from other companies offering superior technology, specifically with regard to cellular-enabled products; (4) that SiRF was being forced by market pressures to decrease prices, which would adversely affect earnings and lead to lower gross margins going forward; (5) that the Company lacked adequate internal and financial controls; and (6) that, as a result of the foregoing, the Company's statements about its financial well-being and future business prospects lacked any reasonable basis at the time they were made. As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Delaney and the Class have suffered significant losses and damages.

## ARGUMENT

### I. MOVANT DELANEY SHOULD BE APPOINTED LEAD PLAINTIFF

#### A. The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA sets forth a procedure for selecting Lead Plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal

Master File No. C 08 00856 – MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MATTHEW DELANEY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

3

Rules of Civil Procedure." 15 US.C. §§ 78u-4(a)(l) and (a)(3)(B). Specifically, Section 2lD(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, provides that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class -
>
> (I)   of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)  that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 US.C. § 78u-4(a)(3)(A)(i).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is to consider any motion made by class members and shall appoint as Lead Plaintiff the movant that the Court determines to be most capable of adequately representing the interests of the class. Specifically, the PSLRA provides that this Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that *the court determines to be most capable of adequately representing the interests of class members* (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph. 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

In adjudicating such a motion, the Court must be guided by a presumption that the "most adequate plaintiff" is the person or group of persons who: (a) filed a complaint or made a motion to serve as Lead Plaintiff; (b) has the largest financial interest in the relief sought by the class; and (c) who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See,* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). *See also, Ferrari v. Gisch,* 225 F.R.D. 599, 602 (C.D.Cal. 2004) (citing *In re Cavanaugh,* 306 F.3d 726, 729 (9th Cir. 2002); *Metro Servs. Inc. v. Wiggins,* 158 F.3d 162, 164 (2d. Cir. 1998). This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). *See also, In re Cavanaugh,* 306 F.3d

Master File No. C 08 00856 – MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MATTHEW DELANEY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

4

at 729 n. 2 ("The Act sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff."); *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

**B.     The PSRLA Mandates That Movant Delaney Should Be Appointed Lead Plaintiff**

As discussed below, Movant Matthew Delaney is presumptively the most adequate plaintiff because he has satisfied all of the PSLRA's procedural requirements, holds the largest financial interest of any other plaintiff, and satisfies the typicality and adequacy requirements set forth in F.R.C.P. 23.

**1.     Movant Delaney Satisfied the PSLRA's Procedural Requirements**

Movant Matthew Delaney has timely filed his Motion to serve as Lead Plaintiff. The first complaint filed in this consolidated action was filed on February 8, 2008. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), notice regarding the pendency of that action was published on *Business Wire*, a national, business-oriented news service, that day. *See* Ram Decl. Ex. A. Thus, as permitted by Sections 21D(a)(3)(A) and (B) of the Exchange Act, any person who is a member of the proposed Class could apply to be appointed as Lead Plaintiff by the Court within sixty (60) days after publication of the notice, *i.e.,* on or before April 8, 2008. Movant has filed his motion within that required time frame. In addition, pursuant to Section 12D(a)(2) of the Exchange Act, Movant has signed and submitted his respective certification detailing his suitability to serve as a class representative in this case. *See,* Ram Decl., Exhibit B.

**2.     Movant Delaney Possesses the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person or entity (or group thereof) with the largest financial interest in the relief sought by the class, so long as the movant meets the requirements of Rule 23. *See*, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Overall, Movant suffered substantial losses of $141,844.74. Movant is presently unaware of any other plaintiff or Class Member with a larger financial interest in the outcome of this

litigation. Consequently, Movant is entitled to the legal presumption that he is the most adequate plaintiff, given that he also satisfies the typicality and adequacy requirements prescribed by Rule 23, as set forth below.

### 3. Movant Delaney Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to the largest financial interest requirement, the PSLRA also requires that the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-(4)(a)(3)(B). With respect to the claims of the class representative, Rule 23(a) requires that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c) such claims are typical of those of the class; and (d) the representative will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

However, "[a] wide-ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification." *Ferrari,* 225 F.R.D. at 606 (quoting *In re Cavanaugh,* 306 F.3d at 730). *See also, In re USEC Sec. Litig.,* 168 F.Supp.2d 560, 566 (D.Md. 2001) (citing *In re Milestone Sci. Sec. Litig.,* 183 F.R.D. 404, 412 (D.N.J. 1998)). In this regard, typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiffs under the PSLRA. *Ferrari,* 225 F.R.D. at 606. *See, also, Tanne v. Autobytel, Inc.,* 226 F.R.D. 659, 666 (C.D.Cal. 2005); *Strougo v. Brantley Capital Corp.,* 243 F.R.D. 100, 105 (S.D.N.Y. 2007).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). In other words, typicality is demonstrated where the movant's claims arise from the same conduct from which the other class members' claims and injuries arise. *See, e.g., Tanne,* 226 F.R.D. at 667; *In re Initial Pub. Offering Sec. Litig.,* 214 F.R.D. 117, 121 (S.D.N.Y. 2002). As one court noted, "[t]he premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class. Complete identification between the claims constituting each individual action is not required." *Chisholm v. Transouth Fin.*

Master File No. C 08 00856 – MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MATTHEW DELANEY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

6

*Corp.,* 184 F.R.D. 556, 563 (E.D. Va. 1999). *Accord, Weinberg v. Atlas Air Worldwide Holdings, Inc.,* 216 F.R.D. 248, 253 (S.D.N.Y. 2003); *In re Prudential Sec.Inc. Ltd. P'Ships Litig.,* 163 F.R.D. 200, 208 (S.D.N.Y. 1995) ("The typicality requirement of Rule 23(a)(3) is liberally construed; and 'typical' does not mean 'identical' … The possibility of factual distinctions between claims of the named plaintiffs and those of other class members does not destroy typicality.")

