1  SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
   Alan R. Plutzik, Of Counsel (Bar No. 077785)
2  L. Timothy Fisher, Of Counsel (Bar No. 191626)
   2125 Oak Grove Road, Suite 120
3  Walnut Creek, California 94598
   Telephone:  (925) 945-0770
4  Facsimile:   (925) 945-8792

5  -and-

6  Sean M. Handler
7  Ian D. Berg
   280 King of Prussia Road
8  Radnor, PA 19087
   Telephone:  (610) 667-7706
9  Facsimile:   (610) 667-7056

10
   [Proposed] Lead Counsel
11
                    UNITED STATES DISTRICT COURT
12
                   NORTHERN DISTRICT OF CALIFORNIA
13
                      SAN FRANCISCO DIVISION
14

15
   ┌─────────────────────────────────────┐
16 │ IN RE SIRF TECHNOLOGY HOLDINGS,      │ No. 3:08-cv-00856-MMC
   │ INC. SECURITIES LITIGATION           │
17 │                                      │ CLASS ACTION
   │                                      │
18 │ This Document Relates To: All Actions│ MEMORANDUM OF POINTS AND
   │                                      │ AUTHORITIES IN SUPPORT OF THE
19 │                                      │ MOTION OF JAMES VAN ATTEN TO BE
   │                                      │ APPOINTED LEAD PLAINTIFF AND FOR
20 │                                      │ APPROVAL OF LEAD PLAINTIFF'S
   │                                      │ SELECTION OF LEAD COUNSEL
21 │                                      │
22 │                                      │ DATE: May 16, 2008
   │                                      │ TIME: 9:00 a.m.
23 │                                      │ COURTROOM: 7
   │                                      │ JUDGE: Hon. Maxine M. Chesney
24 │                                      │
25 └─────────────────────────────────────┘

26

27

28
   ────────────────────────────────────────────────────────────────

1

## TABLE OF CONTENTS

2  PRELIMINARY STATEMENT ....................................................................................... 1

3  PROCEDURAL BACKGROUND ................................................................................. 2

4  STATEMENT OF FACTS ........................................................................................... 2

5

6  ARGUMENT .............................................................................................................. 4

7  I.  Mr. Van Atten Should Be Appointed Lead Plaintiff ......................................... 4

8      A.  The Procedural Requirements Pursuant To The PSLRA ........................ 4

9      B.  Mr. Van Atten Is "The Most Adequate Plaintiff" .................................... 5

10         1.  Mr. Van Atten Has Made A Motion
11             For Her Appointment As Lead Plaintiff ...................................... 5

12         2.  Mr. Van Atten Has The Largest Financial Interest ..................... 5

13         3.  Mr. Van Atten Otherwise Satisfies Rule 23 ............................... 5

14             a.  Mr. Van Atten Fulfills The Typicality Requirement ...................... 6
15

16             b.  Mr. Van Atten Fulfills The Adequacy Requirement ..................... 7

17  II.  The Court Should Approve Mr. Van Atten's Choice of Counsel........................ 8

18  CONCLUSION ......................................................................................................... 9

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**CASES**

*Atmel Corp. Sec. Litig.,* 2003 U.S. Dist. LEXIS 26470 (N.D. Cal. June 17, 2003) ........................6

*Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 (D. Mass. 1996)...................................................6

*In re Cavanaugh,*306 F.3d 726 (9th Cir. 2002) ........................................................................7-9

*In re USEC Sec. Litig.*, 168 F. Supp. 2d 560 (D. Md. 2001)........................................................4

*Lax v. First Merchs. Acceptance Corp.,*No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866
    (N.D. Ill. Aug. 6, 1997) ......................................................................................................4

*Richardson v. TVIA, Inc.,* 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. April 16, 2007) ...................7

*Tanne v. Autobytel, Inc.,* 226 F.R.D. 659 (C.D. Cal. 2005).....................................................5, 7

**STATUTES**

15 U.S.C. § 78u-4(a)(3) ..............................................................................................................5

15 U.S.C. § 78u-4(a)(3)(A)(i)...................................................................................................4, 6

15 U.S.C. § 78u-4(a)(3)(A), (B) ..................................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)....................................................................................................2, 8, 9

15 U.S.C. § 78u-4(a)(3)(B)(i) .....................................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)..................................................................................................3, 7

15 U.S.C. § 78u-4(a)(3)(B)(v) .....................................................................................................9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .......................................................................................9

**RULES**

Rule 23(a) ..................................................................................................................................7-8

Rule 23(a)(3) .............................................................................................................................8-9

