1   Jordan L. Lurie  (130013)
    Leigh A. Parker (170565)
2   **WEISS & LURIE**
    10940 Wilshire Boulevard, 23rd Floor
3   Los Angeles, CA 90024
    Tel:   (310) 208-2800
4   Fax:   (310) 209-2348
    jlurie@weisslurie.com
5   lparker@weisslurie.com

6   Attorneys for Gary Mitchell Schorr
    Rev. Trust U/A DTD 3-20-98 and
7   [Proposed] Lead Counsel for Plaintiffs

8

9

10                    **UNITED STATES DISTRICT COURT**

11                 **NORTHERN DISTRICT OF CALIFORNIA**

12

13

    In re SiRF TECHNOLOGY          )    Master File No. C-08-00856-MMC
14  HOLDINGS, INC. SECURITIES      )
    LITIGATION                     )    CLASS ACTION
15  _____ )
                                   )    **NOTICE OF MOTION AND MOTION
16  This Document Relates to:      )    OF GARY MITCHELL SCHORR REV.
                                   )    TRUST U/A DTD 3-20-98  FOR
17       All Actions              )    APPOINTMENT AS LEAD PLAINTIFF
                                   )    AND FOR APPROVAL OF ITS
18  _____ )    SELECTION OF LEAD COUNSEL;
                                        MEMORANDUM OF LAW IN
19                                      SUPPORT**

20
                                   Date:  May 16, 2008
21                                 Time: 9:00 a.m.
                                   Ctrm: 7, 19th Floor
22                                 Judge: Hon. Maxine M. Chesney

23

24

25

26

27

28

Notice of Motion and Motion of Gary Mitchell Schorr Rev. Trust U/A          Master File No. C-08-00856 -MMC
DTD 3-20-98 for Appointment as Lead Plaintiff and for Approval of
Its Selection of Lead Counsel; Memorandum of Law

1  TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2          PLEASE TAKE NOTICE that on May 16, 2008, at 9:00 a.m., in the

3  Courtroom of the Honorable Maxine M. Chesney, Courtroom 7, 19th Floor, United

4  States District Court for the Northern District of California, 450 Golden Gate

5  Avenue, San Francisco, California 94102, Gary Mitchell Schorr Rev. Trust U/A DTD

6  3-20-98 ("Movant") will, and hereby does, move this Court under §21D(a)(3)(B) of

7  the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B), for an Order to (i)

8  appoint Movant as Lead Plaintiff in this action pursuant to §21D(a)(3)(B) of the

9  Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-

10  4(a)(3)(B); (ii) approve Movant's selection of the law firm of Weiss & Lurie to serve

11  as Lead Counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v); and (iii) grant such other

12  and further relief as the Court may deem just and proper.

13          This motion is made on the grounds that, to his knowledge, Movant is the

14  "most adequate plaintiff" as defined by the Private Securities Litigation Reform Act

15  of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(a)(3)(B).  In support of this Motion,

16  Movant submits herewith a Memorandum of Law and Declaration of Leigh A.

17  Parker.

18  Dated: April 8, 2008                Respectfully submitted,
19
                                        Jordan L. Lurie
20                                      Leigh A. Parker
                                        **WEISS & LURIE**
21
                                 By:        /s/ - Leigh A. Parker
22                                      10940 Wilshire Boulevard, 23rd Floor
                                        Los Angeles, CA 90024
23                                      Tel:   (310) 208-2800
                                        Fax:   (310) 209-2348
24
                                        Attorneys for Gary Mitchell Schorr
25                                      Rev. Trust U/A DTD 3-20-98 and
                                        [Proposed] Lead Counsel for Plaintiffs
26

27

28

Notice of Motion and Motion of Gary Mitchell Schorr Rev. Trust U/A            Master File No. C-08-00856 -MMC
DTD 3-20-98 for Appointment as Lead Plaintiff and for Approval of
Its Selection of Lead Counsel; Memorandum of Law

1

1

**MEMORANDUM OF LAW**

2

**I.    PRELIMINARY STATEMENT**

3        Gary Mitchell Schorr Rev. Trust U/A DTD 3-20-98 ("Movant"), which

4 believes that it possesses the largest financial interest in the outcome of this litigation

5 as a result of its purchases of SiRF Technology Holdings, Inc. ("SiRF" or the

6 "Company") securities, respectfully submits this memorandum of law in support of its

7 motion to (i) appoint Movant as lead plaintiff in this action pursuant to §21D(a)(3)(B)

8 of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-

9 4(a)(3)(B); (ii) approve Movant's selection of the law firm of Weiss & Lurie to serve

10 as Lead Counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v); and (iii) grant such other

11 and further relief as the Court may deem just and proper.[1]  Lead Plaintiff and Lead

12 Counsel must be appointed by this Court in this action.  *See* 15 U.S.C. §78u-

13 4(a)(3)(B)(i).

