1  RANDALL K. PULLIAM (*Pro Hac Vice* Application Forthcoming)
   JOSEPH HENRY (HANK) BATES (167688)
2  BART DALTON (187930)
   CAULEY BOWMAN CARNEY & WILLIAMS, PLLC
3  11311 Arcade Drive, Suite 200
   Little Rock, Arkansas 72212
4  Telephone: (501) 312-8500
   Facsimile: (501)312-8505
5  rpulliam@cauleybowman.com

6  Proposed Lead Counsel

7  JAMES M. WAGSTAFFE (95535)
   ADRIAN J. SAWYER (203712)
8  KERR & WAGSTAFFE LLP
   100 Spear Street, Suite 1800
9  San Francisco, California 94105-1528
   Telephone: (415) 371-8500
10 Facsimile: (415)371-0500
   sawyer@kerrwagstaffe.com

11 Proposed Liaison Counsel

12 Attorneys for Plaintiffs
13 The City of Omaha Nebraska Civilian Employees'
   Retirement System and the City of Omaha Police
14 and Fire Retirement System

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN re SiRF TECHNOLOGY HOLDINGS, INC., SECURITIES LITIGATION | Case No. C 08-0856 MMC<br>CLASS ACTION |
| This Document Relates To:<br><br>All Actions | **NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF OMAHA FUNDS AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF COUNSEL; SUPPORTING MEMORANDUM**<br><br>Date:        May 16, 2008<br>Time:       9 a.m.<br>Courtroom:  7, 19th Floor<br><br>Hon. Maxine M. Chesney |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 16, 2008, at 9:00 a.m., before the Honorable Maxine M. Chesney in Courtroom 7, 19th Floor, 450 Golden Gate Avenue, San Francisco, Califfornia 94102, The City of Omaha, Nebraska Civilian Employees' Retirement System and the City of Omaha Police and Fire Retirement System (the "Omaha Funds"), by and through its counsel, will and do hereby move this Court, for an Order: (1) appointing them as Lead Plaintiff; (2) approving their selection of the law firms of Cauley Bowman Carney & Williams, PLLC as Lead Counsel and Kerr Wagstaffe, LLP as Liaison Counsel; and (3) granting such other and further relief as the Court may deem just and proper.  This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities that follows, the Declaration of Adrian J. Sawyer and exhibits thereto, the Declaration of Carol Ebdon, such argument as may be considered at the hearing, and all other papers on file in this action.

This Motion is brought pursuant to Section 21D(a)(3) of the Securities Act of 1934, as amended by the Private Securities Litigation Reform of 1995 ("PSLRA"), on the grounds that Movant has timely filed this Motion, is the "most adequate plaintiff," and meets the requirements of Federal Rule of Civil Procedure 23.

DATED:  April 8, 2008                **KERR & WAGSTAFFE LLP**

By _____s/_____
ADRIAN J. SAWYER
Proposed Liaison Counsel

CAULEY BOWMAN CARNEY & WILLIAMS, PLLC

Proposed Lead Counsel

i

CASE NO. C 08-0856 MMC                         OMAHA FUNDS' NOT. OF MTN. AND
                                               MTN. FOR APPOINTMENT OF LEAD PLAINTIFF; SUPP. MPA

# MEMORANDUM OF POINTS AND AUTHORITIES

Movants, The City of Omaha, Nebraska Civilian Employees' Retirement System and the City of Omaha Police and Fire Retirement System (the "Omaha Funds"), who suffered $717,684.73 in losses from their purchases of the publicly-traded securities of SiRF Technology Holdings, Inc. ("SiRF Technology"or the "Company"), submit this memorandum of law in support of their motion pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Section 21D(a)(3)(B)(I) and (ii) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(e)(B), for an order (1) appointing the Omaha Funds as lead plaintiff in these actions and any subsequently-filed related actions and (2) approving Omaha Fund's selection of the law firms of Cauley Bowman Carney & Williams, LLP as Lead Counsel and Kerr & Wagstaffe LLP as Liaison Counsel for the proposed Class.

