Jordan L. Lurie  (130013)
Leigh A. Parker (170565)
**WEISS & LURIE**
10940 Wilshire Boulevard, 23rd Floor
Los Angeles, CA 90024
Tel:   (310) 208-2800
Fax:   (310) 209-2348
jlurie@weisslurie.com
lparker@weisslurie.com

Attorneys for Gary Mitchell Schorr
Rev. Trust U/A DTD 3-20-98 and
[Proposed] Lead Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SiRF TECHNOLOGY HOLDINGS, INC. SECURITIES LITIGATION <br> _____ <br> This Document Relates to: <br>     All Actions <br> _____ | Master File No. C-08-00856-MMC <br><br> CLASS ACTION <br><br> **DECLARATION OF LEIGH A. PARKER IN SUPPORT OF MOTION OF GARY MITCHELL SCHORR REV. TRUST U/A DTD 3-20-98 FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL** <br><br> Date: May 16, 2008 <br> Time: 9:00 a.m. <br> Ctrm: 7, 19th Floor <br> Judge: Hon. Maxine M. Chesney |

Decl. of Leigh A. Parker in Support of  Motion of Gary Mitchell Schorr
Rev. Trust U/A DTD 3-20-98 for Appointment as Lead Plaintiff
and for Approval of Its Selection of Lead Counsel

Master File No. C-08-00856 -MMC

1    I, Leigh A. Parker, declare as follows:

2    1.    I am an attorney duly licensed to practice before all Courts of the State

3    of California and this District Court.  I am an associate of the law firm of Weiss &

4    Lurie, counsel of record for Gary Mitchell Schorr Rev. Trust U/A DTD 3-20-98

5    ("Movant").  I submit this declaration in support of Movant's motion to appoint it as

6    Lead Plaintiff and for approval of its selection of Weiss & Lurie as Lead Counsel for

7    plaintiffs.

8    2.    Attached hereto as Exhibit 1 is a true and correct copy of the first notice

9    announcing the pendency of this matter on *BusinessWire*, a national, business-

10    oriented newswire service on February 8, 2008.

11    3.    Attached hereto as Exhibit 2 is a true and correct chart presenting

12    Movant's transactions in SiRF Technology Holdings, Inc. common stock and

13    Movant's financial interest in this matter.

14    4.    Attached hereto as Exhibit 3 is a true and correct copy of the signed

15    certification of Movant.

16    5.    Attached hereto as Exhibit 4 is a true and correct copy of the Weiss &

17    Lurie firm's resume.

18    I declare under penalty of perjury under the laws of the United States that the

19    above is true and correct.  Executed this 8th day of April, 2008, at Los Angeles,

20    California.

21    ___/s/ - Leigh A. Parker_____
      Leigh A. Parker

22

23

24

25

26

27

28

Decl. of Leigh A. Parker in Support of  Motion of Gary Mitchell Schorr          Master File No. C-08-00856 -MMC
Rev. Trust U/A DTD 3-20-98 for Appointment as Lead Plaintiff
and for Approval of Its Selection of Lead Counsel

EXHIBIT 1

Yahoo! My Yahoo! Mail    Make Y! your home page    Search: [          ]    **Web Search**

**YAHOO!** FINANCE    **Sign In**    Finance Home - Help    **Business Wire**
New User? Sign Up

**Welcome** [Sign In]    To track stocks & more, Register

**Financial News**

Enter symbol(s) [          ] [Basic ▼] [Get]  Symbol Lookup

**Press Release**    Source: Coughlin Stoia Geller Rudman & Robbins LLP

# Coughlin Stoia Geller Rudman & Robbins LLP Files Class Action Suit against SiRF Technology Holdings, Inc.

Friday February 8, 7:00 pm ET

SAN DIEGO--(BUSINESS WIRE)--Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") (http://www.csgrr.com/cases/sirf/) today announced that a class action has been commenced in the United States District Court for the Northern District of California on behalf of purchasers of SiRF Technology Holdings, Inc. ("SiRF") (NASDAQ:SIRF - News) publicly traded securities during the period between October 30, 2007 and February 4, 2008 (the "Class Period").

