REED R. KATHREIN (139304)
PETER E. BORKON (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

LEWIS S. KAHN
KAHN GAUTHIER SWICK, LLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@kgscounsel.com

Attorneys for Proposed Lead Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re SiRF TECHNOLOGY HOLDINGS, INC. SECURITIES LITIGATION, | No. 08-cv-00856 MMC |
| | CLASS ACTION |
| This Document Relates To: All Actions, Including *Braet v. SiRF Technology Holdings, Inc., et al.* | NOTICE OF MOTION AND MOTION OF CHRISTOPHER COLLINS TO BE APPOINTED LEAD PLAINTIFF AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| | DATE: May 16, 2008<br>TIME: 9:00 a.m.<br>DEPT: Courtroom 7, 19th Floor |

000700-00 232832 V1

**TO: THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on May 16, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Maxine M. Chesney, United States District Judge, 450 Golden Gate Avenue, San Francisco, California 94102, Courtroom 7, 19th Floor, Christopher Collins ("Collins" or "Movant") will, and hereby does move this Court for an order to be appointed Lead Plaintiff in these consolidated actions against SiRF Technology Holdings, Inc. ("SiRF" or the "Company") pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and for approval of his selection of the law firms of Kahn Gauthier Swick, LLC ("KGS") and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Co-Lead Counsel for the Class in this action.

Collins makes this motion on the belief that he is the most "adequate plaintiff" as defined by the PSLRA because:

1. He has the largest financial interest in the relief sought by the Class and has incurred substantial losses in the amount of $87,685.23 as a result of his purchases of SiRF stock during the Class Period; and

2. He satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23.

Collins further requests that the Court approve the selection of his counsel, KGS and Hagens Berman, as Co-Lead Counsel for the Class. KGS and Hagens Berman are nationally recognized law firms with significant class action, securities fraud and complex litigation experience. KGS and Hagens Berman have the depth of resources to effectively and efficiently pursue this action.

For all of the foregoing reasons, Collins respectfully requests that this Court: (1) appoint Collins to serve as Lead Plaintiff in this action; (2) approve Collins' selection of Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ..................................................................................................1

II.  PROCEDURAL BACKGROUND ............................................................................................2

III. STATEMENT OF FACTS.........................................................................................................2

IV.  ARGUMENT .............................................................................................................................4

    A.   Collins Should Be Appointed Lead Plaintiff................................................................4

        1.   The Procedural Requirements Pursuant to the PSLRA .....................................4

        2.   Collins Is "The Most Adequate Plaintiff" .........................................................5

            a.   Collins Complied with the PLSRA and Should Be Appointed Lead Plaintiff..........................................................................................5

            b.   Collins Has the Largest Financial Interest............................................5

            c.   Collins Satisfies the Requirements of Rule 23 .....................................6

                (1)   Collins' Claims Are Typical of the Claims of All the Class Members ...................................................................................6

                (2)   Collins Will Adequately Represent the Class ...........................7

    B.   The Court Should Approve Collins' Choice of Lead Counsel......................................8

V.  CONCLUSION ...........................................................................................................................9

## I.     PRELIMINARY STATEMENT

Christopher Collins ("Collins" or "Movant") hereby moves to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"), and for approval of his selection of the law firms Kahn Gauthier Swick, LLC ("KGS") and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Co-Lead Counsel for the Class in the Consolidated securities fraud class actions filed against SiRF Technology Holdings, Inc.[1] ("SiRF" or the "Company") and other Defendants.

Collins fully understands his duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Certification attached to the Declaration of Reed R. Kathrein in Support of the Motion of Christopher Collins to Be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Counsel ("Kathrein Decl.") at Ex. A, Collins has suffered losses of $87,685.23 as a result of his purchases of shares of SiRF common stock on the open market between the dates of October 30, 2007 and February 4, 2008, inclusive (the "Class Period"). To the best of his knowledge, Collins has sustained the largest loss of any investor seeking to be appointed as Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Collins' Certification demonstrates his intent to serve as Lead Plaintiff in this litigation, including his cognizance of the duties of serving in that role.[2] Moreover, Collins satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

---

[1] On March 14, 2008, this Court ordered that all related actions filed against SiRF and certain of its officers and directors be consolidated. After March 14, 2008, one similar action was filed, titled: *Braet v. SiRF Technology Holdings, Inc., et al.*, 08-cv-01824-JSW (filed April 4, 2008). Pursuant to the Court's March 14, 2008 order, *Braet* should be consolidated with these related actions.

