PETER A. BINKOW (#173848)
MICHAEL GOLDBERG (#188669)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

SUSAN G. KUPFER (#141724)
GLANCY BINKOW & GOLDBERG LLP
One Embarcadero Center, Suite 760
San Francisco, California 94111
Telephone:     (415) 972-8160
Facsimile:     (415) 972-8166
Email: skupfer@glancylaw.com

*Liaison Attorneys for Proposed Lead Plaintiff*

*[Additional Counsel Appear on Signature Page]*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In Re SiRF TECHNOLOGY HOLDINGS, INC. SECURITIES LITIGATION | Master File No. C 08 00856 |
| | <u>CLASS ACTION</u> |
| This Document Related To:<br><br>All Actions | **NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPOINT POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT AS LEAD PLAINTIFF PURSUANT TO SECTION 21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF COUNSEL** |
| | Date: May 16, 2008<br>Time: 9:00 a.m.<br>Courtroom 7, 19th Floor |
| | Hon. Maxine M. Chesney |

NOTICE OF MOTION AND MOTION OF THE POLICE AND FIRE RETIREMENT SYSTEM FOR THE CITY OF DETROIT FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

1

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE, that on May 16, 2008, at 9:00 a.m. or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Maxine M. Chesney, situated at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, Movant the Police & Fire Retirement System of the City of Detroit (hereinafter "PFRS" or "Movant") will move, and hereby moves, under §§21(D) *et seq*. of the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order (a) appointing PFRS as Lead Plaintiff; and (b) approving its selection of Kirby McInerney LLP as Lead Counsel and Glancy Binkow & Goldberg LLP as Liaison Counsel for the Class.

This motion is brought pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure and the PSLRA.

This motion is based on this Notice, the attached memorandum of points and authorities, the declaration of Ira M. Press, and the Court's complete files and records in these actions, as well as such further argument as the Court may allow at the hearing on this motion.

A copy of this Notice has been sent to all parties on the attached proof of service.

NOTICE OF MOTION AND MOTION OF THE POLICE AND FIRE RETIREMENT SYSTEM FOR THE CITY OF DETROIT FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

2

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................. ii

MEMORANDUM OF POINTS AND AUTHORITIES ................................... 1

I. FACTUAL BACKGROUND ........................................................ 1

II. PROCEDURAL HISTORY .......................................................... 2

III. ARGUMENT ............................................................................ 2

    A. Movant Should Be Appointed Lead Plaintiff ........................... 2

        1. Movant Is Making A Timely Motion In Response To A Notice ........... 3

        2. Movant Has The Largest Financial Interest In This Action ................ 3

        3. Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure ........................ 4

            a. Movant's Claims Are Typical ........................... 4

            b. Movant Is An Adequate Representative ................ 5

        4. Movant Is Presumptively The Most Adequate Lead Plaintiff ........... 6

    B. The Court Should Approve Lead Plaintiff's Choice of Counsel .............. 6

IV. CONCLUSION ........................................................................ 7

NOTICE OF MOTION AND MOTION OF THE POLICE AND FIRE RETIREMENT SYSTEM FOR THE CITY OF DETROIT FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

i

# TABLE OF AUTHORITIES

**Cases**

*Crossen v. CV Therapeutics,*
    2005 US Dist. Lexis 41396 (N.D. Cal. Aug. 10, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Cavanaugh Sec. Litig.,*
    306 F.3d 726 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Enron Corp. Securities Litigation*
    206 F.R.D. 427 (S.D. Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Northern Dist of Cal., Daikon Shield IUD Prod. Lab. Litig.,*
    693 F.2d 847 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Naiditch v. Applied Micro Circuits,*
    2001 WL 1659115 (S.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Schriver v. Impac. Mortg. Holdings, Inc.,*
    2006 Dist. Lexis 40607 (C.D. Cal. May 2, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Siegal v. Tibco Software, Inc.,*
    2006 U.S. Dist. Lexis 26780 (N.D. Cal. Feb. 24, 2006) . . . . . . . . . . . . . . . . . . . . . . . . 4

