1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  JEFFREY W. LAWRENCE (166806)
   100 Pine Street, Suite 2600
3  San Francisco, CA  94111
   Telephone:  415/288-4545
4  415/288-4534 (fax)
   jeffreyl@csgrr.com
5
   LAW OFFICES BERNARD M.
6    GROSS, P.C.
   DEBORAH R. GROSS
7  ROBERT P. FRUTKIN
   Wanamaker Bldg., Suite 450
8  100 Penn Square East
   Philadelphia, PA  19107
9  Telephone:  215/561-3600
   215/561-3000 (fax)
10  debbie@bernardmgross.com
   rpf@bernardmgross.com
11
   [Proposed] Co-Lead Counsel for Plaintiffs
12
   [Additional counsel appear on signature page.]
13
                    UNITED STATES DISTRICT COURT
14
                  NORTHERN DISTRICT OF CALIFORNIA
15

16  In re SiRF TECHNOLOGY HOLDINGS, INC.)    Master File No. 3:08-cv-00856-MMC
   SECURITIES LITIGATION                )
17  ——————————————————————————————————— )    CLASS ACTION
                                         )
18  This Document Relates To:            )    IRON WORKERS LOCAL NO. 25 PENSION
                                         )    FUND'S AND KENNETH L. WEISS'
        ALL ACTIONS.                     )    NOTICE OF MOTION AND MOTION FOR
19  ——————————————————————————————————— )    APPOINTMENT AS LEAD PLAINTIFF
                                              AND FOR APPROVAL OF THEIR
20                                            SELECTION OF LEAD COUNSEL;
                                              MEMORANDUM OF POINTS AND
21                                            AUTHORITIES IN SUPPORT THEREOF
22                                            DATE:      May 16, 2008
                                              TIME:       9:00 a.m.
23                                            COURTROOM:  7
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.    STATEMENT OF ISSUES TO BE DECIDED ..................................................1

II.   STATEMENT OF RELEVANT FACTS ..........................................................2

III.  ARGUMENT ....................................................................................................3

A.    The Iron Workers and Weiss Satisfy the PSLRA's Requirements and
Should Be Appointed Lead Plaintiff..........................................................3

1.    The Iron Workers and Weiss' Motion Is Timely.........................4

2.    The Iron Workers and Weiss Possess the Largest Financial Interest
in the Relief Sought by the Class.................................................4

3.    The Iron Workers and Weiss Meet Rule 23's Requirements ......4

B.    This Court Should Approve the Iron Workers and Weiss' Selection of
Counsel ......................................................................................................5

IV.   CONCLUSION.................................................................................................6

**NOTICE OF MOTION AND MOTION**

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on May 16, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7 of the Honorable Maxine M. Chesney, the Iron Workers Local No. 25 Pension Fund and Kenneth L. Weiss (collectively, "Iron Workers and Weiss") will move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) appointing the Iron Workers and Weiss as lead plaintiff; and (2) approving their selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and the Law Offices Bernard M. Gross, P.C. ("Gross") as lead counsel.  This Motion is made on the grounds that the Iron Workers and Weiss are the "most adequate plaintiff" to serve as lead plaintiff. In support of this Motion, the Iron Workers and Weiss submit herewith a Memorandum of Law and Declaration of Darren J. Robbins ("Robbins Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    STATEMENT OF ISSUES TO BE DECIDED**

Presently pending in this district are seven consolidated class action lawsuits (the "Actions")[1] brought on behalf of persons who purchased or otherwise acquired SiRF Technology Holdings, Inc. ("SiRF" or the "Company") publicly traded securities between October 30, 2007 and February 4, 2008 (the "Class Period").  These Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the person or group of persons with the largest financial interest in the relief sought by the class that otherwise satisfy the requirements of Fed. R. Civ. P. 23.  15 U.S.C. §78u-4(a)(3)(B).

Here, the Iron Workers and Weiss should be appointed as lead plaintiff because they: (1) timely filed their motion for appointment as lead plaintiff; (2) have the largest financial interest

---

[1]    On March 14, 2008, the Court entered a Consolidation Order (Docket #7).

