1  Vahn Alexander (167373)
   FARUQI & FARUQI, LLP
2  1901 Avenue of the Stars, Second Floor
   Los Angeles, CA 90067
3  Tel: (310) 461-1426
   Fax:  (310) 461-1427
4  valexander@faruqilaw.com

5  Michael L. Kelly (82063)
   Behram V. Parekh (180361)
6  KIRTLAND & PACKARD LLP
   2361 Rosecrans Avenue, Fourth Floor
7  El Segundo, CA  90245
   Tel: (310) 536-1000
8  Fax: (310) 536-1001
   mlk@kirtlandpackard.com
9  bvp@kirtlandpackard.com

10 *Attorneys for Proposed
   Lead Plaintiff Alex Meruelo*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT CALIFORNIA**

| | |
|---|---|
| In re SiRF Technology Holdings, Inc. Securities Litigation | Master File No.: C08-00856 MMC |
| This Document Related to: ALL ACTIONS | **MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT OF ALEX MERUELO AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS**<br><br>CLASS ACTION<br><br>Date: May 16, 2008<br>Time: 9:00 a.m.<br>Ctrm.: Hon. Maxine M. Chesney |

1   Plaintiff Alex Meruelo respectfully submits his "Memorandum of Points and Authorities
2   in Further Support of Motion for Appointment of Lead Plaintiff and for Approval of Lead
3   Plaintiff's Choice of Lead Counsel and in Opposition to the Competing Motions" (hereinafter
4   the "Opposition").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On April 8, 2008, Alex Meruelo ("Meruelo" or "Movant") moved this Court pursuant to §21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (i) appointing Movant as Lead Plaintiff of the proposed class (the "Class") of purchasers of the securities of SiRF Technology Holdings, Inc. ("SiRF" or the "Company") who acquired SiRF securities between October 30, 2007 and February 4, 2008 (the "Class Period"); and (ii) approving Meruelo's selection of Faruqi & Faruqi, LLP and Kirtland & Packard LLP as Co-Lead Counsel.

On the same day, eight other competing motions for appointment of Lead Plaintiff and Lead Counsel were filed before this Court.[1] While Meruelo has suffered losses of approximately $734,000.00, two of the remaining movants claim to have suffered approximate losses in excess of Meruelo. *See* Declaration of Vahn Alexander in Support of Opposition, *Exhibit A*. The Police and Fire Retirement System of the City of Detroit ("Detroit P&F") claims to have suffered a loss of $1,615,946.76. A group comprised of two unrelated investors, Kenneth L. Weiss, and Iron Workers Local No. 25 Pension Fund (collectively, the "Weiss Group"), claims to have suffered a loss of $1,006,775.36. However, the motions of Detroit P&F and the Weiss Group must be denied because each fails to comply with the requirements set forth in the PSLRA. With Detroit P&F and the Weiss Group unable to satisfy the PSLRA, Meruelo becomes the movant with the

---

[1] In addition to Movant, the additional applicants for Lead Plaintiff are: Alan Nussbaum ("Nussbaum"); Matthew Delaney ("Delaney"); James Van Atten ("Van Atten"); Gary Mitchell Schorr Rev. Trust U/A DTD 3-20-98 ("Schorr Trust"); Omaha Funds ("Omaha Funds"); Christopher Collins ("Collins"); Police and Fire Retirement System of the City of Detroit ("Detroit P&F"); and Iron Workers Local No. 25 Pension Fund and Kenneth L. Weiss (the "Weiss Group").

largest financial loss and should therefore be appointed Lead Plaintiff.  Furthermore, Movant's choice of counsel, Faruqi & Faruqi, LLP and Kirtland & Packard LLP should be appointed Co-Lead Counsel.

