ROBERT P. VARIAN (STATE BAR NO. 107459)
MICHAEL D. TORPEY (STATE BAR NO. 79424)
AMY M. ROSS (STATE BAR NO. 215692)
BENJAMIN G. GEIGER (STATE BAR NO. 245614 )
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    1-415-773-5700
Facsimile:     1-415-773-5759

Attorneys for Defendants SiRF Technology Holdings, Inc.,
Michael L. Canning, Diosdado P. Banatao, Geoffrey Ribar and
Kanwar Chadha

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SiRF TECHNOLOGY HOLDINGS, INC. SECURITIES LITIGATION<br><br>This Document Related To: All Actions | No.  C-08-00856-MMC<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO CIVIL LOCAL RULE 7-11; MEMORANDUM OF POINTS AND AUTHORITIES** |

**NOTICE TO THE COURT AND ALL PARTIES:**

PLEASE TAKE NOTICE that defendants SiRF Technology Holdings, Inc., Michael L. Canning, Diosdado P. Banatao, Geoffrey Ribar and Kanwar Chadha ("Defendants") hereby move for administrative relief pursuant to Civil Local Rule 7-11. Under Civil Local Rule 7-11(c), this motion will be before the Court for immediate consideration without a hearing, unless otherwise ordered, on the fourth day after this motion is filed.

Defendants request a rescheduling of four deadlines reflected in the February 8, 2008 Order Setting Initial Case Management Conference and ADR Deadlines on the grounds that adherence to the existing schedule would be impractical and unproductive prior to appointment of lead plaintiff and lead counsel in this securities class action, which is subject to the procedural provisions of the Private Securities Litigation Reform Act of 1995. The deadlines subject to this request are: (1) that the parties meet and confer regarding initial disclosures, early settlement, ADR process selection, and a discovery plan no later than April 25, 2008; (2) that the parties file their Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference no later than April 25, 2008; (3) that the parties file their Rule 26(f) Report, complete initial disclosures or objections thereto, and case management conference statements no later than May 9, 2008; and (4) the Initial Case Management Conference scheduled for May 16, 2008.

This motion is based upon the following Memorandum of Points and Authorities, the Declaration of Amy M. Ross in support of Defendants Motion for Administrative Relief, the papers on file in the action, and such other matters as may be judicially noticed.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On February 8, 2008, the Court entered an Order Setting Initial Case Management Conference and ADR Deadlines (the "Initial Order") which required the parties (1) to meet and confer no later than April 25, 2008, regarding initial disclosures, early settlement, ADR process selection, and a discovery plan; (2) to file no later than April 25, 2008, a Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference no; and (3) to file, no later than May 9, 2008, their Rule 26(f) Report, complete initial disclosures or objections to disclosure, and case management conference statements.  The Initial Order also set the Initial Case Management Conference for May 16, 2008.

This case is a putative securities class action, and as such, is governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA").  15 U.S.C. §78u-4(a)(1).  Under the PSLRA, when more than one party moves to represent the alleged class of plaintiffs, the Court must select the "most adequate" plaintiff to serve as lead plaintiff, and appoint, or confirm the lead plaintiff's selection of, counsel to act on behalf of the plaintiff class.  15 U.S.C. §78u-4(a)(3)(B)(i).  Until a lead plaintiff is appointed, there is no party, and no counsel, with authority to act on behalf of the alleged class.

On April 8, 2008, nine parties -- each represented by separate attorneys -- filed motions to be appointed Lead Plaintiff.  The motions are scheduled to be heard by the Court on May 16, 2008.  Since no party, and no counsel, currently has authority to act on behalf of the alleged class of plaintiffs, defendants and the nine movants for appointment as Lead Plaintiff in this case are unable to conduct the case management activities contemplated by the Initial Order.

Moreover, at least five plaintiffs filed individual complaints against defendants but did not move for appointment as lead plaintiff.  Although the case has been consolidated for administrative purposes, there is not yet an operative complaint, and it is not easily discernable for Defendants to identify all potential class representatives.  *See* Declaration of Amy M. Ross filed herewith.

The Court has also already ordered that "[f]ollowing the appointment of a Lead Plaintiff and Lead Plaintiff's Counsel, the parties shall meet and confer and submit a mutually agreeable

1 schedule for the filing of a consolidated complaint . . . as well as for the briefing and hearing of
2 responses" in the Stipulation and Consolidation Order entered on March 14, 2008.  Defendants
3 now seek to extend the deadlines contemplated in the Initial Order in a manner consistent with its
4 March 14, 2008 Order until after such time as there is a lead plaintiff and lead plaintiff counsel
5 authorized to act on behalf of the putative class.

6     Defendants thus move for administrative relief pursuant to Civil Local Rule 7-11, request
7 that the Court continue (1) the initial conference of the parties regarding initial disclosures, early
8 settlement, ADR process selection, and a discovery plan; (2) the filing date of the Joint ADR
9 Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference;
10 (3) the filing date of the parties' Rule 26(f) Report, complete initial disclosures or objections to
11 disclosure, and case management conference statements; and (4) the Initial Case Management
12 Conference until after appointment of a lead plaintiff and lead plaintiff's counsel.

## CONCLUSION

14     For the reasons discussed above, the Court should grant Defendants' Motion for
15 Administrative Relief.

| | |
|---|---|
| Dated: April 25, 2008 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | /s/ Amy M. Ross |
| | ROBERT P. VARIAN<br>MICHAEL D. TORPEY<br>AMY M. ROSS<br>BENJAMIN G. GEIGER<br>Attorneys for Defendants<br>SiRF Technology Holdings, Inc.,<br>Michael L. Canning, Diosdado P. Banatao,<br>Geoffrey Ribar and Kanwar Chadha |