1 | COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
2 | JEFFREY W. LAWRENCE (166806)
    100 Pine Street, Suite 2600
3 | San Francisco, CA  94111
    Telephone:  415/288-4545
4 | 415/288-4534 (fax)                          LAW OFFICES BERNARD M.
    jeffreyl@csgrr.com                              GROSS, P.C.
5 |         – and –                             DEBORAH R. GROSS
    DARREN J. ROBBINS (168593)                  ROBERT P. FRUTKIN
6 | RAMZI ABADOU (222567)                       Wanamaker Bldg., Suite 450
    655 West Broadway, Suite 1900               100 Penn Square East
7 | San Diego, CA  92101                        Philadelphia, PA  19107
    Telephone:  619/231-1058                    Telephone:  215/561-3600
8 | 619/231-7423 (fax)                          215/561-3000 (fax)
    darrenr@csgrr.com                           debbie@bernardmgross.com
9 | ramzia@csgrr.com                            rpf@bernardmgross.com

10 | [Proposed] Co-Lead Counsel for Plaintiffs

11 | [Additional counsel appear on signature page.]

12 | UNITED STATES DISTRICT COURT

13 | NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 14 | In re SiRF TECHNOLOGY HOLDINGS, INC. ) <br> SECURITIES LITIGATION ) | Master File No. 3:08-cv-00856-MMC |
| 15 | ) | <u>CLASS ACTION</u> |
| 16 | ) <br> This Document Relates To: ) <br> ) | IRON WORKERS' & WEISS' OMNIBUS <br> OPPOSITION TO ALL OTHER MOTIONS |
| 17 | ALL ACTIONS. ) <br> ) | FOR APPOINTMENT AS LEAD <br> PLAINTIFF |
| 18 | | |
| 19 | | DATE:  May 16, 2008 <br> TIME:  9:00 a.m. <br> COURTROOM:  7 |

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ...................................................................................................1

II.  ARGUMENT ..........................................................................................................2

    A.   The PSLRA's Lead Plaintiff Provisions ....................................................2

    B.   Detroit P&F Is Subject to the Restrictions Set Forth in 15 U.S.C. §78u-4(a)(3)(B)(vi) ...............................................................................................3

        1.   Detroit P&F Has Already Been Appointed in More than Five Cases in the Past Three Years .............................................................5

        2.   Detroit P&F Cannot Demonstrate Why the Court Should Excuse It from the PSLRA's "Restrictions on Professional Plaintiffs" ...............6

    C.   Iron Workers & Weiss Are the Most Adequate Plaintiff .............................8

        1.   Iron Workers & Weiss Have the Largest Financial Interest of Any Applicant that Is Not Barred by the PSLRA ................................8

        2.   Iron Workers & Weiss Satisfy Rule 23 .................................................8

        3.   Iron Workers & Weiss Are an Appropriate Group ..............................9

    D.   All Other Motions Should be Denied .......................................................11

III. CONCLUSION......................................................................................................11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Andrada v. Atherogenics, Inc.*,
　2005 U.S. Dist. LEXIS 6777 (S.D.N.Y. 2005) ................................................................. 11

*Aronson v. McKesson HBOC, Inc.*,
　79 F. Supp. 2d 1146 (N.D. Cal. 1999) .................................................................... *passim*

*Bell v. Ascendant Solutions, Inc.*,
　2002 U.S. Dist. LEXIS 6850 (N.D. Tex. 2002) ............................................................ 9, 11

*Borochoff v. GlaxoSmithKline PLC*,
　246 F.R.D. 201 (S.D.N.Y. 2007) ......................................................................................... 9

*Casden v. HPL Techs., Inc.*,
　2003 U.S. Dist. LEXIS 19606 (N.D. Cal. 2003) ............................................................... 4

*Chiaretti v. Orthodontic Ctrs. of Am., Inc.*,
　2003 U.S. Dist. LEXIS 25264 (E.D. La. 2003) .............................................................. 4, 6

*Connecticut Nat'l Bank v. Germain*,
　503 U.S. 249 (1992) ............................................................................................................ 3

*Ezra Charitable Trust v. Rent-Way, Inc.*,
　136 F. Supp. 2d 435 (W.D. Pa. 2001) ................................................................................ 5

*Ferrari v. Gisch*,
　225 F.R.D. 599 (C.D. Cal. 2004) ........................................................................................ 9

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
　2004 U.S. Dist. LEXIS 10200 (E.D. Pa. 2004) ................................................................. 9

*In re Atmel Corp. Sec. Litig.*,
　2003 U.S. Dist. LEXIS 26470 (N.D. Cal. 2003) ............................................................... 1

*In re Baan Co. Sec. Litig.*,
　186 F.R.D. 214 (D.D.C. 1999) ........................................................................................... 9

*In re Bausch & Lomb Sec. Litig.*,
　No. 06-cv-06296 (W.D.N.Y.) ............................................................................................. 5