The typicality requirement is plainly satisfied in this case, where Movant seeks the same relief and advance the same legal theories as pertinent to the other Class Members. Movant alleges that Defendants' course of conduct, in violation of the Securities Exchange Act, harmed all investors in the same way. Movant, as did all members of the Class, acquired SiRF securities at prices artificially inflated by Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class' claims, satisfy the typicality requirement of Rule 23(a)(3). *See, Tanne,* 226 F.R.D. at 667.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members do not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Tanne,* 226 F.R.D. at 667 (citing *In re Northern District of Calif. Dalkon Shield IUD Products Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)). *See also, Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (citation omitted).

In the case at bar, Movant is clearly an adequate representative for the Class. There is no antagonism between Movant's interests and those of the Class. To the contrary, the interests of Delaney and the absent Class Members are squarely aligned, as all were harmed by Defendants' fraudulent conduct which adversely impacted SiRF securities. Moreover, in retaining the law firms of Spector, Roseman & Kodroff, P.C. and Levy, Ram & Olson, LLP, Movant has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and

1  has timely submitted his choice of counsel to the Court for approval pursuant to 15 U.S.C. § 78u-
2  4(a)(3)(B)(v).  Furthermore, Movant suffered a substantial loss in the form of the diminution of
3  value in the price of his SiRF securities.  As such, Movant Matthew Delaney has a sufficient
4  interest in the outcome of the case to ensure vigorous prosecution of this action.  Therefore,
5  Movant overwhelmingly satisfies the adequacy requirement.

      **C.**      **The Court Should Approve Movants' Selection of Lead and Liaison Counsel**

7        Subject to the Court's approval, the PSLRA vests authority in the Lead Plaintiff to select
8  and retain competent and experienced Lead Counsel to represent the Class.  15 U.S.C. § 78u-
9  4(a)(3)(B)(v).  *See also, Ferrari,* 225 F.R.D. at 610-611; *Tanne,* 226 F.R.D. at 673.  "'Giving the
10 Lead Plaintiff primary control for the selection of counsel was a critical part of Congress' effort
11 to transfer control of securities class actions from lawyers to investors.'" *Vladimir v. Bioenvision,*
12 *Inc.*, 2007 WL 4526532, *11 (S.D.N.Y.  Dec. 21, 2007) (*quoting Fitzgerald v. Citigroup Inc.*,
13 2004 WL 613107, *4 (S.D.N.Y. Mar. 26, 2004)).  "[T]he court should generally employ a
14 deferential standard in reviewing the lead plaintiff's choices." *Vladimir*, 2007 WL 4526532 at *11
15 (*quoting In re Cendent Corp. Litig.*, 264 F.3d 201, 274 (3d Cir.2001), *cert. denied*, 535 U.S. 929,
16 122 S.Ct. 1300 (2002)).  *See also, Tanne,* 226 F.R.D. at 673.

17       Here, Movant has selected Spector Roseman & Kodroff, P.C. to serve as Lead Counsel
18 and Levy, Ram & Olson, LLP to serve as Liaison Counsel.  As detailed in its firm resume, SRK
19 has extensive experience in the field of securities litigation, representing lead plaintiffs and
20 classes of investors against corporations and individuals in instances of corporate fraud.  *See* Ram
21 Decl. Ex. C.  SRK has successfully prosecuted numerous securities fraud class actions and
22 obtained excellent recoveries on behalf of defrauded investors.  *See, id.*  In addition, Levy, Ram
23 & Olson, LLP, since its inception in 1997, has gained considerable experience in handling
24 complex class action litigation.  Moreover, Levy, Ram, and Olson routinely practices in the
25 Northern District of California, and is abundantly experienced in the substance and procedure of
26 this jurisdiction.

1  In light of the foregoing, the Court may be confident that the class will receive the highest caliber of legal representation in full compliance with the mandates of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

## II.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant, Matthew Delaney, as Lead Plaintiff; (2) approve Movant's selection of Spector Roseman & Kodroff, P.C. as Lead Counsel and Levy, Ram & Olson, LLP as Liaison Counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated: April 8, 2008                     LEVY, RAM & OLSON LLP

By:     */s/ Michael F. Ram*
Michael F. Ram (SBN 104805)
mfr@lrolaw.com
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

*Proposed Liaison Counsel*

Robert M. Roseman
rroseman@srk-law.com
Andrew D. Abramowitz
aabramowitz@srk-law.com
John A. Macoretta
jmacoretta@srk-law.com
David Felderman
dfelderman@srk-law.com
**SPECTOR ROSEMAN & KODROFF, P.C.**
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Proposed Lead Counsel*

F:\Docs\1127-01\Pleadings\MotLeadCounsel-MPA-Ptff Delaney.doc

Master File No. C 08 00856 – MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MATTHEW DELANEY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL         9