Rule 23(a)(4)..............................................................................................................................8-9

1

## PRELIMINARY STATEMENT

2      SiRF Technology Holdings, Inc., ("SiRF" or the "Company") investor James Van Atten

3  ("Mr. Van Atten" or "Movant") hereby moves to be appointed as Lead Plaintiff of a proposed

4  class of persons or entities who purchased or otherwise acquired SiRF securities between

5  October 30, 2007 and February 4, 2008, inclusive (the "Class Period"). 15 U.S.C. § 78u-

6  4(a)(3)(B). Mr. Van Atten further moves for approval of his selection of the law firm of

7  Schiffrin Barroway Topaz & Kessler, LLP to serve as Lead Counsel for the Class.

8      Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court

9  shall appoint as Lead Plaintiff the movant or group of movants that has demonstrated the "largest

10  financial interest in the litigation" and has satisfied the typicality and adequacy prongs of Rule 23

11  of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Mr.

12  Van Atten has losses totaling approximately $34,865 as a result of his investments in SiRF

13  during the Class Period.[1] In addition to his large financial stake in this litigation, Movant

14  preliminarily satisfies each of the requirements of the PSLRA and Rule 23 and, therefore, is

15  qualified for appointment as Lead Plaintiff in this action. *See* Plutzik Decl. at Exhibit A.[2] As

16  demonstrated herein, Mr. Van Atten is presumptively the most adequate plaintiff and should be

17  appointed Lead Plaintiff.

18

19

20

## PROCEDURAL BACKGROUND

21

22  [1] The losses suffered by Movant are not the same as his legally compensable damages,
   measurement of which is often a complex legal question which cannot be determined at this
23  stage of the litigation. The approximate losses may, however, be determined from the
   certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u(a)(2)(A), and
24  based upon reference to information concerning the current market for the Company's securities.

25  [2] Mr. Van Atten's sworn certification detailing relevant transactions and demonstrating his
26  qualifications pursuant to the federal securities laws are attached as Exhibit A to the Declaration
   of Alan R. Plutzik In Support Of The Motion Of James Van Atten To Be Appointed Lead
27  Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel (the "Plutzik Decl.").

28

The above-captioned consolidated action is a securities purchaser class action lawsuit that has been brought against certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.[3]  The first of the Related Actions, *Esses v. SiRF Technology Holding Inc., et al.*, No. 3:08-cv-00856, was commenced in this jurisdiction on or about February 8, 2008.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on February 8, 2008, the first notice that a class action had been initiated against defendants was published over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than April 8, 2007.  *See* Plutzik Decl. at Exhibit B.

Mr. Van Atten is a class member (*see* Plutzik Decl. at Exhibit A) and is timely filing this motion within the 60 day period following publication of the February 8, 2008 notice pursuant to Section 21D of the PSLRA.

## STATEMENT OF FACTS[4]

SiRF, headquartered in San Jose, California, develops and markets semiconductor and software products that are designed to enable location-awareness utilizing Global Positioning System ("GPS") and other location technologies.  SiRF's technology has been integrated into mobile consumer devices, such as automobile navigation systems and into commercial applications, such as location servers.  SiRF markets and sells its products in three target platforms:  wireless handheld devices; automotive electronics; and consumer and compute devices.

---

[3] On March 14, 2008, this Court entered an Order consolidating the following related actions: *Esses v. SiRF Technology Holdings Inc.*, No. 3:08-cv-856; *Nussbaum v. SiRF Technology Holdings, Inc.*, No. 3:08-cv-905; *Majur v. SiRF Technology Holdings, Inc.*, No. 3:08-cv-1013; *Fielden v. SiRF Technology Holdings, Inc.*, No. 3:08-cv-1104; *Schorr v. SiRF Technology Holdings, Inc.*, No. 3:08-cv-1121; *Furman v. SiRF Technology Holdings, Inc.*, No 3:08-cv-1122; and *Hunter v. SiRF Technology Holdings, Inc.*, No. 3:08-cv-1210.

[4] These facts were derived from the allegations contained in the class action styled as *Hunter v. SiRF Technology Holdings, Inc.*, et al., No. 08-cv-01210 (N.D. Cal. filed Feb. 28, 2008).