14        At least seven securities fraud class actions brought on behalf of persons who

15 purchased or otherwise acquired the publicly traded securities of SiRF between

16 October 30, 2007 and February 4, 2008 (the "Class Period") have been filed in this

17 District.  Those actions were consolidated by this Court's Order dated March 14,

18

19

20

_____

21        [1]Movant submitted a signed, sworn certification as required by §21D(a)(2)(A)(i)-

22 (vi) of the Exchange Act with the complaint Movant filed in this action, *Gary

23 Mitchell Schorr Rev. Trust U/A DTD 3-20-98 v. SiRF Technology Holdings, Inc., et
al.*, Civil Action No. CV-08-1121-MMC, filed on February 25, 2008 and

24 consolidated with this action by this Court's Order dated March 14, 2008.  A true and

25 correct copy of Movant's certification also is attached as Exhibit 3 to the Declaration
of Leigh A. Parker in support of this motion ("Parker Decl."), filed concurrently

26 herewith.  The PSLRA specifically authorizes any class member, regardless whether

27 the class member has filed a complaint, to move for appointment as lead plaintiff.
*See* 15 U.S.C. §78u-4(a)(3)(B)(i).

28

Notice of Motion and Motion of Gary Mitchell Schorr Rev. Trust U/A          Master File No. C-08-00856 -MMC
DTD 3-20-98 for Appointment as Lead Plaintiff and for Approval of
Its Selection of Lead Counsel; Memorandum of Law

1

1  2008.[2]   The Complaint alleges violations of the federal securities laws against the

2  Company and certain of its top officers and directors.  ¶1.[3]

3      Movant, which purchased 1,000 shares of SiRF common stock during the Class

4  Period and suffered damages of approximately $8,710, has the largest financial

5  interest in the outcome of this litigation, based on Movant's current knowledge, and is

6  well-qualified to vigorously prosecute this action on behalf of its fellow class

7  members.  Movant also has selected Weiss & Lurie, a law firm experienced and

8  capable in securities class action litigation, to serve as Lead Counsel.  Accordingly,

9  Movant should be appointed as lead plaintiff and its chosen counsel should be

10  appointed as Lead Counsel.

11  **II.    SUMMARY OF PENDING ACTION**

12      This is a securities fraud class action brought on behalf of all persons who

13  purchased or otherwise acquired the publicly traded securities of SiRF during the

14  Class Period.  ¶1.  The Complaint in this action was filed on February 8, 2008 and

15  seeks to recover damages caused by defendants' violations of §§10(b) and 20(a) of

16  the Exchange Act, 15 U.S.C. §78j(b) and 78t(a), and Rule 10b-5 promulgated

17  thereunder, 17 C.F.R. §240.10b-5.  The Complaint alleges that defendants violated the

18  federal securities laws by issuing a series of false and misleading statements about the

19  Company's business and financial results, or omitted material adverse facts required

20  to be disclosed in order to make defendants' statements not misleading, during the

21  Class Period.  ¶¶3, 17, 20-25.  The Complaint further alleges that defendants'

22

23      [2]Another action, *Braet v. SiRF Technology Holdings, Inc*., Civil Action No. C-08-
24  1824-JSW, was filed on April 4, 2008.  If that action is related to this action, it will be
   consolidated into this action as provided by this Court's March 14, 2008 Order.

25
26      [3]Citations to "¶__" refer to the Complaint for Violation of the Federal Securities
   Laws (the "Complaint") in the first-filed action, *Esses v. SiRF Technology Holdings,*
27  *Inc., et al.*  The other defendants named in the Complaint are Michael L. Canning,
   Diosdado P. Banatao, Geoffrey Ribar and Kanwar Chadha.
28

Notice of Motion and Motion of Gary Mitchell Schorr Rev. Trust U/A          Master File No. C-08-00856 -MMC
DTD 3-20-98 for Appointment as Lead Plaintiff and for Approval of
Its Selection of Lead Counsel; Memorandum of Law

2

1   materially false and misleading statements caused SiRF shares to trade at artificially

2   inflated prices during the Class Period, and members of the class, who acquired the

3   Company's publicly traded securities at artificially inflated prices, were damaged

4   thereby.  ¶¶3, 7, 17, 31-35.