## I.     INTRODUCTION AND FACTUAL BACKGROUND

The Omaha Funds have suffered losses of approximately $717,684.73 from purchases of SiRF Technology common stock during the period from October 30, 2007 through February 4, 2008, inclusive (the "Class Period"), having what they believe to be the largest financial loss of any party seeking to be appointed lead plaintiff.

SiRF Technology is based in San Jose, California and supplies global positioning system semiconductor solutions. SiRF markets and sells its products to original equipment manufacturers of wireless handheld devices and portable computing devices. SiRF Technology is a publicly traded company that lists its shares on the NASDAQ Stock Exchange stock market under the symbol "SIRF."

During the Class Period, SiRF Technology materially misled the investing public thereby inflating the price of SiRF Technology's securities by publicly issuing false and misleading

**1**

statements and omitting to disclose material facts necessary to make SiRF Technology's statements not false and misleading.

On August 6, 2007, SiRF acquired Centrality Communications, Inc. ("Centrality") for 2.1 millions shares of SiRF Technology stock. After the Centrality acquisition was completed, the Company issued numerous press releases and Securities and Exchange Commission filings highlighting the positive effects Centrality was having on the Company's overall performance and detailing the "substantial growth" the Company was experiencing. These statements concealed the following facts: (a) that the acquisition of Centrality was having an adverse effect on the Company's results due to similar products sold by the two companies which were cannibalizing SiRF Technology's sales; (b) that SiRF Technology's major customers were not placing orders at sufficient quantities for SiRF Technology to meet previously disclosed sales and income targets; and (c) that Centrality's product line had lower gross margins than SiRF Technology's products and thus the Company's gross margins would decrease. While SiRF Technology's stock price was artificially inflated, on November 29-30, 2007 defendant Diosdado P. Banatao sold 400,000 shares of his SiRF Technology holdings for proceeds of $9,694,000.

On February 4, 2008, the true nature of the Centrality acquisition on SiRF Technology was revealed. On that date, SiRF Technology issued a press release announcing that 2007 fourth quarter profit decreased as a result of a decline in the Company's gross margins. The market reaction was swift and severe. On the next trading day, SiRF Technology's stock price fell 54% from $17.36 to $7.36 on staggeringly high volume of 63 million shares.

On and after February 8, 2008, a total of seven actions (the "Related Actions") were filed against SiRF Technology and certain of its officer and directors in this District. On March 14, 2008, the Consolidated Actions were consolidated into this action.

**2**

The Omaha Funds seek to be appointed as lead plaintiff, and for approval of their selection of counsel, for the putative class of all purchasers of SiRF Technology securities during the class period outlined in the Related Actions. The Omaha Funds have a substantial financial interest in the vigorous prosecution of this action. In sum, the Omaha Funds purchased 33,600 shares of SiRF Technology stock for $949,971.61. *See* Declaration of Adrian J. Sawyer ("Sawyer Decl.") at Exhibit 3.[1] Based on the mean trading price during the 60 days following the end of the class period, Omaha Funds' loss is $717,684.73.[2] The Omaha Funds are unaware of any other individual or entity seeking appointment as lead plaintiff who represents a larger financial interest in the relief sought by the class.

As set forth below, the PSLRA requires that the Court adopt the presumption that the most adequate plaintiff is the person that has either filed a complaint or moved for lead plaintiff, has the largest financial interest in the relief sought by the class, and otherwise satisfies the requirements of Rule 23. The Omaha Funds submit that they satisfy each requirement of the PSLRA; they have timely sought to be appointed as lead plaintiff through the instant motion; they have the largest financial interest of any other proposed lead plaintiff in the case; and they otherwise satisfy the requirements of Rule 23.

---

[1] The Proposed Lead Plaintiff's Certification documenting its transactions pursuant to the federal securities laws is attached as Exhibit 3 to the Sawyer Declaration.