If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today. If you wish to discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, Darren Robbins of Coughlin Stoia at 800/449-4900 or 619/231-1058, or via e-mail at djr@csgrr.com. If you are a member of this class, you can view a copy of the complaint as filed or join this class action online at http://www.csgrr.com/cases/sirf/. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

The complaint charges SiRF and certain of its officers and directors with violations of the Securities Exchange Act of 1934. SiRF, through its subsidiaries, engages in the development and marketing of semiconductor and software products that are designed to enable location-awareness utilizing global positioning system and other location technologies worldwide.

The complaint alleges that during the Class Period, defendants issued materially false and misleading statements regarding the Company's business and prospects. As a result of defendants' false statements, SiRF stock traded at artificially inflated prices during the Class Period, permitting one of the defendants to sell $9.6 million worth of his SiRF stock at $24.18-$24.29 per share.

On February 4, 2008, after the market closed, the Company announced disappointing financial results for its fourth quarter and fiscal 2007. On February 5, 2008, SiRF's stock collapsed $8.91 per share to close at $7.36 per share, a one-day decline of 54%.

According to the complaint, the true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows: (a) SiRF's acquisition of Centrality Communications, Inc. was having an adverse impact on SiRF's results due to the similar products sold by Centrality which were cannibalizing SiRF's sales; (b) SiRF's major customers were not placing orders at sufficient quantities for SiRF to meet the aggressive targets set by and for the Company; (c) Centrality's System-on-Chip ("SoC") product line had lower gross margins than SiRF's products and defendants knew that although the Centrality acquisition would increase revenues in the fourth quarter (as it did), it would also significantly lower SiRF's gross margins (as it also did); (d) competitive pressures were having much more of an adverse impact on the Company than acknowledged by defendants, as SiRF's customers were moving to cellular-enabled products which SiRF could not adequately compete with; (e) as of October 30, 2007, one month into the fourth quarter, fourth quarter gross margins would be down significantly because of the lower SoC product line margins; and (f) downward pricing pressures were accelerating and would lead to lower margins and earnings in future quarters.

Plaintiff seeks to recover damages on behalf of all purchasers of SiRF publicly traded securities during the Class Period (the "Class"). The plaintiff is represented by Coughlin Stoia, which has expertise in prosecuting investor class

actions and extensive experience in actions involving financial fraud.

Coughlin Stoia, a 190-lawyer firm with offices in San Diego, San Francisco, Los Angeles, New York, Boca Raton, Washington, D.C., Philadelphia and Atlanta, is active in major litigations pending in federal and state courts throughout the United States and has taken a leading role in many important actions on behalf of defrauded investors, consumers, and companies, as well as victims of human rights violations. The Coughlin Stoia Web site (http://www.csgrr.com) has more information about the firm.

*Contact:*

```
Coughlin Stoia Geller Rudman & Robbins LLP
Darren Robbins, 800-449-4900 or 619-231-1058
djr@csgrr.com
```

Source: Coughlin Stoia Geller Rudman & Robbins LLP

Copyright © 2008 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Send Feedback
Copyright © 2008 Business Wire. All rights reserved. All the news releases provided by Business Wire are copyrighted. Any forms of copying other than an individual user's personal reference without express written permission is prohibited. Further distribution of these materials by posting, archiving in a public web site or database, or redistribution in a computer network is strictly forbidden.

EXHIBIT 2

# In re SiRF Technology Holdings, Inc. Securities Litigation
## WEISS & LURIE Proposed Lead Plaintiff
## Gary Mitchell Schorr Rev. Trust U/A DTD 3-20-98
## Class Period: October 30, 2007 - February 4, 2008

| Name | Purchases | | | | Shares Retained at February 4, 2008 | | | | Net Loss |
|------|------|----------|-------|---------------|------|----------|-------|----------------|----------|
|      | Date | Quantity | Price | Amt. Invested | Date | Quantity | Price | Amt. Realized  |          |
| **Gary Mitchell Schorr Rev. Trust U/A DTD 3-20-98** | 12/21/07 | 1000 | $ 15.00 | $   15,000.00 | | 1000 | $   6.29 | $   6,290.00 | |
| 90-Day Value of Retained Shares | | | | | | | | | |
| Subtotal for Shareholder | . | 1000 | | $   15,000.00 | | | | | $   8,710.00 |