[2] The relevant federal securities laws specifically authorize any Class Member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). A copy of Collins' Certification of his transactions in SiRF securities during the Class Period is attached as Exhibit A to the Kathrein Declaration that has been filed in support of this motion.

Accordingly, Collins respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1) appointing Collins as Lead Plaintiff in this action; and (2) approving Collins' selection of the law firms of KGS and Hagens Berman as Co-Lead Counsel for the Class.

## II.     PROCEDURAL BACKGROUND

The first lawsuit against defendants, *Sammy Esses v. SiRF Technology Holdings, Inc., et al.*, 08-cv-00856 (MMC), was filed on behalf of plaintiff Sammy Esses, in the Northern District of California on February 8, 2008. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on February 8, 2008, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than April 8, 2008. *See* Kathrein Decl., Ex. B.

Collins is a Class Member (*see* Kathrein Decl., Ex. A) who filed his motion within 60 days of the February 8, 2008 published notice.

## III.     STATEMENT OF FACTS[3]

SiRF is a supplier of Global Positioning System based location technology solutions designed to provide location awareness capabilities in high-volume mobile consumer and commercial applications. The Company is headquartered in San Jose, California.

On August 6, 2007, the Company acquired Centrality Communications, Inc. ("Centrality"). Under the terms of the agreement, SiRF acquired all of the outstanding shares of Centrality capital stock in exchange for approximately 8.1 million shares of SiRF common stock. In a press release announcing the acquisition, Defendant Michael L. Canning stated "[w]ith the addition of the Centrality multifunction SoC platform and multimedia expertise, SiRF is well positioned to go beyond GPS and provide a very attractive value-added product portfolio that addresses the emerging price performance and functionality needs of our target markets." Then, on February 4, 2008, SiRF shocked the market when it issued a press release announcing the Company's financial results for

---

[3] These facts were derived from the allegations contained in the class action styled *Majur v. SiRF Holdings, Inc., et al.*, 08-cv-1013 (MMC) (filed February 20, 2008).

fourth-quarter and fiscal year 2007.  On the conference call following the earnings release, Canning admitted that Defendants had expected gross margins to decline:

> We had always expected that gross margins would start to shift down as ramping of certain products occurred and as competitive influences came into the market. So for the moment, I think, it's probably best to assume that we'll be around 50% gross margin.

This news shocked the market, causing shares of SiRF to plummet $8.91 per share – a 54% drop from the previous day's closing price of $16.27 – to close on February 5, 2008, at $7.36 per share on extremely heavy volume of more than 63 million shares traded.  That same day, February 5, 2008, *Forbes.com* published an article titled "SiRF Shares Wiped-Out," noting, among other things, that "[d]espite demand for the GPS units, pricing has gone down significantly over the last year putting strain on SiRF to lower prices as well."  Also on February 5, 2008, the *Associated Press* published an article quoting Piper Jaffray analyst Amit Kapur who downgraded SiRF.  In the article, Kapur noted the Company's "disappointing" and "surprising" profit margins for the quarter.

Throughout the Class Period, Defendants presented a misleading picture of SiRF's business and prospects.  Instead of truthfully disclosing during the Class Period that SiRF's business was not as healthy as represented, Defendants knew or recklessly disregarded and failed to disclose to the investing public the Company's actual financial condition and future prospects.  These material omissions caused and maintained the artificial inflation in SiRF's stock price throughout the Class Period and until the true facts were revealed to the market.  Defendants' misleading statements and omissions had the intended effect and caused SiRF's stock to trade at artificially inflated levels throughout the Class Period.  When the truth about SiRF's business, financial performance and future prospects was finally revealed to the public, the revelation caused the value of the Company's securities to decline, thereby damaging the Class.

## IV.     ARGUMENT

**A.     Collins Should Be Appointed Lead Plaintiff**

### 1.     The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class Members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, notice was published on *Business Wire* on February 8, 2008. *See* Kathrein Decl., Ex. B.[4] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than April 8, 2008. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant or movants that the Court determines to be most capable of adequately representing the interests of Class Members. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
> (aa)  has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

---

[4] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 03-cv-8264, 2004 U.S. Dist. Lexis 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. Lexis 11866, at *2 (N.D. Ill. Aug. 6, 1997).