*Takeda v. Turbodyne Techs. Inc.,*
    67 F. Supp. 2d at 1129 (C.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Wenderhold v. Cylink Corp.*,
    188 F.R.D. 577 (N.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Statutes, Rules and Regulations**

15 U.S.C. 78u-4(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

NOTICE OF MOTION AND MOTION OF THE POLICE AND FIRE RETIREMENT SYSTEM FOR THE CITY OF DETROIT FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

The Police & Fire Retirement System of the City of Detroit (hereinafter "PFRS" or "Movant") respectfully submits this memorandum of points and authorities in support of its motion for appointment as Lead Plaintiff and for approval of Lead Plaintiff's selection of Lead Counsel and Liaison Counsel.

## I. FACTUAL BACKGROUND

This is a class action on behalf of purchasers of the securities of SiRF Technology Holdings, Inc. ("SiRF" or the "Company") during the period October 30, 2007 through February 4, 2008 (the "Class Period"), against SiRF and certain of its officers and directors for violations of the Securities Exchange Act of 1934 ("Exchange Act").

Defendant SiRF, through its subsidiaries, engages in the development and marketing of semiconductor and software products that are designed to enable location-awareness utilizing global positioning system ("GPS") and other location technologies worldwide. The Company is headquartered in San Jose, California.

On August 6, 2007, the Company acquired Centrality Communications, Inc. Under the terms of the agreement, SiRF acquired all the outstanding shares of Centrality capital stock in exchange for approximately 8.1 million shares of SiRF common stock. In a press release announcing the acquisition, defendant Canning stated "[w]ith the addition of the Centrality multifunction SoC platform and multimedia expertise, SiRF is well positioned to go beyond GPS and provide a very attractive value-added product portfolio that addresses the emerging price performance and functionality needs of our target markets."

In an October 2007 conference call with analysts, the CEO also said that the company expected to maintain gross margins.

Defendants knew or recklessly disregarded but concealed from the investing public that: (i) SiRF's acquisition of Centrality Communications, Inc. was having an adverse impact on SiRF's results due to the similar products sold by Centrality which were cannibalizing SiRF's sales; (ii) SiRF's major customers were not placing orders at sufficient quantities for SiRF to meet the aggressive targets set by and for the Company; (iii) Centrality's System-on-Chip ("SoC") product line had lower gross margins than SiRF's products and defendants knew that

NOTICE OF MOTION AND MOTION OF THE POLICE AND FIRE RETIREMENT SYSTEM FOR THE CITY OF DETROIT FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

1

although the Centrality acquisition would increase revenues in the fourth quarter (as it did), it would also significantly lower SiRF's gross margins (as it also did); (iv) competitive pressures were having much more of an adverse impact on the Company than acknowledged by defendants, as SiRF's customers were moving to cellular-enabled products which SiRF could not adequately compete with; (v) as of October 30, 2007, one month into the fourth quarter, fourth quarter gross margins would be down significantly because of the lower SoC product line margins; and (vi) downward pricing pressures were accelerating and would lead to lower margins and earnings in future quarters.

On February 4, 2008, defendants announced disappointing financial results for SiRF's fourth quarter and fiscal 2007. Furthermore, the CEO admitted that the company "had always expected that gross margins would start to shift down." As a result of this news, the price of SiRF stock fell $8.91 per share to close at $7.36 per share, a one-day decline of 54%.

## II.    PROCEDURAL HISTORY

Plaintiff Sammy Esses commenced case number 08-cv-856 on February 8, 2008, and on that day counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire,* a widely circulated national business-oriented wire service. *See* Declaration of Ira M. Press In Support of Motion of the Police and Fire Retirement System of the City of Detroit For Appointment As Lead Plaintiff and For Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel (the "Press Declaration") at Exhibit A. Subsequent to the *Esses* action, six similar actions were been filed in this District. By order dated March 20, 2008, this Court consolidated the actions under the above caption.