1  in the outcome of this litigation of any person or groups of persons of which they are aware; and (3)

2  will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also*

3  Declaration of Darren J. Robbins in Support of Iron Workers Local No. 25 Pension Fund's and

4  Kenneth L. Weiss' Motion for Appointment as Lead Plaintiff and for Approval of Their Selection of

5  Lead Counsel ("Robbins Decl."), Ex. A.

6         In addition, the Iron Workers and Weiss' selection of Coughlin Stoia and Gross to serve as

7  lead counsel should be approved because each of these counsel possess extensive experience in the

8  prosecution of securities class actions and will adequately represent the interests of all class

9  members. *See* Robbins Decl., Exs. D-E.

10  **II.     STATEMENT OF RELEVANT FACTS**

11         SiRF, through its subsidiaries, engages in the development and marketing of semiconductor

12  and software products that are designed to enable location-awareness utilizing global positioning

13  system ("GPS") and other location technologies worldwide.  SiRF is headquartered in San Jose,

14  California.

15         During the Class Period, defendants issued materially false and misleading statements

16  regarding the Company's business and financial results.  As a result of defendants' false statements,

17  SiRF stock traded at artificially inflated prices during the Class Period.  This permitted one of the

18  defendants to sell $9.6 million worth of his SiRF stock at $24.18-$24.29 per share.

19         On February 4, 2008, after the market closed, the Company issued a press release entitled

20  "SiRF Technology Holdings Inc. Announces Financial Results for Fourth Quarter and Fiscal 2007,"

21  which disclosed the Company's disastrous results, including a net loss for fiscal 2007 of $10.4

22  million and substantial decreases in gross margins and net income as compared to the fiscal 2006

23  fourth quarter.  After this announcement, on February 5, 2008, SiRF's stock collapsed $8.91 per

24  share, a one-day decline of 54% on volume of 63 million shares, 30 times the average three-month

25  volume.

26         The true facts, which were known by the defendants but concealed from the investing public

27  during the Class Period, were as follows:

28

- SiRF's acquisition of Centrality Communications, Inc. ("Centrality") was having an adverse impact on SiRF's results due to the similar products sold by Centrality which were cannibalizing SiRF's sales;

- SiRF's major customers were not placing orders at sufficient quantities for SiRF to meet the aggressive targets set by and for the Company;

- Centrality's System-on-Chip ("SoC") product line had lower gross margins than SiRF's products and defendants knew that although the Centrality acquisition would increase revenues in Q4 (as it did), it would also significantly lower SiRF's gross margins (as it also did); therefore, defendants had no basis for their statements on the Q3 conference call that EPS would be up in the $0.31-$0.33 range, or that the gross margins of 54% to 55% experienced in Q3 would be maintained in Q4;

- Competitive pressures were having much more of an adverse impact on the Company than acknowledged by defendants, as SiRF's customers were moving to cellular-enabled products which SiRF could not adequately compete with;

- As of October 30, 2007, which is also one month into Q4, Q4 gross margins would be down significantly because of the lower SoC product line margins, which products were accounting for much of the increased revenues in Q4; and

- Downward pricing pressures were accelerating and would lead to lower margins and earnings in future quarters.

As a result of defendants' false statements, SiRF's stock traded at inflated levels during the Class Period, and after the above revelations became known, the Company's shares were hammered by massive sales, sending them down more than 75% from their Class Period high.

## III.    ARGUMENT

### A.    The Iron Workers and Weiss Satisfy the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
THEIR SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF - 3:08-cv-00856-MMC                                                              - 3 -

1    February 8, 2008, on *Business Wire* in connection with the filing of the first-filed action.  *See*

2    Robbins Decl., Ex. C.

3        Next, the PSLRA provides that the court shall adopt a presumption that the most adequate

4    plaintiff is the person or group of persons that –

5        (aa) has either filed the complaint or made a motion in response to a notice . . .;

6        (bb) in the determination of the court, has the largest financial interest in the relief
         sought by the class; and

7

8        (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
         Procedure.

9    15 U.S.C. §78u-4(a)(3)(B)(iii).  The Iron Workers and Weiss meet each of these requirements and

10   should therefore be appointed lead plaintiff.