## II. ARGUMENT

Currently pending before the Court are nine competing motions for appointment as Lead Plaintiff in the securities fraud action (the "Action").  However, only two movants claim larger approximate losses than Meruelo:

| Movant | Approximate Class Period Loss |
|---|---|
| Detroit P&F | $1,615,946.76 |
| The Weiss Group | $1,006,775.36 |
| *Meruelo* | *$734,000.00* |
| Omaha | $717,684.73 |
| Delaney | $141,844.74 |
| Collins | $87,685.23 |
| Nussbaum | $76,187.50 |
| Van Atten | $34.865.00 |
| Schorr Trust | $8,710.00 |

Generally, the movant who timely files a motion to serve as Lead Plaintiff, possesses the largest financial stake in the action and who otherwise satisfies the typicality and adequacy requirements of *Federal Rule of Civil Procedure* Rule 23(a) is the presumptive Lead Plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh,* 306 F.3d 726, 729-730 (9th Cir. 2002); *Apple v. LJ Intl. Inc.*, No. 07-6076, 2008 U.S. Dist. LEXIS 12618, at *5-6 (C.D. Cal. February 8, 2008); *Casden v. HPL Tech. Inc.,* No. 02-3510, 2003 U.S. Dist. LEXIS 19606, at *10-11 (N.D. Cal. September 29, 2003).  However, this is a rebuttable presumption.  *Mohanty v. Bigband Networks, Inc.*, No. 07-5101, 2008 U.S. Dist. LEXIS 32764, at *11 (N.D. Cal. Feb. 13, 2008).  In this instance, both Detroit P&F and the Weiss Group do not satisfy the Lead Plaintiff requirements under the federal securities laws.  Thus, while at first glance Movant does not appear to have the largest financial losses in this instance, only Meruelo satisfies the Lead Plaintiff requirements of the PSLRA.

1    Detroit P&F is not an adequate plaintiff because the PSLRA restricts a plaintiff from serving as Lead Plaintiff more than five times in three years. Detroit P&F has disclosed in its certification that in the three years prior to its motion it has been appointed as Lead Plaintiff in six actions filed under the federal securities laws. This means that if Detroit P&F's Lead Plaintiff motion is granted, it will be the seventh time that it has been appointed Lead Plaintiff during the statutory time period. Hence, pursuant to 15 U.S.C. §78u-4(a)(3)(B)(vi), Detroit P&F's motion for appointment as Lead Plaintiff in the Action should be denied.

As for the Weiss Group, these are unrelated investors which should not be allowed to aggregate their losses in order to claim that they have the largest financial interest in the Action. Since there is no evidence of a prior existing relationship between these investors, pursuant to the PSLRA's intent to curtail lawyer-driven litigation, the Weiss Group's motion for appointment as Lead Plaintiff must be denied. With Detroit P&F and the Weiss Group demonstrably inadequate, Meruelo is the movant with the largest financial interest that otherwise satisfies the requirements of the PSLRA.

Moreover, for the reasons stated in his motion, Meruelo also satisfies the requirements of Rule 23 of the *Federal Rules of Civil Procedure* because his claims are typical of the claims of the Class, and he will fairly and adequately represent the Class since his interests are clearly aligned with the members of the Class. Furthermore, he has retained experienced counsel to pursue the Action. Accordingly, Movant's motion for Lead Plaintiff and Lead Counsel should be granted over all competing motions.

### A.    Pursuant to the PSLRA, Plaintiffs Are Barred from Serving as Lead Plaintiff More than Five Times in Three Years

Under the PSLRA, a person or entity may not be appointed Lead Plaintiff in more than five securities class actions brought in any three-year period. 15 U.S.C. §78u-4(a)(3)(B)(vi). Movant Detroit P&F is in violation of this provision. In Detroit P&F's certification, it states that Detroit P&F has been appointed Lead Plaintiff in *six* securities class actions in the last three

1    years.² Appointment of Detroit P&F as Lead Plaintiff in this Action would result in *seven* cases
2    where it serves as Lead Plaintiff during the statutory three year period.