*In re Cable & Wireless, PLC, Sec. Litig.*,
　217 F.R.D. 372 (E.D. Va. 2003) ....................................................................................... 10

*In re Cavanaugh*,
　306 F.3d 726 (9th Cir. 2002) ................................................................................ 1, 2, 3, 7

*In re Cendant Corp. Litig.*,
　264 F.3d 201 (3d Cir. 2001) ............................................................................................... 9

**Page**

*In re CNL Hotels & Resorts, Inc. Sec. Litig.*,
   No. 6:04-cv-1231-Orl-31KRS. (M.D. Fla. Nov. 10, 2004) ............................................2, 6

*In re Enron Corp., Sec. Litig.*,
   206 F.R.D. 427 (S.D. Tex. 2002) ..................................................................................5, 7

*In re Lernout & Hauspie Sec. Litig.*,
   138 F. Supp. 2d 39 (D. Mass. 2001) ................................................................................9

*In re Nw. Corp. Sec. Litig.*,
   299 F. Supp. 2d 997 (D.S.D. 2003) ..................................................................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ......................................................................................10

*In re Sprint Corp. Sec. Litig.*,
   164 F. Supp. 2d 1240 (D. Kan. 2001) ..............................................................................9

*In re Telxon Corp. Sec. Litig.*,
   67 F. Supp. 2d 803 (N.D. Ohio 1999) ...............................................................3, 5, 6, 8

*In re Tyco Int'l, Ltd. Sec. Litig.*,
   2000 U.S. Dist. LEXIS 13390 (D.N.H. 2000) .................................................................9

*In re Unumprovident Corp. Sec. Litig.*,
   2003 U.S. Dist. LEXIS 24633 (E.D. La. 2003) .......................................................3, 4, 7

*In re Versata, Inc.*,
   2001 U.S. Dist. LEXIS 24270 (N.D. Cal. 2001) ...................................................... *passim*

*Johnson v. Pozen, Inc.*,
   2008 U.S. Dist. LEXIS 12004 (M.D.N.C. 2008) .......................................................2, 10

*Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.*,
   2000 U.S. Dist. LEXIS 16712 (D.N.J. 2000) ...................................................................9

*Newman v. Eagle Bldg. Techs.*,
   209 F.R.D. 499 (S.D. Fla. 2002) ......................................................................................9

*Offshore Logistics v. Tallentire*,
   477 U.S. 207 (1986) .........................................................................................................3

*Richardson v. TVIA, Inc.*,
   2007 U.S. Dist. LEXIS 28406 (N.D. Cal. 2007) ..........................................................8, 9

*Schulman v. Lumenis, Ltd.*,
   2003 U.S. Dist. LEXIS 10348 (S.D.N.Y. 2003) ..............................................................9

*Stengle v. American Italian Pasta Co.*,
   2005 U.S. Dist. LEXIS 43816 (W.D. Mo. 2005) .....................................................2, 3, 5

|   |   |
|---|---|
|   | **Page** |

*Thompson v. Shaw Group, Inc.*,
    2004 U.S. Dist. LEXIS 25641 (E.D. La. 2004) ........................................................ *passim*

*Weisz v. Calpine Corp.*,
    2002 U.S. Dist. LEXIS 27831 (N.D. Cal. 2002) ..........................................................1, 10

*Yousefi v. Lockheed Martin Corp.*,
    70 F. Supp. 2d 1061 (C.D. Cal. 1999) ................................................................................10

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78u-4(a)(2)(A)..........................................................................................................7
    §78u-4(a)(3) ..............................................................................................................1
    §78u-4(a)(3)(B)(iii)(I)...............................................................................................2
    §78u-4(a)(3)(B)(vi) ..........................................................................................1, 2, 3

Federal Rules of Civil Procedure
    Rule 23 ...........................................................................................................1, 2, 8, 10
    Rule 23(a)..................................................................................................................8

**SECONDARY AUTHORITIES**

Black's Law Dictionary (6th ed. 1990).............................................................................................3

Iron Workers Local No. 25 Pension Fund and Kenneth L. Weiss (collectively, "Iron Workers & Weiss") respectfully submit this omnibus memorandum of law in opposition to all other motions for appointment as lead plaintiff.

## I. INTRODUCTION

Presently pending before the Court are nine motions filed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). 15 U.S.C. §78u-4(a)(3). In addition to the motion filed by Iron Workers & Weiss, lead plaintiff motions were also filed by: (i) the Pension Police and Fire Retirement System of Detroit ("Detroit P&F"); (ii) Alex Meruelo; (iii) City of Omaha, Nebraska Civilian Employees' Retirement System and City of Omaha Police and Fire Retirement System; (iv) Matthew Delaney; (v) Christopher Collins; (vi) Allan Nussbaum; (vii) James Van Atten; and (viii) Schorr Revocable Trust.