1    Throughout the Class Period, the Company withheld crucial information regarding

2    itsfinancial goals and their inability to stay on target to meet these goals.  The Company failed to

3    disclose information that orders were not being met and that its target goals were not being

4    reached.  They also failed to disclose that SiRF's August 6, 2007 acquisition of Centrality

5    Communications Inc. ("Centrality") (a privately held developer of navigation processor solutions

6    for mobile navigation devices) resulted in overall lower margins.  During this time, the Company

7    also knew that they were not adequately equipped to deal with competition from other companies

8    offering superior technology and decreased prices in order to increase their competition in the

9    market.  By decreasing prices, the Company adversely affected earnings and lead lower gross

10   margins.  Defendants failed to address the mounting demise of the Company's financial standing

11   but continued to deceive shareholders.

12    On October 30, 2007, the Company announced net revenue in the third quarter of 2007

13   was $91.2 million, an increase of 43 percent from the third quarter of 2006.  Net revenue in the

14   first nine months of 2007 was 229.0 million, an increase of 32 percent from the pervious year.

15   However, gross margin in the first nine months of 2007 was 53.7 percent as compared to 55.7

16   percent in the first nine months of 2006.  The Company announced that the third quarter

17   performance had been exceptional and that their success was attributed to the merger with

18   Centrality, the growth in business, and the interest in and demand for SiRF's product.  It was

19   projected that with the new multifunction platform and multimedia expertise, SiRF was now well

20   positioned to go beyond GPS and provide a very attracted value-added product portfolio that

21   addressed the emerging price performance and functionality needs of the target markets.

22    On February 4, 2008, the Company shocked investors when it issued a press release

23   announcing its fourth quarter earnings.  The Company stated that net revenue in the fourth

24   quarter of 2007 was $100.4 million, an increase 35.3 percent from the fourth quarter of 2006 and

25   that net revenue in 2007 was 329.4 million, an increase of 33.0 percent for 2006 fourth quarter.

26   However, gross margin for the fourth quarter was 48.1 percent; as compared to 54.7 percent in

27

28

the fourth quarter of 2006 and gross margin in fiscal 2007 was 50.9 percent, as compared to 54.8

percent in fiscal 2006. After the Company's shocking news, Forbes.com published an article

wherein Jefferies analyst Adam Benjamin downgraded the stock to "hold" from "buy" and

lowered his price target to $9 from $32. On this news, shares of SiRF fell $8.91 per share or

54.76 percent, to close on February 5, 2008 at $7.36 per share, on usually heavy trading volume.

## ARGUMENT

## I.    JAMES VAN ATTEN SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee

securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C.

§ 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the

action, publish a notice to the class informing class members of their right to file a motion for

appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action

published a notice on *Business Wire* on February 8, 2008.[5]  *See* Plutzik Decl. at Exhibit B. This

notice indicated that applications for appointment as lead plaintiff were to be made no later than

April 8, 2008. Within 60 days after publication of the required notice, any member or members

of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they

have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A), (B).

Next, according to the PSLRA, the Court shall appoint as lead plaintiff the movant that

the Court determines to be most capable of adequately representing the interests of class

members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 78u-

---

[5]    *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be
published "in a widely circulated national business-oriented publication or wire service." *See In
re USEC Sec. Litig.*, 168 F. Supp. 2d 560, 567 (D. Md. 2001); *Greebel v. FTP Software, Inc.*,
939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715,
1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

---

4(a)(3)(B)(i).  In determining who is the "most adequate plaintiff," the Exchange Act provides

that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any
> private action arising under this title is the person or group of persons that-
>
>> aa)  has either filed the complaint or made a motion in response to
>> a notice . . .
>>
>> (bb)  in the determination of the court, has the largest financial
>> interest in the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal
>> Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh,* 306 F.3d 726, 729-30 (9th Cir. 2002); *See also*

*Tanne v. Autobytel, Inc.,* 226 F.R.D. 659, 664 (C.D. Cal. 2005).

**B.    Mr. Van Atten Is "The Most Adequate Plaintiff"**

**1.    Mr. Van Atten Has Made A Motion For His Appointment As Lead
Plaintiff**

Pursuant to the provisions of the PSLRA and within the requisite time frame after

publication of the notice, Mr. Van Atten timely moves this Court to be appointed lead plaintiff on

behalf of all plaintiffs and class members covered by the Related Actions and any other actions

deemed related by this Court.

**2.    Mr. Van Atten Has The Largest Financial Interest**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the

class member who represents the largest financial interest in the relief sought by the action.  *See*

*In re Cavanaugh*, 306 F.3d at 730.  As is demonstrated herein, Mr. Van Atten (with losses of

$34,865) has the largest known financial interest in the relief sought by the Class.  *See* Plutzik

Decl. at Exhibit C.