5       SiRF, through its subsidiaries, develops and markets semiconductor and

6   software products used in consumer and commercial global positioning systems

7   ("GPS") devices and systems.  ¶2.  The Complaint alleges that while defendants

8   announced "record" revenues and strong earnings during the Class Period,

9   defendants concealed that the Company's acquisition of a manufacturer of similar

10  products,  Centrality Communications, Inc. ("Centrality"), was adversely affecting

11  SiRF's financial results; that SiRF's major customers were not placing orders at

12  sufficient quantities for the Company to meet the aggressive financial targets set by

13  defendants; that Centrality products had lower gross margins than SiRF's products;

14  and further concealed that competitive pressures were having a much more adverse

15  impact on the Company than defendants disclosed.  ¶¶6, 20-30.

16      After the securities markets closed on February 4, 2008, the last day of the

17  Class Period, defendants announced the Company's financial results for its fourth

18  quarter and fiscal year 2007.  ¶¶4, 26-29.  Defendants disclosed a net loss of $10.4

19  million for fiscal year 2007 and net income of $0.7 million for the fourth quarter of

20  fiscal year 2007, compared to net income of $2.4 million and $9.1 million for the

21  same periods of the previous year, respectively.  *Id*.  Following that announcement,

22  the price of SiRF stock plummeted $8.91 per share, or approximately 54%, in a single

23  day on extraordinarily heavy trading volume on February 5, 2008.  ¶¶5, 31.  Movants

24  and the other members of the class were damaged thereby.

25  ///

26  ///

27

28

Notice of Motion and Motion of Gary Mitchell Schorr Rev. Trust U/A          Master File No. C-08-00856 -MMC
DTD 3-20-98 for Appointment as Lead Plaintiff and for Approval of
Its Selection of Lead Counsel; Memorandum of Law

                                                                                                                3

III.    **ARGUMENT**

   A.    **Movant and Its Chosen Counsel Should be Appointed to Lead This Litigation**

      1.    **Movant Satisfies All Three Requirements of §21D(a)(3)(B) of the PSLRA and Should be Appointed Lead Plaintiff**

The PSLRA governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).  The Ninth Circuit has interpreted Section 21D of the Exchange Act, as amended by the PSLRA, to set forth a three-step procedure to select a lead plaintiff or plaintiffs to oversee class actions brought under the federal securities laws.  *See In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *see also Richardson v. TVIA, Inc.*, 2007 U.S. Dist. LEXIS 28406, at \*7-\*8 (N.D. Cal. April 16, 2007).

First, within twenty (20) days after the date on which a class action is filed pursuant to the PSLRA, the plaintiff(s) must publish notice advising class members of the pendency of the action and of their right to move within sixty (60) days of the publication of the notice to be appointed lead plaintiff.  §21D(a)(3)(A)(i); 15 U.S.C. §78u-4(a)(3)(A)(i).

Second, any member or members of the class may move the Court to serve as lead plaintiff no later than sixty (60) days after the notice is published.  15 U.S.C. §78u-4(a)(3)(A)(i)(II).  The PSLRA provides that the court "must consider the losses already suffered by the various plaintiffs before selecting . . . the 'presumptively most adequate plaintiff.'"  *See Cavanaugh*, 306 F.3d at 730.

Third, the court must determine whether the presumptively most adequate plaintiff also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B).

///

///

Notice of Motion and Motion of Gary Mitchell Schorr Rev. Trust U/A
DTD 3-20-98 for Appointment as Lead Plaintiff and for Approval of
Its Selection of Lead Counsel; Memorandum of Law

Master File No. C-08-00856 -MMC

4

1    Moreover, the court must "'give other plaintiffs an opportunity to rebut the

2  presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy

3  requirements.'" *Cavanaugh*, 306 F.3d at 730; *see also* 15 U.S.C. §78u-4(a)(3)(B)

4  (iii)(II).

5    As demonstrated below, Movant satisfies all three requirements and should be

6  appointed lead plaintiff.