[2] The losses suffered by Movant are not the same as their legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

**3**

## II. LEGAL ARGUMENT

### A. THE OMAHA FUNDS ARE PRESUMPTIVELY THE MOST ADEQUATE LEAD PLAINTIFF

#### 1. The Procedure Required By The PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1) and (a)(3)(b)(ii).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(I). Within 60 days after publication of that notice, any person who is a member of the proposed class may apply to the Court to be appointed lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(A)(B). In determining the "most adequate plaintiff," the Act provides:

> [The court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See generally*, *In re Cavanaugh,* 306 F.3d 726, 729-30 (9th Cir. 2002); *Armour v. Network Assocs., Inc.,* 171 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001).

**4**

### 2. The Omaha Funds Satisfy All Lead Plaintiff Requirements Of The PSLRA

The Omaha Funds have timely responded to the statutory notice of the action by moving this Court to appoint them as lead plaintiff. The Omaha Funds are well qualified to represent the class. The Omaha Funds executed a certification listing its respective transactions in SiRF Technology securities, and stating their willingness to serve as a representative party on behalf of all class members. Thus, the Omaha Funds satisfy the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

#### a) *The Omaha Funds Have A Significant Financial Interest In The Relief Sought By The Class*

During the Class Period, as evidenced by, among other things, the accompanying certification, Omaha Funds purchased SiRF Technology stock during the class period and has suffered estimated losses of $717,684.73 as a result of defendants' misconduct. The Omaha Funds have not received notice of any other applicant that has sustained greater financial losses in connection with the purchase and/or sale of SiRF Technology stock that has applied to serve as lead plaintiff in this action.

#### b) *The Omaha Funds Otherwise Satisfy Rule 23*

The Omaha Funds otherwise satisfy Rule 23[3] because, like other class members, they purchased SiRF Technology common stock on the open market during the class period at prices

---

[3] Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

artificially inflated by the materially false and misleading statements issued by defendants, and were damaged thereby.[4]  Thus, their claims are typical, if not identical to those of the other members of the class.  The Omaha Funds are also adequate representative of the class, as their interests are clearly aligned with the other members of the class.  The Omaha Funds share numerous common questions of law and fact with the other members of the class, and their claims are typical of other claims.  Furthermore, the Omaha Funds have already taken significant steps which demonstrates that they have and will protect the interests of the class; they have timely sought to participate as the lead plaintiff for the class, and have retained competent and experienced counsel to prosecute their claim.  Thus, the Omaha Funds satisfy the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure.

      The Omaha Funds will work diligently to maximize the Class's recovery if appointed lead plaintiff. *See* Declaration of Carol Ebdon ("Ebdon Decl.") at 11.  Thus, appointment of the Omaha Funds as Lead Plaintiff would advance one of the Reform Act's primary goals - to encourage institutional investors with large financial stakes in the outcome to assume control over securities class actions.  *In re Network Associates Sec. Litig.,* 76 F. Supp. 2d 1017, 1020 (N.D. Cal. 1999).  Courts have repeatedly recognized that such ability and willingness to exercise effective supervision over the litigation, as the Omaha Funds will exercise in this case, is a significant factor to consider when appointing a lead plaintiff. *See, e.g., Bowman v. Legato Systems, Inc.,* 195 F.R.D. 655, 658 (N.D. Cal. 2000).

---

[4]    "A wide-ranging analysis under Rule 23 is not appropriate [at this stage] and should be left for consideration of a motion for class certification." *Fischler v. Amsouth Bancorp*, No. 96-1567-Civ-T-17A, 1997 WL 118429 at *2 (M.D. Fla. Feb. 6, 1997).

**6**

CASE NO. C 08-0856 MMC                                                   OMAHA FUNDS' NOT. OF MTN. AND
MTN. FOR APPOINTMENT OF LEAD PLAINTIFF; SUPP. MPA

Here, as set forth in the Sawyer Declaration and accompanying exhibits, the Omaha Funds have made the requisite showing required by the PSLRA and their interests are clearly aligned with those of the proposed Class. First, as noted above, the Omaha Funds share substantially similar questions of law and fact with other members of the Class, and their claims are typical of the other members of the Class. There is also no evidence of antagonism between the Omaha Funds and any other member of the Class.