**End of Report**

Explanatory Notes:

The total estimated damages of the Proposed Lead Plaintiff have been calculated in the following manner:

1. Stock still held at the end of the Class Period:
   Purchase price of SiRF Technology Holdings, Inc. stock still held minus the mean trading price of SiRF Technology Holdings, Inc. stock between February 5, 2008 and April 7, 2008 ($6.29) multiplied by the number of shares held.

# EXHIBIT 3

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, Mitchell Gary Schorr, M.D., duly certify and state:

1.    I make this declaration pursuant to Section 101 of the Private Securities Litigation Reform Act of 1995 as required by Section 21D(a)(2) of Title I of the Securities Exchange Act of 1934 (the "Act").

2.    I have reviewed the complaint entitled *Schorr v. SiRF Technology Holdings, Inc.*, adopt its allegations and authorize the filing of it or a similar complaint, if required.

3.    I did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in any private action arising under Title I of the Act.

4.    I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

5.    To the best of my current knowledge, the following are all of my transactions in **SiRF Technology Holdings, Inc.**, common stock during the period between **October 30, 2007** through **February 4, 2008**, the Class Period specified in the Complaint:

| Date | Ticker Symbol | Type of Security (stock/bond) | Number of Shares | Purchase or Sale | Price Per Share |
|------|---------------|-------------------------------|------------------|------------------|-----------------|
| 12/21/07 | SiRF | Stock | 1000 | Purchase | $15.00 |

6.    During the three year period preceding the date on which this certification is signed, I have not served or sought to serve as a class representative in any case brought under the Federal Securities Laws.

7.    I will not accept any payment for serving as a representative party on behalf of the class beyond plaintiff's *pro rata* share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

relating to the representation of the class.

8.    The matters stated in this declaration are true to the best of my current knowledge, information and belief.

9.    I hereby certify, under penalty of perjury pursuant to the laws of the United States of America, that the foregoing is true and correct.

Dated: ___2/22/08___

(signature)

_____
Mitchell Gary Schorr, M.D.

EXHIBIT 4

# WEISS & LURIE

Suite 2300
10940 Wilshire Boulevard
Los Angeles, CA. 90024
TEL. (310) 208-2800
FAX (310) 209-2348

New York . Los Angeles

## FIRM BIOGRAPHY

The law firm of Weiss & Lurie has offices in New York City and Los Angeles.  In courts throughout the United States, the firm has litigated hundreds of stockholder class actions brought for violations of federal securities laws and shareholder class and derivative actions brought for violations of corporate and fiduciary duties.  The firm also represents consumers in several class actions in the area of consumer fraud and unfair practices.  The firm has served as lead counsel in numerous actions on behalf of defrauded institutions and individuals for whom it has recovered well over a billion dollars.

Numerous courts have commended the firm for its expertise and ability:

In Brody v. U.S. West, et al., No. CV-4142 (D. Colo.), Judge Coughlin observed that the case "was litigated by extremely talented lawyers" and "it took a great deal of skill to get to the point of trial." Referring to the firm, Judge Coughlin stated "there wasn't any other lawyers in the United States that took the gamble that these people did.  Not one other firm anywhere said, 'I am willing to take that on'...[the shareholders are] fortunate that they had some lawyers that had the guts to come forward and do it...I had the opportunity to watch these attorneys throughout this period of time when I had this case and the [lawyers'] ability is terrific."

In In re McLeodUSA Inc. Securities Litigation, No. C02-0001-MWB (N.D. Iowa), Chief Judge Mark Bennett stated at the final approval hearing: "I thought you all did a great job in this litigation" and "I think very highly of the work that all the lawyers did in the case, and [I am] pleased that you were able to get it resolved."