   (cc) otherwise satisfies the requirements of Rule 23 of the Federal
Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).

  This presumption can only be overcome by establishing that the proposed Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### 2. Collins Is "The Most Adequate Plaintiff"

#### a. Collins Complied with the PLSRA and Should Be Appointed Lead Plaintiff

  Collins filed his motion to be appointed Lead Plaintiff within the PSLRA's 60-day time period requirement. The plaintiff in the first-filed action published notice on *Business Wire*, a national business-oriented wire service, on February 8, 2008. Accordingly, Collins satisfied the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) by timely filing his motion on April 8, 2008.

  Moreover, Collins sustained a substantial loss from his investment in SiRF stock and has shown his willingness to represent the Class by signing a Certification detailing his SiRF transaction information during the Class Period. *See* Kathrein Decl., Ex. A. As demonstrated by his Certification, Collins is prepared to consult with counsel on a regular basis and to direct the course of litigation with the benefit of counsel's advice. In addition, Collins selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The biographies of proposed Co-Lead Counsel for the Class, KGS and Hagens Berman, are attached as Exhibit C to the Kathrein Declaration.

#### b. Collins Has the Largest Financial Interest

  Under 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . ." *Ferrari v. Gisch*, 225 F.R.D. 599, 602 (C.D. Cal. 2004) (*citing In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)). As demonstrated herein, Collins (with losses of $87,685.23) suffered the largest known financial loss and therefore has the greatest interest in the relief sought by the Class. *See* Kathrein Decl., Ex. A.

### c. Collins Satisfies the Requirements of Rule 23

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. *Siegall v. Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 U.S. Dist. Lexis 26780, *15 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff under the PSLRA, the requirements of 'typicality' and adequacy of representation are the key factors.") Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Schriver v. Impac. Mortg. Holdings, Inc.*, No. SACV 06-31 CJC, 2006 U.S. Dist. Lexis 40607, *16 (C.D. Cal. May 1, 2006) ("At the lead plaintiff appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for class certification; the prospective lead plaintiff need only make a prima facie showing that it meets the typicality and adequacy factors."). As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff. Collins' claims are typical of those of other Class Members and he will adequately serve as Lead Plaintiff.

#### (1) Collins' Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to

NOTICE OF MOT. AND MOT. TO APPOINT LEAD PL. AND APPROVE LEAD PL.'S CHOICE OF COUNSEL; MPA IN SUPPORT THEREOF – 08-cv-00856 MMC      - 6 -

1  claims of other Class Members, and when the claims are based on the same legal theory. *See*

2  *Crossen v. CV Therapeutics*, No. C-03-03709 SI, 2005 U.S. Dist. Lexis 41396, *13 (N.D. Cal.

3  Aug. 9, 2005). The requirement that the proposed class representative's claims be typical of the

4  claims of the Class does not mean, however, that the claims must be identical. *See Hanlon v.*

5  *Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1988).

6  In this case, the typicality requirement is satisfied because Collins' claims are identical, non-

7  competing and non-conflicting with the claims of the other Class Members. Collins and all of the

8  Class Members purchased SiRF securities during the Class Period when the stock prices were

9  artificially inflated as a result of the Defendants' fraudulent misrepresentations and omissions.

10  Accordingly, both Collins and the Class Members suffered damages as a result of these purchases.

11  Simply put, Collins, like all other Class Members: (1) purchased SiRF stock during the Class Period;

12  (2) purchased SiRF stock at artificially-inflated prices as a result of Defendants' misrepresentations

13  and omissions; and (3) suffered damages thereby. Collins' claims and injuries "arise from the same

14  event or course of conduct that gives rise to the claims of the other class members." *Crossen*, at *13.

15  Collins is not subject to any unique or special defenses. Thus, Collins meets the typicality

16  requirement of Federal Rule of Civil Procedure 23 because his claims are the same as the claims of

17  the other Class Members.