## III.    ARGUMENT

### A.    Movant Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA (15 U.S.C. §78u-4(a)(3)(B)) provides the procedure for selecting Lead Plaintiff in class actions brought under the Act. The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons that:

(aa)  has either filed the complaint or made a motion in response to a notice. . . ;

(bb)  in the determination of the Court, has the largest financial interest in the relief

NOTICE OF MOTION AND MOTION OF THE POLICE AND FIRE RETIREMENT SYSTEM FOR THE CITY OF DETROIT FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

2

sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See also Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999).

As set forth below, Movant satisfies these criteria and thus is entitled to the presumption that it is the most adequate Lead Plaintiff for the Class.

**1.   Movant Is Making A Timely Motion In Response To A Notice**

On February 8, 2008, counsel for plaintiff Sammy Esses published a notice of pendency of plaintiffs' case pursuant to §21D(a)(3)(A)(I) of the PSLRA, announcing that a securities class action had been filed against defendants herein, and advising purchasers of SiRF securities that they had 60 days to file a motion to be appointed as Lead Plaintiff.  *See* Press Declaration, Exhibit A.  Movant files the instant motion within 60 days of that published notice, and submits herewith its sworn certification attesting that it is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary.  *See* Press Declaration, Exhibit B.  Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

**2.   Movant Has The Largest Financial Interest In This Action**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); *Naiditch v. Applied Micro Circuits*, 2001 WL 1659115 (S.D. Cal. 2001). Moreover, courts have recognized that "one goal of the PSLRA is to have the plaintiff class, represented by a member with a substantial financial interest in the recovery as incentive, monitor the litigation to prevent its being "lawyer-driven." *In re Enron Corp. Securities Litigation* 206 F.R.D. 427, 438 (S.D. Tex. 2002).

Here, PFRS purchased 94,060 shares of SiRF during the Class Period and it suffered losses of $1,615,946.76.  Movant's net class period purchases (i.e. net of sales) were 93,160 shares.  Movant's net class period expenditures on SiRF shares totaled $2,188,645.  *See* Press Declaration, Exhibit C.  To the best of its knowledge, PFRS believes that it has the largest

NOTICE OF MOTION AND MOTION OF THE POLICE AND FIRE RETIREMENT SYSTEM FOR THE CITY OF DETROIT FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

3

known financial interest in this case of any timely movant, and thus satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### 3. Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act, as amended by the PSLRA, provides that the Lead Plaintiff also must satisfy the typicality and adequacy requirements of Fed. R. Civ. Proc. 23(a). *Siegal v. Tibco Software, Inc.,* 2006 U.S. Dist. Lexis 26780, *15 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff, the requirements of 'typicality' and adequacy of representation are the key factors.") This Court's analysis of any other requirements of Rule 23 as it relates to class certification should be deferred until the Lead Plaintiff moves for class certification. *Schriver v. Impac. Mortg. Holdings, Inc.,* 2006 Dist. Lexis 40607, *16 (C.D. Cal. May 2, 2006) ("At the lead plaintiff appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for class certification; the prospective lead plaintiff need only make a prima facie showing that it meets the typicality and adequacy factors.") As detailed below, PFRS satisfies both the typicality and adequacy requirements of Rule 23(a), and should therefore be appointed Lead Plaintiff in this action.

#### a. Movant's Claims Are Typical

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied when the representative plaintiffs' claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Crossen v. CV Therapeutics,* 2005 US Dist. Lexis 41396, *13 (N.D. Cal. Aug. 10, 2005). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1988).

In this case, the typicality requirement is met because PFRS' claims *are* identical to the claims of the other Class Members. PFRS and all the members of the Class purchased SiRF securities when the stock prices were artificially inflated as a result of Defendants' misrepresentations and omissions, and thus, both PFRS and the Class Members suffered damages as a result of these purchases. Simply put, PFRS, like all the other Class Members, (1)

NOTICE OF MOTION AND MOTION OF THE POLICE AND FIRE RETIREMENT SYSTEM FOR THE CITY OF DETROIT FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

4

purchased SiRF securities at artificially inflated prices as a result of the Defendants' misrepresentations and omissions; and (2) suffered damages thereby. PFRS' claims and injuries "arise from the same event or course of conduct that [gave] rise to the claims of other class members." *Crossen,* 2005 US Dist. Lexis 41396 at *13.