11            **1.    The Iron Workers and Weiss' Motion Is Timely**

12       The notice published on February 8, 2008 informed class members that the 60-day deadline

13   to move for appointment as lead plaintiff was April 8, 2008.  *See* Robbins Decl., Ex. C; 15 U.S.C.

14   §78u-4(a)(3)(A).  In addition, the Iron Workers and Weiss have submitted sworn certifications

15   setting forth their transactions in SiRF publicly traded securities during the Class Period and

16   confirming their willingness and ability to serve as lead plaintiff.  *See* Robbins Decl., Ex. A.  Thus,

17   the Iron Workers and Weiss have complied with the PSLRA's first requirement and are entitled to be

18   considered for appointment as lead plaintiff.

19            **2.    The Iron Workers and Weiss Possess the Largest Financial
                    Interest in the Relief Sought by the Class**

20

21       During the Class Period, the Iron Workers and Weiss lost in excess of $1 million due to

22   defendants' fraud.  *See* Robbins Decl., Ex. B; *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir.

23   2002).  To the best of their knowledge, there are no other applicants who have sought, or are

24   seeking, appointment as lead plaintiff that have a larger financial interest.  Therefore, the Iron

25   Workers and Weiss satisfy the PSLRA's prerequisite of having the largest financial interest.

26            **3.    The Iron Workers and Weiss Meet Rule 23's Requirements**

27       In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise

28   satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-

1   4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) generally requires that the claims of representative parties be

2   typical of the claims of the class and that the representatives will fairly and adequately protect the

3   interests of the class.  *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730.  As detailed below, the

4   Iron Workers and Weiss satisfy the typicality and adequacy requirements of Rule 23(a).

5        The test of typicality "'is whether other members have the same or similar injury, whether

6   the action is based on conduct which is not unique to the named plaintiffs, and whether other class

7   members have been injured by the same course of conduct.'"  *Hanon v. Dataproducts Corp*., 976

8   F.2d 497, 508 (9th Cir. 1992) (citation omitted).  The adequacy requirement is met if no conflicts

9   exist between the representative and class interests and the representative's attorneys are qualified,

10  experienced and generally able to conduct the litigation.  Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing

11  Co*., 327 F.3d 938, 957 (9th Cir. 2003).

12       Here, the Iron Workers and Weiss meet the typicality and adequacy requirements because

13  they purchased SiRF publicly traded securities during the Class Period in reliance upon the allegedly

14  materially false and misleading statements issued by defendants and suffered damages thereby, as

15  did the other members of the purported class.  The Iron Workers and Weiss are also not subject to

16  any unique defenses and there is no evidence of any conflicts between the Iron Workers and Weiss

17  and the other class members.  Finally, the Iron Workers and Weiss have declared their ability and

18  willingness to prosecute this action by filing the requisite certification and retaining qualified

19  counsel.  *See* Robbins Decl., Exs. A, D-E.  Thus, the Iron Workers and Weiss satisfy the *prima facie*

20  showing of the typicality and adequacy requirements of Rule 23 for purposes of this Motion.

21       **B.     This Court Should Approve the Iron Workers and Weiss' Selection of
              Counsel**

22

23       The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the

24  class, subject to court approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732

25  n.11.  The Iron Workers and Weiss have selected Coughlin Stoia and Gross as lead counsel for the

26  class.  Coughlin Stoia and Gross actively practice complex litigation and have successfully

27  prosecuted numerous securities fraud class actions on behalf of injured investors.  *See* Robbins

28

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
THEIR SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF - 3:08-cv-00856-MMC                                                          - 5 -

1    Decl., Exs. D-E.  Thus, the Court may be assured that in the event this Motion is granted, the

2    members of the class will receive the highest caliber of legal representation available.