3        Any discretion that this Court may have to excuse Detroit P&F's violation of the "five in
4    three" limitation, should not be extended in this Action.  Although some courts have granted
5    exceptions to this rule, this Court should enforce the statute since other credible Lead Plaintiff
6    applicants exist, specifically Meruelo, which satisfy *all* of the requirements of the PSLRA.  *See*
7    *In Re Gemstar-TV Guide Intern., Inc. Sec. Litig.*, 209 F.R.D. 447, 454 (C.D. Cal. 2002)
8    ("[C]ourts have waived the PSLRA's professional plaintiff restriction when there were no other
9    suitable applicants for lead plaintiff.").  Courts in this District have recognized that the bar
10   applies even to institutional investors and should be lifted only where other movants are not
11   adequate candidates for Lead Plaintiff.  *Aronson v. Mckesson HBOC, Inc.*, 79 F. Supp. 2d 1146
12   (N.D. Cal. 1999).

13       When considering the PSLRA's "five in three" limitation, courts may also evaluate
14   whether a potential Lead Plaintiff will be capable of focusing the proper amount of effort and
15   attention on the action.  A potential Lead Plaintiff absorbed with duties in numerous other federal
16   securities class actions may not have the required ability to direct the litigation on behalf of the
17   class.  Here, in addition to the six cases in which Detroit P&F has been appointed Lead Plaintiff
18   in the last three years, it is also Lead Plaintiff in another action that was commenced more than
19   three years ago.³  Therefore, with the addition of another Lead Plaintiff appointment, Detroit
20   P&F's resources may be strained at best.  This puts its ability to serve as Lead Plaintiff in
21   question, a factor which should be considered by the Court.  For these reasons, Detroit P&F's
22   motion for appointment as Lead Plaintiff should be denied.

---

²  The cases listed by Detroit P&F include: *McLain v. WSB Financial Group, Inc. et al.*, No. 07-1747 (W.D. Wash.); *In re Bausch & Lomb Securities Litigation*, No. 06-6300 (W.D.N.Y.); *SafeNet, Inc. Securities Litigation*, No. 06-5797 (S.D.N.Y.); *In re Marvell Technology Group, Ltd. Securities Litigation*, No. 06-6286 (N.D. Cal.); *KLA-Tencor Corporation Securities Litigation*, No. 06-4709 (N.D. Cal.); and *In re Dot Hill Systems Corp. Securities Litigation*, No. 06-228 (S.D. Cal.).

³  *See In re Levi Strauss & Co. Securities Litigation*, No. 03-5605 (N.D. Cal.).

1         **B.**     **Unrelated Investors Cannot Satisfy the Largest Financial Interest**

2               **Requirement under the PSLRA**

3       The Weiss Group does not satisfy the PSRLA because a "group" should only be comprised of investors with a pre-existing relationship or, minimally, some indicia that the members have acted as a group. "Although the PSLRA does not explicitly prohibit a group of unrelated individuals from acting as lead plaintiff, courts have uniformly refused to appoint as lead plaintiff groups of unrelated individuals, brought together for the sole purpose of aggregating their claims in an effort to become the presumptive lead plaintiff." *Apple v. LJ Int'l, Inc.*, 2008 U.S. Dist. LEXIS 12618, at *11, *citing In re Gemstar-TV*, 209 F.R.D. at 451-52 (surveying cases holding the same). *See also In re Tarragon Corp. Sec. Litig.*, No. 07-07972, 2007 U.S. Dist. LEXIS 91418, at *3-4 (S.D.N.Y. Dec. 6, 2007) (Absent evidence of communications among the group, promises to communicate in the future, or other indicia that the members will act as a group, the group as a whole is not "in a position to direct and control counsel"). Here, the Weiss Group is composed of two, apparently, unrelated investors.

      Whether the Weiss Group is a cognizable group under the PSLRA, turns on both Congressional intent and the PSLRA's meaning of the word "group." To determine that meaning, the Court must interpret the statute's language by giving the word its plain and ordinary meaning, unless otherwise defined in the statute. *Harris v. Sullivan*, 968 F.2d 263, 265 (2d Cir. 1992) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."). Perhaps, the most useful tool for determining the usual and ordinary meaning of a word or term is the dictionary. *See S. D. Warren Co. v. Me. Bd. of Envtl. Prot.*, 547 U.S. 370, 377 (2006). At least one federal court has analyzed dictionary definitions for the word "group" under the PSLRA and concluded that

> [t]he dictionary definitions attribute to 'group' certain characteristics. A "group" is, for example, a smaller, identifiable subset of a larger population, sharing a common, defining characteristic which serves to distinguish them from the larger population. The word, thus, means more than a mere random collection of unrelated individuals or things.