Now that the actions have been consolidated, the Court must appoint as lead plaintiff the "person or groups of persons" with the largest financial interest in the relief sought by the class that otherwise satisfy the requirements of Fed. R. Civ. P. 23 ("Rule 23"). *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *In re Atmel Corp. Sec. Litig.*, 2003 U.S. Dist. LEXIS 26470 (N.D. Cal. 2003). In addition to ensuring that these requirements are met, the PSLRA also imposes a presumptive bar against "professional plaintiffs." *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1156 (N.D. Cal. 1999). As set forth herein, Detroit P&F is the only applicant before the Court that is subject to this statutory disqualification. *See* 15 U.S.C. §78u-4(a)(3)(B)(vi).

Iron Workers & Weiss should be appointed because they have the largest financial interest of any applicant that satisfies Rule 23. Moreover, Iron Workers & Weiss are a small, cohesive "group" of the sort that courts, including courts in this district, regularly appoint as lead plaintiffs.[1] *See, e.g.*, *Weisz v. Calpine Corp.*, 2002 U.S. Dist. LEXIS 27831, at *30 (N.D. Cal. 2002) ("[t]he Court finds that appointing both an institutional and an individual investor to serve as co-lead plaintiffs will

---

[1] Iron Workers & Weiss have also submitted declarations further attesting to their adequacy, background and mechanisms for jointly prosecuting this litigation. *See* Declaration of Ramzi Abadou in Support of Iron Workers' & Weiss' Omnibus Opposition to All Other Motions for Appointment as Lead Plaintiff ("Abadou Decl."), Exs. A-B; 2003 U.S. Dist. LEXIS 26470, at *5-*6.

ensure that all class members will adequately be represented in the prosecution of this action"); *In re Versata, Inc.*, 2001 U.S. Dist. LEXIS 24270 (N.D. Cal. 2001) (Illston, J.) (same); *see also Johnson v. Pozen, Inc.*, 2008 U.S. Dist. LEXIS 12004 (M.D.N.C. 2008) (same).

By contrast, despite the size of its loss, the Court should deny Detroit P&F's motion because, as two district courts have previously held, Detroit P&F is presumptively barred from serving as a lead plaintiff under 15 U.S.C. §78u-4(a)(3)(B)(vi). *See, e.g.*, *Thompson v. Shaw Group, Inc.*, 2004 U.S. Dist. LEXIS 25641, at *21-*23 (E.D. La. 2004) (denying Detroit P&F's motion); *In re CNL Hotels & Resorts, Inc. Sec. Litig.*, No. 6:04-cv-1231-Orl-31KRS, slip op. at 3 (M.D. Fla. Nov. 10, 2004) (same) (Abadou Decl., Ex. C). Given that all other movants suffered smaller losses than Iron Workers & Weiss, their motions should also be denied. *See Cavanaugh*, 306 F.3d at 732; §II.D., *infra*.

## II. ARGUMENT

### A. The PSLRA's Lead Plaintiff Provisions

The PSLRA provides that courts "shall adopt a presumption that the most adequate plaintiff . . . is the person or groups of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class; and . . . otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Despite the foregoing, the PSLRA bars "Professional Plaintiffs" from serving as lead plaintiff:

> Restrictions on professional plaintiffs.
>
> Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an ***officer, director, or fiduciary of a lead plaintiff***, in ***no more than 5*** securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure ***during any 3-year period***.

15 U.S.C. §78u-4(a)(3)(B)(vi);[2] *see Stengle v. American Italian Pasta Co.*, 2005 U.S. Dist. LEXIS 43816, at *19-*20 (W.D. Mo. 2005) ("Teachers' Retirement is currently serving as lead plaintiff in at least six actions and is therefore defined as a 'professional plaintiff' whose application to be lead plaintiff is disfavored by the statute.").

---

[2]  Unless otherwise noted, all emphasis is added and citations are omitted.

**B.    Detroit P&F Is Subject to the Restrictions Set Forth in 15 U.S.C. §78u-4(a)(3)(B)(vi)**

Detroit P&F is a "professional plaintiff." In the past three years, Detroit P&F has already been appointed as a lead plaintiff in six cases. *See Stengle*, 2005 U.S. Dist. LEXIS 43816, at *19-*20 (rejecting institution that had been appointed in six cases in three years); *McKesson*, 79 F. Supp. 2d 1156-57 (same). Despite this undeniable fact, there will likely be considerable disagreement between the parties concerning whether the PSLRA's restrictions of professional plaintiffs applies to institutional investors like Detroit P&F.[3] The PSLRA, however, explicitly states that a lead plaintiff or an "an officer, director or fiduciary" of a lead plaintiff cannot serve in that capacity more than 5 times in 3 years.[4] *See In re Unumprovident Corp. Sec. Litig.*, 2003 U.S. Dist. LEXIS 24633, at *19-*22 (E.D. La. 2003). Hence, had Congress meant to exempt institutions from its restrictions on professional plaintiffs, as Detroit P&F and its lawyers will surely argue, Congress would ***not*** have included words "officer, director or fiduciary" in its prohibition. *See, e.g.*, *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 820-21 (N.D. Ohio 1999) (declining to "accept the suggestion that that preference [for institutional investors in the PSLRA's Conference Report] requires, or even encourages, the Court to disregard the ***expressly stated*** limitations [against professional plaintiffs] in the statute itself") (emphasis in original). "[O]fficers [and] directors" do not serve as representatives of individuals, they serve as representatives of ***institutions***.[5] *See Offshore Logistics v. Tallentire*,