**3.    Mr. Van Atten Otherwise Satisfies Rule 23**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial

interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *In re Cavanaugh*, 306 F.3d at 730. Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 730. As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

### a.     Mr. Van Atten The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise from the same event or course of conduct that gave rise to the claims of the other class members and are premised upon the same legal theory." *See Atmel Corp. Sec. Litig.*, No. C-03-0558, 2003 U.S. Dist. LEXIS 26470, at *7 (N.D. Cal. June 17, 2003) (Chesney, J.).

Movant seeks to represent a class of purchasers of SiRF securities which have identical, non-competing and non-conflicting interests. Mr. Van Atten satisfies the typicality requirement because, just like all other class members, he: (1) purchased or acquired SiRF securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and

misleading statements and/or omissions; and (3) suffered damages thereby. *See Tanne,* 226

F.R.D. at 667. Thus, Movant's claims are typical of those of other class members since his

claims and the claims of other class members arise out of the same course of events. *See*

*Richardson v. TVIA, Inc.,* No. C-06-6304, 2007 U.S. Dist. LEXIS 28406, at 17 (N.D. Cal.

Apr.16, 2007).

### b.    Mr. Van Atten Fulfills The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the

interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy

of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the

members of the Class; (2) whether the Movant is an adequate representative of the Class; (3)

whether the interests of the Movant are clearly aligned with the members of the putative Class;

and (4) whether there is evidence of any antagonism between their respective interests. 15

U.S.C. § 78u-4(a)(3)(B). As detailed above, Mr. Van Atten shares common questions of law and

fact with the members of the Class and her claims are typical of the claims of other class

members. Furthermore, Mr. Van Atten already has taken significant steps demonstrating that he

has and will protect the interests of the Class: he has executed a sworn certification detailing his

Class Period transactions and expressing his willingness to serve as lead plaintiff; he has timely

moved this Court to be appointed as lead plaintiff in this action; and he has retained competent

and experienced counsel who, as shown below, will be able to conduct this complex litigation in

a professional manner. In addition to having the largest financial interest, Mr. Van Atten's *prima*

*facie* satisfies the typicality Rule 23(a)(3)) and adequacy Rule 23(a)(4)) requirements of Rule 23

of the Federal Rules of Civil Procedure and, therefore, satisfies all elements of the Exchange

Act's prerequisites for appointment as Lead Plaintiff.

## II.     THE COURT SHOULD APPROVE MR. VAN ATTEN'S CHOICE OF COUNSEL

Pursuant to Section 21D(a)(3)(B)(v) of the Exchange Act, codified at 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff is to select and retain lead counsel to represent the Class, subject to Court approval. *See In re Cavanaugh*, 306 F.3d at 734 ("While the appointment is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff"); *see also Autobytel*, 226 F.R.D at 673 (noting that the Court should not reject Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class") (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)).  In that regard, Movant has selected and retained Schiffrin Barroway Topaz & Kessler, LLP to serve as Lead Counsel for the Class. Schiffrin Barroway Topaz & Kessler, LLP has extensive experience in prosecuting complex securities actions and is well qualified to represent the Class. *See* Plutzik Decl. at Exhibit D.

Because there is nothing to suggest that Movant or his counsel will not fairly and adequately represent the Class, or that Movant is subject to unique defenses—which is the only evidence that can rebut the presumption of adequacy under the Exchange Act—this Court should appoint Mr. Van Atten as Lead Plaintiff and approve his selection of Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class.

1

## CONCLUSION

2      For the foregoing reasons, Mr. Van Atten respectfully requests that the Court: (i) appoint

3   Mr. Van Atten as Lead Plaintiff; and (ii) approve Schiffrin Barroway Topaz & Kessler, LLP as

4   Lead Counsel for the Class.

5   Dated: April 8, 2008                          Respectfully submitted,

6                                                 SCHIFFRIN BARROWAY
7                                                   TOPAZ & KESSLER, LLP

8                                                 s/Alan R. Plutzik
                                                  Alan R. Plutzik, Of Counsel
9                                                 L. Timothy Fisher, Of Counsel
                                                  2125 Oak Grove Blvd., Suite 120
10                                                Walnut Creek, CA 94598
11                                                Telephone:  (925) 945-0770
                                                  Facsimile:   (925) 945-8792
12
                                                  -and-
13
                                                  Sean M. Handler
14                                                Ian D. Berg
15                                                280 King of Prussia Road
                                                  Radnor, PA 19087
16                                                Telephone:  (610) 667-7706
                                                  Facsimile:   (610) 667-7056
17
18                                                [Proposed] Lead Counsel

19

20

21

22

23

24

25

26

27

28