7                    **a.    Notice was Properly Published**

8    Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA,

9  provides in relevant part that:

10       [T]he plaintiff or plaintiffs shall cause to be published, in a widely
          circulated national business-oriented publication or wire service, a notice
11        advising members of the purported plaintiff class -

12       (I)   of the pendency of the action, the claims asserted therein, and the
                purported class period; and
13

14       (II)   that, not later than 60 days after the date on which the notice is
                published, any member of the purported class may move the court
15              to serve as lead plaintiff of the purported class.

16  15 U.S.C. §78u-4(a)(3)(A)(i).

17    Only the plaintiff in the first-filed action must publish notice.  15 U.S.C. §78u-

18  4(a)(3)(A)(ii).

19    Pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), plaintiff Esses, through his counsel,

20  published notice of this action over *Business Wire*, a national business-oriented wire

21  service on February 8, 2008.  A true and correct copy of the notice is attached as

22  Exhibit 1 to the Parker Decl. filed concurrently.  The notice advised class members of

23  the pendency of the securities class action lawsuit against SiRF and the individual

24  defendants, the claims asserted therein, the Class Period and their right to move for

25  lead plaintiff within sixty (60) days from the date of the notice.  This motion is timely

26  filed within sixty (60) days from publication of the notice on February 8, 2008 and the

27  statutory timing requirement of the PSLRA is satisfied.  *See* 15 U.S.C. §78u-

28  4(a)(3)(A)(i).

Notice of Motion and Motion of Gary Mitchell Schorr Rev. Trust U/A          Master File No. C-08-00856 -MMC
DTD 3-20-98 for Appointment as Lead Plaintiff and for Approval of
Its Selection of Lead Counsel; Memorandum of Law

5

1    Moreover, the PSLRA directs the court to consider any motions filed in

2  response to the required notice no later than ninety (90) days after the date of

3  publication of the notice or as soon as practicable after the court decides any pending

4  motion to consolidate actions asserting substantially the same claims.  15 U.S.C.

5  §78u-4(a)(3)(B)(i)-(ii).

6        **b.    Movant Possesses the Largest Financial Interest in the
             Litigation and Should be Presumed Lead Plaintiff**

7
    The PSLRA further provides that the court:
8
       shall appoint as lead plaintiff the member or members of the purported class
9      that the court determines to be most capable of adequately representing the
       interests of class members (hereinafter in this paragraph referred to as the
10     "most adequate lead plaintiff") in accordance with this subparagraph.

11  15 U.S.C. §78u-4(a)(3)(B)(i).

12    During the Class Period, Movant purchased SiRF common stock at prices

13  inflated by defendants' materially false and misleading statements.  As a result,

14  Movant possesses a significant financial interest in the outcome of this litigation.

15    The PSLRA's "most adequate plaintiff" provision also requires this Court to

16  adopt a rebuttable presumption that:

17     [T]the most adequate plaintiff in any private action arising under this title is the
       person or group of persons that -
18
                                    *    *    *    *
19
       (bb)   in the determination of the court, has the largest financial interest in the
20     relief sought by the class.

21  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

22    To the best of his current knowledge, Movant has the largest financial interest

23  in the relief sought in this case.  *See* Parker Decl., Exhibit 2.

24    Movant suffered damages of approximately $8,710 in connection with his

25  purchases of SiRF common stock, purchased 1,000 shares of the Company's common

26  stock and expended approximately $15,000 in purchasing SiRF common stock during

27  the Class Period as a result of defendants' materially false and misleading statements

28

Notice of Motion and Motion of Gary Mitchell Schorr Rev. Trust U/A          Master File No. C-08-00856 -MMC
DTD 3-20-98 for Appointment as Lead Plaintiff and for Approval of
Its Selection of Lead Counsel; Memorandum of Law

6

and omissions.[4]  *See id.*  To Movant's current knowledge, this financial interest makes it the proposed lead plaintiff with the largest financial stake in this action, a fact which warrants a presumption that it is the "most adequate plaintiff" in this case pursuant to §21D of the Exchange Act.  *Cavanaugh*, 306 F.3d at 730 ("[T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."); *see also Richardson*, 2007 U.S. Dist. LEXIS 28406, at *11.

c.     **Movant Meets the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act further provides that, in addition to possessing a significant financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y]" the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(c).

With respect to the qualifications of the class representatives, Rule 23(a) requires generally that their claims be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23(a).  As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to be appointed lead plaintiff.