### 3. As Institutional Investors, the Omaha Funds Are the Preferred Choice to Serve as Lead Plaintiff

In enacting the PSLRA, Congress expressed its hope that the law would "increase the likelihood that institutional investors will serve as Lead Plaintiffs [in securities cases]" because such investors with large amounts at stake "will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." H.R. Conf. Rep. No. 104-369. At 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733. Echoing this theme, the Senate Report on the PSLRA states:

> The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts.
>
> Institutions with large stakes in class actions have much the same interests as the plaintiff class generally...

S. Rep. No.104-98. at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (citations omitted). In addition, many courts have acknowledged the preference for institutional investors to serve as lead plaintiffs. *See In re Conseco, Inc. Sec. Litig.*, 120 F. Supp. 2d 729, 734 (S.D. Ind. 2000) ("Congress has expressed a preference for institutional investors to be appointed lead plaintiff."); *Gluck v. CellStar Corp.,* 976 F. Supp. 542, 548 (N.D. Tex. 1997)("Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional

investors"); *In re Network,* 76 F. Supp. 2d at 1020 ("Congress expected that the lead plaintiff would normally be an institutional investor....").

Consistent with these authorities, it is unquestionable that the Omaha Funds, as sophisticated institutional investors, are precisely the type of class members qualified to ensure that the litigation proceeds in the best interest of the Class. *See Bowman,* 195 F.R.D. at 657 (holding that there is "no doubt" that a large institution with significant monetary losses is "exactly the type of lead plaintiff envisioned by Congress when it instituted the lead plaintiff requirements ... by enacting the [PSLRA]"). Indeed, with a full understanding of the fiduciary duties of a lead plaintiff and class representative in a securities fraud class action, the Omaha Funds authorized Cauley Bowman to file the instant motion requesting that this Court appoint the Omaha Funds lead plaintiff. *See* Ebdon Decl. at ¶9.  As such, the Omaha Funds will work diligently to maximize the Class's recovery if appointed Lead Plaintiff. *See* Ebdon Decl. at  11.

### 4. The Omaha Funds's Selection of Counsel Is Well Qualified, And Should Be Approved

Under Section 21D(a)(3)(B)(v) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class. Omaha Funds have selected and retained the law firms of Cauley Bowman Carney & Williams, PLLC ("Cauley Bowman") as Lead Counsel and Kerr & Wagstaffe LLP as Liaison Counsel.

The Omaha Funds have retained competent and experienced counsel.  Cauley Bowman was selected securities counsel for the Omaha Funds after extensive research into counsel's knowledge of the securities field and experience in litigating such matters as this. *See* Ebdon Decl. at  5. More particularly, the Cauley Bowman Team was assessed through an evaluation process whereby Cauley Bowman made a presentation of its qualifications to an evaluation committee consisting of representatives of the Omaha Funds.  After carefully reviewing the Cauley Bowman's qualifications, the Omaha Fund chose the Cauley Bowman as its securities

counsel. With this appointment, Cauley Bowman was retained to provide securities portfolio motoring services on an ongoing basis. *See Id.* As such, and as noted above, Cauley Bowman regularly communicates with the Omaha Funds, and this same method of communication will be followed if this Court appoints the Omaha Fund as lead plaintiff in this litigation. Based on its previous determinations, the Omaha Funds are confident that Cauley Bowman is more than adequately qualified and experienced to litigate this case in the best interest of the Class, a fact highlighted by the sheer number of class actions in which counsel has served as lead or co-lead counsel. *See* Sawyer Decl. Ex. 6 (Cauley Bowman firm resume).

### III. CONCLUSION

For the foregoing reasons, movant respectfully requests that this Court (1) appoint the Omaha Funds as lead plaintiff in these actions and any subsequently-filed related actions; and (2) approve their selection of the law firms of Cauley Bowman Carney & Williams, PLLC as Lead Counsel and Kerr & Wagstaffe LLP as Liaison Counsel for the class.

DATED: April 8, 2008                    **KERR & WAGSTAFFE LLP**

By _____/s/_____
    ADRIAN J. SAWYER

Proposed Liaison Counsel

**CAULEY BOWMAN CARNEY & WILLIAMS, PLLC**

Proposed Lead Counsel