In <u>Ellison v. American Image Motor, et al.</u>, Civil Action No. 97-3608 (S.D.N.Y.), Judge Chin, approving the settlement and fee application, commented that "It has been many years. The case was hard fought, very capable counsel on both sides, and I saw counsel many times. It was a hard fought case. It was a difficult case."... "It's probably not said very often, but in this case I think plaintiffs' counsel are being under paid." ... "Counsel did a great job..."

In <u>In re United Telecommunications, Inc. Securities Litigation</u>, No. 90-2251-0 (D. Kan.), Judge O'Conner stated "the court finds that plaintiffs' counsel were experienced and qualified attorneys with outstanding professional reputations in securities litigation who ably and zealously prosecuted the instant case on behalf of the class."

In <u>In re VeriFone Inc. Securities Litigation</u>, No. C-93-3640 DCJ (N.D. Cal.), Judge Jensen stated "I think the case was handled extremely well, extremely professionally, so I think you've done very well."

In <u>In re Western Digital Securities Litigation</u>, SACV 91-375(A) GLT (RWRx) (C.D. Cal.), Judge Taylor complimented plaintiffs' attorneys' work in the action, specifically noting "the caliber of the work involved [and] the quality of the attorneys involved."

In <u>Georgallas v. Martin Color-Fi, Inc.</u> Civil Action No. 6:95-06483 (D.S.C.), Judge Anderson expressed "the utmost respect" for the work of the firm.

In <u>Bash v. Diagnostek</u>, CV 94-794 M (D.N.M.), Judge Black said the case provided "a model for how commercial litigation should be conducted and can be resolved."

In <u>In re National Medical Enterprises Litigation</u>, CV 93-5223-TJH and CV 93-5313-TJH (C.D. Cal.), Judge Hatter summed up the settlement hearing by saying, "I want to again thank counsel for the work that you put into this and hopefully it's a settlement for which the claimants themselves will be appreciative of the results."

In <u>In re Santa Fe Southern Pacific Corporation</u>, Consold. Civ. No. 9523 (Del. Ch.), Chancellor Allen of the Delaware Chancery Court approved a settlement and cited the creativity and sophistication of plaintiffs' counsel.

Some of the actions which highlight the firm's accomplishments are:

### CASES IN WHICH WEISS & LURIE WAS LEAD OR CO-LEAD COUNSEL

<u>Jordan v. California Department of Motor Vehicles</u> (Sacramento Cal.): The California Court of Appeal, Third Appellate District, held that the State of California's $300 smog impact fee was unconstitutional, paving the way for the creation of a $665 million fund and full refunds, with interest, to 1.7 million motorists.

<u>In re Geodyne Resources, Inc. Securities Litigation</u> (Harris Cty. Tex.): A recovery (including related litigation) totaling over $200 million was obtained for the class.

<u>Freddie Mac Derivative Litigation</u> (S.D.N.Y.): Approximately $100 million was recovered for the Company and significant corporate governance measures were adopted.

<u>Brody v. U.S. West, et al.</u>, (D. Colo.): A recovery of $50 million was obtained for the class.

<u>In re Tenneco Securities Litigation</u> (D. Tex.): A recovery of $50 million was obtained for the class.

<u>In re Community Psychiatric Center Securities Litigation</u> (C.D. Cal.): A recovery of $42.5 million was obtained for the class.

<u>In re Crazy Eddie Securities Litigation</u> (S.D.N.Y.): A recovery of $42 million was obtained for the class.

<u>In re Apria Healthcare Group Securities Litigation</u> (Orange County Cal.): A recovery of $42 million for the class was obtained for the class.

<u>In re Canon Group Securities Litigation</u> (C.D. Cal.): A recovery of $33 million was obtained for the class.

<u>In re Platinum Software Securities Litigation</u> (C.D. Cal.): A recovery of $32 million was obtained for the class.

<u>In re McLeodUSA Inc. Securities Litigation</u>, (N.D. Iowa): A recovery of $30 million was obtained for the class.

<u>In re United Telecommunications Securities Litigation</u> (D. Kan.): A recovery of $28 million was obtained for the class.