### (2)     Collins Will Adequately Represent the Class

19  Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests

20  of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant

21  to: (1) whether there are any conflicts between the interests of the Movant and the members of the

22  Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of

23  the Movant are clearly aligned with the members of the putative Class; and (4) whether there is

24  evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B). *See also*

25  *Miller v. Ventro Corp.*, No. C 01-01287 SBA, 2001 U.S. Dist. Lexis 26027, *44 (N.D. Cal. Nov. 28,

26  2001) (*citing Takeda v. Turbodyne Techs.*, 67 F. Supp. 2d 1129, 1132 (C.D. Cal. 1999)).

27  Collins' interests are clearly aligned with the members of the Class because his claims are

28  identical to the claims of the Class. There is no evidence of antagonism between his interests and

NOTICE OF MOT. AND MOT. TO APPOINT LEAD PL. AND       - 7 -
APPROVE LEAD PL.'S CHOICE OF COUNSEL; MPA IN
SUPPORT THEREOF – 08-cv-00856 MMC

those of the proposed Class Members.  Furthermore, Collins has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss he incurred as a result of the wrongful conduct alleged herein.  This motivation, combined with Collins' identical interest with other members of the Class establishes that Collins will adequately and vigorously pursue the interests of the Class.  In addition, Collins has selected as proposed Co-Lead Counsel two law firms that are highly experienced in successfully prosecuting securities class actions.

In sum, because of Collins' common interests with the Class Members, his clear motivation and ability to vigorously pursue this action and his competent counsel, Collins satisfies the adequacy requirement of Federal Rule of Civil Procedure 23(a).  Therefore, since Collins not only meets both the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a) and has sustained the largest amount of losses at the hands of the Defendants, he is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

**B.    The Court Should Approve Collins' Choice of Lead Counsel**

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Thus, this Court should not disturb the Lead Plaintiffs' choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Collins has selected KGS and Hagens Berman to serve as Co-Lead Counsel for the Class. These firms have successfully prosecuted complex securities fraud actions, in addition to many other types of complex class actions.  *See* Kathrein Decl., Ex. C.  This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

//
//
//
//
//

NOTICE OF MOT. AND MOT. TO APPOINT LEAD PL. AND       - 8 -
APPROVE LEAD PL.'S CHOICE OF COUNSEL; MPA IN
SUPPORT THEREOF – 08-cv-00856 MMC

**V.     CONCLUSION**

For all of the foregoing reasons, Collins respectfully requests that this Court: (1) appoint Collins to serve as Lead Plaintiff in this action; (2) approve Collins' selection of Co-Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: April 8, 2008     HAGENS BERMAN SOBOL SHAPIRO LLP

By     /s/ Reed R. Kathrein
REED R. KATHREIN (139304)

Peter E. Borkon (212596)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Lewis S. Kahn
KAHN GAUTHIER SWICK, LLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 455-1400
Facsimile:  (504) 455-1498
lewis.kahn@kgscounsel.com

Kim E. Miller (SBN 178370)
KAHN GAUTHIER SWICK, LLC
12 East 41st Street, Suite 1200
New York, NY 10017
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
kim.miller@kgscounsel.com

Attorneys for Proposed Lead Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

        /s/ Reed R. Kathrein
        REED R. KATHREIN

NOTICE OF MOT. AND MOT. TO APPOINT LEAD PL. AND APPROVE LEAD PL.'S CHOICE OF COUNSEL; MPA IN SUPPORT THEREOF – 08-cv-00856 MMC     - 10 -

# Mailing Information for a Case 3:08-cv-00856-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Vahn Alexander**
  service@wyca.com

- **Patrice L. Bishop**
  service@ssbla.com

- **Robert P. Frutkin**
  robertf@bernardmgross.com

- **David Malcolm Furbush**
  david.furbush@pillsburylaw.com,frances.ceccacci@pillsburylaw.com

- **Deborah R. Gross**
  debbie@bernardmgross.com

- **Jeffrey W. Lawrence**
  jeffreyl@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com,GDarwish@csgrr.com

- **Michael Francis Ram**
  mfr@lrolaw.com,amw@lrolaw.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Robert P. Varian**
  rvarian@orrick.com

- **Shawn A. Williams**
  shawnw@csgrr.com,travisd@csgrr.com,moniquew@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,e_file_sd@csgrr.com,aelishb@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Jules Brody
Stull Stull & Brody
6 East 45th Street
New York, NY 10017

Kenneth A. Elan
Law Offices of Kenneth A. Elan
217 Broadway
Suite 605
New York, NY 10007
```