Moreover, PFRS is not subject to any unique or special defenses. Thus, PFRS meets the typicality requirement of Rule 23 because Movant's claims are the same as the claims of the other Class Members.

### b.  Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests in the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it unlikely that the action is collusive.

*Takeda v. Turbodyne Technologies, Inc.,* 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (citing *In re Northern Dist of Cal., Daikon Shield IUD Prod. Lab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).

PFRS' interests are clearly aligned with the members of the Class because Movant's claims are identical to the claims of the Class. There is no evidence of antagonism between PFRS' interests and those of proposed Class Members. Furthermore, PFRS has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss Movant incurred as a result of the wrongful conduct alleged herein. This motivation, combined with PFRS' identical interest with the members of the Class, clearly shows that PFRS will adequately and vigorously pursue the interests of the Class. In addition, PFRS has selected counsel that is highly experienced in prosecuting securities class actions such as this one to represent the fund and the class.

In sum, because of PFRS' common interests with the Class Members, Movant's clear motivation and ability to vigorously pursue this action, and Movant's competent counsel, the adequacy requirement of Fed. R. Civ. Proc. 23(a) is met in this case. Therefore, since PFRS meets both the typicality and adequacy requirements of Rule 23(a), and has the largest financial

NOTICE OF MOTION AND MOTION OF THE POLICE AND FIRE RETIREMENT SYSTEM FOR THE CITY OF DETROIT FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

5

interest in the claim among all timely movants, PFRS is, in accordance with the PSLRA, presumptively the most adequate plaintiff to lead this action.

### 4. Movant Is Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon "proof" by a purported member of the Plaintiff class that the presumptively most adequate plaintiff:

    (aa)    will not fairly and adequately protect the interest of the class; or

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that PFRS is the most adequate Lead Plaintiff is not subject to rebuttal here. Movant has suffered substantial losses – in excess of $1.6 million – and believes that it has the largest known financial interest in this case of any movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against PFRS that would render it inadequate to represent the Class. Accordingly, PFRS is presumptively the most-adequate Lead Plaintiff and should be appointed Lead Plaintiff for the Class.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726, 733 (9th Cir. 2002). In the present case, Movant has retained Kirby McInerney LLP to pursue this litigation on its behalf, and will retain this firm as Plaintiff's Lead Counsel, and the law firm of Glancy Binkow & Goldberg LLP as Liaison Counsel, in the event it is appointed Lead Plaintiff. Kirby McInerney LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm resumé attached to the Press Declaration as Exhibit D. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

NOTICE OF MOTION AND MOTION OF THE POLICE AND FIRE RETIREMENT SYSTEM FOR THE CITY OF DETROIT FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

6

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant its motion and enter an Order (a) appointing the Police & Fire Retirement System of the City of Detroit as Lead Plaintiff, and (b) approving its choice of Kirby McInerney LLP as Lead Counsel and Glancy Binkow & Goldberg LLP as Liaison Counsel for the Class, and granting such other relief as the Court may deem just and proper.

Dated: April 8, 2008                                        Respectfully submitted,

**GLANCY BINKOW & GOLDBERG LLP**

By: /s / Peter A. Binkow

Peter A. Binkow (173848)
Michael Goldberg (#188669)
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email: info@glancylaw.com

Susan G. Kupfer (#141724)
One Embarcadero Center, Suite 760
San Francisco, California 94111
Telephone: (415) 972-8160
Facsimile:  (415) 972-8166
Email: skupfer@glancylaw.com

*Proposed Liaison Counsel*

**KIRBY MCINERNEY LLP**

Ira M. Press
Peter S. Linden
830 Third Ave, 10th Floor
New York, New York 10022
Telephone: (212) 317-2300
Facsimile:  (212) 751-2540
Email: ipress@kmllp.com

*Attorney for Movant and*
*Proposed Lead Counsel*