3    **IV.    CONCLUSION**

4         For all the foregoing reasons, the Iron Workers and Weiss respectfully request that the Court:

5    (1) appoint the Iron Workers and Weiss as Lead Plaintiff; and (2) approve the Iron Workers and

6    Weiss' selection of Lead Counsel for the class.

7    DATED:  April 8, 2008                    Respectfully submitted,

8                                             COUGHLIN STOIA GELLER
                                                RUDMAN & ROBBINS LLP
9                                            DARREN J. ROBBINS
                                             RAMZI ABADOU
10

11                                                        s/ Darren J. Robbins
                                             _____
12                                                   DARREN J. ROBBINS

13                                           655 West Broadway, Suite 1900
                                             San Diego, CA  92101
14                                           Telephone:  619/231-1058
                                             619/231-7423 (fax)
15
                                             COUGHLIN STOIA GELLER
16                                              RUDMAN & ROBBINS LLP
                                             JEFFREY W. LAWRENCE
17                                           100 Pine Street, Suite 2600
                                             San Francisco, CA  94111
18                                           Telephone:  415/288-4545
                                             415/288-4534 (fax)
19
                                             LAW OFFICES BERNARD M. GROSS, P.C.
20                                           DEBORAH R. GROSS
                                             ROBERT P. FRUTKIN
21                                           Wanamaker Bldg., Suite 450
                                             100 Penn Square East
22                                           Philadelphia, PA  19107
                                             Telephone:  215/561-3600
23                                           215/561-3000 (fax)

24                                           [Proposed] Co-Lead Counsel for Plaintiffs

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SULLIVAN, WARD, ASHER & PATTON, P.C.
CYNTHIA J. BILLINGS
25800 Northwestern Highway
1000 Maccabees Center
Southfield, MI  48075-1000
Telephone:  248/746-0700
248/746-2760 (fax)

Additional Counsel for Plaintiff

S:\CasesSD\SiRF Technology\BRF00050367.doc

1

<u>CERTIFICATE OF SERVICE</u>

2

        I hereby certify that on April 8, 2008, I electronically filed the foregoing with the Clerk of the

3

Court using the CM/ECF system which will send notification of such filing to the e-mail addresses

4

denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the

5

foregoing document or paper via the United States Postal Service to the non-CM/ECF participants

6

indicated on the attached Manual Notice List.

7

        I further certify that I caused this document to be forwarded to the following designated

8

Internet site at:  http://securities.csgrr.com/.

9

        I certify under penalty of perjury under the laws of the United States of America that the

10

foregoing is true and correct.  Executed on April 8, 2008.

11

12

                                           s/ Darren J. Robbins
                                          DARREN J. ROBBINS

13

14

                                          COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP

15

                                          655 West Broadway, Suite 1900
                                          San Diego, CA  92101-3301

16

                                          Telephone:  619/231-1058
                                          619/231-7423 (fax)

17

18

                                          E-mail:  DRobbins@csgrr.com

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:08-cv-00856-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Vahn Alexander**
  service@wyca.com

- **Patrice L. Bishop**
  service@ssbla.com

- **Robert P. Frutkin**
  robertf@bernardmgross.com

- **David Malcolm Furbush**
  david.furbush@pillsburylaw.com,frances.ceccacci@pillsburylaw.com

- **Deborah R. Gross**
  debbie@bernardmgross.com

- **Jeffrey W. Lawrence**
  jeffreyl@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com,GDarwish@csgrr.com

- **Michael Francis Ram**
  mfr@lrolaw.com,amw@lrolaw.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Robert P. Varian**
  rvarian@orrick.com

- **Shawn A. Williams**
  shawnw@csgrr.com,travisd@csgrr.com,moniquew@csgrr.com,e_file_sf@csgrr.com,cwood@csgr

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Jules Brody**
Stull Stull & Brody

6 East 45th Street
New York, NY 10017

**Kenneth A. Elan**
Law Offices of Kenneth A. Elan
217 Broadway
Suite 605
New York, NY 10007

1

2

3

4

5

6

7

8

9

10 UNITED STATES DISTRICT COURT

11 NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12 In re SiRF TECHNOLOGY HOLDINGS, INC. )<br>SECURITIES LITIGATION ) | Master File No. 3:08-cv-00856-MMC |
| 13 _____ ) | <u>CLASS ACTION</u> |
| ) | |
| 14 This Document Relates To: ) | [PROPOSED] ORDER GRANTING IRON |
| ) | WORKERS LOCAL NO. 25 PENSION |
| 15     ALL ACTIONS. ) | FUND'S AND KENNETH L. WEISS' |
| ) | MOTION FOR APPOINTMENT AS LEAD |
| 16 _____ | PLAINTIFF AND FOR APPROVAL OF |
| | THEIR SELECTION OF LEAD COUNSEL |