*In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 811 (N.D. Ohio 1999); *see also In re Flight Safety Tech., Inc. Sec. Litig.*, 231 F.R.D. 124, 129 (D. Conn. 2005) (holding that "appointing eight

1  unrelated and unfamiliar plaintiffs as co-lead plaintiffs, when no preexisting relationship is
2  evident, would be counter to both the terms and the spirit of the PSLRA."); *In re Conseco, Inc.*
3  *Sec. Litig.*, 120 F. Supp. 2d 729, 733 (S.D. Ind. 2000) ("While a lead plaintiff 'group' may be
4  permissible, …aggregating parties 'that have nothing in common with one another beyond their
5  investment is not an appropriate interpretation of the term group in the PSLRA.'").

6       An examination of the word "group" in the context of the statute further demonstrates that
7  Congress intended the term to exclude groups which, like the Weiss Group, lawyers cobble
8  together from a group of wholly unrelated persons.  Throughout the text of the PSLRA, the word
9  plaintiff remains in the singular.  As one court observed, "[w]hile the [PSLRA] refers to 'a person
10 or group of persons' as being capable of serving as the lead plaintiff, the surrounding statutory
11 language forecloses the appointment of … multiple persons not part of a cohesive group." *In re*
12 *Party City Sec. Litig.*, 189 F.R.D. 91, 113 (D. N. J. 1999) ("apart from the sole reference to a
13 'group of person,' the [PSLRA] is worded in the singular, providing for a mechanism for the
14 appointment of 'the most adequate plaintiff,' not the adequate plaintiffs."); *accord In re Telxon*,
15 67 F. Supp. 2d at 812.

16      Here, the moving papers of the Weiss Group indicates no preexisting relationship among
17 the investors comprising the group.  To enable the court to assess whether the proposed group is
18 capable of performing the Lead Plaintiff function, it should provide appropriate information about
19 its members, structure, and intended functioning.  *In re Network Assocs., Inv. Sec. Litig.*, 76 F.
20 Supp. 2d 1017, 1026-27 (N.D. Cal. 1999).  The papers filed by the Weiss Group offer no
21 indication that the members of the "group" ever communicated with one another about the Action
22 or have any intention of ever communicating with one another in the future.  Indeed, the moving
23 papers of the Weiss Group fail to inform the Court of how they propose to communicate with one
24 another, coordinate efforts, act collectively, resolve conflicts in opinion, and communicate with
25 their counsel or, most importantly, how the group as a whole is "in a position to direct and control
26 counsel." *In re Tarragon Corp.*, 2007 U.S. Dist. LEXIS 91418, at *3-4.  Presumably, the law
27 firms that aggregated these investors are aware of the intent of the PSLRA and the need to have
28 effective Lead Plaintiffs, however, they have created this purported "group" in an attempt to

circumvent the largest financial losses requirement of the PSLRA . In their papers, the Weiss Group does not even attempt to indicate how they will function as a group and with their counsel. To the extent this information is provided after the filing of their initial papers, it should be seen as too little too late and should be disregarded.

In *Bhojwani v. Pistiolis*, No. 06-13761, 2007 U.S. Dist. LEXIS 96246, at *21 (S.D.N.Y. July 30, 2007) the court acknowledged that a potential Lead Plaintiff group, with two, unrelated members, had substantially higher losses than a group of family members the court ultimately appointed as Lead Plaintiff. *Id*. at *9. Despite those higher losses, the court determined that the related investors rebutted the presumption that the unrelated group with the larger financial losses was the most suitable Lead Plaintiff. *Id*. In that case, having produced no evidence "about how and why the [unrelated group] came together," the court held that the two person group with the higher losses was "a 'lawyer driven' plaintiff engineered for the sole purpose of maintaining this lawsuit and attaining lead plaintiff status therein." Id. at *11. The Weiss Group is nothing more.