---

[3]    Iron Workers & Weiss presume that Congress both said what it meant and meant what it said in 15 U.S.C. §78u-4(a)(3)(B)(vi). *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("courts must presume that a legislature says in a statute what it means and means in a statute what it says"). By contrast, Detroit P&F will – indeed must – urge this Court to ignore the PSLRA's text and appoint it lead plaintiff on the basis of a Conference Report.

[4]    In *Cavanaugh*, the Ninth Circuit reasoned that the "***the prohibition against professional plaintiffs*** . . . will diminish the risk of lawyer-driven lawsuits." *Cavanaugh*, 306 F.3d at 737-38.

[5]    Black's Law Dictionary (6th ed. 1990) defines the word "officer" as "[a] person holding office of trust, command or authority in corporation, government, armed services ***or other institution*** or organization."

477 U.S. 207, 220-22 (1986) ("Normal principles of statutory construction require that we give effect to the subtleties of language that Congress chose to employ . . . ." in enacting a statute).[6]

In *McKesson*, Judge Whyte found that an institutional professional plaintiff who had already been appointed in six cases in three years (like Detroit P&F here) was presumptively barred from serving as lead plaintiff, reasoning:

> Florida disputes that the professional plaintiff provision is even applicable, because it is an institutional investor, and Congress sought to encourage institutional investors to become lead plaintiffs. Citing the House Conference Report, Florida asserts that the drafters of the Reform Act fully expected institutional investors to exceed the five suits-in-three years provision of the Act . . . .
>
> Florida's arguments do not persuade the court to lift the presumptive bar. ***The text of the statute contains no flat exemption for institutional investors***. Indeed, looking at the section as a whole (and the statute commands consideration of "the purposes of this section"), institutional investors are already heavily favored by the requirement that the lead plaintiff have the "largest financial interest" in the litigation. Moreover, Congress also desired to increase client control over plaintiff's counsel, and allowing simultaneous ***prosecution of six securities actions is inconsistent with that goal***.

*McKesson*, 79 F. Supp. 2d at 1156-57.[7] Similarly, in *Unumprovident*, the court barred another institutional professional plaintiff like Detroit P&F from serving as lead plaintiff, reasoning:

> Congress hoped to cure perceived abuses of securities class actions by wresting control of such actions from professional plaintiffs and ***overly-aggressive attorneys*** and giving it to institutional investors and other large shareholders who would presumably have greater incentive to monitor counsel and insure the interest of all shareholders were protected. The larger the number of cases being directed by a single institutional investor, the less likely it is these purposes are being served. ***Simultaneous prosecution of nine different securities class actions would stretch the resources of even the largest institutional investors***.

2003 U.S. Dist. LEXIS 24633, at *20-*21 (footnote omitted).

More to the point, in *Shaw Group*, the Honorable Helen G. Berrigan specifically denied Detroit P&F's lead plaintiff motion on this basis, reasoning:

---

[6] *Chiaretti v. Orthodontic Ctrs. of Am., Inc.*, 2003 U.S. Dist. LEXIS 25264, at *6 n.3 (E.D. La. 2003) ("If the general counsel were not a 'fiduciary' as that term is commonly understood, it would strain reason to say who is. If Congress had wanted to limit 'fiduciary' to one who makes investment decisions (as was argued), Congress would have, and could have, said so. Moreover, the Court finds nothing in the legislative history to support this argument.").

[7] *C/f Casden v. HPL Techs., Inc.*, 2003 U.S. Dist. LEXIS 19606 (N.D. Cal. 2003).

> Any speculation aside, the Court rules simply that there is a risk of overstretch where Detroit P&[F] would be directing a total of eight concurrent lawsuits were Detroit P&[F] selected as Lead Plaintiff here as well. . . . Although the legislative history appears to favor institutional investors, ***a policy of equal force is the general prevention of over-representation regardless of the plaintiff's status***.

2004 U.S. Dist. LEXIS 25641, at *22. Similarly, in *Enron*, Judge Harmon denied the lead plaintiff application of an institutional investor with the largest loss because it exceeded the PSLRA's presumptive bar, reasoning that "the purposes of the provision would be lost if the Court granted [FSBA's] application." *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 457 (S.D. Tex. 2002). Although the professional plaintiff in *Enron* had suffered losses of $181 million more than the lead plaintiff ultimately appointed, Judge Harmon appointed another movant as lead plaintiff because of its commitment, focus and attention to the case at bar. *Id.*; *McKesson*, 79 F. Supp. 2d at 1156; *Ezra Charitable Trust v. Rent-Way, Inc.*, 136 F. Supp. 2d 435, 441 (W.D. Pa. 2001); *Telxon*, 67 F. Supp. 2d at 820-21.