///

---

[4]  Pursuant to Section 21D(e)(1) of the 1934 Act, the calculated damages for plaintiffs holding their shares through the end of the class period is "the difference between the purchase or sale price paid or received . . . and the mean trading price of that security during the 90 day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  15 U.S.C. §78u-4(e)(1).  For the purposes of calculating damages in this case, the 90 day period began on February 5, 2008 and will end on May 6, 2008.  Consequently, as the 90 day period has not yet ended, Movant has calculated a mean trading price of $6.29 per share, which is the average closing price of SiRF stock beginning on February 5, 2008 through April 7, 2008, inclusive.

Notice of Motion and Motion of Gary Mitchell Schorr Rev. Trust U/A          Master File No. C-08-00856 -MMC
DTD 3-20-98 for Appointment as Lead Plaintiff and for Approval of
Its Selection of Lead Counsel; Memorandum of Law

7

1

2

### 1.     Movant's Claims are Typical of the Claims of the Class

The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories. *See Richardson,* 2007 U.S. Dist. LEXIS 28406, at *16. The threshold typicality and commonality requirements are not high. Rule 23(a) requires only that resolution of the common questions affect all or a substantial number of class members. *Id.* The questions of law and fact common to the members of the class which predominate over questions which may affect individual class members include, *inter alia*, the following:

1.     whether defendants' alleged acts or omissions violated the federal securities laws:

2.      whether defendants' public statements during the Class Period misrepresented material facts about the Company;

3.     whether defendants knew, had reason to know, or recklessly disregarded that their statements were false and misleading;

4.     whether the price of SiRF common stock was artificially inflated during the Class Period; and

5.     to what extent the members of the class have sustained damages and the proper measure of such damages.

There is a well-defined community of interest in the questions of law and fact involved in this case, of which Movant is a part. Movant, as well as the other members of the class, alleges that defendants violated the Exchange Act and SEC Rule 10b-5 by publicly disseminating materially false and misleading statements, as well as omitted material facts about the Company's business and financial results required to make those statements not misleading, during the Class Period. As a result of defendants' alleged fraudulent representations and omissions, Movant, and the other members of the class, purchased SiRF securities at artificially inflated prices

Notice of Motion and Motion of Gary Mitchell Schorr Rev. Trust U/A        Master File No. C-08-00856 -MMC
DTD 3-20-98 for Appointment as Lead Plaintiff and for Approval of
Its Selection of Lead Counsel; Memorandum of Law

8

1    and were damaged thereby.  Because the claims asserted by Movant are premised on

2    the same legal and remedial theories and are based on the same types of alleged

3    misrepresentations and omissions as the claims of the class, typicality is satisfied here.

4    *See* 7 Herbert Newberg & Alba Conte, *Newberg on Class Actions*, §22.24 at 107-108

5    (4th ed. 2002) ("[t]he majority of class action decisions support the view that when it

6    is alleged that the same unlawful conduct was directed at or affected both the named

7    plaintiff and the class sought to be represented, the typicality requirement is met").

8             **2.       Movant Will Fairly and Adequately Represent the
                          Interests of the Class**

9

10           Movant's interests clearly are aligned with the members of the class and there

11   is no antagonism between its interests and the interests of the members of the class.

12   Movant amply has demonstrated its adequacy as class representative by filing a

13   complaint in this action and by signing a  sworn certification affirming its willingness

14   to serve as, and assume the responsibilities of, class representative.  *See* Parker Decl.,

15   Exhibit 3.

16           In addition, Movant has selected counsel highly experienced in prosecuting

17   securities class actions to represent them.  *See Richardson*, 2007 U.S. Dist. LEXIS

18   28406, at *16, *21-*22.  Accordingly, Movant, as well as its counsel, satisfy the

19   requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead

20   plaintiff in this action, and, accordingly, should be appointed lead plaintiff pursuant to

21   15 U.S.C. §78u-4(a)(3)(B).

22           **2.       This Court Should Approve Movant's Choice of Lead Counsel**

23           The PSLRA vests authority in the lead plaintiff to select and retain counsel to

24   represent the class, subject to court approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The

25   court should not disturb lead plaintiff's choice of counsel unless necessary to "protect

26   the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also*

27   *Cavanaugh*, 306 F.3d at 732-33 n.11 ("the district court must approve the lead

28

Notice of Motion and Motion of Gary Mitchell Schorr Rev. Trust U/A                    Master File No. C-08-00856 -MMC
DTD 3-20-98 for Appointment as Lead Plaintiff and for Approval of
Its Selection of Lead Counsel; Memorandum of Law

9

1  plaintiff's choice of counsel, but Congress gave the lead plaintiff, and not the court,

2  the power to select a lawyer for the class").