<u>In re Bergen Brunswig Corp. Sec. Litig.</u>, (C.D. Cal.): A recovery of $27.9 million was obtained for the class.

<u>In re Bank of New York Derivative Litigation</u> (Sup. Ct. NY): A recovery of $26.5 million was obtained for the Company and significant corporate governance measures were adopted.

In re FirstEnergy Shareholder Derivative Litigation (N.D. Ohio): A recovery of $25 million was obtained for the Company and significant corporate governance measures were adopted.

In re Vodafone Group, PLC Securities Litigation (S.D.N.Y.): A recovery of $24.5 million was obtained for the class.

In re Abbey Healthcare Securities Litigation (C.D. Cal.): A recovery of $20.5 million was obtained for the class.

Feinberg v. Hibernia Corp. (D. La.): A recovery of $20 million was obtained for the class.

In re Southern Pacific Funding Corp. Sec. Litig., (D. Or.): A recovery of $19.5 million was obtained for the class.

In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A recovery of $18 million was obtained for the class.

In re MK Rail Securities Litigation (D. Idaho):  A recovery of $14.65 million was obtained for the class.

In re California Microwave Securities Litigation (N.D. Cal.): A recovery of $14 million was obtained for the class.

In re KeySpan Corporation Securities Litigation (E.D.N.Y.): A recovery of $13.75 million was obtained for the class.

In re Elscint Ltd Securities Litigation (D. Mass.): A recovery of $12 million was obtained for the class.

Bash v. Diagnostek (D.N.M.): A recovery of $11.7 million was obtained for the class.

In re Megafoods Securities Litigation (D. Ariz.): A recovery of $12 million was obtained for the class.

In re GTECH Securities Litigation (D.R.I.): A recovery of $10.25 million was obtained for the class.

In re Complete Management, Inc. Securities Litigation (S.D.N.Y.): A recovery of $10.15 million was obtained for the class.

Berlinsky v. Alcatel (S.D.N.Y.): A recovery of $8.8 million was obtained for the class.

Lopez v. Checkers Drive-In Restaurants, Inc. (M.D. Fl.): A recovery of over $8.175 million was obtained for the class.

In re Mesa Airlines Securities Litigation (D.N.M.): A recovery of $8 million was obtained for the class.

In re Resound Securities Litigation (N.D. Cal.): A recovery of $8 million was obtained for the class.

In re Castle Energy Corp. Securities Litigation (C.D. Cal.) A recovery of $7.5 million was obtained for the class.

4

In re Western Digital, Inc. Securities Litigation (C.D. Cal.): A recovery of $6.75 million was obtained for the class.

In re Circle K Securities Litigation (D. Ariz.): A recovery of $6 million was obtained for the class.

In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A recovery of $5.55 million was obtained for the class.

In re Ascend Communications Securities Litigation (C.D. Cal.): A recovery of $5.45 million was obtained for the class.

In re Southmark Securities Litigation (D. Tex.): A recovery of $5 million was obtained for the class.

In re WCT Securities Litigation (C.D. Cal.): A recovery of $5 million was obtained for the class.

In re Sumitomo Bank of California Securities Litigation (San Francisco Sup. Ct.): A recovery of $4.95 million was obtained for the class.

In re NextLevel Systems, Inc. Securities Litigation (N.D. Ill.): A recovery of $4.6 million was obtained for the class.

In re Shopping.com Securities Litigation (C.D. Cal.): A recovery of $4.5 million was obtained for the class.

In re Denver Bonds Securities Litigation (D. Colo.): A recovery of $4.5 million was obtained for the class.

In re Molecular Dynamics, Inc. Securities Litigation (N.D. Cal.): A recovery of $4 million was obtained for the class.

In re Party City Corp. Securities Litigation (D.N.J.): A recovery of $3.8 million was obtained for the class.

In re Iwerks Securities Litigation (C.D. Cal.): A recovery of approximately $3.5 million was obtained for the class.

In re Davstar, Inc. Securities Litigation (C.D. Cal.): A recovery of $3.4 million was obtained for the class.

In re Trident Securities Litigation (N.D. Cal.): A recovery of $3.15 million was obtained for the class.