17

18 DATE:    May 16, 2008
       TIME:    9:00 a.m.

19     COURTROOM:  7

20

21

22

23

24

25

26

27

28

1          Having considered the Iron Workers Local No. 25 Pension Fund's and Kenneth L. Weiss'

2    Motion for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel (the

3    "Motion"), and good cause appearing therefore, the Court ORDERS as follows:

4          1.      The Motion is GRANTED;

5          2.      The Court, having considered the provisions of the Private Securities Litigation

6    Reform Act of 1995, hereby appoints the Iron Workers Local No. 25 Pension Fund and Kenneth L.

7    Weiss as Lead Plaintiff; and

8          3.      Lead Plaintiff's selection of lead counsel is approved.  Coughlin Stoia Geller Rudman

9    & Robbins LLP and the Law Offices Bernard M. Gross, P.C. are approved as Lead Counsel for the

10   class.

11

12         IT IS SO ORDERED.

13   DATED: _____    _____
                             THE HONORABLE MAXINE M. CHESNEY

14                           UNITED STATES DISTRICT JUDGE

15

16   Submitted by:

17   COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
     DARREN J. ROBBINS

18   RAMZI ABADOU

19

20   _____s/ Darren J. Robbins_____
             DARREN J. ROBBINS

21

22   655 West Broadway, Suite 1900
     San Diego, CA  92101
     Telephone:  619/231-1058

23   619/231-7423 (fax)

24   COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP

25   JEFFREY W. LAWRENCE
     100 Pine Street, Suite 2600

26   San Francisco, CA  94111
     Telephone:  415/288-4545

27   415/288-4534 (fax)

28

1

LAW OFFICES BERNARD M. GROSS,
  P.C.
2
DEBORAH R. GROSS
3  ROBERT P. FRUTKIN
Wanamaker Bldg., Suite 450
4  100 Penn Square East
Philadelphia, PA  19107
5  Telephone:  215/561-3600
215/561-3000 (fax)
6
[Proposed] Co-Lead Counsel for Plaintiffs
7
SULLIVAN, WARD, ASHER & PATTON,
  P.C.
8
CYNTHIA J. BILLINGS
9  25800 Northwestern Highway
1000 Maccabees Center
10  Southfield, MI  48075-1000
Telephone:  248/746-0700
11  248/746-2760 (fax)

12  Additional Counsel for Plaintiff

13  S:\CasesSD\SiRF Technology\ORD00050372.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 8, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at:  http://securities.csgrr.com/.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 8, 2008.

 s/ Darren J. Robbins
DARREN J. ROBBINS

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  DRobbins@csgrr.com

# Mailing Information for a Case 3:08-cv-00856-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Vahn Alexander**
  service@wyca.com

- **Patrice L. Bishop**
  service@ssbla.com

- **Robert P. Frutkin**
  robertf@bernardmgross.com

- **David Malcolm Furbush**
  david.furbush@pillsburylaw.com,frances.ceccacci@pillsburylaw.com

- **Deborah R. Gross**
  debbie@bernardmgross.com

- **Jeffrey W. Lawrence**
  jeffreyl@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com,GDarwish@csgrr.com

- **Michael Francis Ram**
  mfr@lrolaw.com,amw@lrolaw.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Robert P. Varian**
  rvarian@orrick.com

- **Shawn A. Williams**
  shawnw@csgrr.com,travisd@csgrr.com,moniquew@csgrr.com,e_file_sf@csgrr.com,cwood@csgr

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Jules Brody**
Stull Stull & Brody

```
6 East 45th Street
New York, NY 10017
```

**Kenneth A. Elan**
```
Law Offices of Kenneth A. Elan
217 Broadway
Suite 605
New York, NY 10007
```