### C. **Meruelo Should Be Appointed Lead Plaintiff since He Has the Largest Financial Interest in the Relief Sought**

During the Class Period, Movant purchased a significant amount of SiRF shares and options at prices artificially inflated by defendants' false and misleading statements and has suffered losses in excess of $734,000. As depicted in the table, *supra*, Meruelo claims the largest loss other than proposed plaintiffs Detroit P&F and the Weiss Group. As Detroit P&F and the Weiss Group are inadequate under the PSLRA, Meruelo has the largest financial interest in the relief sought by the Class and should be appointed Lead Plaintiff.

///

///

///

### III. CONCLUSION

For the foregoing reasons, Meruelo respectfully requests that the Court: (i) deny all competing applications for Lead Plaintiff and Lead Counsel; (ii) appoint Alex Meruelo as Lead Plaintiff in the consolidated action; and (iii) approve Meruelo's choice of Faruqi & Faruqi, LLP and Kirtland & Packard LLP as Co-Lead Counsel in the consolidated action.

DATED: April 25, 2008

Vahn Alexander
FARUQI & FARUQI, LLP

By:     s/Vahn Alexander
              Vahn Alexander

1901 Avenue of the Stars, Second Floor
Los Angeles, CA 90067
Tel: (310) 461-1426
Fax: (310) 461-1427
valexander@faruqilaw.com

Michael L. Kelly (82063)
Behram V. Parekh (180361)
KIRTLAND & PACKARD LLP
2361 Rosecrans Avenue, Fourth Floor
El Segundo, CA 90245
Tel: (310) 536-1000
Fax: (310) 536-1001
mlk@kirtlandpackard.com
bvp@kirtlandpackard.com

*Attorneys for Proposed
Lead Plaintiff Alex Meruelo*

In re SiRf Technology Holdings, Inc. Sec. Litig.
Master File No.: C08-00856 MMC-MPA - Meruelo Opp. To Competing Motions for Lead Plaintiff and Lead Counsel

8

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing documents or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

           s/Vahn Alexander
           Vahn Alexander

# Mailing Information for a Case 3:08-cv-00856-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzia@csgrr.com,debh@csgrr.com

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Vahn Alexander**
  valexander@faruqilaw.com

- **Peter Arthur Binkow**
  info@glancylaw.com,pbinkow@glancylaw.com

- **Patrice L. Bishop**
  service@ssbla.com

- **Robert P. Frutkin**
  robertf@bernardmgross.com

- **David Malcolm Furbush**
  david.furbush@pillsburylaw.com,frances.ceccacci@pillsburylaw.com

- **Benjamin Cunningham Geiger**
  bgeiger@orrick.com

- **Deborah R. Gross**
  debbie@bernardmgross.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Jeffrey W. Lawrence**
  jeffreyl@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com,GDarwish@csgrr.com

- **Leigh Anne Parker**
  info@wllawca.com,lparker@weisslurie.com

- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com

- **Ira M. Press**
  ipress@kmslaw.com,lmorris@kmslaw.com

- **Michael Francis Ram**
  mfr@lrolaw.com,amw@lrolaw.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Amy M. Ross**
  aross@orrick.com

- **Adrian James Sawyer**
  sawyer@kerrwagstaffe.com,murphy@kerrwagstaffe.com

- **Michael David Torpey**
  mtorpey@orrick.com

- **Robert P. Varian**
  rvarian@orrick.com,bclarke@orrick.com

- **Shawn A. Williams**
  shawnw@csgrr.com,travisd@csgrr.com,moniquew@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,e_file_sd@csgrr.com,aelishb@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Jules Brody
Stull Stull & Brody
6 East 45th Street
New York, NY 10017

Kenneth A. Elan
Law Offices of Kenneth A. Elan
217 Broadway
Suite 605
New York, NY 10007
```