### 1.   Detroit P&F Has Already Been Appointed in More than Five Cases in the Past Three Years

During the last three years, Detroit P&F has been appointed as lead plaintiff in – and is currently responsible for actively directing – at least six cases:

- *In re Dot Hill Sys. Sec. Litig.*, No. 06-cv-0228 (S.D. Cal.);
- *In re Marvell Tech. Group Ltd. Sec. Litig.*, No. 06-cv-06286 (N.D. Cal.);
- *SafeNet Inc. Sec. Litig.*, No. 06-cv-5797 (S.D.N.Y.);
- *In re Bausch & Lomb Sec. Litig.*, No. 06-cv-06296 (W.D.N.Y.);
- *In re KLA-Tencor Corp. Sec. Litig.*, No. 06-cv-4065 (N.D. Cal.); and
- *McLain v. WSB Fin. Group Inc.*, No. 07-cv-1747 (W.D. Wash.).

*See Stengle*, 2005 U.S. Dist. LEXIS 43816, at *19-*20 ("Teachers' Retirement is currently serving as a lead plaintiff ***in at least six actions*** and is therefore defined as a 'professional plaintiff' whose application to be lead plaintiff is ***disfavored by the statute***."). Given that Detroit P&F is already responsible for simultaneously attempting to direct litigations in federal courthouses from New York to San Diego to Washington to San Francisco, it may lack the resources to properly oversee this

1  action *and its counsel* in the manner envisioned by Congress.[8]  These are not minor contract

2  disputes, but rather massive, complex securities class actions involving dozens of defendants,

3  millions of documents, scores of depositions and billions of dollars of investor losses.

4        To saddle the class with a sole fiduciary already so heavily burdened with litigation

5  commitments would be a disservice to absent class members.  The putative class in this case

6  deserves more.  Similar concerns were raised by Judge O'Malley in *Telxon*, where she noted:

7      [A]n institutional investor that is *simultaneously* involved in one or more other
    securities class actions would have fewer resources available and be less able to
8      police its attorney's conduct.  A lessened ability to monitor the conduct of its
    attorneys also could be revealed by the number of actions in which it is currently
9      *seeking* appointment as lead plaintiff.

10  67 F. Supp. 2d at 822 (emphasis in original); *Shaw Group*, 2004 U.S. Dist. LEXIS 25641, at *19-

11  *22; *Chiaretti*, 2003 U.S. Dist. LEXIS 25264, at *5-*6;  *CNL Hotels & Resorts*, No. 6:04-cv-1231-

12  Orl-31KRS, slip op. at 3 (Abadou Decl., Ex. C) (Detroit P&F "runs afoul of the 'professional

13  plaintiff' provision" of the PSLRA).[9]  Thus, under both the language of the PSLRA and well-

14  reasoned case law interpreting it, Detroit P&F's motion for appointment as lead plaintiff should be

15  denied.

16     **2.**    **Detroit P&F Cannot Demonstrate Why the Court Should Excuse It from the PSLRA's "Restrictions on Professional**
17           **Plaintiffs"**

18        Where a presumptively barred applicant like Detroit P&F seeks to be appointed lead plaintiff,

19  the burden is placed on that applicant to demonstrate why the bar should be lifted.  *See Telxon*, 67 F.

20  Supp. 2d at 820; *McKesson*, 79 F. Supp. 2d at 1156 (5-in-3 rule creates "a rebuttable presumption

---

[8]  Detroit P&F is also serving as lead plaintiff in another case that just happens to fall outside the three year window: *In re Levi Strauss & Co. Sec. Litig.*, No. 03-5605 (N.D. Cal.).  In all, Detroit P&F is currently serving as lead plaintiff in *seven* cases, not including its motion here.

[9]  In addition to currently serving as lead plaintiff in seven securities cases, Detroit P&F will seek to be appointed lead plaintiff in an *additional* securities class action involving Societe Generale on May 12, 2008.  *See* Abadou Decl., Ex. D at 27; *Telxon*, 67 F. Supp. 2d at 820 n.29 ("The number of actions in which a putative lead plaintiff is *seeking* appointment . . . is relevant to whether the Court should exercise its discretion to lift the bar in particular instances . . . .") (emphasis in original).  If the Court were to grant Detroit P&F's motion here, and it is appointed in Societe Generale, it will be attempting to "actively" direct *nine* different securities class action cases simultaneously.

1  that the same plaintiff should not direct more than five securities class actions in three years");

2  *Unumprovident*, 2003 U.S. Dist. LEXIS 24633, at *20 ("the burden is upon the presumptively barred

3  candidate to demonstrate why the bar should not be applied in a given case").