3      Movant has selected the law firm of Weiss & Lurie to serve as Lead Counsel

4  for the class.  Movant's chosen counsel possess extensive experience in litigating

5  securities class actions and have successfully prosecuted numerous securities class

6  actions on behalf of injured investors.  Parker Decl., Exhibit 4.  As a result, this Court

7  may be assured that the members of the class will receive the highest caliber of legal

8  representation available.

9  **IV.    CONCLUSION**

10      For all the foregoing reasons, Movant respectfully requests that this Court:

11  (i) appoint Movant as lead plaintiff in this action pursuant to §21D(a)(3)(B) of the

12  Exchange Act; (ii) approve Movant's selection of the law firm of Weiss & Lurie to

13  serve as Lead Counsel for the class; and (iii) grant other such relief as the Court may

14  deem just and proper.

15

16  Dated: April 8, 2008                    Respectfully submitted,

17                                          Jordan L. Lurie
                                            Leigh A. Parker
18                                          **WEISS & LURIE**

19                              By:    /s/ - Leigh A. Parker
20                                        Leigh A. Parker
                                        10940 Wilshire Boulevard, 23rd Floor
21                                      Los Angeles, CA 90024
                                        Tel:   (310) 208-2800
22                                      Fax:  (310) 209-2348

23                                      Attorneys for Gary Mitchell Schorr Rev. Trust
                                        U/A DTD 3-20-98 and [Proposed] Lead
                                        Counsel for Plaintiffs
24

25

26

27

28

Notice of Motion and Motion of Gary Mitchell Schorr Rev. Trust U/A
DTD 3-20-98 for Appointment as Lead Plaintiff and for Approval of
Its Selection of Lead Counsel; Memorandum of Law                    Master File No. C-08-00856 -MMC

10

1

2

3

4

5

6

7

8

9                          **UNITED STATES DISTRICT COURT**

10                       **NORTHERN DISTRICT OF CALIFORNIA**

11

12   In re SiRF TECHNOLOGY        )    Master File No. C-08-00856-MMC
     HOLDINGS, INC. SECURITIES    )
13   LITIGATION                   )    <u>CLASS ACTION</u>
     _____ )
14                                )    **[PROPOSED] ORDER APPOINTING**
     This Document Relates to:    )    **GARY MITCHELL SCHORR REV.**
15                                )    **TRUST U/A DTD 3-20-98 AS LEAD**
         All Actions              )    **PLAINTIFF AND APPROVING ITS**
16   _____ )    **SELECTION OF LEAD COUNSEL**

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Order Appointing Gary Mitchell Schorr                    Master File No. C-08-00856 -MMC
Rev. Trust U/A DTD 3-20-98 as Lead Plaintiff and
Approving Lead Plaintiff's Selection of Lead Counsel

1    Having considered the Motion of Gary Mitchell Schorr Rev. Trust U/A DTD

2    3-20-98 ("Movant") for Appointment as Lead Plaintiff and for Approval of its

3    Selection of Lead Counsel, the accompanying Memorandum of Law and Declaration

4    of Leigh A. Parker filed concurrently in support thereof, and good cause appearing

5    therefore:

6       1.    Gary Mitchell Schorr Rev. Trust U/A DTD 3-20-98  is hereby appointed

7    Lead Plaintiff for the class pursuant to §21D of the Securities Exchange Act of 1934,

8    on the ground that, to its knowledge, Movant is the "most adequate plaintiff" as

9    defined by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-

10   4(a)(3)(B), having demonstrated its financial interest in the litigation and that Movant

11   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

12   Procedure.

13      2.    Lead Plaintiff's selection of Weiss & Lurie as Lead Counsel for the class

14   is hereby approved.  Pursuant to §21D(a)(3)(B)(V), the law firm of Weiss & Lurie is

15   appointed Lead Counsel for the class.

16

17

18      IT IS SO ORDERED.

19

20   DATED:_____     _____

21                          THE HONORABLE MAXINE M. CHESNEY
                            UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

[Proposed] Order Appointing Gary Mitchell Schorr                    Master File No. C-08-00856 -MMC
Rev. Trust U/A DTD 3-20-98 as Lead Plaintiff and
Approving Lead Plaintiff's Selection of Lead Counsel

1