In re Twinlab Corp. Securities Litigation (E.D.N.Y.): A recovery of $3 million was obtained for the class.

In re Offshore Pipelines Securities Litigation (S.D.N.Y.): A recovery of $3 million was obtained for the class.

Gorga v. Uniroyal Chemical Corp. (Sup. Ct. Conn.): A recovery of $3 million was obtained for the class.

In re Amylin Pharms. Securities Litigation (S.D. Cal.): A recovery of $2.1 million was obtained for class.

5

**CLASS AND DERIVATIVE ACTIONS HANDLED BY WEISS & LURIE WHERE A SIGNIFICANT BENEFIT WAS OBTAINED FOR THE COMPANY AND/OR THE SHAREHOLDERS**

In re Santa Fe Southern Pacific Corporation (Del. Ch.).

In re Genentech Shareholder Litigation (N.D. Cal.).

In re Beverly Enterprises Shareholder Litigation (Del. Ch.).

In re Tandon Computer Shareholder Litigation (C.D. Cal.).

In re Sears Shareholder Litigation (D. Ill.).

In re Xoma Shareholder Litigation (N.D. Cal.).

In re Castle Energy Corp. Shareholder Litigation (C.D. Cal.).

In re Times-Mirror, Inc. Shareholder Litigation (C.D. Cal.).

In re Lockheed Corp. Shareholder Litigation (C.D. Cal.).

In re Nexgen Securities Litigation (N.D. Cal.).

In re GT Greater Europe Securities Litigation (N.D. Cal.).

In re Pairgain Securities Litigation (S.D. Cal.).

In re AMI Securities Litigation (L.A. Superior).

Wallace v. Fox, et al. (Northeast Utilities) (D. Conn.).

### BRIEF BIOGRAPHIES OF WEISS & LURIE ATTORNEYS

**JOSEPH H. WEISS** is a 1972 graduate of Columbia University Law School, where he was an editor of the Law Review. He is also a 1972 graduate of Columbia University Graduate School of Business from which he obtained a Masters in Business Administration. Mr. Weiss is a member of the Bar of the State of New York and is admitted to practice in the Southern District of New York, the Eastern District of New York, the Courts of Appeal for the First, Second, Third, Ninth and Federal Circuits, and has been admitted to practice in numerous other federal and state courts. He specializes in prosecuting class and derivative actions throughout the United States and has been appointed lead counsel and successfully concluded numerous such actions.

**JORDAN L. LURIE** is a partner in the Los Angeles office. Mr. Lurie received his law degree in 1987 from the University of Southern California Law Center where he was Notes Editor of the University of Southern California Law Review. He received his undergraduate degree from Yale University in 1984 (*cum laude*). Mr. Lurie has participated in all aspects of class actions. Mr. Lurie is the co-author of "Postponing a Municipal Court Election: The November Election Provision of Government Code Section 71180(b)," California Courts Commentary, November 1989; co-author of "Chapter 54 - Consent Judgment" and "Chapter 55 - Submitted Case," Civil Procedure Before Trial (1990), published by California Continuing Education of the Bar; and author of "Rx for Pharmacy Malpractice: California's New Duty to Consult," CEB Civil Litigation Reporter, December 1991.

Mr. Lurie also has been a featured speaker at California Mandatory Continuing Legal Education seminars regarding securities fraud and class actions. Mr. Lurie is a member of the State Bar of California and is admitted to practice before the United States District Courts for the Northern, Southern, Central and Eastern Districts of California.

**MOSHE BALSAM** is a senior associate in the New York office. He graduated from Brooklyn Law School in 1981 with a specialty in securities law. He was admitted to the New York State Bar in 1982. Mr. Balsam is also a member of the bars of the United States District Courts for the Southern and

Eastern Districts of New York and has been admitted to practice before various other state and federal courts. He has participated in all aspects of numerous class action and shareholder derivative cases.