4        Here, Detroit P&F has not demonstrated any special circumstances that would warrant lifting

5  the presumptive bar. *See Shaw Group*, 2004 U.S. Dist. LEXIS 25641, at *21-*22. Instead, Detroit

6  P&F has demonstrated just the opposite. For instance, the PSLRA requires each lead plaintiff

7  applicant to provide a sworn certification identifying all actions in which it has sought or is seeking

8  to serve as lead plaintiff during the previous three years. 15 U.S.C. §78u-4(a)(2)(A). The PSLRA's

9  lead plaintiff certification requirements must be met, and any party may point out the failure of

10  another party to meet those requirements. *See Cavanaugh*, 306 F.3d at 737-38 (certification

11  requirement is "***among the most important***" under the PSLRA).

12        Detroit P&F's certification in this case neglected to advise the Court of its intention to seek

13  lead plaintiff appointment in yet another (enormously complex) securities class action involving

14  Societe Generale. *See* Abadou Decl., Ex. D at 27.[10] This "oversight" indicates a lead plaintiff who

15  may be simply ***incapable*** of adequately overseeing yet another complex securities class action such

16  as this. *See, e.g.*, *Versata*, 2001 U.S. Dist. LEXIS 24270, at *7 (Congress enacted the PSLRA to

17  eliminate "mere 'figureheads' with no actual control or desire to supervise the litigation");

18  *Unumprovident*, 2003 U.S. Dist. LEXIS 24633, at *23.

19        Ultimately, when examined in conjunction with its status as a professional plaintiff, Detroit

20  P&F's filing oversight at this early stage of the litigation evidences its inability to adequately

21  prosecute and monitor this litigation – and hence its inadequacy to represent the class. *See Enron*,

22  206 F.R.D. at 457-58 (reasoning that professional plaintiffs should not be appointed lead plaintiffs

---

[10] In addition to the Societe Generale lead plaintiff motion that Detroit P&F has decided to make on May 12, 2008, Detroit P&F is also currently serving as a plaintiff responsible for directing on behalf of the shareholder class the highly-publicized, complex multi-billion dollar cases involving the attempted purchase of Yahoo! by Microsoft and the sale of Bear Stearns to JP Morgan Chase. *See* Abadou Decl., Ex. D at 13-14. It appears that in the Yahoo! class action, Detroit P&F is currently in the midst of responding to massive discovery requests. *Id*. And, Detroit P&F filed an action, has sought interim relief and appears to be seeking appointment as so-called "lead plaintiff" in the Bear Stearns case. *Id*. at 15.

due to their "fractured attention and resources with respect to [the present] suit"); *Telxon*, 67 F. Supp. 2d at 822 ("[A]n institutional investor that is *simultaneously* involved in one or more other securities class actions would have fewer resources available and be less able to police its attorney's conduct."). Detroit P&F's motion should be denied.

### C. Iron Workers & Weiss Are the Most Adequate Plaintiff

#### 1. Iron Workers & Weiss Have the Largest Financial Interest of Any Applicant that Is Not Barred by the PSLRA

After Detroit P&F, Iron Workers & Weiss have the largest financial interest, having lost approximately $1 million in their transactions in SiRF securities during the Class Period. *See* Declaration of Darren J. Robbins in Support of Iron Workers Local No. 25 Pension Fund's and Kenneth L. Weiss' Motion for Appointment as Lead Plaintiff and for Approval of their Selection of Lead Counsel, Ex. B. The next largest applicant, Alex Meruelo, claims a loss of approximately $734,000 and also suffers from Rule 23 defects. *See* §II.D., *infra*.

#### 2. Iron Workers & Weiss Satisfy Rule 23

In deciding motions for appointment of lead plaintiff, courts limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Richardson v. TVIA, Inc.*, 2007 U.S. Dist. LEXIS 28406, at *15 (N.D. Cal. 2007). Iron Workers & Weiss meet both of these requirements.

Iron Workers & Weiss' claims are typical of the claims of the class because they arise from the same series of events and are based on the same legal theories as the claims of all the class members. *Id*. at *16. Just like all other class members, Iron Workers and Weiss: (1) purchased SIRF securities during the Class Period; (2) purchased SIRF securities in reliance upon the alleged materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Iron Workers & Weiss' claims are typical. *See id*.

Iron Workers & Weiss will also "fairly and adequately" protect the interests of the class. Iron Workers & Weiss do not have any conflicts and their interests are aligned with those of the class as both would benefit from the same relief. *Id*. As articulated in their respective supplemental declarations, Iron Workers & Weiss will also vigorously prosecute this action to obtain the best

1  recovery for the class. *See id*. In addition, Iron Workers & Weiss have selected and retained
2  proposed lead counsel that is highly qualified, experienced and able to conduct this complex
3  litigation in a professional manner. *See, e.g.*, *Borochoff v. GlaxoSmithKline PLC*, 246 F.R.D. 201,
4  205 (S.D.N.Y. 2007).