**DAVID C. KATZ** is a senior associate in the New York office. He is a 1988 Graduate of Benjamin N. Cardozo School of Law. He is admitted to the New York State Bar and the United States District Courts for the Southern and Eastern Districts of New York. He is experienced in all aspects of securities class and derivative litigation at both the trial and appellate level, and leads the firm's efforts devoted to enhancing corporate governance.

**JOSEPH D. COHEN** is a senior associate in the New York office. He graduated from Case Western Reserve University School of Law in May 1989, where he received an award for excellence in Business Law. He received an LL.M in Corporate law from New York University in 1990. Mr. Cohen has co-authored several articles: "Mitsubishi and Shearson: A Misplaced Trust in Arbitration," New England Business Law Journal, 1990; "The Effects of Tax Reform on Golden Parachutes," North Atlantic Regional Business Law Review, August 1988; "Dual Class Common Stock and Its Effects on Shareholders and Legislators," American Business Law Association National Proceedings, August 1988.

Mr. Cohen is admitted to the State Bars of California and Rhode Island, as well as the District of Columbia and the United States District Courts for the Central, Southern and Northern Districts of California.

**JAMES E. TULLMAN** is an associate in the New York office. He graduated from the University of Delaware (B.A., 1988), and The Jacob D. Fuchsburg Law Center of Touro College (J.D., 1991), where he was an editor of the Journal of the Suffolk Academy of Law, Touro College, 1990-1991. Mr. Tullman is admitted to the state bars of Connecticut, New York, and California, as well as the United States District Courts for the Southern and Eastern Districts of New York, the Northern, Central and Southern Districts of California, and the United States Court of Appeal for the Ninth and Third Circuit.

**RICHARD A. ACOCELLI** is an associate in the New York Office. He received his law degree in 1990 from St. John's University School of Law. He is admitted to the State Bar of New York and the

United States District Courts for the Southern and Eastern Districts of New York and the Eastern District of Michigan.

**JACK I. ZWICK** is an associate in the New York Office. He received his law degree in 1993 from Benjamin N. Cardozo School of Law. He is admitted to the New York State Bar and the United States District Courts for the Southern and Eastern Districts of New York.

**LEIGH A. PARKER** is an associate in the Los Angeles office. She graduated from Indiana University (B.A. 1981), received her M.B.A. from the American Graduate School of International Management in 1982 and graduated from Loyola Law School in 1993, where she was a member of the Scott Moot Court Honors Board. She is admitted to the Bar of the State of California and the United States District Courts for the Central, Northern, Southern and Eastern Districts of California, as well as the Ninth Circuit Court of Appeals.

**MARK D. SMILOW** is an associate in the New York office. He graduated Benjamin N. Cardozo School of Law in 1993, *magna cum laude*, where he was a member of the Cardozo Law Review. He is admitted to the New York and New Jersey State Bars, and the United States District Courts for the Southern and Eastern Districts of New York. He has also been admitted in other courts throughout the nation for particular cases. He has litigated all aspects of numerous class, shareholder, derivative and consumer class actions in both trial and appellate courts.

**ZEV B. ZYSMAN** is an associate in the Los Angeles office. He graduated from the University of Southern California (B.A. 1991), and received his law degree from the University of California, Hastings College of the Law (J.D. 1994). Mr. Zysman is admitted to the Bar of the State of California and the United States District Court for the Central District of California.

**JULIA J. SUN** is a junior associate in the New York office. She received her B.A. in Political Science from Barnard College, Columbia University in 1998 and her J.D. from Brooklyn Law School in 2003. Ms. Sun is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**ILYA NUZOV** is a junior associate in the New York office. He received his B.S. in Finance from Rutgers University in 2001 and his J.D. from Brooklyn Law School in 2004. During law school, Mr. Nuzov worked at the State of New Jersey Office of the Attorney General, Bureau of Securities. Mr. Nuzov is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**JOSHUA M. RUBIN** is a junior associate in the New York office. He received a Bachelor of Talmudic Law from Ner Israel Rabbinical College in 2002 and his J.D. from Benjamin N. Cardozo School of Law in 2005. Mr. Rubin is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York. He is also an arbitrator qualified by the New York State Dispute Resolution Association and an emergency medical technician.