### 3. Iron Workers & Weiss Are an Appropriate Group

"Since the statute expressly authorizes the appointment of a 'group' of persons to serve as Lead Plaintiffs, the key question is whether the proposed plaintiff group can effectively manage the litigation and direct lead counsel." *Ferrari v. Gisch*, 225 F.R.D. 599, 608-09 (C.D. Cal. 2004) (Manella, J.). Here, the appointment of the Iron Workers & Weiss "satisfies the purposes of the [PSLRA]." *Id*. First, the group consists of only two lead plaintiffs, "which is a manageable number." *Id*.; *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("The statute contains no requirement mandating that the members of a proper group be 'related' in some manner; it requires only that any such group 'fairly and adequately protect the interests of the class.'"); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 216-17 (D.D.C. 1999) (quoting memorandum submitted by SEC).[11]

Moreover, Iron Workers & Weiss have submitted declarations attesting to their adequacy. Mr. Weiss is a certified public accountant with over 20 years of investing experience in the securities markets. *See* Declaration of Kenneth L. Weiss at ¶3 (Abadou Decl., Ex. A). Mr. Weiss lost approximately $712,000 due to his investments in SiRF securities. *See id*. at ¶2. The Iron Workers is a sophisticated institutional investor of the sort envisioned by Congress in enacting the PSLRA. The Iron Workers fund has approximately 4,000 participants and manages $600 million in assets.

---

[11]  *See also Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.*, 2000 U.S. Dist. LEXIS 16712, at *11-*15 (D.N.J. 2000) (appointing group); *Versata*, 2001 U.S. Dist. LEXIS 24270, at *12-*24 (same); *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 43-45 (D. Mass. 2001) (same); *Schulman v. Lumenis, Ltd.*, 2003 U.S. Dist. LEXIS 10348 (S.D.N.Y. 2003) (same); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *12 (E.D. Pa. 2004) (same); *In re Nw. Corp. Sec. Litig.*, 299 F. Supp. 2d 997, 1006 (D.S.D. 2003) (same); *Bell v. Ascendant Solutions, Inc.*, 2002 U.S. Dist. LEXIS 6850, at *14-*17 (N.D. Tex. 2002) (same); *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 503-04 (S.D. Fla. 2002) (same); *In re Tyco Int'l, Ltd. Sec. Litig.*, 2000 U.S. Dist. LEXIS 13390, at *16 (D.N.H. 2000) (same); *In re Sprint Corp. Sec. Litig.*, 164 F. Supp. 2d 1240, 1244 (D. Kan. 2001) (same).

*See* Declaration of Dennis Kramer at ¶2 (Abadou Decl., Ex. B). The Iron Workers lost approximately $300,000 from its investments in SiRF securities during the Class Period. *Id*. at ¶ 3.

Importantly, Iron Workers & Weiss also conferred ***before filing their motion*** and have implemented procedures to provide for efficient prosecution of this action, including a meeting schedule to discuss and evaluate the action as it progresses and a mechanism for arranging for "emergency" meetings. *See* Declaration of Dennis Kramer at ¶5; Declaration of Kenneth L. Weiss at ¶6 (Abadou Decl., Exs. A-B). Moreover, courts have overwhelmingly held that small groups comprised of just one institutional and individual investor are appropriate – if not ideal – lead plaintiffs. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 45 (S.D.N.Y. 1998). Judge Brieant's widely-adopted *Oxford Health* decision reasoned as follows in appointing an institution and an individual as lead plaintiffs:

> The rebuttable presumption created by the PSLRA which favors the plaintiff with the largest financial interest was not intended to obviate the principle of providing the class with the most adequate representation and in general the Act must be viewed against established principles regarding Rule 23 class actions. Allowing for diverse representation, including in this case ***a state pension fund, significant individual investors and a large institutional investor, ensures that the interests of all class members will be adequately represented*** . . . .

182 F.R.D. at 49. Other courts are in accord. *See Weisz*, 2002 U.S. Dist. LEXIS 27831, at *30 ("[t]he Court finds that appointing both an institutional and an individual investor to serve as co-lead plaintiffs will ensure that all class members will adequately be represented in the prosecution of this action"); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) ("[t]he Court also finds that with the appointment of one lead plaintiff who is an individual private investor and one lead plaintiff that is an institutional investor, the lead plaintiffs will represent a broader range of shareholder interests than if the Court appointed an individual or an institutional investor alone"); *In re Cable & Wireless, PLC, Sec. Litig.*, 217 F.R.D. 372, 379 (E.D. Va. 2003) (the appointment of an individual investor and an institutional investor was more "***ideal***" than appointing just one or the other). *Pozen*, 2008 U.S. Dist. LEXIS 12004, at *6; *Versata*, 2001 U.S. Dist. LEXIS 24270, at *26.

Here, then, as a small, cohesive group comprised of one institutional and one individual investor, Iron Workers & Weiss elected to jointly prosecute this case to ensure that the class would

1  receive the broadest representation possible.  *See Bell*, 2002 U.S. Dist. LEXIS 6850, at *16-*17

2  (reasoning that the inclusion of an institutional investor with two individual investors "***improves***

3  ***diversity of experience***" for the class); *Versata*, 2001 U.S. Dist. LEXIS 24270, at *26 ("The group

4  possesses both sophistication and business knowledge, as well as substantial individual losses which

5  ***adds meaningful incentive for a vigorous prosecution of the action***."). The Iron Workers' & Weiss'

6  efforts to represent the broadest possible range of shareholder interests should be granted.  *See id*.

7        **D.**     **All Other Motions Should be Denied**

8        Because all of the remaining movants suffered smaller losses than Iron Workers & Weiss, all

9  other motions should be denied.  In particular, Alex Meruelo appears to have traded in "options"

10  during the Class Period – a fact, without more, that courts have determined render him atypical and

11  inadequate.  *See, e.g.*, *Andrada v. Atherogenics, Inc.*, 2005 U.S. Dist. LEXIS 6777, at *15 (S.D.N.Y.

12  2005) ("As an options holder, South Ferry is potentially subject to unique defenses irrelevant to

13  regular stock purchasers in the class . . . as well as standing challenges.").

14  **III.**     **CONCLUSION**

15        For the foregoing reasons, Iron Workers & Weiss should be appointed as lead plaintiff and

16  all other motions should be denied.

17  DATED:  April 25, 2008            Respectfully submitted,

18                         COUGHLIN STOIA GELLER
                         RUDMAN & ROBBINS LLP

19                         DARREN J. ROBBINS
                       RAMZI ABADOU

20

21

22                               s/ Ramzi Abadou
                             RAMZI ABADOU

23                         655 West Broadway, Suite 1900
                       San Diego, CA  92101

24                         Telephone:  619/231-1058
                       619/231-7423 (fax)

25

26                         COUGHLIN STOIA GELLER
                         RUDMAN & ROBBINS LLP
                       JEFFREY W. LAWRENCE

27                         100 Pine Street, Suite 2600
                       San Francisco, CA  94111

28                         Telephone:  415/288-4545

| | |
|---|---|
| 1 | 415/288-4534 (fax) |
| 2 | LAW OFFICES BERNARD M. GROSS, P.C.<br>DEBORAH R. GROSS |
| 3 | ROBERT P. FRUTKIN<br>Wanamaker Bldg., Suite 450 |
| 4 | 100 Penn Square East<br>Philadelphia, PA 19107 |
| 5 | Telephone: 215/561-3600<br>215/561-3000 (fax) |
| 6 | |
| | [Proposed] Co-Lead Counsel for Plaintiffs |
| 7 | |
| | SULLIVAN, WARD, ASHER & PATTON, P.C. |
| 8 | CYNTHIA J. BILLINGS<br>25800 Northwestern Highway |
| 9 | 1000 Maccabees Center<br>Southfield, MI 48075-1000 |
| 10 | Telephone: 248/746-0700<br>248/746-2760 (fax) |
| 11 | |
| | Additional Counsel for Plaintiff |
| 12 | |

S:\CasesSD\SiRF Technology\OPP00050798-LP.doc

CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at: http://securities.csgrr.com/.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 25, 2008.

     s/ Ramzi Abadou
     RAMZI ABADOU

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: ramzia@csgrr.com

# Mailing Information for a Case 3:08-cv-00856-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzia@csgrr.com,debh@csgrr.com

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Vahn Alexander**
  valexander@faruqilaw.com

- **Peter Arthur Binkow**
  info@glancylaw.com,pbinkow@glancylaw.com

- **Patrice L. Bishop**
  service@ssbla.com

- **Robert P. Frutkin**
  robertf@bernardmgross.com

- **David Malcolm Furbush**
  david.furbush@pillsburylaw.com,frances.ceccacci@pillsburylaw.com

- **Benjamin Cunningham Geiger**
  bgeiger@orrick.com

- **Deborah R. Gross**
  debbie@bernardmgross.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Jeffrey W. Lawrence**
  jeffreyl@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com,GDarwish@csgrr.com

- **Leigh Anne Parker**
  info@wllawca.com,lparker@weisslurie.com

- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com

- **Ira M. Press**
  ipress@kmslaw.com,lmorris@kmslaw.com

- **Michael Francis Ram**
  mfr@lrolaw.com,amw@lrolaw.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Amy M. Ross**
  aross@orrick.com

- **Adrian James Sawyer**
  sawyer@kerrwagstaffe.com,murphy@kerrwagstaffe.com

- **Michael David Torpey**
  mtorpey@orrick.com

- **Robert P. Varian**
  rvarian@orrick.com,bclarke@orrick.com

- **Shawn A. Williams**
  shawnw@csgrr.com,travisd@csgrr.com,moniquew@csgrr.com,e_file_sf@csgrr.com,cwood@csgr

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Jules Brody
Stull Stull & Brody
6 East 45th Street
New York, NY 10017

Kenneth A. Elan
Law Offices of Kenneth A. Elan
217 Broadway
Suite 605
New York, NY 10007
```