1

2 PETER BINKOW #173848
MICHAEL GOLDBERG #188669
3 GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
4 Los Angeles, California 90067
Telephone: (310) 201-9150
5 Facsimile: (310) 201-9160
Email:info@glancylaw.com

6 SUSAN G. KUPFER (#141724)
GLANCY BINKOW & GOLDBERG LLP
7 One Embarcadero Center, Suite 760
San Francisco, California 94111
8 Telephone:    (415) 972-8160
Facsimile:    (415) 972-8166
9 Email: skupfer@kmllp.com
*Liaison Attorneys for Proposed Lead Plaintiff*

10 IRA M. PRESS
SARAH G. LOPEZ
11 KIRBY MCINERNEY LLP
830 Third Avenue, 10th Floor
12 New York, New York 10022
Telephone:    (212) 317-2300
13 Facsimile:    (212) 751-2540
Email: ipress@kmllp.com
14 *Attorneys for Proposed Lead Plaintiff*

15 _____

16 **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

17
In Re SiRF TECHNOLOGY HOLDINGS,         Master File No.
18 INC. SECURITIES LITIGATION            C 08 00856

19                                       **REPLY DECLARATION OF SARAH G.**
                                         **LOPEZ IN FURTHER SUPPORT OF**
20 This Document Related To:             **THE POLICE AND FIRE RETIREMENT**
                                         **SYSTEM OF THE CITY OF DETROIT'S**
21 All Actions                           **MOTION FOR APPOINTMENT OF**
                                         **LEAD PLAINTIFF  AND APPROVAL OF**
22                                       **LEAD COUNSEL**

23                                       Date: May 16, 2008
                                         Time: 9:00 a.m.
24                                       Courtroom 7, 19th Floor

25                                       Hon. Maxine M. Chesney

26

27

28 **REPLY DECLARATION OF SARAH G. LOPEZ IN FURTHER SUPPORT OF THE POLICE AND FIRE**
**RETIREMENT SYSTEM OF THE CITY OF DETROIT'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF**
**AND APPROVAL OF LEAD COUNSEL**

I, Sarah G. Lopez, hereby declare as follows:

1.     I am associated with the law firm Kirby McInerney LLP, counsel for the Police & Fire Retirement System of the City of Detroit ("Detroit PFRS").

2.     I submit this Declaration, together with the attached exhibits, in reply to competing movants' opposition to Detroit PFRS' motion for appointment of lead plaintiff and approval of lead counsel pursuant to Section 21D of the Securities Exchange Act of 1934.

3.     Attached hereto as exhibits are true and correct copies of the following:

Exhibit A:     Excerpts from the *Notice of Pendency of Class Action and Hearing on Proposed Settlements*, dated June 25, 2005 in *In re OM Group Securities Litigation,* 02-2163 (N.D. Ohio), reflecting a settlement totaling $92.4 million, and that in this action, in which Detroit PFRS served as Lead Plaintiff and class representative.   The settlement was approved on September 8, 2005.

Exhibit B:     Excerpts from the *Notice of Pendency of Class Action and Proposed Class Action Settlement,* dated  Sept. 27, 2006 in *In re King Pharmaceuticals, Inc. Securities Litigation,* No. 03-77 (E.D. Tenn.), in which Detroit PFRS served as lead plaintiff and class representative and which settled for $38 million. The settlement was approved on January 9, 2007.

Exhibit C:     Excerpts from the *Notice of Pendency and Proposed of Class Action Settlement,* dated May 24, 2002 in *In re Legato Systems, Inc.. Sec. Litig.,* No. 00-2011 (N.D. Cal.), in which Detroit PFRS served as lead plaintiff and class representative and which settled for $85 million.   The order approval this settlement was entered on July 31, 2002.

Exhibit D:     Press Release, dated January 24, 2008, from the law firm of Kohn Swift & Graf P.C. reporting an agreement to settle *In re KLA-Tencor Corp. Securities Litigation*, 06-04065 (N.D. Cal.), an action in which Detroit PFRS serves as lead plaintiff for $65 million.

| | | |
|---|---|---|
| 1 | Exhibit E: | Slip Opinion of the court in *Brody v Dot Hill Sys Corp*, 06 cv 228 (S.D. Cal |
| 2 | | 6/23/06). |
| 3 | Exhibit F: | Order, entered Feb. 24, 2007 in *Police & Fire Retirement System of the City* |
| 4 | | *of Detroit v. Safenet, Inc., et al.,* 06-5797-PAC (S.D.N.Y. Feb. 21, 2007). |
| 5 | Exhibit G: | Order, entered April 24, 2008 in *In re Focus Media Holding Limited et al,* |
| 6 | | No. 1:07-10617-LTS, appointing Iron Workers Local No. 25 Pension Fund |
| 7 | | as lead plaintiff (Docket Entry #18). |
| 8 | Exhibit H: | Sworn Certification executed by Iron Workers Local No. 25 Pension Fund |
| 9 | | dated April 8, 2008 and filed April 11, 2008 in *Monsefi v. Orion Energy* |
| 10 | | *Systems, Inc. et al.*, No. 1:08-01328-RJS (S.D.N.Y.) (Docket Entry #17, Ex. |
| 11 | | C). |
| 12 | Exhibit I | Docket in *Monsefi v. Orion Energy Systems, Inc. et al.*, No. 1:08-01328-RJS |
| 13 | | (S.D.N.Y.) as of May 1, 2008. |
| 14 | Exhibit J: | Excerpts from Memorandum of Law In Further Support of The Motion of |
| 15 | | Iron Workers Local No. 25 Pension Fund for Consolidation, Appointment as |
| 16 | | Lead Plaintiff and for Approval of Selection of Lead Counsel and in |
| 17 | | Opposition to the Competing Motions, dated April 28, 2008 and filed in |
| 18 | | *Monsefi v. Orion Energy Systems, Inc. et al.*, No. 1:08-01328-RJS |
| 19 | | (S.D.N.Y.). |
| 20 | Exhibit K: | Excerpts from *Response of the Sitzberg Group to Competing Motions for* |
| 21 | | *Appointment as Lead Plaintiff* filed on April 28, 2008 in *Monsefi v. Orion* |
| 22 | | *Energy Systems, Inc. et al.*, No. 1:08-01328-RJS (S.D.N.Y.) (Docket Entry |
| 23 | | #28). |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

1  Exhibit L:    Docket Sheets from the following federal cases in which The City of Omaha is a

2                party and where there has been activity as recently as March, 2008:

3                    1.    *Michael James v. City of Omaha,* 08-475 (8th Cir..), filed:

4                    2/29/2008.

5                    2.    *Webb v. City of Omaha, et al*, 8:06-00757 (D.Neb.), filed:

6                    12/14/2006.

7                    3.    *Young v. Dornan, et al.*, 8:07-00265 (D.Neb), filed: 7/10/2007.

8                    4.    *Nikolas v. City of Omaha, et al.*, 8:08-00087 (D.Neb.), filed

9                    2/29/2008.

10                   5.    *McKoy v. Fahey, et al.,* 8:08-00194 (D.Neb.), filed: 4/30/2008.

11                   6.    *Dempsey v. City of Omaha, et al.*, 8:07-00311 (D.Neb.), filed:

12                   8/10/2007.

13                   7.    *Bridzendine v. City of Omaha*, 8:07-00277 (D.Neb.) filed:

14                   7/23/2007.

15                   8.    *City of Omaha v. Figg Bridge Engineers et al.*, 8:07-00157

16                   (D.Neb.) filed: 4/26/2007.

17                   9.    *Hansen v. Omaha, City of et al.*, 8:07-00352 (D.Neb.) filed:

18                   9/7/2007.

19       Exhibit M:    Excerpts from Verified Class action Complaint in *Police & Fire*

20                    *Retirement System of the City of Detroit et al. v. YAHOO! INC., et*

21                    *al.*, CA3561-CC (Del. Court of Chancery), filed 2/21/2008.

22       Exhibit N:    Excerpts from *Stockholders Class Action Complaint* in *Police &*

23                    *Fire Retirement System of the City of Detroit et al. v. The Bear*

24                    *Stearns Companies, Inc., et al.,* C.A. No.3638-VCP (Del. Court of

25                    Chancery), filed March 20, 2008.

26

27

28

---

**REPLY DECLARATION OF SARAH G. LOPEZ IN FURTHER SUPPORT OF THE POLICE AND FIRE**
**RETIREMENT SYSTEM OF THE CITY OF DETROIT'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF**
**AND APPROVAL OF LEAD COUNSEL**
3

1       Exhibit O:     Alex Meruelo's Loss Chart, filed in this action as an exhibit to the

2                       April 25, 2008 Declaration of Vahn Alexander (Docket Entry #60,

3                       Ex. A).

4       Exhibit P:     Alex Meruelo's sworn Certification dated April 4, 2008, which

5                       was filed in this action, as an exhibit to the  April 8, 2008

6                       Declaration of Vahn Alexander (Docket Entry #21 Ex. A ).

7

8  I declare under penalty of perjury under the laws of the State of California that the foregoing facts

9  are true and correct.

10

11  Executed this 2ND  day of May, 2008.

12

13

14

15                               Sarah G. Lopez

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| IN RE OM GROUP, INC. SECURITIES LITIGATION | LEAD DOCKET NO.  1:02 CV 2163 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | JUDGE DONALD C. NUGENT<br>MAGISTRATE JUDGE NANCY A. VECCHIARELLI |

**NOTICE OF:**
**(1) PENDENCY OF CLASS ACTION, AND**
**(2) HEARING ON PROPOSED SETTLEMENTS AND**
**ATTORNEYS' FEE PETITION AND RIGHT TO SHARE IN NET SETTLEMENT FUND**

**NOTICE OF PENDENCY OF CLASS ACTION:  If you purchased OM Group, Inc. common stock during the period from January 27, 2000 through and including October 30, 2002, please be advised that your rights may be affected by a Class Action lawsuit pending in this court.**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:  Please also be advised that Lead Plaintiff Policemen and Firemen Retirement System of the City of Detroit ("Detroit P&F" or "Lead Plaintiff") has reached two separate proposed settlements that together will resolve all claims of Lead Plaintiff and the Class (as defined in ¶ 1 below) against all defendants (the "Settlements").  This Notice explains important rights you may have including your possible receipt of cash from the Settlements.  Your legal rights are affected whether you do or do not act.  Also enclosed is a Claim Form that you must complete and submit postmarked no later than October 31, 2005 to participate in the Settlements.  Please read this Notice carefully!**

1.        **Statement of Plaintiff Recovery:**  This Notice relates to two proposed settlements of a class action lawsuit filed against (i) OM Group, Inc. ("OM Group" or the "Company"); James P. Mooney, Thomas R. Miklich, and James M. Materna (the "Individual Defendants"; collectively with OM Group, the "OMG Settling Defendants"; and (ii) defendant Ernst & Young LLP ("E&Y"; collectively with the OMG Settling Defendants, the "Settling Defendants").  The total value of the Settlements is $92,400,000.  The settlement with the OMG Settling Defendants (the "OMG Settlement") is for $82,500,000 ($82.5 million), which is comprised of a cash payment of $74,000,000, and $8,500,000 in unrestricted and freely tradable OM Group common stock, plus interest.  The settlement with E&Y (the "E&Y Settlement") is for $9,900,000 in cash.  The Settlements will create a Settlement Fund to pay claims of investors who purchased OM Group common stock during the period from January 27, 2000 through and including October 30, 2002 (the "Class Period"), and who were damaged thereby (the "Class").  Such investors are referred to in this Notice as "Class Members."  The Net Settlement Fund (the Settlement Fund less notice and administration costs and attorneys' fees and litigation expenses awarded to all counsel representing plaintiffs ("Plaintiffs' Counsel")) will be distributed in accordance with a Plan of Allocation (the "Plan of Allocation").  Lead Plaintiff's damages expert estimates that approximately 23.526 million shares may have been impacted by the conduct about which Lead Plaintiff complains.  Thus, assuming that the owners of all affected shares elect to participate, the average per share recovery from the Settlement Fund would be approximately $3.93 per damaged share.

2.        **Reasons for the Settlement:**  The Settlements resolve claims that the Settling Defendants violated federal securities laws.  The Settling Defendants deny that they violated federal securities laws, and the Settlements should not be construed as an admission of wrongdoing by the Settling Defendants.  In light of the amount of the Settlements and the immediacy of recovery to the Class, Lead Plaintiff believes that the proposed Settlements are fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiff believes that the Settlements provide a substantial benefit, namely $92,400,000 ($92.4 million) less the various deductions described in this Notice, as compared to the risk that all or some of the claims in the Action could have been dismissed in response to Settling Defendants' anticipated motions for summary judgment or that a similar, smaller, or no recovery would be achieved after a trial and appeals, possibly years in the future, in which the Settling Defendants would have the opportunity to assert substantial defenses to the claims asserted against them.

3.        **Statement of Average Amount of Damages Per Share:**  The settling parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff was to prevail on the claims asserted against the Settling Defendants.  The settling parties disagree on, among other things:  (i) the amount of inflation, if any, allegedly caused by the alleged misrepresentations and omissions; (ii) whether the alleged misrepresentations and omissions were material to investors; and (iii) the percent of responsibility, if any, of each of the Settling Defendants for the alleged misrepresentations and omissions.

4.        **Statement of Attorneys' Fees and Expenses Sought:**  Lead Counsel (as defined in paragraph 7) intend to apply for an award of attorneys' fees on behalf of Plaintiffs' Counsel in the amount of 18% of the Settlement Fund.  In addition, Lead Counsel intend to apply for reimbursement of litigation expenses paid and incurred in connection with the prosecution and resolution of the claims against the Settling Defendants, in an amount not to exceed $3,250,000.  If the Court (as defined in paragraphs 6 and 8) approves Lead Counsel's fee and expense application, the average cost per damaged share will be approximately $0.85.

5.        **Identification of Attorneys' Representatives:**  Any questions regarding the Settlement should be directed to Lead Counsel:  Daniel L. Berger, Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019, 800-380-8496, www.blbglaw.com, or John R. Climaco, Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., L.P.A., The Halle Building, Ninth Floor, 1228 Euclid Avenue, Cleveland, OH 44115, 877-621-1228, www.climacolaw.com.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
| --- |

69.     This Notice contains only a summary of the terms of the proposed Settlements.  For a more detailed statement of the matters involved in the Action, you are referred to the papers on file in the Action, including the Stipulations, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Northern District of Ohio, Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Cleveland, Ohio 44114.

70.     All inquiries concerning this Notice or the Claim Form should be directed to:

OM Group, Inc. Securities Litigation
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9000 #6330
Merrick, NY 11566-9000
(800) 295-9204

**OR**

| | | |
| --- | --- | --- |
| Daniel L. Berger, Esq. | | John R. Climaco, Esq. |
| Chad Johnson, Esq. | | David M. Cuppage, Esq. |
| Hannah E. Greenwald, Esq. | **OR** | Scott D. Simpkins, Esq. |
| Bernstein Litowitz Berger & Grossmann LLP | | Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., L.P. A |
| 1285 Avenue of the Americas | | The Halle Building, Ninth Floor |
| New York, NY 10019 | | 1228 Euclid Avenue |
| 800-380-8496 | | Cleveland, Ohio 44115 |
| **Lead Counsel** | | **Lead Counsel** |

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF THE COURT
REGARDING THIS NOTICE.**

Dated:  June 24, 2005

By Order of the Clerk of the Court
United States District Court
for the Northern District of Ohio

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| IN RE: KING PHARMACEUTICALS, INC. SECURITIES LITIGATION | No. 2:03-CV-77 |
| | District Judge Thomas W. Phillips |
| THIS DOCUMENT RELATES TO: All Actions | Magistrate Judge Dennis H. Inman |

### NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED CLASS ACTION SETTLEMENT

TO:    All persons or entities who purchased King Pharmaceuticals, Inc. ("King") Common Stock between February 16, 1999, and March 10, 2003, inclusive (the "Class Period"), including all persons or entities who acquired shares of King Common Stock pursuant to any offering completed during the Class Period, and who were damaged thereby ("Class Members").

   **A federal court authorized this Notice.** This is not a solicitation from a lawyer.  **Please read this Notice carefully and in its entirety.**  Your rights will be affected by proceedings in this Litigation whether you act or do not act.

   If you are a Class Member, please be advised that your rights may be affected by a class action lawsuit pending in the United States District Court for the Eastern District of Tennessee, and you may be entitled to share in the proceeds of the Settlement described in this Notice.  To claim your share of the Settlement Fund, you must submit a valid Proof of Claim and Release form postmarked on or before February 8, 2007.  If you are a Class Member and do not submit a timely request for exclusion, you will be bound by the release whether or not you submit a Proof of Claim and Release form.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Proof of Claim and Release form postmarked no later than February 8, 2007.** | This is the only way to receive a share of the Settlement Fund. |
| **Request exclusion from the Class in writing postmarked no later than December 26, 2006.** | Receive no payment from the Settlement Fund.  This is the only option that allows you to ever be part of any other lawsuit against the Defendants about the Settled Claims. |
| **Object to the Settlement in writing postmarked no later than December 26, 2006.** | Write to the Court about why you do not like the Settlement, and ask the Court not to approve it. |
| **Go to the Settlement Hearing to be held on January 9, 2007, at 9:00 a.m.** | Ask permission to speak to the Court about the Settlement. |
| **Do nothing.** | If you do nothing, you will receive no payment and will give up your rights. |

These rights and options, and the deadlines to exercise them, are explained in this Notice.

The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after any appeals are resolved.

## SUMMARY OF SETTLEMENT AND RELATED MATTERS

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Tennessee (the "Court"). The purpose of this Notice is to inform you of the pendency of this class action (the "Litigation"), its proposed Settlement, and the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement. This Notice describes the rights you may have in connection with participation in this Settlement, what steps you may take in relation to the Settlement and this class action Litigation, and alternatively, what steps you must take if you wish to be excluded from the Settlement and this class action Litigation.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this Litigation or about the fairness or adequacy of the proposed Settlement.

## CLASS RECOVERY

The proposed Settlement creates a fund in the amount of $38.25 million in cash (the "Settlement Fund") and will include interest that accrues on the fund prior to distribution. Based on Lead Plaintiffs' estimate of the number of shares of King Common Stock that were traded during the Class Period which may have been damaged, Lead Plaintiffs estimate that the average recovery per damaged share of King Common Stock purchased during the Class Period would be approximately $0.16 before deduction of Court-approved fees and expenses.

The Plan of Allocation described in response to Question 8 provides a more detailed description of how the Settlement Fund will be disbursed. Your actual recovery from the Settlement Fund will depend on a number of variables including the number of claimants and the number of shares of King Common Stock they purchased; the number of shares of King Common Stock you purchased and the timing of your purchases and sales, if any; the expense of administering the claims process; and the amount of fees and expenses awarded by the Court. The number of claimants who send in Proof of Claim and Release forms varies widely from case to case. If fewer than anticipated Class Members send in a Proof of Claim and Release form, you could get more money. Conversely, if more Proof of Claim and Release forms are submitted than currently anticipated, you could get less money.

## REASONS FOR THE SETTLEMENT

The Litigation has been ongoing since March 2003, and at present is not expected to go to trial before mid-2007. The parties disagree on both liability and damages, and absent a settlement the outcome of the Litigation is uncertain.

In light of the amount of the Settlement and the immediacy of the recovery to the Class, the Lead Plaintiffs and the Jones Lead Plaintiff believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class and the Jones Subclass. Lead Plaintiffs and Jones Lead Plaintiff believe that the benefits of the Settlement to the Class, namely a recovery of $38.25 million plus interest, less the various deductions described in this Notice, outweigh the risks and delay in recovery inherent in continuing the Litigation, including the risk that all or some of the claims in the Litigation could be dismissed in response to anticipated motions for summary judgment; the risk that a similar, smaller or no recovery would be achieved after a trial and appeals in which the Defendants would have the opportunity to assert substantial defenses to the claims asserted against them; and the certainty of substantial delay in obtaining a recovery for the Class even assuming that plaintiffs were to prevail after trial and appeals.

The Defendants deny the claims asserted against them in the Litigation, deny that they have engaged in any wrongdoing, violation of law or breach of duty, and deny that any Class Member has suffered any damages as a result of any conduct by Defendants. The Settlement is not an admission of wrongdoing by any Defendant. The Defendants have agreed to the Settlement in order to eliminate the burden and expense of continued litigation.

## STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT

To date, Lead Counsel, Jones Subclass Lead Counsel and other plaintiffs' counsel have not received any payment for their services in conducting the Litigation on behalf of the Plaintiffs and the members of the Class, nor have they been reimbursed for their out-of-pocket expenditures. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for an award of attorneys' fees of no more than 17% of the Settlement Fund (including any interest income earned by the Settlement Fund), plus reimbursement of out-of-pocket expenses not to exceed $1.9 million to be paid from the Settlement Fund. The total requested fees and litigation expenses would amount to an average of $0.03 per damaged share.

### 17.   MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the fairness hearing.  To do so, you must send a letter saying that it is your intention to appear in *In re: King Pharmaceuticals, Inc. Securities Litigation*, No. 2:03-CV-77.  Be sure to include your name, address, telephone number, your signature, and the number of shares of King Common Stock you purchased or acquired and sold during the period from February 16, 1999, to March 10, 2003, inclusive.  Your notice of intention to appear must be postmarked no later than **December 26, 2006**, and be sent to the Clerk of the Court, Lead Counsel, Jones Subclass Lead Counsel, Counsel for the King Defendants, and Counsel for the Underwriter Defendants, at the addresses listed in Question 13. You cannot speak at the hearing if you exclude yourself from the Class.

### IF YOU DO NOTHING

### 18.   WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will get no money from this Settlement.  But, unless you timely and validly excluded yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the same issues in this case.

### GETTING MORE INFORMATION

### 19.   ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

This Notice summarizes the proposed Settlement.  More details are in the Stipulation of Settlement and attachments thereto, dated as of September 27, 2006.  You can examine a copy of this Stipulation of Settlement at the Clerk's office of the United States Courthouse, 800 Market Street, Knoxville, TN  37902, during regular business hours.

### 20.   HOW DO I GET MORE INFORMATION?

You can contact the Claims Administrator, Lead Counsel, or Jones Subclass Lead Counsel at the addresses and telephone numbers set forth on Page 3 above.  You can also look up information on the Claims Administrator's website at www.abdatalawserve.com. **Do not telephone the Court regarding this Notice.**

### SPECIAL NOTICE TO NOMINEES

If you purchased or acquired King Common Stock during the period from February 16, 1999, to March 10, 2003, inclusive, as nominee for a beneficial owner, then **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE** you must either:  (a) provide to the Claims Administrator, at the address set forth on Page 3, the name and last known address of each person or organization for whom or which you purchased such stock during such time period; or (b) request additional copies of this Notice, which will be provided to you free of charge, and, within seven (7) days of receipt, mail the Notice directly to the beneficial owners of the King Common Stock.

You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation reflecting compliance with these instructions, including timely mailing of the Notice, if you elect to do so.  All communications concerning the foregoing should be addressed to the Claims Administrator.

DATED:  SEPTEMBER 27, 2006.

BY ORDER OF THE COURT:

s\Thomas W. Phillips
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

———————————————————x
In re LEGATO SYSTEMS, INC                          Master File No C-00-20111-JF (RS)
SECURITIES LITIGATION                              PSLRA CLASS ACTION
———————————————————x
This Document Relates To.              .

ALL ACTIONS                           :
———————————————————x

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

TO.    ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED LEGATO SYSTEMS, INC
       ("LEGATO") COMMON STOCK OR CALL OPTIONS, OR WHO SOLD LEGATO PUT OPTIONS, DURING THE
       PERIOD FROM APRIL 22, 1999 THROUGH MAY 17, 2000

       PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY
PROCEEDINGS IN THIS LITIGATION  PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY
BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR
SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE POSTMARKED ON OR
BEFORE SEPTEMBER 30, 2002

       This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the
United States District Court for the Northern District of California (the "Court")  The purpose of this Notice is to inform you of
the pendency of this class action (the "Litigation") and the proposed settlement thereof and of the hearing to be held by the
Court to consider the fairness, reasonableness, and adequacy of the settlement.  This Notice describes the rights you may
have in connection with your participation in this settlement, what steps you may take in relation to the settlement and this
class action litigation, and alternatively, what steps you must take if you wish to be excluded from the settlement and this
class action

       The proposed settlement creates a fund in the amount of $85,000,000 in cash (the "Settlement Fund") and will
include interest that accrues on the fund prior to distribution  Based on Lead Plaintiff's estimate of the number of shares
entitled to participate in the settlement and the anticipated number of claims to be submitted by Settlement Class Members,
the average distribution per share or option would be approximately $1.68 before deduction of court-approved fees and
expenses  However, your actual recovery from this fund will depend on a number of variables including the number of
claimants, the number of shares you purchased, the expense of administering the claims process, and the timing of your
purchases and sales, if any.

       Lead Plaintiff and Defendants do not agree on the average amount of damages per share that would be recoverable
if Lead Plaintiff were to have prevailed on each claim asserted  The issues on which the parties disagree include  (1) the
appropriate economic model for determining the amount by which Legato securities were allegedly artificially inflated (if at all)
during the Settlement Class Period; (2) the amount by which Legato securities were allegedly artificially inflated (if at all)
during the Settlement Class Period; (3) the effect of various market forces influencing the trading price of Legato securities at
various times during the Settlement Class Period; (4) the extent to which external factors, such as general market conditions,
influenced the trading price of Legato securities at various times during the Settlement Class Period; (5) the extent to which
the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of
Legato securities at various times during the Settlement Class Period; (6) the extent to which the various allegedly adverse
material facts that Lead Plaintiff alleged were omitted influenced (if at all) the trading price of Legato securities at various
times during the Settlement Class Period; and (7) whether the statements made or facts allegedly omitted were false,
material or otherwise actionable under the federal securities laws

       Lead Counsel believes that the proposed settlement is in the best interests of the Settlement Class.  Because of the
risks associated with continuing to litigate and proceeding to trial, there was a danger that Lead Plaintiff would not have
prevailed on any or all of its claims, in which case the Settlement Class would receive nothing or less than the Settlement
Fund.  For example, Lead Plaintiff faced the possibility that all of the claims against the Defendants would be dismissed in
response to motions by Defendants or that the claims of the Class could have been significantly reduced.  In addition to
liability defenses, the amount of damages recoverable by the Settlement Class was and is challenged by Defendants.
Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the
Litigation gone to trial, Defendants intended to assert that all or most of the losses of Settlement Class Members were
caused by non-actionable market, industry or general economic factors  Defendants would also assert that throughout the
Settlement Class Period the uncertainties and risks associated with Legato's business and financial condition were fully and
adequately disclosed  In the event that Lead Plaintiff were to prevail on its claims, its ability to collect a judgment greater
than the settlement amount, or in any amount, is also subject to uncertainty.

6.   "Settling Parties" means, collectively, each of the Defendants and the Lead Plaintiff on behalf of themselves and the Members of the Settlement Class

7.   "Unknown Claims" means any Released Claims which any Representative Plaintiff or Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement or not to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides.

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Upon the Effective Date, the Lead Plaintiff shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Representative Plaintiff shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts   The Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part

8.   Any terms not defined herein shall have the same definition as set forth in the Stipulation of Settlement

III    THE LITIGATION

On and after January 20, 2000, actions were filed in the United States District Court for the Northern District Court of California (the "Court") as securities class actions on behalf of persons who purchased or otherwise acquired the securities of Legato.

By Order dated May 10, 2000, these actions were consolidated for all purposes as *In re Legato Systems, Inc. Securities Litigation*, Master File No. C-00-20111-JF (RS), and the Court appointed The Policemen and Firemen Retirement System of the City of Detroit as Lead Plaintiff and the law firm of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel. The operative complaint is the Second Amended and Consolidated Class Action Complaint (the "Complaint"), filed on February 12, 2001. The Complaint alleges violations of §§10(b), and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder

IV.    CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

The Lead Plaintiff believes that the claims asserted in the Litigation have merit.  However, counsel for the Lead Plaintiff recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals.  Counsel for the Lead Plaintiff also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Counsel for the Lead Plaintiff is mindful of the inherent problems of proof under and possible defenses to the violations asserted in the Litigation and, as in any litigation, there exists a possibility that the Settlement Class could receive nothing, or less than the settlement amount, even if they were to prevail at trial.  Further, continued litigation would reduce the limited amount of insurance available to satisfy any judgment.  Counsel for the Lead Plaintiff believes that the settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class. Based on its evaluation, Lead Counsel has determined that the settlement set forth in this Stipulation is in the best interest of the Lead Plaintiff and the Settlement Class.

XV    SPECIAL NOTICE TO NOMINEES

If you purchased any Legato common stock or call options, or sold Legato put options during the Settlement Class Period as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either (a) send a copy of this Notice and the Proof of Claim and Release by first class mail to all such Persons, or (b) provide a list of the names and addresses of such Persons to the Claims Administrator

> In re: Legato Systems, Inc Securities Litigation
> c/o The Garden City Group, Inc
> Claims Administrator
> P.O Box 8868
> Melville, NY 11747-8868
> 1-888-753-3414

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred upon submission of supporting documentation to the Claims Administrator

XVI    EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation  For full details of the matters discussed in this Notice, you may review the Stipulation filed with the Court, which may be inspected during normal business hours, at the Office of the Clerk of the Court at the United States District Courthouse, 280 South First Street, Room 2112, San Jose, California 95113

If you have any questions about the settlement of the Litigation, you may contact Lead Counsel by writing

> BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
> ALAN SCHULMAN
> BLAIR A  NICHOLAS
> 12544 High Bluff Drive, Suite 150
> San Diego, CA 92130

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

Dated: May 24, 2002

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT D

# KOHN SWIFT & GRAF, P.C.

HOME  |  NEWS  |  ABOUT  |  HISTORY  |  ATTORNEYS  |  FAQ'S  |  CONTACT

Kohn Swift ¬ Cases ¬ News ¬

CONTACT US

**PRACTICE AREAS**

- **Antitrust**
- **Consumer**
- **Employment Litigation**
- **Human Rights**
- **Intellectual Property**
- **Securities**

CASES

- **New**
- **Pending**
- **Settled**

## KLA-Tencor Backdating Case Settles for $65 Million

News List :: Print

PHILADELPHIA, PA., January 28, 2008 -- The Philadelphia law firms of Kohn, Swift & Graf, P.C., Berger & Montague, P.C., and Trujillo Rodriguez & Richards LLC, along with the San Francisco office of Berman DeValerio Pease Tabacco Burt & Pucillo are pleased to announce the resolution of a class action securities fraud lawsuit against KLA-Tencor Corporation ("KLA-Tencor" or the "Company") (NASDAQ: KLAC). KLA-Tencor has agreed in principle to pay $65 million in cash to settle a shareholder lawsuit, which alleged that the Company and certain of its officers illegally backdated stock option grants.

The agreement in principle, which is subject to court approval, documentation, and notice, would settle all claims against KLA-Tencor and the individual defendants.

"This settlement is an extraordinary achievement and is a highly significant recovery for the Class," said Sherrie R. Savett of Berger & Montague. "It resolves fraud claims against all defendants, eliminates all risks to the Class, and ensures that Class members will enjoy the proceeds in the not too distant future," said Savett. "These are exactly the kinds of claims institutional investors should pursue," added Kenneth I. Trujillo of Trujillo Rodriguez & Richards LLC. Joseph C. Kohn of Kohn Swift & Graf, P.C. noted that the complex case was resolved in an expeditious manner and added that "the settlement is an excellent result that will compensate KLA shareholders and allow KLA to move forward."

The City of Philadelphia and the other Lead Plaintiffs played prominent roles in achieving this settlement. In addition to the three Philadelphia based law firms, the City of Philadelphia's Board of Pensions and Retirement served as a Co-Lead plaintiff in the case, along with the Louisiana Municipal Police Employees' Retirement System, and the Police and Fire Retirement System of the City of Detroit.

The action, captioned *In re KLA-Tencor Securities Litigation*, 06-cv-04065 (N.D. Cal.) was pending in San Francisco, where KLA-Tencor is headquartered. Lead attorneys for the Class included Ms. Savett, Mr. Trujillo and Ira Richards (co-counsel for the City of Philadelphia), Mr. Kohn, and Joseph J. Tabacco, Jr.

The proposed settlement provides that investors who purchased KLA-Tencor securities from June 30, 2001, through and including January 29, 2007 (the "Settlement Class Period"), may be eligible to file proofs of claim.

The lawsuit, which was brought in U.S. District Court for the Northern District of California, alleged that the Company backdated stock option grants to the individual defendants and/or other directors or executives to provide the recipients with a more profitable exercise price. In particular, the complaint says that: (a) contrary to statements made by the Company, the option grants were not made at the fair market value or the NASDAQ closing price on the date of the grant; (b) KLA-Tencor improperly understated its expenses and overstated its earnings as a result of improper option backdating; and (c) KLA-Tencor failed to

**One South Broad Street
Suite 2100
Philadelphia, PA 19107**

Phone: 215 238-1700

Fax: 215 238-1968

E-Mail: info@kohnswift.com

**EMAIL INQUIRY**

Name

Email

Inquiry

Submit

prepare its financial statements in accordance with Generally Accepted
Accounting Principles. The defendants denied the allegations in the
lawsuit and, as part of the proposed terms of settlement, continue to
deny all claims and liability.

Kohn, Swift, & Graf, P.C., Berger & Montague, P.C., Trujillo Rodriguez &
Richards LLC, and Berman DeValerio Pease Tabacco Burt & Pucillo each
prosecute class actions nationwide on behalf of institutions and
individuals, primarily in the areas of securities fraud and antitrust.

Contacts:

Joseph C. Kohn
Denis F. Sheils
William E. Hoese
Kohn, Swift & Graf, P.C.
215-238-1700

Kohn, Swift & Graf, P.C.
215-238-1700

Sherrie R. Savett, Esq.
Berger & Montague, P.C.
215-875-3000

Kenneth I. Trujillo
Ira Richards
Trujillo Rodriguez & Richards LLC
215-731-9004

Joseph J. Tabacco, Jr.
Berman Devalerio Pease Tabacco Burt & Pucillo
415-433-3200

Home :: News :: About :: History :: Attorneys :: FAQ's :: Contact :: Disclaimer
©2006 Kohn Swift & Graf P.C. All rights reserved. All Philadelphia photographs by Hugh Dillon.

:Created and maintained by **Wolfpack, Inc.**

# EXHIBIT E

FILED

2006 JUN 23  AM 9: 23

1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT BRODY On Behalf of Himself and All Others Similarly Situated, | CASE NO. 06-CV-0228 W (WMc) |
| Plaintiffs, | |
| v. | ORDER APPOINTING LEAD COUNSEL |
| DOT HILL SYSTEMS CORPORATION, et al., | |
| Defendants. | |

//

//

On January 31, 2006 Plaintiff Matt Brody, in his individual capacity and on behalf of all others similarly situated ("Plaintiff"), filed a putative class action Complaint alleging that Defendant Dot Hill Systems Corporation, ("Defendant") violated § 10(b) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). 17 C.F.R. §240.10b-5. On April 3, 2006 The Detroit Pension group ("Detroit Group"), the City of Deerfield Beach Non-uniformed

- 1 -

06cv0228

1  Employees Retirement Fund and Matt Brody ("Deerfield Beach and Brody"), and the

2  Brucker Group ("Brucker Group") (collectively "Movants") submitted competing

3  Appointment of Lead Plaintiff motions. On May 1, 2006 the Detroit Group, and

4  Deerfield Beach and Brody, filed Oppositions. The Brucker Group did not oppose. All

5  parties are represented by counsel. The Court decides the matter on the papers

6  submitted and without oral argument. See Civil Local Rule 7.1(d.1). For the reasons

7  outlined below, the Court **GRANTS** the Detroit Group's motion for appointment of

8  lead counsel.

9

10    I.    BACKGROUND

11      This is a securities class action on behalf of purchasers of Dot Hill Systems

12  Corporation ("Dot Hill") common stock during the period April 23, 2003 through

13  February 3, 2005 ("Class Period"), against Dot Hill and certain of its officers and

14  directors for violations of the Securities and Exchange Act of 1934.

15      Dot Hill is a provider of innovative design and delivery of storage network

16  solutions to channel and original equipment manufacturer (OEM) partners worldwide.

17  These storage solutions can be used to store any type of digital information.

18  Defendant's storage solutions integrate hardware and software products employing a

19  modular system that allows end-users to add capacity as needed. Dot Hill maintains it's

20  principal executive offices at 6305 El Camino Real, Carlsbad, California 92009.

21      On January 31, 2006, Plaintiff Matt Brody commenced case number 05-cv-0228

22  in the Southern District of California alleging that during the Class Period, Defendants

23  issued materially false and misleading financial statements to the investing public due

24  to improper revenue recognition and inadequate internal controls. As a result of

25  Defendants' false financial statements, Dot Hill stock traded at artificially inflated

26  prices. The Complaint specifically alleges that: (1) Dot Hill's accounting department

27  suffered from material weaknesses and deficiencies and lacked the necessary staff and

28  resources to perform its required functions; (2) Dot Hill's inadequate internal

accounting processes and controls enabled Dot Hill management to manipulate Dot Hill's Costs of Goods Sold ("COGS") and routinely and inappropriately mis-classify expenses, causing Dot Hill to issue false financial statements; (3) multiple areas of Dot Hill's internal controls suffered serious deficiencies; (4) Dot Hill lacked effective internal controls in its financial reporting process; and (5) Dot Hill falsely reported it's Q1-Q3 04 financial results by improperly recognizing revenue and by improperly recording expenses.

On the same day that Plaintiff filed his Complaint, his counsel published a notice of the pendency of Plaintiff's case on *Business Wire*, a widely circulated national business-oriented wire service. (Declaration of Michael Goldberg at Exhibit A.) Subsequent to the Brody action, four related actions were filed in this District[1]. On April 3, 2006, competing Motions to Appoint Lead Plaintiff and for Consolidation of Related Actions were filed by Norman R. Brucker, Marvin M. Feldman and Timothy J. Ake (collectively "the Brucker Group"); the General Retirement System of the City of Detroit("GRS"), and the Police & Fire Retirement System of the City of Detroit ("DP&F") (collectively "the Detroit Group"); and David S. Wetherall, Deerfield Beach and Matt Brody ("Deerfield Beach and Brody).

On May 1, 2006, the Detroit Pension Fund, and Deerfield Beech and Brody, filed Oppositions.    On May 8, 2006 David S. Wetherall withdrew his application for appointment of lead plaintiff.[2] [Doc. No. 29.] On May 24, 2006 Deerfield Beach and Brody submitted an additional notice of lead plaintiff filings by the Detroit Group. On June 8, 2006, the Court consolidated these cases with lead case 06cv0228. Also on June 8, 2006, the Detroit Funds submitted a response to the post-return-date filing by Deerfield Beach and Brody.

---

[1] The cases filed with this Court are; <u>Brody v. Dot Hill</u>, 06cv0228; <u>Buckner v. Dot Hill</u> 06cv0268, <u>Naryznai v. Dot Hill</u>, 06cv0341 <u>Jardin v. Dot Hill</u>, 06cv0281, <u>Steinberg v. Dot Hill</u>,06cv0662.

[2] In light of David Wetherall's withdrawal, the Court declines to address any arguments for or against his participation as lead plaintiff in the current action.

## II.   LEGAL STANDARD

Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act") sets forth the procedure for selecting lead plaintiffs to oversee class actions brought under the federal securities laws. First, §21D(a)(3)(A)(I) provides that within 20 days after the date on which the class action is filed under the PSLRA:

> [T]he plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class-
>
> (I)   of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)   that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. §78u-4(a)(3)(A)(I).

Next, the PSLRA sets forth a detailed procedure for appointment by the court of 'the most adequate plaintiff' as lead plaintiff, who may then, subject to the Court's approval, select and retain lead counsel to represent the class. See 15 U.S.C. §§ 78u-4(a)(3)(B)(ii) and (v). Under the PSLRA there is a rebuttable presumption that:

> the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I); (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Courts limit their inquiry to the typicality and adequacy prongs of Rule 23(a) requiring generally that the lead plaintiff's claims are typical of the claims of the class, and that the representatives will fairly and adequately protect the interests of the class. See In re Enron Corp. Securities Litigation, 206 F.R.D. 427, 441 (S.D. Tex.

1   2002), <u>In re Oxford Health Plans, Inc. Sec. Litig.</u>, 182 F.R.D. 42, 49 (S.D.N.Y

2   1998) ("[t]ypicality and adequacy of representation are the only provisions relevant to

3   a determination of lead plaintiff under the PSLRA") (citing <u>Gluck v. Cellstar Corp.</u>, 976

4   F.Supp. 542, 546 (N.D. Tex. 1997) and <u>Fischler v. Amsouth Bancorporation</u>, 176

5   F.R.D. 583 (M.D. Fla. 1997); Fed.R.Civ.P. 23.

6       The presumption in favor of appointing a plaintiff who has the largest financial

7   interest in the outcome of the litigation, who otherwise meets Rule 23 typicality and

8   adequacy requirements, can be rebutted only upon proof by a purported member of the

9   plaintiff's class that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interests of the class; or
> (bb)  is subject to unique defenses that render such plaintiff incapable of
>        adequately representing the class.

12  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

13      The PSLRA also contains restrictions against professional plaintiffs, providing

14  that:

> Except as the court may otherwise permit, consistent with the purposes
> of this section, a person may be a lead plaintiff, or an officer, director, or
> fiduciary of a lead plaintiff, in no more than 5 securities class actions
> brought as plaintiff class actions pursuant to the Federal Rules of Civil
> Procedure during any 3-year period.

19  15 U.S.C. § 78u-4(a)(3)(B)(vi).

20      The PSLRA further requires that a lead plaintiff movant submit a certification

21  that identifies all other actions filed during the 3-year period preceding the date the

22  certification is signed, in which the plaintiff sought to serve as a representative party on

23  behalf of the class.  15 U.S.C. §78u-4(a)(2)(A)(v).

24

25  III.   <u>DISCUSSION</u>

26      The inquiry before the Court is whether to approve Detroit Pension, Deerfield

27  Beach and Brody, or the Brucker Group, as lead plaintiff in the current class action.

28

1    **A.    NOTICE**

2    On January 31, 2006, the law firm Lerach Coughlin Stoia Geller Rudman &

3    Robbins LLP filed the first putative securities class action against Dot Hill stemming

4    from the alleged misstatements and omissions on behalf of Plaintiff Matt Brody.   The

5    firm caused notice to be published on *Business Wire* the same day, within the 20 day

6    period established by the Reform Act..  (McCormick Decl., Ex. 3) Lerach's notice

7    satisfied the content requirements of the Reform Act by advising of the pendency of the

8    action, the claims asserted therein, the purported class period, and the deadline by

9    which motions to serve as lead plaintiff had to be filed. (Id.)

10

11   **B.    EACH MOVANT FILED A MOTION WITHIN 60 DAYS**

12   The person or group seeking to be lead plaintiff must have "either filed the

13   complaint or made a motion in response to a notice under subparagraph (A)(I)." 15

14   U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).  Here, notice was published on January 31, 2006

15   and each of the purported lead plaintiff's filed their respective motions on April 5, 2006,

16   within the 60 day deadline, thereby satisfying this first prong of the Court's analysis.

17

18   **C.    LARGEST FINANCIAL INTEREST**

19   The Court's inquiry next turns to the PSLRA's presumption that the most

20   adequate plaintiff is the "person or group of persons" that in the determination of

21   the Court, has the largest financial interest in the relief sought by the class, and that

22   otherwise satisfies the requirements of Fed.R.Civ.P. 23 ("Rule 23"). 15 U.S.C. §78u-

23   4(a)(3)(B)(iii)

24   The Ninth Circuit in In re Cavanaugh Sec. Litig., 306 F.3d 726 (9th Cir.

25   2002), established the protocol for deciding competing lead plaintiff motions.  At

26   the outset, the district court must identify the movant or movant group with the

27   largest financial stake.  Once that is done, the Court's inquiry should focus solely on

28   that movant and specifically whether any proof of that movant's inadequacy or

1  atypicality has been submitted.  Absent evidence of atypicality or inadequacy on the

2  part of the presumptively most adequate plaintiff, the Court should not even

3  examine the qualifications of any competing movants.  See <u>Cavanaugh</u>, 306 f.3d

4  729-730.

5      Here, the movants claim losses as follows in descending order: Detroit Group

6  - $876,638.26, with GRS claiming $468,644.64 and DP&F claiming $407,993.62 in

7  losses (Goldberg Decl. Exh. C.); Deerfield Beach and Brody - $699,485.50, with

8  Deerfield Beach claiming $210,903.50 and Matt Brody claiming $488,582.00 in

9  losses; the Brucker Group - $1,983.93.  (Furukawa Dec. Exh. C.)

10     Clearly the Detroit Group claims the largest financial interest in the relief

11  sought by the class with it's losses of $876,638.26.  The Court therefore determines

12  that the Detroit Group is presumptively the most adequate plaintiff, unless proof of

13  its inadequacy or atypicality can be shown, or it is subject to unique defenses which

14  render it incapable of adequately representing the class.

15         D.    <u>TYPICALITY</u>

16     The typicality requirement of Rule 23(a)(3) is satisfied when representative

17  plaintiffs' claims arise out of the same event or course of conduct as do the other

18  class members' claims, and are based on the same legal theories. <u>In re Advanced</u>

19  <u>Tissue Scis. Sec. Litig.</u>, 184 F.R.D. 346 (S.D. Cal. 1998).

20     Here there is a well-defined community of interest in the questions of law and

21  fact.  The Detroit Group, in addition to other movants, allege that Defendants

22  violated the Exchange Act and Securities Commission Rule 10b-5, 17 C.F.R.

23  §240.10b-5, by publicly disseminating materially false and misleading statements, as

24  well as statements which omitted material facts, about Dot Hill during the Class

25  Period.  As a result of Defendants' allegedly fraudulent representations and

26  omissions, Deerfield Beach and Brody, the Detroit Group, and the Brucker Group,

27  purchased Dot Hill securities at artificially affected prices and were damaged

28  thereby.  Because the Detroit Group claims are premised on the same legal and

1   remedial theories as the other putative class members, and are based on the same

2   types of alleged misrepresentations and omissions as other putative class members,

3   typicality is satisfied by the Detroit Group.

4             E.    <u>ADEQUACY</u>

5         The adequacy of representation requirement of Rule 23 is satisfied where it is

6   established that a representative party "will fairly and adequately protect the

7   interests in the class." Fed.R.Civ.P. 23(a).  Accordingly:

8              The Ninth Circuit has held that representation is
           "adequate" when counsel for the class is qualified and

9              competent, the representative's interests are not

10             antagonistic to the interests of absent class members, and
           it is unlikely that the action is collusive.

11

12  <u>Takeda v. Turbodyne Technologies, Inc.</u>, 67 F.Supp.2d 1129, 1133 (citing <u>In re</u>

13  <u>Northern Dist. Of Cal. Daikon Shield IUD Prod. Lab. Litig.</u>, 693 F.2d 847, 855 (9th

14  Cir. 1982).  The class representative must also have "sufficient interest in the

15  outcome of the case to ensure vigorous advocacy." <u>Takeda</u>, 67 F.Supp.2d at 1137

16  (citing <u>Riordan v. Smith Barney</u>, 113 F.R.D. 60, 64 (N.D. Ill. 1986).

17        The Detroit Group argues that it's interests are clearly aligned with the

18  interests of the class and there is no antagonism between it's interests and the class

19  members' interests.  The Detroit Group claims that they have demonstrated their

20  adequacy as lead plaintiff by evincing a strong desire to prosecute this action on

21  behalf of the Class, and have shown that they are willing and able to take an active

22  role and control the litigation to protect the interests of absentees.  Furthermore,

23  the Detroit Group claims the adequacy of its sub-members to serve as lead plaintiff

24  has been confirmed by numerous courts which have appointed these funds to serve

25  as lead plaintiff and/or class representative in other securities class action lawsuits.

26  (Detroit Group Motion at 9.)  The Detroit Group contends they have

27  communicated with Glancy Binkow & Goldberg LLP ("Glancy")concerning the case

28  and have made the motion for appointment of lead plaintiff utilizing Glancy's

1 | services.

2 | The Court finds that the Detroit Group has demonstrated it's willingness to
3 | serve as class representatives by timely filing motions to consolidate the class and for
4 | lead plaintiff appointment. Furthermore, the Court notes that the Detroit Group
5 | has selected experienced class counsel in Glancy to vigorously pursue the class
6 | claims if selected. Glancy has successfully litigated hundreds of class actions,
7 | recovering vast sums on behalf of defrauded shareholders. (See Goldberg Decl. Ex.
8 | D.)

9 | However, the Court must determine whether Deerfield Beach and Brody, or
10 | the Brucker Group, has submitted evidence to rebut the presumption that the
11 | Detroit Group is the most adequate plaintiff by showing the Detroit Group is
12 | inadequate or atypical. See <u>Cavanaugh</u>, 306 F.3d at 729.

13 | As a threshold matter, the Court notes that the Brucker Group has not filed
14 | any opposition to either the Detroit Group, or Deerfield Beach and Brody's motions
15 | for appointment of lead plaintiff. Therefore, the Court limits it's analysis to the
16 | competing motions of the Detroit Group, and Deerfield Beach and Brody.

17 | Deerfield Beach and Brody argue that, although the Detroit Group claims a
18 | larger financial interest than Deerfield Beach and Brody, each member of the
19 | Detroit Group suffers from infirmities that prevent their appointment as lead
20 | plaintiff. Namely, that the Detroit Group is presumptively barred under the
21 | PSLRA's 'professional plaintiff' ban from serving as lead plaintiff because it's
22 | individual members are serving, or have served, as lead plaintiff in more than five
23 | cases in the past three years. 15 U.S.C. § 78u-4(a)(3)(B)(vi).

24 | According to Deerfield Beach and Brody, the Detroit Group's certifications
25 | demonstrate that the Detroit Group, and their fiduciary Mr. Zajac, are involved in at
26 | least five cases. (See Goldberg Dec. Ex. B.) In addition, Deerfield Beach and Brody
27 | assert that the Detroit Group did not disclose additional cases in which it's members
28 |

06cv0228

1  served as lead plaintiff within the past three years.[3]  Deerfield Beach and Brody
2  further claim that <u>In re King Pharmaceuticals Securities Litigation</u>, should have
3  been included as a case in which the Detroit Group is currently serving as lead
4  plaintiff because it was appointed lead plaintiff within the last three years in the
5  action, despite the case being commenced more than three years ago.

6      Deerfield Beach and Brody argue that the PSLRA requires a movant to
7  include all cases in which they served, or are still serving as lead plaintiff, within a
8  three year period, whether the cases were commenced more than three years ago, or
9  the cases are now closed.  According to Deerfield Beach and Brody, this serves the
10 purpose behind the PSLRA which is to guard against appointment of a lead plaintiff
11 who cannot adequately represent the interests of the class if they are over-extended
12 as litigants.  The Detroit Group is already over-extended, argue Deerfield Beach and
13 Brody, as evidenced by the fact that they couldn't "even recall all the cases in which
14 they have filed for lead plaintiff appointment in the last three years" when they filed
15 their certification.  (Oppo. At 9.) Therefore, they contend that the Detroit Group
16 must list all open and closed cases in which they have served, or are still serving, as
17 lead plaintiff, and all cases in which they moved to be appointed lead counsel within
18 the last three years regardless of when the cases were originally filed. (Oppo at 6.)

19     In this regard, Deerfield Beach and Brody claim that the Detroit Group failed
20 to include <u>In re Bristol Myers</u>, <u>In re Gemstar</u>, and <u>In re OM Group</u>, in which the
21 Detroit Group served as lead plaintiff within the past three years, despite the cases
22 having been commenced in 2002.  In addition, the Detroit Group should have
23 included <u>Williams Sec. Litig v El Paso Corp</u>, and <u>In re Bisys Sec. Litig</u> because it is a
24 named plaintiff in these actions. Finally, the Detroit Group was remiss in not
25 including <u>Laborers Local 100 and 397 Pension Fund  v. Bausch & Lomb</u>, State

26

27      [3]<u>In re Bristol Myers Squibb Co. Sec. Litig.</u>, No 1:02-cv-0225-LAP (S.D.N.Y); <u>In re Gemstar-</u>
28 <u>TV Guide Int'l, Inc.</u>, No. 2:02-cv-02775-MRP-PLA (C.D. Cal.); <u>In re OM Group Inc. Sec. Litig.</u>,No.
   1:02-cv-2163-DCN (N.D.Ohio)

1 | Universities Retirement System of Illinois v. Sonus Networks, Inc., and Maiden v.
2 | Merge Techs. Inc. because members of the Detroit Group are currently seeking lead
3 | plaintiff status in these cases.

4 |      Moreover, Deerfield Beach and Brody argue that the Court should not lift the
5 | presumptive bar on institutional 'professional plaintiffs' such as the Detroit Group
6 | because Deerfield Beach and Brody are an adequate alternative with a significant
7 | financial interest.  Deerfield Beach and Brody contend that courts which have lifted
8 | the presumptive ban have done so under very limited circumstances such as where
9 | there is no other movant, no other institutional investor movant, the other movants
10 | have a longer record of participation in securities litigation, and where the other
11 | proposed lead plaintiffs were grossly inadequate or foreign. (Deerfield Beach &
12 | Brody Oppo at 6-7.)  None of these apply here, therefore Deerfield Beach and Brody
13 | claim there is no reason to lift the presumptive ban against the Detroit Group as a
14 | 'professional plaintiff'.  In addition, Deerfield Beach and Brody argue that Congress
15 | did not intend to award a blanket exception to institutions, or their fiduciaries, from
16 | the professional plaintiff provision of the PSLRA.  See Gibson v. PS Group Holdings,
17 | Inc., Case No. 00-CV-0372 W (RBB), 2000 U.S. Dist., LEXIS 3158 3158, at *14-
18 | *16 (S.D. Cal. Mar. 8, 2000).

19 |      Finally, Deerfield Beach and Brody, argue that all actions in which Mr. Zajac
20 | serves as a fiduciary should be combined for purposes of the PSLRA case totals
21 | within the past three years, rendering the Detroit Group far in excess of the
22 | PSLRA's limit. Deerfield Beach and Brody conclude that because the Detroit
23 | Group, and their fiduciary and general counsel Ronald Zajac (who oversees all their
24 | securities cases), have already far surpassed the allotted five cases in three years rule,
25 | the Detroit Group is presumptively barred from serving as lead plaintiff in this case.

26 |      The Detroit Group vigorously counter that even if the professional plaintiff
27 | limitation applies to them as institutional investors, which they claim it does not,
28 | neither fund has surpassed the PSLRA's  limit.  In particular, the Detroit Group

1   notes that DP&F listed it's lead plaintiff appointment status in the <u>King</u>
2   <u>Pharmaceutical</u> action in it's certification, but considered it irrelevant to the
3   calculation under the PSLRA because the action was filed more than three years
4   before the certification date.  Of the other cases which Deerfield Beach and Brody
5   claim were purposefully omitted from the Detroit Group's certification, three were
6   commenced in 2002[4] and are no longer pending, unlike <u>King Pharmaceuticals</u>.  The
7   Detroit Group further claims it did not include <u>In re Bisys Securities Litigation</u>, or
8   <u>Wyatt v. El Paso Corp</u> because it is merely a named plaintiff, but has not moved to
9   serve or has served as a lead plaintiff in these actions, and therefore they are beyond
10  the purvue of the PSLRA's ban.

11          Furthermore, the Detroit Group argues that the separate funds, DP&F and
12  GRS should not be combined for purposes of the 'professional plaintiff' rule simply
13  because Ronald Zajac serves as general counsel for both funds, and oversees their
14  respective participation in class actions as a fiduciary.  The Detroit Group claims
15  that if the Court accepts Deerfield Beach and Brody's argument, Deerfield Beach
16  and Brody will also be disqualified for the same reason, as Lerach Coughlin Stoia
17  Geller Rudman & Robbins have represented them in four prior lead plaintiff
18  appointments for Matt Brody and two prior lead plaintiff appointments for Deerfield
19  Beach.

20          Finally, the Detroit Group argues that even if DP&F and DGRS were serving
21  as lead plaintiff in more than five securities class actions, the PSLRA ban should not
22  bar their appointment because "[t]he majority of courts. . .have determined that the
23  limitation does not apply to institutional investors."  See <u>Smith v. Suprema</u>
24  <u>Specialities, Inc.</u>, 206 F.Supp 2d 627, 641 (D.N.J. 2002); <u>In re Gemstar-TV Guide</u>
25  <u>Int'l Sec. Litig.</u>, 209 F.R.D. 447, 454-55 (C.D. Cal. 2002).

26

27          [4]<u>In re Bristol Myers Squibb Co. Sec. Litig.</u>, No 1:02-cv-0225-LAP (S.D.N.Y); <u>In re Gemstar-</u>
28  <u>TV Guide Int'l, Inc.</u>, No. 2:02-cv-02775-MRP-PLA (C.D. Cal.);<u>In re OM Group Inc. Sec. Litig.</u>,No.
    1:02-cv-2163-DCN (N.D.Ohio)

1      The Court finds that the Detroit Group has not surpassed the PSLRA's ban

2  on lead plaintiff participation in five or more securities class actions brought as

3  plaintiff class actions during any 3-year period. [5] 15 U.S.C. § 78u-4(a)(3)(B)(vi).

4      In determining whether the Detroit Group members fall within the allowable

5  range under the PSLRA's 'professional plaintiff' ban, the Court will consider DP&F

6  and GRS separately, despite Ronald Zajac's role as fiduciary for both funds' lead

7  plaintiff class actions.  The PSLRA does not require the Court to disqualify a

8  movant simply because they have had the same individual fiduciary in multiple

9  securities class actions.  See In re Vicuron Pharmaceuticals, Inc. Sec. Litig., 225

10  F.R.D. 508, 512 (E.D. Penn.).  While Section 78u-4(a)(2)(A)(v) states that a

11  person may not serve as the fiduciary of a lead plaintiff in more than 5 cases within

12  three years, the courts are also vested with discretion to determine whether it is

13  consistent with the purposes of the Section to allow for a departure from this rule.

14      The PSLRA contemplates that institutional investors are preferred lead

15  plaintiffs because "increasing the role of institutional investors in class actions will

16  ultimately benefit shareholders and assist courts by improving the quality of

17  representation in securities class actions."  H.R Conf. Rep. No. 104-369, 1995

18  U.S.C.C.A.C. at 733.  It does not comport with the PSLRA's policy to encourage

19  institutional investors to participate as lead plaintiffs, if an institutional investor's

20  participation as a lead plaintiff can be combined with another institutional investor's

21  lead plaintiff experiences simply because they happen to share a common fiduciary

22

23

24    [5] According to their certifications, GRS has been appointed within the last three years as lead
plaintiff in; In re Levi Strauss & Co. Securities Litigation, In re R&G Financial. GRS has commenced

25  and/or moved for appointment as lead plaintiff in In re Royal Dutch/Shell Sec. Litig., and In re Bearing
Point Inc., Sec. Litig. DP&F has been appointed within the last three years as lead plaintiff in In re

26  Levi Strauss & Co. Securities Litigation, Advanced Marketing Services, Inc. Securities Litigation. PFR
is serving as lead plaintiff in In re King Pharmaceuticals Sec. Litig. PFR has moved for appointment

27  of lead plaintiff but was not appointed in In re Royal Dutch/Shell Sec. Litig., In re Bisys Sec. Litig., In
re CNL Hotels & Resorts Inc., Sec. Litig., In re Shaw Group Sec. Litig., In re Delphi Sec. Litig., Sonus

28  Networks Sec. Litig., In re Boston Scientific Corp. Sec. Litig. (Goldberg Dec. Exhibit B.)

1   in more than 5 class actions within three years.  Therefore, Ronald Zajac's role as
2   fiduciary for both DP&F and GRS in multiple class actions in which the funds have
3   served as lead plaintiffs is deemed irrelevant for the current motion, and the funds
4   will not be combined for purposes of the 'professional plaintiff' ban.
5        From the Detroit Group's certifications, the Court notes that DP&F has been
6   appointed lead plaintiff within the three years preceding the date of the certification
7   in In re Levi Strauss & Co., Securities Litigation, and Advanced Marketing Services,
8   Inc. Securities Litigation, and GRS is serving as lead plaintiff in In re Levi Strauss &
9   Co., Securities Litigation, and Advanced Marketing Services, Inc. Securities
10  Litigation.  If viewed separately, each fund has been appointed in only two securities
11  class actions within the past three years, clearly not surpassing the PSLRA's
12  'professional plaintiff' ban.  The Court finds that even if the two funds were
13  considered together due to the fiduciary duties of their general counsel, Ronald
14  Zajac, the Detroit Group's members are only lead plaintiffs in four securities actions
15  commenced within the past three years, again within the PSLRA's allowable range.
16       The Court disagrees with Deerfield Beach and Brody's argument that the King
17  Pharmaceutical case should have been included in the DP&F's total count toward
18  the PSLRA's limit.  The Detroit Group accurately stated that they are serving as
19  lead plaintiff in the King Pharmaceutical action, however they did not include it in
20  their calculation for purposes of the PSLRA's 'professional plaintiff' limit because the
21  case was filed on March 12, 2003, and DP&F's certification was signed on March 23,
22  2006.  Section 78u expressly states that a movant must include all cases in which
23  they have moved for lead plaintiff that were *filed* within three years.  Clearly, King
24  Pharmaceutical does not meet this criteria. 15 U.S.C. 78u-4(a)(2)(A)(v)
25       As with King Pharmaceuticals, DP&F did not disclose their unsuccessful
26  motion to serve as class representative in the 2002 case In re Williams Sec. Litig.,
27  reasoning that they were only required to include actions commenced within the
28  past three years in which they served as lead plaintiff, or in which they moved for

1    and were appointed lead plaintiff.  The Court agrees, finding that <u>In re Williams</u> did

2    not need to be included in it's calculation of DP&F's total because the case was not

3    commenced within the three years prior. 15 U.S.C. 78u-4(a)(2)(A)(v).

4         The Court further finds that the additional cases which Deerfield Beach and

5    Brody allege should have been included in the Detroit Group's certifications consist

6    of three cases that were commenced in 2002[6] and therefore are not material in the

7    calculation of the Detroit Group's lead plaintiff application under the PSLRA.

8         Deerfield Beach and Brody's argument that the presumptive ban against

9    'professional plaintiffs' should not be lifted to allow the Detroit Group to serve as

10   lead plaintiff fail because the PSLRA clearly contemplates that an institutional

11   investor may capably serve as lead plaintiff in more than 5 class actions in the prior

12   three years.  Furthermore, the PSLRA vests the Court with the discretion to make

13   that determination.

14        The PSLRA does not absolutely prohibit as lead plaintiff an institutional

15   investor who has served more than five times within the prior three years. <u>Vicuron</u>,

16   225 F.R.D. at 511.  In fact, the Conference Committee Report on the PSLRA made

17   it clear that the limitation against professional plaintiffs was not designed to be

18   applied mechanically to institutional investors. <u>Id.</u> at 512. The Report states that

19   "Institutional Investors seeking to serve as lead plaintiff may need to exceed this

20   limitation and do not represent the type of professional plaintiff this legislation seeks

21   to restrict." H.R.Conf. Rep. No. 104-369-1995 U.S.C.C.A.N. at 734.  The Report

22   further states that the Conference Committee grants courts discretion to avoid

23   disqualifying institutional investors from serving more than five times in three years

24   as an unintended consequence of the strict application of the rule.

25        The Detroit Group is an institutional investor, which consists of two

26

27        [6] <u>In re Bristol Myers Squibb Co. Sec. Litig.</u>, No 1:02-cv-0225-LAP (S.D.N.Y); <u>In re Gemstar-</u>

28   <u>TV Guide Int'l, Inc.</u>, No. 2:02-cv-02775-MRP-PLA (C.D. Cal.); <u>In re OM Group Inc. Sec. Litig.</u>,No.
     1:02-cv-2163-DCN (N.D.Ohio)

1   individual institutional investor funds, DP&F and GRS.  Accordingly, the Detroit
2   Group exactly the type of movant which the PSLRA and Committee considered
3   immune from mechanical disqualification under the 'professional plaintiff' ban.  The
4   Court finds that even if the Detroit Group funds surpassed the PSLRA's lead
5   plaintiff limit within the past three years, which they haven't as of this date, the ban
6   should not apply because appointing the Detroit Group as lead plaintiff in the
7   current action is consistent with the purposes of the PSLRA: the Detroit Group is an
8   institutional investor, has the largest financial interest in the securing relief for the
9   class, has met the requirements of Rule 23, and has secured experienced counsel in
10  Glancy.

11      In light of the Detroit Group's status as an institutional investor, DP&F's
12  failure to disclose their application for lead plaintiff in In re Williams Sec. Litig.,
13  Laborers Local 100 and 397 Pension Fund v. Bausch & Lomb,Inc., and State
14  Universities Retirement System of Illinois v Sonus Networks, Inc., now pending in
15  the Southern District of New York and Massachusetts respectively, does not render
16  them incapable of serving as lead plaintiff in the current action, because assuming
17  they are appointed in each of these cases, in addition to the present action before
18  the Court, it will only bring DP&F's total number of cases in which they are serving
19  as lead plaintiff to six and as addressed above, the PSLRA limit is not to be applied
20  mechanically to institutional investors, and their fiduciaries, such as DP&F.  GRS
21  likewise did not reveal their proposed lead plaintiff status in Maiden v. Merge Techs.
22  Inc., however the same reasoning applies to GRS that if they are appointed in
23  Maiden and this case, it will bring their total to four, well within the PSLRA's
24  presumptive ban.  Here, the Detroit Group has not yet surpassed the PSLRA's
25  professional plaintiff limit, and if they do, it will be by one case.  The Detroit Group
26  has experienced and competent counsel in Glancy to handle these cases, should the
27  funds be appointed lead plaintiff in each of the cases for which they have filed for
28  lead plaintiff status.  Therefore, the Court in its discretion, deems the Detroit Group

1  the most adequate plaintiff.[7]

2

3    IV.   CONCLUSION AND ORDER

4       The Court, having considered all documents submitted by the parties and for

5  good cause appearing, hereby APPOINTS the Detroit Group, comprised of the

6  Detroit Police and Fire Retirement System of the City of Detroit, and the General

7  Retirement System of the City of Detroit, as lead plaintiff in the above entitled

8  putative securities class action.

9       IT IS SO ORDERED.

10

11  DATE: June 21, 2006                    _____

12                                          Hon. THOMAS J. WHELAN
                                            United States District Court
13                                          Southern District of California

14

15  CC: ALL PARTIES AND COUNSEL OF RECORD
        HONORABLE WILLIAM MCCURINE, UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27  ────────────────────
28      [7] In light of the Court's determination, the Detroit Group's Opposition argument against
    appointment of Deerfield Beach and Brody is not addressed.  See Cavanaugh, 306 f.3d 729-730.

                                        - 17 -                              06cv0228

# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

POLICE AND FIRE RETIREMENT SYSTEM OF :
THE CITY OF DETROIT, and MICHAEL
GOLDE, On Behalf of Themselves and All Others  :
Similarly Situated, and
                                                                          :
                    Plaintiff,                            06 Civ. 5797 (PAC)
                                                                          :        06 Civ. 6194 (PAC)

          -against-                                           :        ORDER

SafeNet, Inc., et al.,                                     :

                    Defendant.                        :

-------------------------------------------------------------X

        HONORABLE PAUL A. CROTTY, United States District Judge:

        This securities fraud class action was filed August 8, 2006 by the Police

and Fire Retirement System of Detroit, Plymouth County Retirement System, and the

State-Boston Retirement System.  Plaintiff Michael Golde filed a similar action on

August 18, 2006.  Plaintiffs allege that Defendant SafeNet, Inc. and various officers and

directors of SafeNet violated federal securities laws by disseminating false and

misleading information to investors regarding its Omnibus Stock Option Plan and the

profitability of certain long-term contracts, resulting in artificially inflated prices of

SafeNet stock.

        On October 2, 2006, pursuant to the Private Securities Litigation Act of

1995 ("PSLRA"), two groups of investors who sustained losses moved for appointment

as lead plaintiffs of a proposed class action consisting of investors who bought and sold

stock in SafeNet between the class period of March 31, 2003 through May 18, 2006. The

contending lead plaintiffs also seek the appointment of their choices for lead counsel.

The first group of investors consists of the Police and Fire Retirement

System of the City of Detroit, the Plymouth County Retirement System, and the State-

Boston Retirement System, ("Public Retirement Group"), represented by Bernstein

Litowitz Berger & Grossmann LLP and co-counsel Labaton Sucharow & Rudoff LLP.

The second group consists of Central States, Teamsters Affiliates Pension Plan,

Structural Ironworkers Local Union #1, and Massachusetts State Guaranteed Annuity

Fund, ("Pension & Annuity Fund Group"), represented by Lerach Coughlin Stoia Geller

Rudman & Robbins LLP. All Plaintiffs also moved for consolidation. The motions were

fully briefed on October 30, 2006 and oral argument was heard January 5, 2007.

For the reasons set forth below, the cases are consolidated, the Public

Retirement Group's motion to be designated lead plaintiff is granted, and its choice of

lead counsel is approved. The Pension & Annuity Fund's motion to be appointed lead

plaintiff is denied. The cases are consolidated.

## DISCUSSION

### *Lead Plaintiff*

Congress enacted the PSLRA in 1995 in response to abuses in securities

fraud class actions. See S.Rep. No. 104-98 (1995), reprinted in 1995 U.S.C.C.A.N. 679;

H.R. Conf. Rep. No. 104-369 (1995), reprinted in 1995 U.S.C.C.A.N. 730. The purpose

behind the PSLRA is to prevent "lawyer-driven" litigation, and to ensure that "parties

with significant holdings in issuers, whose interests are more strongly aligned with the

class of shareholders, will participate in the litigation and exercise control over the

selection and actions of plaintiffs counsel." In re Oxford Health Plans, Inc., Sec. Litig.,

182 F.R.D. 42, 43-44 (S.D.N.Y.1998) (quoting H.R. Conf. Rep. No. 104-369). Congress

also believed that this could best be achieved by encouraging institutional investors to

serve as lead plaintiffs. See Ferrari v. Impath, 2004 WL 1637053 (S.D.N.Y. 2004)

(citing In re Oxford Health, 182 F.R.D. at 46 (citing H.R. Conf. Rep. No. 104-369)).

      The PSLRA sets forth the requirements and procedure for appointing a

lead plaintiff in Exchange Act class actions. 15 U.S.C. § 78u-4(a)(1) & 78ur-(a)(3)(B)(i).

The statute creates the rebuttable presumption that the most adequate plaintiff is one who

has 1) filed a complaint or made a motion in response to a notice, 2) in the determination

of the court, has the largest financial interest in the relief sought by the class, and 3)

otherwise satisfies Rule 23 requirements with respect to adequacy and typicality. 15

U.S.C. § 78u-4(a)(3)(B)(iii).

      Both Groups have timely filed their motions to serve as lead plaintiff.

Each Group puts forth substantial effort in casting doubt on the other's abilities and

qualifications to serve as lead plaintiff, compliance with the applicable standards, and

each Group's size of financial interests of the litigation.

      As to the determining which Group has the greatest financial interest, the

PSLRA does not explain how that interest should be calculated. Courts have considered

four factors ("Lax Test") when evaluating this requirement: (1) the number of shares

purchased during the class period, (2) the number of net shares purchased during the class

period, (3) the total net funds expended during the class period, and (4) the approximate

loss suffered during the class period. Lax v. First Merchants Acceptance Corp., 1997 WL

461036, at *5 (N.D.Ill. Aug.11, 1997; See also Pirelli Armstrong Tire Corp. Retiree Med.

Benefits Trust v. LaBranche & Co. Inc., 229 F.R.D. 395, 404 (S.D.N.Y. 2004) ("While

certain other courts have declined to follow the Lax test, they have done so in favor of a

test that focuses on one or more of the factors identified in Lax."); In re Olsten Corp., 3

F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

       The first three factors of the Lax Test, examining gross purchases, net

purchases, and net funds expended, all favor the Public Retirement Group. The Pension

& Annuity Group does not dispute this, but it maintains that only one factor really counts:

the final Lax factor which measures the size of the losses suffered. The Public

Retirement Group has alleged losses of approximately $1.78 million during the relevant

period. The Pension & Annuity Group claims a larger loss of approximately $1.82

million.

       The Pension & Annuity Fund Group suggests that the $40,000 difference

is outcome determinative. Indeed, some courts have held that "losses" may be more

relevant to this determination than the other Lax factors, see, e.g., Weiss v. Friedman,

Billings, Ramsey Group, Inc., 05-cv-4617, 2006 WL 197036 (S.D.N.Y. Jan. 25, 2006).

The very slight difference, however, between the Groups' losses—the Public Retirement

Group's loss is only 2% below those allegedly suffered by the Pension & Annuity

Group—cannot dictate such an important result. The Court will treat these losses as

roughly equal. See In re Pfizer Inc. Sec. Litig., 233 F.R.D. 334, 338 (S.D.N.Y. 2005)

(holding that where damage calculations differed by less than 2%, "[g]iven the probable

margin of error involved in the damage estimates before the Court, [the two Groups] have

roughly equal damages"). The Court also notes that the lion's share of the Pension &

Annuity Group's claimed losses may be uncollectible or at least subject to unique

4

defenses in that Central States may have sold most of its shares before SafeNet announced corrective measures. See In re Veeco, Inc., 233 F.R.D. 330 (S.D.N.Y. 2005). Therefore, the Court finds that Public Retirement Group has the largest financial interest in this litigation and thus is the presumptive lead plaintiff.

### Rule 23 Requirements

The presumptive lead plaintiff must also satisfy the requirements under Federal Rule of Civil Procedure 23. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). At this stage in the litigation, one need only make a "preliminary showing" that Rule 23's typicality and adequacy requirements have been satisfied. In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); see also In re Party City Sec. Litig., 189 F.R.D. 91, 106 (D.N.J. 1999). Any determination of adequacy and typicality made at this stage of the proceeding does not preclude any party from contesting the ultimate class certification. See Weltz v. Lee, 199 F.R.D. 129, 133 (S.D.N.Y. 2001). The most adequate plaintiff presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(B)(iii)(II).

### (a) Typicality

The typicality requirement is satisfied when the claims of the proposed lead plaintiff "arise from the same conduct from which the other class members' claims and injuries arise." In re Oxford, 182 F.R.D. at 50 (citations omitted). The claims of the proposed lead plaintiff need not be identical to the claims alleged by other class members. See In re Party City, 189 F.R.D. at 107. Members of the class claim to have

5

been injured by a fraudulent inflation of SafeNet's stock price. The legal claims of the Public Retirement Group are typical of the proposed class and thus satisfy the Rule 23 typicality requirement as it is incorporated into the PSLRA. Indeed, they maybe slightly superior because of the Group's affiliation with the Golde plaintiff which has the unique benefit of representing stockholders who obtained their stock in the Rainbow Technologies transaction.[1]

### (b) Adequacy

The adequacy requirement is satisfied if "(1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of the class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy." In re Olsten Corp., 3 F. Supp. 2d at 296 (citations omitted). The Public Retirement Group also satisfies the adequacy requirement. The Group's counsel, Bernstein Litowitz Berger & Grossmann LLP, and co-counsel Labaton Sucharow & Rudoff LLP are experienced in class action litigation and have the ability to conduct the litigation effectively. See In re Nortel Networks Corp. Securities Litigation, No. 05md1659, In re Refco Inc. Securities Litigation, No. 05cv8626, In re EVCI Career Colleges Holding Corp, No. 05cv10240. There is no doubt that the Pension & Annuity Group's counsel is well-qualified as well.

On the other hand, given the checkered past of the Central State's behavior; and the fact that at least some portion of Central States is still subject to a court appointed monitor's oversight, there are reasonable doubts as to whether Central States—the largest part of the Pension & Annuity Group's claim—can be an adequate

---

[1] Plaintiffs allege that certain SafeNet Defendants issued a false and misleading registration statement through which Rainbow Technologies shares were exchanged for SafeNet shares and in connection with each of SafeNet's proxy statements issued during the class period, in violation of the Exchange Act.

representative. No such doubt exists as to the Public Retirement Group: their interests are not antagonistic to one another; they have a record of prior consultation with each other, and each alleges significant damages due to the SafeNet transaction.

### Professional Plaintiffs

The Pension & Annuity Group alleges that Public Retirement Group is presumptively barred from serving as lead plaintiff because Police and Fire Retirement System of the City of Detroit is a "professional plaintiff." The PSLRA addresses the limitations on professional plaintiffs:

> Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period.

15 U.S.C. § 78u-4(a)(3)(B)(vi). Police and Fire Retirement System of the City of Detroit is not a professional plaintiff because it has not served as lead plaintiff in five or more actions filed during the 3 years preceding the Group's certifications filed with the complaint. See 15 U.S.C. § 78u-4(a)(2)(A)(v). Moreover, it is clear that Congress did not intend to target institutional investors with this limitation. See, e.g., In re Pfizer, 233 F.R.D. at 338 n.4; Smith v. Suprema Specialties, Inc., 206 F. Supp. 2d 627, 641 (D.N.J. 2002); In re DaimlerChrysler AG Sec. Litig., 216 F.R.D. 291, 299 (D.Del. 2003). Accordingly, there is nothing before the Court to rebut the conclusion that the Public Retirement Group is the presumptive lead plaintiff.

### Lead Counsel

Under the PSLRA, the lead plaintiff shall select counsel to represent the class, subject to the court's approval. The Public Retirement Group has selected

Bernstein Litowitz Berger & Grossmann to serve as lead counsel for the class and

Labaton Sucharow & Rudoff LLP as co-lead counsel. As mentioned previously, both

firms have substantial experience litigating complex securities class actions, and are well

qualified. With respect to co-counsel, there will be "no duplication of attorneys' services,

and the use of co-lead counsel [will] not in any way increase attorneys' fees and

expenses." In re La Branche & Co. LLC, 220 F.R.D. 398, 403 (S.D.N.Y. 2004).

## CONCLUSION

The Clerk of Courts is ORDERED to consolidate 06 Civ. 5797 and O6

Civ. 6194. The Public Retirement Group's motion for appointment is GRANTED, and

its choice of lead counsel and co-counsel is approved. The Pension & Annuity Fund's

motion for appointment is DENIED.


Dated: New York, New York
  February 21, 2007

          SO ORDERED

          PAUL A. CROTTY
          United States District Judge

8

# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EASTRIVER PARTNERS, INC., individually
and on behalf of all others similarly situated,

                              Plaintiffs,

     -v-                                            No. 07 Civ. 10617 (LTS) (GWG)

FOCUS MEDIA HOLDING LIMITED, et al.,

                              Defendants.
-------------------------------------------------------x
SCOTT BAUER, individually and on behalf
of all others similarly situated,

                              Plaintiffs,

     -v-                                            No. 07 Civ. 11479 (LTS) (GWG)

FOCUS MEDIA HOLDING LIMITED, et al.,

                              Defendants.
-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  APR 2 4 2008

## ORDER CONSOLIDATING CASES AND GRANTING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

Institutional Iron Workers Local No. 25 Pension Fund ("Iron Workers Local No.

25") moves the Court for an Order: (1) consolidating the above-referenced actions; (2)

appointing Iron Workers Local No. 25 as Lead Plaintiff; and (3) appointing the law firm of

Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel. The motions are unopposed.

## I. MOTION FOR CONSOLIDATION

Rule 42 of the Federal Rules of Civil Procedure provides that the Court may

consolidate "actions involving a common question of law or fact." Fed. R. Civ. P. 42(a). A

determination on the issue of consolidation is left to the sound discretion of the Court. <u>Johnson</u> <u>v. Celotex Corp.</u>, 899 F.2d 1281, 1284-85 (2d Cir. 1990); <u>Zicklin v. Breuer</u>, 534 F. Supp. 745 (S.D.N.Y. 1982).

The Court finds that the above-captioned the actions present common factual and legal issues, involve overlapping defendants and will involve similar subject matter and similar issues related to class certification. Accordingly, the Court finds that the actions should be consolidated, in the interests of judicial economy. Therefore, it is hereby

ORDERED as follows:

### A. CONSOLIDATION

1. The above-captioned actions are consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a). The consolidated securities cases shall be referred to collectively as <u>In re</u> <u>Focus Media Holding Limited Litigation</u>, Master File No. 07 Civ. 10617 (LTS)(GWG).

2. No action taken hereunder shall have the effect of making any person, firm or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

### B. MASTER DOCKET AND SEPARATE ACTION DOCKETS

1. A Master Docket is hereby established for the consolidated proceedings in the actions consolidated herein and any other actions subsequently consolidated with them for pretrial purposes (the "Consolidated Actions"). Entries in said Master Docket shall be applicable to the

Consolidated Actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

## C. MASTER FILE AND SEPARATE ACTION FILES

1. A Master File is hereby established for the consolidated proceedings in the Consolidated Actions. The Master File shall be Civil Action No. 07 Civ. 10617 (LTS)(GWG). The original of this Order shall be docketed by the Clerk of Court in the Master File herein established.

2. The Clerk shall maintain a separate file for each of the Consolidated Actions, and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by Section B of this Order. The Clerk shall docket a copy of this Order in each such separate file. Once the Clerk has docketed this Order, counsel of record in each of the Consolidated Actions will receive a Notice of Electronic Filing.

## D. NEWLY FILED OR TRANSFERRED ACTIONS

1. When a class action that relates to the same subject matter as the Consolidated Actions is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated with these actions in the same manner as the cases identified in Section A above (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent absent further order of this Court), except as provided below, and the Clerk of Court shall:

    (a)    Docket a copy of this Order in the file for newly filed or transferred actions.

    (b)    Make an appropriate entry in the Master Docket.

2. The Court requests the assistance of counsel in calling to the attention of the Clerk the filing

or transfer of any case which might properly be consolidated with these actions.

## E. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

1. This Order shall apply to each class action assigned to the undersigned alleging claims similar

to those set forth in these actions, whether brought on behalf of holders of Focus Media Holding

Limited ("Focus Media") stocks, bonds, or any other securities, so long as Focus Media is named

as a defendant in the action. This Order shall apply to each such case which is subsequently filed

in or transferred to this Court and which is assigned to the undersigned, unless a party objecting

to the consolidation of that case or to any other provision of this Order serves an application for

relief from this Order or from any of its provisions within ten (10) days after the date on which

the Clerk notifies counsel for that party of this Order. The provisions of this Order shall apply to

such action pending the Court's ruling on the application.

2. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a

separate complaint, defendants shall not be required to answer, plead or otherwise move with

respect to that complaint in any such case. If a plaintiff in any such case is permitted to use a

separate complaint, each defendant shall have thirty days from the date the Court grants such

permission within which to answer, plead or otherwise move with respect to any such complaint.

## F. CAPTIONS

1. Every pleading filed in the Consolidated Action, and in any separate action included therein,

shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ x
IN RE FOCUS MEDIA HOLDING :
LIMITED LITIGATION           :                MASTER FILE
                             :                07 Civ. 10617 (LTS)(GWG)
                             :
This Document Relates To:    :
                             :
                             :
                             :
_____ x

2. When a pleading is intended to be applicable to all actions to which this Order applies, the

words "All Actions" shall appear immediately after the words "This Document Relates To:" in

the caption. When a pleading is intended to apply to fewer than all of such actions, the docket

number for each individual action to which it is intended to apply and the name of the plaintiff in

said action shall appear immediately after the words "This Document Relates To:" in the caption.

## G. FILING AND DOCKETING PAPERS

1.      When a pleading or other paper is filed, the parties shall electronically or manually file

        such paper pursuant to this Court's Guidelines and Amended Instructions for Electronic

        Case Filing.

        (a) When a pleading or other paper is <u>electronically</u> filed and the caption, pursuant to this

Order, shows that it is applicable to "Both Actions," the parties shall electronically file such paper in the Master File only. Docket entries shall not be made to each separate action.

If the caption shows that it is applicable to fewer than "Both Actions," the parties shall electronically file such paper in the Master File and electronically file such paper to the action to which it applies.

(b) When a pleading or other paper is manually filed and the caption, pursuant to this Order, shows that it is applicable to "Both Actions," the parties shall submit to this Court the original paper for the Master File. No copies shall be submitted for each separate action. Upon receiving the original paper, the Clerk shall docket the paper to the Master File only. Docket entries shall not be made to each separate action.

If the caption shows that it is applicable to fewer than "Both Actions," the parties shall submit to this Court the original paper for the Master File and copies of such paper for the action to which it applies. Upon receiving the papers, the Clerk shall docket the original paper to the Master File and docket copies of such paper to the action to which it applies.

## II. MOTION FOR APPOINTMENT OF LEAD PLAINTIFF

The PSLRA provides in relevant part that "the court shall . . . appoint as lead plaintiff the member or members of the purported class that the Court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In making its determination on a motion for appointment of a lead plaintiff, the Court is required to adopt the rebuttable presumption that the "most adequate plaintiff" is

the person or group of persons that– (aa) has either filed the complaint or made a motion in response to [the initial class] notice . . . ; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only upon proof by a member of the purported class "that the presumptively most adequate plaintiff–(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses which render such plaintiff incapable of adequately representing the class." 15 U.S.C. 78u-4(a)(3)(B)(iii)(II).

No opposition has been submitted to Iron Workers Local No. 25 Pension Fund's application. Moreover, Iron Workers Local No. 25 meets the standards of 15 U.S.C. 78u-4(a)(3)(B)(iii)(I). Iron Workers Local No. 25 has made a motion in response to the initial class notice and alleges a loss of $32,697.53. (Decl. of Mario Alba, Jr., Ex. B.) Since Iron Workers Local No. 25's motion to serve as lead plaintiff is uncontested and its financial interest in this matter has been asserted, it is deemed to have the largest financial interest.

In addition, Iron Workers Local No. 25 has made a preliminary showing of typicality and adequacy under Rule 23 in accordance with the requirements of the PSLRA. "Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." In re Oxford Health Plans, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). The claims of Iron Workers Local No. 25 are typical of the class because its claims and injuries arise from the same course of conduct as that from which claims of the other class members arise. Cf. id. at 49-50.

The adequacy of representation component of Rule 23 is also satisfied by Iron

Workers Local No. 25 as there is no conflict of interest between the Iron Workers Local No. 25 entities and members of the purported class, it has obtained qualified and experienced counsel, and it has a significant interest in the outcome in the litigation so as to ensure vigorous prosecution of the case. Cf. Weltz v. Lee, 199 F.R.D. 129, 133 (S.D.N.Y. 2001). The Court's preliminary determination of typicality and adequacy, will not, however, preclude any party from contesting class certification on such bases in the future.

Thus, the Court finds that Iron Workers Local No. 25 is presumptively the most adequate plaintiff. Having received no evidence sufficient to rebut this presumption, the Court hereby grants Iron Workers Local No. 25's motion for appointment as Lead Plaintiff.

## III. MOTION FOR APPOINTMENT OF LEAD COUNSEL

Subject to the Court's approval, the most adequate plaintiff shall select and retain counsel to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(v). Iron Workers Local No. 25 seeks approval of its selection of Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel. Upon review of the papers submitted in support of the motion, the Court finds that Coughlin Stoia Geller Rudman & Robbins LLP has had substantial experience and success in prosecuting securities fraud actions, rendering it capable of serving as lead counsel in this action. (Alba Decl., Ex. D.) Accordingly, Iron Workers Local No. 25's selection of Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel is approved.

Coughlin Stoia Geller Rudman & Robbins LLP shall serve as Lead Counsel for all plaintiffs in the Consolidated Actions.

Lead Counsel shall have the following responsibilities:

a. Sign any consolidated complaint, motions, briefs, discovery requests, objections, or notices on behalf of all plaintiffs or those plaintiffs filing the particular papers;

b. Conduct all pretrial proceedings on behalf of plaintiffs;

c. Brief and argue motions;

d. Initiate and conduct discovery;

e. Speak on behalf of plaintiffs at any pretrial conference;

f. Employ and consult with experts;

g. Conduct settlement negotiations with defense counsel on behalf of plaintiffs;

h. Call meetings of plaintiffs' counsel; and

i. Distribute to all plaintiffs' counsel copies of all notices, orders, and decisions of the Court; maintain an up-to-date list of counsel available to all plaintiffs' counsel on request; and keep a complete file of all papers and discovery materials filed or generated in the Consolidated Actions, which shall be available to all plaintiffs' counsel at reasonable hours.

This Order resolves docket entry no. 5.


SO ORDERED.

Dated: New York, New York
April 24, 2008


_____
LAURA TAYLOR SWAIN
United States District Judge

# EXHIBIT H

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

IRON WORKERS LOCAL NO. 25 PENSION FUND ("Plaintiff") declares:

1.    Plaintiff has reviewed a complaint and authorized its filing.

2.    Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

| Security | Transaction | Date | Price Per Share |
|----------|-------------|------|-----------------|

*See* attached Schedule A.

5.    (a)    Plaintiff has been appointed to serve as a representative party for a class in the following actions filed under the federal securities laws during the three years prior to the date of this Certification:

*In re Harley-Davidson, Inc. Sec. Litig.*, No. 2:05-cv-00547-CNC (E.D. Wis.)
*Belodoff v. Netlist, Inc., et al.*, No. SACV-07-00677-DOC(MLGx) (C.D. Cal.)
*In re Radian Sec. Litig.*, No. 2:07-cv-03375-MAM (E.D. Pa.)

(b)    Plaintiff is seeking to serve as a representative party for a class in the following actions filed under the federal securities laws:

*Eastriver Partners, Inc. v. Focus Media Holding Limited, et al.*, No. 1:07-cv-10617-LTS (S.D.N.Y.)
*Esses v. SiRF Technology Holdings, Inc., et al.*, No. CV-08-00856-MMC (N.D. Cal.)

(c)    Plaintiff initially sought to serve as a representative party for a class in the following actions filed under the federal securities laws during the three years prior to the date of this Certification:

*Hutton v. Hansen Natural Corporation, et al.*, No. CV-06-07599-JFW(PLAx) (C.D. Cal.)
*A1 Credit Company v. RAIT Financial Trust, et al.*, No. 07-3148 (E.D. Pa.)
*Greenberg v. American Home Mortgage Invest Corp., et al.*, No. 2:07-cv-3152-TCP-ETB (E.D.N.Y.)

ORION

6.     The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ΧΤ⊔ day of April _____, 2008.

IRON WORKERS LOCAL NO. 25
PENSION FUND

By: _____

Its: ___ADMINISTRATOR_____

- 2 -

ORION

SCHEDULE A

SECURITIES TRANSACTIONS

Acquisitions

| Date Acquired | Type/Amount of Securities Acquired | Price |
|---|---|---|
| 12/19/2007 | 74 | $13.00 |
| 12/19/2007 | 11,900 | $13.00 |
| 01/22/2008 | 600 | $15.88 |
| 01/22/2008 | 5,400 | $15.61 |
| 01/25/2008 | 4,000 | $13.90 |
| 01/28/2008 | 923 | $14.13 |
| 01/28/2008 | 3,237 | $13.97 |

# EXHIBIT I

ECF

**U.S. District Court**
**United States District Court for the Southern District of New York (Foley Square)**
**CIVIL DOCKET FOR CASE #: 1:08-cv-01328-RJS**

Monsefi v. Orion Energy Systems, Inc. et al
Assigned to: Judge Richard J. Sullivan
Related Cases: 1:08-cv-01992-RJS
                      1:08-cv-02984-RJS
Cause: 15:77 Securities Fraud

Date Filed: 02/11/2008
Jury Demand: Plaintiff
Nature of Suit: 850
Securities/Commodities
Jurisdiction: Federal Question

**Plaintiff**

**Afshin Monsefi**
*individually and on behalf of all others*
*similarly situated*

represented by **Laurence Paskowitz**
Paskowitz & Associates
60 East 42nd Street, 46th Floor
New York, NY 10165
(212)-685-0969
Fax: (212)-685-2306
Email: classattorney@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roy Laurence Jacobs**
Roy Jacobs & Associates
60 East 42nd Street 46th Floor
New York, NY 10165
212-867-1156
Fax: 212-504-8343
Email: rljacobs@pipeline.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Orion Energy Systems, Inc**

represented by **Jerome S. Hirsch**
Skadden, Arps, Slate,Meagher & Flom
LLP(IIA)
Four Times Sq.,
New York, NY 10036
(212) 735-3000
Fax: (917) 777-2530
Email: JHirsch@Skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryan Joshua Levine**
Skadden, Arps, Slate, Meagher & Flom
LLP
Four Times Square(NYC)
New York, NY 10036
(212) 735-3544
Fax: (917) 777-3544
Email: bryan.levine@skadden.com
*ATTORNEY TO BE NOTICED*

**Matthew R. Kipp**
Skadden, Arps, Slate, Meagher, & Flom
(IL)
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
312 407 0700
Fax: 312 407 0411
Email: mkipp@skadden.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Allen Scher**
Foley & Lardner, LLP
90 Park Avenue
New York, NY 10016
(212) 682-7474
Fax: (212) 687-2329
Email: rscher@foley.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Neal R. Verfuerth**                    represented by   **Jerome S. Hirsch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryan Joshua Levine**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew R. Kipp**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Allen Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Daniel J. Waibel**                    represented by **Jerome S. Hirsch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryan Joshua Levine**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew R. Kipp**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Allen Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Thomas A. Quadracci**                 represented by **Jerome S. Hirsch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryan Joshua Levine**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew R. Kipp**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Allen Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael J. Potts**                    represented by **Jerome S. Hirsch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryan Joshua Levine**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew R. Kipp**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Allen Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Diana Propper de Callejon**    represented by   **Jerome S. Hirsch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryan Joshua Levine**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew R. Kipp**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Allen Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**James R. Cackley**    represented by   **Jerome S. Hirsch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryan Joshua Levine**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew R. Kipp**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Allen Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eckhart G. Grohmann**    represented by   **Jerome S. Hirsch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryan Joshua Levine**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew R. Kipp**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Allen Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Patrick J. Trotter**                    represented by **Jerome S. Hirsch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryan Joshua Levine**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew R. Kipp**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Allen Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Thomas Weisel Partners, LLC**

**Defendant**

**Canaccord Adams, Inc.**

**Defendant**

**Pacific Growth Equities, LCC**

**Movant**

**Sitzberger Group**                    represented by **Jeffrey Alan Klafter**
Klafter & Olsen LLP
1311 Mamaroneck Avenue, Suite 220
White Plains, NY 10602
(914) 997-5656
Fax: (914) 997-5656
Email: jak@klafterolsen.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Walter Milbrath**     represented by **Kim Elaine Miller**
Kahn Gauthier Swick, LLC
12 East 41st Street
12th Floor
New York, NY 10017
(212) 696-3730
Fax: (504) 455-1498
Email: kimmiller225@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Iron Workers Local No. 25 Pension**     represented by **Mario Alba, Jr**
**Fund**
Coughlin, Stoia, Geller, Rudman &
Robbins, LLP(LIs)
58 South Service Road
Suite 200
Melville, NY 11747
631-367-7100
Fax: 631-367-1173
Email: malba@csgrr.com
*ATTORNEY TO BE NOTICED*

**Applicant**

**P. Elder Michael**     represented by **Roy Laurence Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/11/2008 | 1 | COMPLAINT against Patrick J. Trotter, Thomas Weisel Partners, LLC, Canaccord Adams, Inc., Pacific Growth Equities, LCC, Orion Energy Systems, Inc., Neal R. Verfuerth, Daniel J. Waibel, Thomas A. Quadracci, Michael J. Potts, Diana Propper de Callejon, James R. Cackley, Eckhart G. Grohmann. (Filing Fee $ 350.00, Receipt Number 640967)Document filed by Afshin Monsefi.(rdz) (Entered: 02/14/2008) |
| 02/11/2008 | | SUMMONS ISSUED as to Patrick J. Trotter, Thomas Weisel Partners, LLC, Canaccord Adams, Inc., Pacific Growth Equities, LCC, Orion Energy Systems, Inc., Neal R. Verfuerth, Daniel J. Waibel, Thomas A. Quadracci, Michael J. Potts, Diana Propper de Callejon, James R. Cackley, Eckhart G. Grohmann. (rdz) (Entered: 02/14/2008) |
| 02/11/2008 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (rdz) (Entered: 02/14/2008) |

| 02/11/2008 | | Case Designated ECF. (rdz) (Entered: 02/14/2008) |
|---|---|---|
| 03/03/2008 | 2 | NOTICE OF APPEARANCE by Robert Allen Scher on behalf of Patrick J. Trotter, Orion Energy Systems, Inc, Neal R. Verfuerth, Daniel J. Waibel, Thomas A. Quadracci, Michael J. Potts, Diana Propper de Callejon, James R. Cackley, Eckhart G. Grohmann (Scher, Robert) (Entered: 03/03/2008) |
| 03/05/2008 | 3 | ADMISSION OF SERVICE AND STIPULATION AND ORDER EXTENDING TIME counsel for defendants hereby accepts and admits service of the authenticated Summons and Complaint on behalf of the individual Defendants on the condition that all Defendants be granted additional time to answer or otherwise plead; and the parties hereby stipulate that the time which Defendants must answer or otherwise plead is extended to a date set by the Court or a date agree upon by counsel for Defendants and lead counsel for Plaintiffs after the Court decides any motions for consolidation, appointment of lead plaintiff, and/or approval of lead counsel that may be filed in this and related matters, and that an Order to this effect may be entered by the Court without further notice of a hearing. SO ORDERED (Signed by Judge Richard J. Sullivan on 3/3/2008) (jmi) (Entered: 03/05/2008) |
| 04/10/2008 | 4 | ENDORSED LETTER addressed to Judge Richard J. Sullivan from David A. Rosenfeld dated 4/8/08 re: Counsel representing Certain Investors requests leave to file Motion for Appointment of Lead Plaintiff by 4/11/08. ENDORSEMENT: Request granted. The motion for appointment as lead plaintiff may be made directly. SO ORDERED. (Motions due by 4/11/2008.) (Signed by Judge Richard J. Sullivan on 4/9/08) (db) (Entered: 04/10/2008) |
| 04/11/2008 | 5 | MOTION to Appoint The Sitzberger Group to serve as lead plaintiff(s). Document filed by Sitzberger Group. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Klafter, Jeffrey) (Entered: 04/11/2008) |
| 04/11/2008 | 6 | MEMORANDUM OF LAW in Support re: 5 MOTION to Appoint The Sitzberger Group to serve as lead plaintiff(s).. Document filed by Sitzberger Group. (Klafter, Jeffrey) (Entered: 04/11/2008) |
| 04/11/2008 | 7 | DECLARATION of Jeffrey Klafter in Support re: 5 MOTION to Appoint The Sitzberger Group to serve as lead plaintiff(s).. Document filed by Sitzberger Group. (Attachments: # 1 Exhibit A-F)(Klafter, Jeffrey) (Entered: 04/11/2008) |
| 04/11/2008 | 8 | NOTICE OF APPEARANCE by Jerome S. Hirsch on behalf of Patrick J. Trotter, Orion Energy Systems, Inc, Neal R. Verfuerth, Daniel J. Waibel, Thomas A. Quadracci, Michael J. Potts, Diana Propper de Callejon, James R. Cackley, Eckhart G. Grohamnn (Hirsch, Jerome) (Entered: 04/11/2008) |
| 04/11/2008 | 9 | MOTION to Appoint Michael P. Elder, Tonia Elder, Boris Nayfish, John P. Aliano to serve as lead plaintiff(s) *Consolidate cases and Designate Lead Counsel*. Document filed by P. Elder Michael.(Jacobs, Roy) (Entered: 04/11/2008) |

| 04/11/2008 | 10 | MEMORANDUM OF LAW in Support re: 9 MOTION to Appoint Michael P. Elder, Tonia Elder, Boris Nayfish, John P. Aliano to serve as lead plaintiff(s) *Consolidate cases and Designate Lead Counsel*.. Document filed by P. Elder Michael. (Jacobs, Roy) (Entered: 04/11/2008) |
|---|---|---|
| 04/11/2008 | 11 | DECLARATION of Roy L. Jacobs in Support re: 9 MOTION to Appoint Michael P. Elder, Tonia Elder, Boris Nayfish, John P. Aliano to serve as lead plaintiff(s) *Consolidate cases and Designate Lead Counsel*.. Document filed by P. Elder Michael. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D) (Jacobs, Roy) (Entered: 04/11/2008) |
| 04/11/2008 | 12 | MOTION to Appoint Walter Milbrath to serve as lead plaintiff(s) *Consolidate all Related Actions and Approve Proposed Lead Plaintiff's Choice of Counsel*. Document filed by Walter Milbrath. (Attachments: # 1 Text of Proposed Order)(Miller, Kim) (Entered: 04/11/2008) |
| 04/11/2008 | 13 | MEMORANDUM OF LAW in Support re: 12 MOTION to Appoint Walter Milbrath to serve as lead plaintiff(s) *Consolidate all Related Actions and Approve Proposed Lead Plaintiff's Choice of Counsel.* MOTION to Appoint Walter Milbrath to serve as lead plaintiff(s) *Consolidate all Related Actions and Approve Proposed Lead Plaintiff's Choice of Counsel*.. Document filed by Walter Milbrath. (Miller, Kim) (Entered: 04/11/2008) |
| 04/11/2008 | 14 | DECLARATION of Kim E. Miller in Support re: 12 MOTION to Appoint Walter Milbrath to serve as lead plaintiff(s) *Consolidate all Related Actions and Approve Proposed Lead Plaintiff's Choice of Counsel.* MOTION to Appoint Walter Milbrath to serve as lead plaintiff(s) *Consolidate all Related Actions and Approve Proposed Lead Plaintiff's Choice of Counsel*.. Document filed by Walter Milbrath. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Miller, Kim) (Entered: 04/11/2008) |
| 04/11/2008 | 15 | MOTION to Appoint Iron Workers Local No. 25 Pension Fund to serve as lead plaintiff(s). Document filed by Iron Workers Local No. 25 Pension Fund. (Attachments: # 1 Exhibit A - Proposed Order)(Alba, Mario) (Entered: 04/11/2008) |
| 04/11/2008 | 16 | MEMORANDUM OF LAW in Support re: 15 MOTION to Appoint Iron Workers Local No. 25 Pension Fund to serve as lead plaintiff(s).. Document filed by Iron Workers Local No. 25 Pension Fund. (Alba, Mario) (Entered: 04/11/2008) |
| 04/11/2008 | 17 | DECLARATION of Mario Alba Jr. in Support re: 15 MOTION to Appoint Iron Workers Local No. 25 Pension Fund to serve as lead plaintiff(s).. Document filed by Iron Workers Local No. 25 Pension Fund. (Attachments: # 1 Exhibit A - Notice, # 2 Exhibit B - Loss chart, # 3 Exhibit C - Certification, # 4 Exhibit D - Firm bio, # 5 Exhibit E - First filed complaint)(Alba, Mario) (Entered: 04/11/2008) |
| 04/11/2008 | 18 | MOTION for Andrew J. Fuchs to Appear Pro Hac Vice. Document filed |

| | | by Patrick J. Trotter, Orion Energy Systems, Inc, Neal R. Verfuerth, Daniel J. Waibel, Thomas A. Quadracci, Michael J. Potts, Diana Propper de Callejon, James R. Cackley, Eckhart G. Grohmann.(dle) (Entered: 04/15/2008) |
|---|---|---|
| 04/11/2008 | 19 | MOTION for Matthew R. Kipp to Appear Pro Hac Vice. Document filed by Patrick J. Trotter, Orion Energy Systems, Inc, Neal R. Verfuerth, Daniel J. Waibel, Thomas A. Quadracci, Michael J. Potts, Diana Propper de Callejon, James R. Cackley, Eckhart G. Grohmann.(dle) (Entered: 04/15/2008) |
| 04/11/2008 | 20 | MOTION for Donna L. McDevitt to Appear Pro Hac Vice. Document filed by Patrick J. Trotter, Orion Energy Systems, Inc, Neal R. Verfuerth, Daniel J. Waibel, Thomas A. Quadracci, Michael J. Potts, Diana Propper de Callejon, James R. Cackley, Eckhart G. Grohmann.(dle) (Entered: 04/15/2008) |
| 04/11/2008 | 21 | MOTION for Martin V. Sinclair to Appear Pro Hac Vice. Document filed by Patrick J. Trotter, Orion Energy Systems, Inc, Neal R. Verfuerth, Daniel J. Waibel, Thomas A. Quadracci, Michael J. Potts, Diana Propper de Callejon, James R. Cackley, Eckhart G. Grohmann.(dle) (Entered: 04/15/2008) |
| 04/14/2008 | | CASHIERS OFFICE REMARK on 9 Motion to Appoint Lead Plaintiff (s) in the amount of $100.00, paid on 4/11/08, Receipt Number 647455. (Quintero, Marcos) (Entered: 04/14/2008) |
| 04/17/2008 | 22 | ORDER granting 19 Motion for Matthew R. Kipp to Appear Pro Hac Vice. (Signed by Judge Richard J. Sullivan on 4/17/08) (pl) (Entered: 04/17/2008) |
| 04/17/2008 | 23 | ORDER granting 20 Motion for Donna L. McDevitt to Appear Pro Hac Vice. (Signed by Judge Richard J. Sullivan on 4/17/08) (pl) (Entered: 04/17/2008) |
| 04/17/2008 | 24 | ORDER granting 18 Motion for Andrew J. Fuchs to Appear Pro Hac Vice. (Signed by Judge Richard J. Sullivan on 4/17/08) (pl) (Entered: 04/17/2008) |
| 04/17/2008 | | Transmission to Attorney Admissions Clerk. Transmitted re: 23 Order on Motion to Appear Pro Hac Vice, 22 Order on Motion to Appear Pro Hac Vice, 24 Order on Motion to Appear Pro Hac Vice, to the Attorney Admissions Clerk for updating of Attorney Information. (pl) (Entered: 04/17/2008) |
| 04/18/2008 | 25 | ORDER granting 21 Motion for Martin V. Sinclair to Appear Pro Hac Vice for defendants Patrick J. Trotter, Orion Energy Systems, Inc, Neal R. Verfuerth, Daniel J. Waibel, Thomas A. Quadracci, Michael J. Potts, Diana Propper de Callejon, James R. Cackley, Eckhart G. Grohmann. (Signed by Judge Richard J. Sullivan on 4/17/08) (db) (Entered: 04/18/2008) |
| 04/18/2008 | | Transmission to Attorney Admissions Clerk. Transmitted re: 25 Order on |

| | | Motion to Appear Pro Hac Vice to the Attorney Admissions Clerk for updating of Attorney Information. (db) (Entered: 04/18/2008) |
|---|---|---|
| 04/21/2008 | 26 | NOTICE OF APPEARANCE by Bryan Joshua Levine on behalf of Patrick J. Trotter, Orion Energy Systems, Inc, Neal R. Verfuerth, Daniel J. Waibel, Thomas A. Quadracci, Michael J. Potts, Diana Propper de Callejon, James R. Cackley, Eckhart G. Grohmann (Levine, Bryan) (Entered: 04/21/2008) |
| 04/28/2008 | 27 | FILING ERROR - ELECTRONIC FILING FOR NON-ECF DOCUMENT - NOTICE of Withdrawal of Motion to Consolidate Related Actions; To Be Appointed Lead Plaintiff; and To Approve Proposed Lead Plaintiff's Choice of Counsel re: 12 MOTION to Appoint Walter Milbrath to serve as lead plaintiff(s) *Consolidate all Related Actions and Approve Proposed Lead Plaintiff's Choice of Counsel.* MOTION to Appoint Walter Milbrath to serve as lead plaintiff(s) *Consolidate all Related Actions and Approve Proposed Lead Plaintiff's Choice of Counsel..* Document filed by Walter Milbrath. (Miller, Kim) Modified on 4/28/2008 (db). (Entered: 04/28/2008) |
| 04/28/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF DOCUMENT ERROR. Note to Attorney Kim Elaine Miller to E-MAIL Document No. 27 NOTICE of Withdrawal of Motion to Consolidate Related Actions; To Be Appointed Lead Plaintiff; and To Approve Proposed Lead Plaintiff's Choice of Counsel to orders_and_judgments@nysd.uscourts.gov. This document is not filed via ECF. (db) (Entered: 04/28/2008) |
| 04/28/2008 | 28 | RESPONSE to Motion re: 15 MOTION to Appoint Iron Workers Local No. 25 Pension Fund to serve as lead plaintiff(s)., 9 MOTION to Appoint Michael P. Elder, Tonia Elder, Boris Nayfish, John P. Aliano to serve as lead plaintiff(s) *Consolidate cases and Designate Lead Counsel.*, 12 MOTION to Appoint Walter Milbrath to serve as lead plaintiff(s) *Consolidate all Related Actions and Approve Proposed Lead Plaintiff's Choice of Counsel.* MOTION to Appoint Walter Milbrath to serve as lead plaintiff(s) *Consolidate all Related Actions and Approve Proposed Lead Plaintiff's Choice of Counsel..* Document filed by Sitzberger Group. (Klafter, Jeffrey) (Entered: 04/28/2008) |
| 04/28/2008 | 29 | MEMORANDUM OF LAW in Opposition re: 9 MOTION to Appoint Michael P. Elder, Tonia Elder, Boris Nayfish, John P. Aliano to serve as lead plaintiff(s) *Consolidate cases and Designate Lead Counsel.*, 5 MOTION to Appoint The Sitzberger Group to serve as lead plaintiff(s).. Document filed by Iron Workers Local No. 25 Pension Fund. (Attachments: # 1 Exhibit A)(Alba, Mario) (Entered: 04/28/2008) |
| 04/30/2008 | 30 | NOTICE OF WITHDRAWAL OF THE MOTION OF WALTER MILBRATH TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFFS; AND TO APPROVE PROPOSED LEAD PLAINTIFFS CHOICE OF COUNSEL: After reviewing the motions for lead plaintiff filed by other Movants in this matter, Milbrath hereby notices the withdrawal the of his motion for lead plaintiff in light |

of the greater financial interest of other Movants. (Signed by Judge Richard J. Sullivan on 4/29/2008) (jpo) (Entered: 04/30/2008)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/01/2008 13:29:50 | | | |
| **PACER Login:** | km0125 | **Client Code:** | 637.01/psl/aal |
| **Description:** | Docket Report | **Search Criteria:** | 1:08-cv-01328-RJS |
| **Billable Pages:** | 7 | **Cost:** | 0.56 |

# EXHIBIT J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

AFSHIN MONSEFI, Individually and on
Behalf of All Those Similarly Situated,

                  Plaintiff,

    vs.

ORION ENERGY SYSTEMS, INC., et al.,

               Defendants.

         :    Civil Action No. 1:08-cv-01328-RJS

         :    CLASS ACTION

JASON ALLEN, Individually and On Behalf
of All Others Similarly Situated,

                  Plaintiff,

    vs.

ORION ENERGY SYSTEMS, INC., et al.,

               Defendants.

         :    Civil Action No. 1:08-cv-01992-RJS

         :    CLASS ACTION

WILLIAM JENNINGS GOLSTON, On Behalf
of Himself and All Others Similarly Situated,

                  Plaintiff,

    vs.

ORION ENERGY SYSTEMS, INC., et al.,

               Defendants.

         :    Civil Action No. 1:08-cv-02984-UA

         :    CLASS ACTION

———————————————————— x

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF IRON
WORKERS LOCAL NO. 25 PENSION FUND FOR CONSOLIDATION, APPOINTMENT AS
LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL AND IN
OPPOSITION TO THE COMPETING MOTIONS

Institutional Investor Iron Workers Local No. 25 Pension Fund ("Iron Workers") respectfully submits this memorandum of law in further support of its motion for consolidation, for appointment as Lead Plaintiff and for approval of its selection of Lead Counsel and in opposition to the competing motions.

## I.    PRELIMINARY STATEMENT

On April 11, 2008, four motions were filed in the above-captioned actions, each one seeking consolidation of the related actions, appointment of the respective movant as Lead Plaintiff and approval of each movant's selection of Lead Counsel. The movants are as follows: (1) Iron Workers; (2) Michael and Tonia Elder, Boris Nayfish and John Aliano (collectively, the "Elder Group"); (3) Walter Milbrath[1]; and (4) Daniel Sitzberger and Boris Nayflish (collectively, the "Sitzberger Group")[2].

All movants agree that the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of [the] class members" in this litigation. 15 U.S.C. §78u-4(a)(3)(B)(i). There is also no dispute that, pursuant to the PSLRA, the presumptively most adequate plaintiff is the one that: (1) "has the largest financial interest in the relief sought by the class"; and (2) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc).

---

[1]    On April 28, 2008, Walter Milbrath withdrew his motion citing the greater financial interest of other movants.

[2]    Counsel for the Sitzberger Group has advised counsel for Iron Workers that it recognizes that Iron Workers represents the largest financial interest in this litigation and does not intend to oppose its motion.

type of lead plaintiff that Congress had intended would act to vigorously represent the interests of

the Class.

### III.    CONCLUSION

For all the reasons stated herein, Iron Workers's motion for consolidation, for appointment as

Lead Plaintiff and for approval of its selection of Lead Counsel should be granted and the competing

motions should be denied.

DATED:  April 28, 2008

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.


                        /s/ *Mario Alba Jr.*
                      MARIO ALBA JR.

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

*[Proposed] Lead Counsel for Plaintiffs*

I:\Orion Energy\LP Motion\LP Opp.doc

- 8 -

# EXHIBIT K

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| AFSHIN MONSEFI, Individually and on Behalf of All Those Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| | ) | Civ. No. 1:08 Civ 01328 (RJS) |
| ORION ENERGY SYSTEMS, INC., NEAL R. VERFUERTH, DANIEL J. WAIBEL, THOMAS A. QUADRACCI, MICHAEL J. POTTS, DIANA PROPPER de CALLEJON, JAMES R. CACKLEY, ECKHART G. GROHMANN, PATRICK J. TROTTER, THOMAS WEISEL PARTNERS, LLC, CANACCORD ADAMS, INC., and PACIFIC GROWTH EQUITIES, LCC, | ) ) ) ) ) ) ) ) ) ) | ECF Case |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| JASON ALLEN, Individually and on Behalf of All Those Similarly Situated, | ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| | ) | Civ. No. 1:08 Civ 01992 (RJS) |
| ORION ENERGY SYSTEMS, INC., NEAL R. VERFUERTH, DANIEL J. WAIBEL, THOMAS A. QUADRACCI, MICHAEL J. POTTS, DIANA PROPPER de CALLEJON, JAMES R. CACKLEY, ECKHART G. GROHMANN, PATRICK J. TROTTER, THOMAS WEISEL PARTNERS, LLC, CANACCORD ADAMS, INC., and PACIFIC GROWTH EQUITIES, LCC, | ) ) ) ) ) ) ) ) ) ) | ECF Case |
| Defendants. | ) | |

**RESPONSE OF THE SITZBERGER GROUP TO COMPETING**
**MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF SELECTION OF LEAD COUNSEL**

WILLIAM JENNINGS GOLSTON, On Behalf )
of Himself and All Others Similarly Situated, )
                                              )
            Plaintiff,                        )
                                              )
      vs.                                     )
                                              )  Civ. No. 1:08 Civ 2984 (RJS)
ORION ENERGY SYSTEMS, INC., NEAL R.           )
VERFUERTH, DANIEL J. WAIBEL, THOMAS           )  ECF Case
A. QUADRACCI, MICHAEL J. POTTS, DIANA         )
PROPPER de CALLEJON, JAMES R.                 )
KACKLEY, ECKHART G. GROHMANN,                 )
PATRICK J. TROTTER, THOMAS WEISEL             )
PARTNERS, LLC, CANACCORD ADAMS,               )
INC., and PACIFIC GROWTH EQUITIES, LCC,       )
,                                             )
                                              )
            Defendants.                       )

On April 11, 2008, the Sitzberger Group and three other movants filed motions, each of

which requested that the Court appoint it as Lead Plaintiff in this action on behalf of a similar

class of purchasers of Orion Energy Systems, Inc. common stock. The three other movants are:

Iron Workers Local No. 25 Pension Fund, Walter Milbrath, and the Elder Group.[1] On April 28,

2008, movant Walter Milbrath withdrew his motion for appointment as Lead Plainitiff.

Upon review of the remaining competing motions for appointment as Lead Plaintiff that

were filed, it appears that the Iron Workers Local No. 25 Pension Fund has sustained the largest

losses of all other movants. As such, there is a presumption that it is the most adequate plaintiff

to serve as Lead Plaintiff over the actions. While the Sitzberger Group does not oppose the Iron

---

[1] One of the members of the Sitzberger Group, Boris Nayflish, was also included as a proposed
lead plaintiff in the Elder Group's motion filed by Paskowitz & Associates. Mr. Nayflish's
physical signature does not appear on the Certification Paskowitz & Associates filed with their
lead plaintiff motion and Mr. Nayflish has advised Paskowitz & Associates that they should
remove him from the Elder Group.

- 1 -

Workers Local No. 25 Pension Fund's motion, the Sitzberger Group expressly reserves its right to seek to serve as Lead Plaintiff should the Court determine Iron Workers Local No. 25 Pension Fund is not qualified to serve as Lead Plaintiff, or if it withdraws, whether at this or a later stage of the proceedings.

DATED: April 28, 2008                              KLAFTER & OLSEN LLP


                                                    _____
                                                    s/  Jeffrey Klafter
                                                    JEFFREY A. KLAFTER (JK-0953)
                                                    1311 Mamaroneck Avenue, Suite 220
                                                    White Plains, New York 10605
                                                    Telephone: (914) 997-5656
                                                    Facsimile: (914) 997-2444

                                                    KLAFTER & OLSEN LLP
                                                    KURT B. OLSEN
                                                    1250 Connecticut Ave., N.W., Suite 200
                                                    Washington, DC  20036
                                                    Telephone: (202) 261-3553
                                                    Facsimile: (202) 261-3533

                                                    SPECTOR, ROSEMAN & KODROFF, P.C.
                                                    Robert M. Roseman
                                                    Andrew D. Abramowitz
                                                    David Felderman
                                                    1818 Market Street, Suite 2500
                                                    Philadelphia, PA  19103
                                                    Telephone: (215) 496-0300
                                                    Facsimile: (215) 496-6612

                                                    Attorneys for the Sitzberger Group

# EXHIBIT L

# The City of Omaha
# Case 1



TO ORDER COPIES OF ANY DOCUMENTS LISTED BELOW, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply).

**This docket is current through 03/31/2008.**

**For an updated version of this docket, click UPDATE**

| | |
|---|---|
| **Court:** | US COURT OF APPEALS FOR THE EIGHTH CIRCUIT |
| **Case Title:** | MICHAEL JAMES v. CITY OF OMAHA |
| **Appeal From:** | DISTRICT OF NEBRASKA - OMAHA |
| **Date Filed:** | 02/29/2008 |

### CASE INFORMATION

| | |
|---|---|
| **Case Number:** | 08-1475 |
| **Case Type:** | CIVIL |
| | PRIVATE |
| **Nature of Suit:** | 3440 OTHER CIVIL RIGHTS |
| **Key Nature of Suit:** | CIVIL RIGHTS; OTHER FEDERAL CIVIL RIGHTS (110.45) |

### LOWER COURT INFORMATION

| | |
|---|---|
| **District:** | 0867-8 |
| **Lower Court Docket Number:** | 8:07-CV-00121-RGK |
| **Trial Judge(s):** | RICHARD G. KOPF, U.S. DISTRICT JUDGE |
| **Date Filed:** | 04/03/2007 |
| **Date Order/Judgment:** | 02/07/2008 |
| **Date NOA Filed:** | 02/13/2008 |

### NAMES

| | |
|---|---|
| **Name:** | MICHAEL B. JAMES |
| **Type:** | PLAINTIFF - APPELLANT |
| **Attorney:** | MICHAEL B. JAMES |
| | PRO SE |
| | 422 N. 40TH STREET |

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

08-1475                                                                                          Page 2

APT. 4

OMAHA, NE 68131

402-934-4585

402-614-1356

**Name:**        **CITY** OF **OMAHA**

**Type:**        DEFENDANT - APPELLEE

**Attorney:**    ROSEMARIE R. HORVATH

1819 FARNAM STREET

SUITE 804

OMAHA, NE 68183

402-444-3815

CITY ATTORNEY'S OFFICE

**Attorney:**    THOMAS O. MUMGAARD

SUITE 804

1819 FARNAM STREET

SUITE 805

OMAHA, NE 68183

402-444-5137

CITY OF OMAHA LEGAL DEPARTMENT


### DOCKET PROCEEDINGS

| ENTRY #: | DATE: | DOCKET ENTRY: |
|---|---|---|
| | 03/31/2008 | CLERK LETTER SENT ENCLOSING SAMPLE BRIEF. [3418709] [08-1475] |
| | | Send Runner to the Court |
| | 03/19/2008 | RECORD FILED - RECORD PART: ORIGINAL FILE, NO. OF VOLUMES: 3, VOLUMES LOCATION: STL, COMMENTS: ECF FILE DO NOT RETURN TO THE DISTRICT COURT AT END OF CASE, SOURCE LOCATION: USDC / NEL [3414563] [08-1475] |
| | | Send Runner to the Court |
| | 03/19/2008 | BRIEFING SCHEDULE SET AS FOLLOWS: ORIGINAL FILE OF ORIGINATING COURT SHALL SERVE AS RECORD ON APPEAL. APPENDICES REQUIRED BY 8TH CIRCUIT RULE 30A SHALL NOT BE REQUIRED. CLERK OF ORIGINATING COURT IS REQUESTED TO FORWARD THE FILE FORTHWITH, TOGETHER WITH ANY EXHIBITS AND DOCUMENTS MAINTAINED IN PAPER FORMAT.. BRIEF OF MICHAEL B. JAMES DUE 04/28/2008. APPELLEE BRIEF IS DUE 30 DAYS FOLLOWING SERVICE OF APPELLANT'S BRIEF. APPELLANT REPLY BRIEF IS DUE 14 DAYS FOLLOWING |

|  | SERVICE OF APPELLEE BRIEF. [3414308] [08-1475]<br>Send Runner to the Court |
|---|---|
| 03/19/2008 | JUDGE ORDER:DENYING [3411405-2] MOTION FOR PREPARATION OF TRANSCRIPT AT GOVERNMENT EXPENSE FILED BY APPELLANT MR. MICHAEL B. JAMES. ADP APR 2008 [3414302] [08-1475]<br>Send Runner to the Court |
| 03/14/2008 | CLERK LETTER SENT TO HOLD CASE IN ABEYANCE [3412739-2]CASE 08-1475 PLACED IN ABEYANCE FOR THE FOLLOWING REASON: MOTION FOR TRANSCRIPT AT GOVERNMENT EXPENSE. [3412739] [08-1475]<br>Send Runner to the Court |
| 03/10/2008 | MOTION--FOR LEAVE FOR THE PREPARATION OF TRANSCRIPTS AT GOVERNMENT EXPENSE, FILED BY APPELLANT MR. MICHAEL B. JAMES W/SERVICE 03/10/2008. --[EDITED 03/12/2008 TO APPLY CORRECT RELIEF - BY PSA][3411405] [08-1475]<br>Send Runner to the Court |
| 03/10/2008 | APPEARANCE FILED BY PARTY MR. MICHAEL B. JAMES W/SERVICE 03/10/2008 [3411404] [08-1475]<br>Send Runner to the Court |
| 03/05/2008 | APPEARANCE FILED BY ATTORNEY MR. THOMAS O. MUMGAARD FOR APPELLEE CITY OF OMAHA W/SERVICE 03/05/2008 [3409521] [08-1475]<br>Send Runner to the Court |
| 02/29/2008 | BRIEFING SCHEDULE SET AS FOLLOWS: ORIGINAL FILE OF ORIGINATING COURT SHALL SERVE AS RECORD ON APPEAL. APPENDICES REQUIRED BY 8TH CIRCUIT RULE 30A SHALL NOT BE REQUIRED. CLERK OF ORIGINATING COURT IS REQUESTED TO FORWARD THE FILE FORTHWITH, TOGETHER WITH ANY EXHIBITS AND DOCUMENTS MAINTAINED IN PAPER FORMAT.. BRIEF OF MICHAEL B. JAMES DUE 04/09/2008. APPELLEE BRIEF IS DUE 30 DAYS FOLLOWING SERVICE OF APPELLANT'S BRIEF. APPELLANT REPLY BRIEF IS DUE 14 DAYS FOLLOWING SERVICE OF APPELLEE BRIEF. [3408072] [08-1475]<br>Send Runner to the Court |
| 02/29/2008 | ORIGINATING COURT DOCUMENT FILED CONSISTING OF NOTICE OF APPEAL, DOCKET ENTRIES LINK, ORDER AND JUDGMENT FILED 2/7/08, ORDER FILED 2/27/08 [3408063] [08-1475]<br>Send Runner to the Court |
| 02/29/2008 | CIVIL CASE DOCKETED. [3408054] [08-1475]<br>Send Runner to the Court |

**Briefs and Other Related Documents** (Back to Top)

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

08-1475

• 2008 WL 1840997 (Appellate Brief) Brief of Appellant (Apr. 16, 2008)

TO ORDER COPIES OF ANY DOCUMENTS LISTED ABOVE, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply).

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

# The City of Omaha
# Case 2

LENGTHOFTRIAL-3, TRIAL-OMAHA

# U.S. District Court
## District of Nebraska (8 Omaha)
### CIVIL DOCKET FOR CASE #: 8:06-cv-00757-JFB-TDT

Webb v. Omaha, City of, et al                    Date Filed: 12/14/2006
Assigned to: Chief Judge Joseph F. Bataillon     Jury Demand: Both
Referred to: Magistrate Judge Thomas D. Thalken  Nature of Suit: 440 Civil Rights: Other
Cause: 28:1331 Federal Question: Other Civil Rights  Jurisdiction: Federal Question

## Plaintiff

**Annette Webb**                    represented by   **Sheri E. Cotton**
                                                     1011 Switchyard Street
                                                     Suite 3322
                                                     Fort Worth, TX 76107
                                                     (402) 871-4216
                                                     Fax: (800) 776-4469
                                                     Email: slongcotton@aol.com
                                                     *ATTORNEY TO BE NOTICED*

V.

## Defendant

**Omaha, City of**                  represented by   **Alan M. Thelen**
*a municipal corporation*                            CITY OF OMAHA
                                                     1819 Farnam Street
                                                     Suite 804
                                                     Omaha, NE 68183
                                                     (402) 444-5135
                                                     Fax: (402) 444-5125
                                                     Email: athelen@ci.omaha.ne.us
                                                     *ATTORNEY TO BE NOTICED*

## Defendant

**Rima**                            represented by   **Alan M. Thelen**
*in their individual and official*                   (See above for address)
*capacities*                                         *ATTORNEY TO BE NOTICED*

## Defendant

**Villwok**                         represented by   **Alan M. Thelen**
*in their individual and official*                   (See above for address)
*capacities*                                         *ATTORNEY TO BE NOTICED*

## Defendant

District of Nebraska

**Does I through X**
*in their individual and official
capacities*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2006 | 1 | COMPLAINT with JURY DEMAND *ANNETTE WEBB* against all defendants, by Attorney Sheri E. Cotton on behalf of Annette Webb (Cotton, Sheri) (Entered: 12/14/2006) |
| 12/14/2006 | 2 | MOTION for Leave to Proceed in forma pauperis by Attorney Sheri E. Cotton on behalf of Plaintiff Annette Webb(Cotton, Sheri) (Entered: 12/14/2006) |
| 12/14/2006 | 3 | DECLARATION regarding MOTION for Leave to Proceed in forma pauperis 2 by Attorney Sheri E. Cotton on behalf of Plaintiff Annette Webb(Cotton, Sheri) (Entered: 12/14/2006) |
| 12/15/2006 | 4 | TEXT NOTICE OF JUDGES ASSIGNED: Judge Joseph F. Bataillon and Thomas D. Thalken assigned. (TCL, ) (Entered: 12/15/2006) |
| 02/07/2007 | 5 | ORDER regarding MOTION for Leave to Proceed in forma pauperis 2 and Declaration 3 filed by Annette Webb, Plaintiff has submitted a civil complaint and affidavit and application to proceedin forma pauperis. Upon review of the filings, leave to proceed in forma pauperis isgranted, and the complaint shall be filed without payment of fees.SO ORDERED.Ordered by Judge Joseph F. Bataillon. (PCV, ) (Entered: 02/07/2007) |
| 03/19/2007 | 6 | Summons Requested as to defendant Omaha, City of regarding Complaint 1 . (Cotton, Sheri) (Entered: 03/19/2007) |
| 03/19/2007 | 7 | Summons Issued (COPY) as to defendant Omaha, City of. YOU MUST PRINT YOUR ISSUED SUMMONS, WHICH ARE ATTACHED TO THIS DOCUMENT. PAPER COPIES WILL NOT BE MAILED. (TCL, ) (Entered: 03/19/2007) |
| 04/04/2007 | 8 | SUMMONS Returned Executed upon defendant Omaha, City of on 3/26/2007. (Cotton, Sheri) (Entered: 04/04/2007) |
| 04/16/2007 | 9 | ANSWER to Complaint with Jury Demand by Attorney Alan M. Thelen on behalf of Defendant Omaha, City of(Thelen, Alan) (Entered: 04/16/2007) |
| 04/16/2007 | 10 | MOTION to Dismiss by Attorney Alan M. Thelen on behalf of Defendant Omaha, City of.(Thelen, Alan) (Entered: 04/16/2007) |
| 04/16/2007 | 11 | BRIEF in support of motion to dismiss by Attorney Alan M. Thelen on behalf of Defendant Omaha, City of.(Thelen, Alan) (Entered: 04/16/2007) |
| 06/06/2007 | 12 | MEMORANDUM AND ORDER granting 10 Defendant City of Omaha's Motion to Dismiss; this case is referred to the magistrate judge |

| | | |
|---|---|---|
| | | for further progression. Ordered by Judge Joseph F. Bataillon.(SMS, ) (Entered: 06/06/2007) |
| 06/06/2007 | 13 | ORDER - This matter is before the court after referral of the matter for progression by Chief Judge Joseph F. Bataillon (filing No. 12). Accordingly, the parties shall, on or before 7/11/07, meet, confer and report to the court inaccordance with the Federal Rule of Civil Procedure 26(f) planning requirements. Ordered by Magistrate Judge Thomas D. Thalken. (KBJ) (Entered: 06/06/2007) |
| 07/11/2007 | 14 | REPORT of Rule 26(f) Planning Meeting by Attorney Alan M. Thelen on behalf of Defendant Omaha, City of.(Thelen, Alan) (Entered: 07/11/2007) |
| 07/12/2007 | 15 | ORDER SETTING SCHEDULE FOR INITIAL PROGRESSION OF A CIVIL CASE - Counsel for plaintiff shall initiate the planning conference call to the court at 10:00 AM on 11/29/2007. Counsel shall notify the undersigned magistrate judge by joint or separate letters by 10/19/2007 addressing mediation requirements. Ordered by Magistrate Judge Thomas D. Thalken. (PAV) (Entered: 07/12/2007) |
| 08/23/2007 | 16 | NOTICE *of service of initial disclosures* by Attorney Alan M. Thelen on behalf of Defendant Omaha, City of (Thelen, Alan) (Entered: 08/23/2007) |
| 09/27/2007 | 17 | Certificate by Attorney Sheri E. Cotton on behalf of Plaintiff Annette Webb.(Cotton, Sheri) (Entered: 09/27/2007) |
| 10/10/2007 | 18 | NOTICE *of service of interrogatories and requests for production* by Attorney Alan M. Thelen on behalf of Defendant Omaha, City of (Thelen, Alan) (Entered: 10/10/2007) |
| 11/30/2007 | 19 | ORDER, the plaintiff shall file an amended complaint on or before December 21, 2007 and effect prompt service of such amended complaint; the defendants shall have to March 3, 2008, in which to file any motion based upon qualified immunity; a telephone planning conference to schedule this case to trial shall be held on March 14, 2008 at 11:00a.m. Amended Complaint due by 12/21/2007., Telephone Conference set for 3/14/2008 at 11:00 AM before Magistrate Judge Thomas D. Thalken.Ordered by Magistrate Judge Thomas D. Thalken. (PCV, ) Modified on 12/5/2007 to correct date for Telephone Conference (PCV, ). (Entered: 11/30/2007) |
| 12/12/2007 | 20 | MOTION to Compel by Attorney Alan M. Thelen on behalf of Defendant Omaha, City of.(Thelen, Alan) (Entered: 12/12/2007) |
| 12/12/2007 | 21 | INDEX in support of MOTION to Compel 20 by Attorney Alan M. Thelen on behalf of Defendant Omaha, City of. (Attachments: # 1 Affidavit Thelen)(Thelen, Alan) (Entered: 12/12/2007) |
| 12/27/2007 | 22 | ORDER denying as moot 20 Motion to Compel. Ordered by Magistrate Judge Thomas D. Thalken. (PAV) (Entered: 12/27/2007) |
| 01/22/2008 | 23 | MOTION to Dismiss by Attorney Alan M. Thelen on behalf of |

District of Nebraska

| | | Defendants Rima, Villwok.(Thelen, Alan) (Entered: 01/22/2008) |
|---|---|---|
| 01/22/2008 | 24 | INDEX in support of MOTION to Dismiss 23 by Attorney Alan M. Thelen on behalf of Defendants Rima, Villwok. (Attachments: # 1 Affidavit Thelen)(Thelen, Alan) (Entered: 01/22/2008) |
| 01/22/2008 | 25 | BRIEF in support of MOTION to Dismiss 23 by Attorney Alan M. Thelen on behalf of Defendants Rima, Villwok.(Thelen, Alan) (Entered: 01/22/2008) |
| 02/08/2008 | 26 | MOTION to Extend *Time within which to Respond to* MOTION to Dismiss 23 by Attorney Sheri E. Cotton on behalf of Plaintiff Annette Webb. (Attachments: # 1 Affidavit Affidavit of Sheri Cotton)(Cotton, Sheri) (Entered: 02/08/2008) |
| 02/12/2008 | 27 | RESPONSE regarding MOTION to Dismiss 23 *and Motion for Order referring to Mediation* by Attorney Sheri E. Cotton on behalf of Plaintiff Annette Webb. (Attachments: # 1 Affidavit Sheri Long Cotton)(Cotton, Sheri) PART 1 OF 2. (Entered: 02/12/2008) |
| 02/12/2008 | 28 | BRIEF in opposition to Response 27 *and in Support of Motion for Order referring to Mediation* by Attorney Sheri E. Cotton on behalf of Plaintiff Annette Webb.(Cotton, Sheri) (Entered: 02/12/2008) |
| 02/12/2008 | 29 | TEXT ORDER granting 26 plaintiff's Motion to Extend time within which to Respond to MOTION to Dismiss 23 , until February 26, 2008. Ordered by Chief Judge Joseph F. Bataillon. (MGH, ) (Entered: 02/12/2008) |
| 02/12/2008 | | PART 2 OF 2-MOTION to Mediate regarding Response 27 by Attorney Sheri E. Cotton on behalf of Plaintiff Annette Webb. (MKR) (Entered: 02/13/2008) |
| 03/14/2008 | 30 | ORDER SETTING SCHEDULE FOR PROGRESSION OF A CIVIL CASE - Depositions due 10/31/2008. Pretrial Conference set for 12/19/2008 at 10:00 AM in Chambers before Magistrate Judge Thomas D. Thalken. Non-Jury Trial set for 1/20/2009 at 08:30 AM before Chief Judge Joseph F. Bataillon. Ordered by Magistrate Judge Thomas D. Thalken. (PAV) (Entered: 03/14/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/01/2008 15:48:45 | | |
| PACER Login: | km0125 | Client Code: | 637.01/psl/aal |
| Description: | Docket Report | Search Criteria: | 8:06-cv-00757-JFB-TDT |
| Billable Pages: | 3 | Cost: | 0.24 |

The City of Omaha
Case 3

District of Nebraska

STAT-CONSENT, STAYED, TRIAL-OMAHA

**U.S. District Court**
**District of Nebraska (8 Omaha)**
**CIVIL DOCKET FOR CASE #: 8:07-cv-00265-LES-TDT**

Young v. Dornan et al
Assigned to: Senior Judge Lyle E. Strom
Referred to: Magistrate Judge Thomas D. Thalken
Cause: 42:1983 Civil Rights Act

Date Filed: 07/10/2007
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**David J. Young**                          represented by   **Thomas J. Young**
                                                             2433 South 130th Circle
                                                             Omaha, NE 68144
                                                             (402) 330-3700
                                                             Fax: (402) 330-9763
                                                             Email: tyoung@tconl.com
                                                             *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Stuart J. Dornan**                        represented by   **Derek R. Vaughn**
*individually and in his official capacity*                  DOUGLAS COUNTY ATTORNEY'S
                                                             OFFICE
                                                             Civil Division
                                                             1819 Farnam Street
                                                             Room 909, Civic Center
                                                             Omaha, NE 68183
                                                             (402) 444-4074
                                                             Fax: (402) 444-6817
                                                             Email: derek.vaughn@douglascounty-
                                                             ne.gov
                                                             *TERMINATED: 10/01/2007*

                                                             **Kristin M. Lynch**
                                                             DOUGLAS COUNTY ATTORNEY'S
                                                             OFFICE
                                                             Civil Division
                                                             1819 Farnam Street
                                                             Room 909, Civic Center
                                                             Omaha, NE 68183
                                                             (402) 444-7935
                                                             Fax: (402) 444-6817
                                                             Email: kristin.lynch@douglascounty-

District of Nebraska

ne.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Douglas County**
*Nebraska, A political subdivision of the*
*State of Nebraska*

represented by **Derek R. Vaughn**
(See above for address)
*TERMINATED: 10/01/2007*

**Kristin M. Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jenna R. Johnson**

represented by **Douglas L. Phillips**
KLASS LAW FIRM
4280 Sergeant Road
Suite 290
Mayfair Center, Upper Level
Sioux City, IA 51106
(712) 252-1866
Fax: (712) 252-5822
Email: phillips@klasslaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**William J. Johnson**
*TERMINATED: 12/18/2007*

represented by **Douglas L. Phillips**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bridgette Johnson**
*TERMINATED: 12/18/2007*

represented by **Douglas L. Phillips**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Omaha, City of**
*A politicial subdivison of the State of*
*Nebraska*

represented by **Alan M. Thelen**
CITY OF OMAHA
1819 Farnam Street
Suite 804
Omaha, NE 68183
(402) 444-5135
Fax: (402) 444-5125
Email: athelen@ci.omaha.ne.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sandra L. Denton**
*individually and in her official capacity*

represented by **Derek R. Vaughn**
(See above for address)
*TERMINATED: 10/01/2007*

District of Nebraska

Kristin M. Lynch
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Matthew R. Kahler**
*individually and in his official capacity*

represented by **Derek R. Vaughn**
(See above for address)
*TERMINATED: 10/01/2007*

Kristin M. Lynch
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jennifer Thompson**
*individually and in her official capacity*
*TERMINATED: 12/12/2007*

represented by **George A. Thompson**
1804 Collins Drive
Bellevue, NE 68005
(402) 293-1337
Email: sassadoodle@cox.net
*ATTORNEY TO BE NOTICED*

**Defendant**

**Angie Circo**
*individually and in her official capacity*

represented by **Alan M. Thelen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alan Reyes**
*individually and in his official capacity*

represented by **Alan M. Thelen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Teresa Negron**
*individually and in her official capacity*

represented by **Alan M. Thelen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe #1**
*real and true name unknown*

**Defendant**

**Jane Doe #1**
*real and true name unknown*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/12/2007 | 1 | COMPLAINT with Jury Demand against all defendants ( Filing fee $ 350, receipt number 999200), by Attorney Thomas J. Young on behalf of David J Young(Young, Thomas) (Entered: 07/12/2007) |

District of Nebraska

| 07/12/2007 | 2 | TEXT NOTICE OF JUDGES ASSIGNED: Magistrate Judge F. A. Gossett assigned. (JAE, ) (Entered: 07/12/2007) |
|---|---|---|
| 07/12/2007 | 3 | LETTER by Clerk regarding Consent to Jurisdiction by United States Magistrate. (JAE, ) (Entered: 07/12/2007) |
| 07/16/2007 | 4 | WAIVER OF SERVICE Returned Executed upon defendant Stuart J. Dornan. Waiver sent on 7/16/2007. (Dornan, Stuart) (Entered: 07/16/2007) |
| 07/24/2007 | 5 | WAIVER OF SERVICE Returned Executed upon *Buster Brown, City Clerk* defendant City of Omaha. Waiver sent on 7/13/2007. (Young, Thomas) Modified on 7/31/2007 to correct date waiver was sent (TJS). (Entered: 07/24/2007) |
| 07/24/2007 | 6 | WAIVER OF SERVICE Returned Executed upon *Teresa B. Negron* defendant Teresa B. Negron. Waiver sent on 7/13/2007. (Young, Thomas) Modified on 7/31/2007 to correct date sent (TJS). (Entered: 07/24/2007) |
| 07/24/2007 | 7 | WAIVER OF SERVICE Returned Executed upon *Jennifer Thompson* defendant Jennifer Thompson. Waiver sent on 7/13/2007. (Young, Thomas) Modified on 7/31/2007 to correct date sent(TJS). (Entered: 07/24/2007) |
| 07/27/2007 | 8 | WAIVER OF SERVICE Returned Executed upon *Sandra Denton* defendant Sandra L. Denton. Waiver sent on 7/13/2007. (Young, Thomas) Modified on 7/30/2007 to reflect correct date waiver was sent instead of date waiver was signed (ADB). (Entered: 07/27/2007) |
| 07/30/2007 | | NOTICE of Docket Text Modification by Deputy Clerk regarding 8 WAIVER OF SERVICE Returned Executed upon *Sandra Denton* defendant Sandra L. Denton. Waiver sent on 7/13/2007. (Young, Thomas) Modified on 7/30/2007 to reflect correct date waiver was sent instead of date waiver was signed (ADB). (ADB, ) (Entered: 07/30/2007) |
| 07/31/2007 | | NOTICE of Docket Text Modification by Deputy Clerk regarding Waiver of Service Executed 5 as to Buster Brown, Waiver of Service Executed 6 as to Teresa B. Negron, Waiver of Service Executed as to Jennifer Thompson 7 ; to correct date that the waivers were sent from the date the waivers were signed. (TJS) (Entered: 07/31/2007) |
| 08/02/2007 | 9 | WAIVER OF SERVICE Returned Executed upon *Angie Circo* defendant Angie Circo. Waiver sent on 7/13/2007. (Young, Thomas) (Entered: 08/02/2007) |
| 08/02/2007 | 10 | WAIVER OF SERVICE Returned Executed upon *Alan Reyes* defendant Alan Reyes. Waiver sent on 7/13/2007. (Young, Thomas) (Entered: 08/02/2007) |
| 08/02/2007 | 11 | WAIVER OF SERVICE Returned Executed upon *County of Douglas* defendant Douglas County. Waiver sent on 7/13/2007. (Young, Thomas) (Entered: 08/02/2007) |
| 08/03/2007 | 12 | WAIVER OF SERVICE Returned Executed upon *Matthew Kahler* |

District of Nebraska

| | | |
|---|---|---|
| | | defendant Matthew R. Kahler. Waiver sent on 7/13/2007. (Young, Thomas) (Entered: 08/03/2007) |
| 08/03/2007 | 13 | ORDER - Upon review of the parties and the record in the above-designated case, the undersigned judge shall, and hereby does, recuse himself from the above-designated case pursuant to 28 U.S.C. § 455(a). Ordered by Magistrate Judge F. A. Gossett. (JAE, ) (Entered: 08/03/2007) |
| 08/06/2007 | 14 | REASSIGNMENT ORDER - pursuant to 13 , case reassigned to District Judge Lyle E. Strom and Magistrate Judge Thomas D. Thalken. Ordered by Judge Joseph F. Bataillon. (SMS, ) (Entered: 08/06/2007) |
| 09/04/2007 | 15 | WAIVER OF SERVICE Returned Executed upon *William J. Johnson* defendant William J. Johnson. Waiver sent on 7/13/2007. (Young, Thomas) (Entered: 09/04/2007) |
| 09/04/2007 | 16 | WAIVER OF SERVICE Returned Executed upon *Bridget B. Johnson* defendant Bridgette Johnson. Waiver sent on 7/13/2007. (Young, Thomas) (Entered: 09/04/2007) |
| 09/04/2007 | 17 | WAIVER OF SERVICE Returned Executed upon *Jenna R. Johnson* defendant Jenna R. Johnson. Waiver sent on 7/13/2007. (Young, Thomas) (Entered: 09/04/2007) |
| 09/10/2007 | 18 | MOTION to Dismiss *by Defendants Jenna Johnson, William Johnson and Bridget Johnson Pursuant to F.R.C.P. 12(b)(6)* by Attorney Douglas L. Phillips on behalf of Defendants Jenna R. Johnson, William J. Johnson, Bridgette Johnson.(Phillips, Douglas) (Entered: 09/10/2007) |
| 09/10/2007 | 19 | BRIEF in support of MOTION to Dismiss *by Defendants Jenna Johnson, William Johnson and Bridget Johnson Pursuant to F.R.C.P. 12(b)(6)* MOTION to Dismiss *by Defendants Jenna Johnson, William Johnson and Bridget Johnson Pursuant to F.R.C.P. 12(b)(6)* 18 by Attorney Douglas L. Phillips on behalf of Defendants Jenna R. Johnson, William J. Johnson, Bridgette Johnson.(Phillips, Douglas) (Entered: 09/10/2007) |
| 09/11/2007 | 20 | ANSWER to Complaint with Jury Demand by Attorney Alan M. Thelen on behalf of Defendants Angie Circo, Alan Reyes, Teresa Negron, City of Omaha(Thelen, Alan) (Entered: 09/11/2007) |
| 09/11/2007 | 21 | ANSWER to Complaint by Attorney George A. Thompson on behalf of Defendant Jennifer Thompson(Thompson, George) (Entered: 09/11/2007) |
| 09/12/2007 | 22 | MOTION to Dismiss by Attorney Derek R. Vaughn on behalf of Defendants Matthew R. Kahler, Stuart J. Dornan, Douglas County, Sandra L. Denton.(Vaughn, Derek) (Entered: 09/12/2007) |
| 09/12/2007 | 23 | BRIEF in support of MOTION to Dismiss 22 by Attorney Derek R. Vaughn on behalf of Defendants Matthew R. Kahler, Stuart J. Dornan, Douglas County, Sandra L. Denton.(Vaughn, Derek) (Entered: 09/12/2007) |

District of Nebraska

| 09/12/2007 | 24 | ATTORNEY LETTER by Clerk that Attorney Kristin M. Lynch has not registered for the system or paid the annual assessment. If the requested action is not taken within fifteen (15) days of the date of this letter, this matter will be referred to the assigned magistrate judge for the entry of a show cause order. (TJS) (Entered: 09/12/2007) |
|---|---|---|
| 09/27/2007 | 25 | MOTION to Extend *time to respond to Motions to Dismiss* MOTION to Dismiss 22 , MOTION to Dismiss *by Defendants Jenna Johnson, William Johnson and Bridget Johnson Pursuant to F.R.C.P. 12(b)(6)* MOTION to Dismiss *by Defendants Jenna Johnson, William Johnson and Bridget Johnson Pursuant to F.R.C.P. 12(b)(6)* 18 by Attorney Thomas J. Young on behalf of Plaintiff David J. Young.(Young, Thomas) (Entered: 09/27/2007) |
| 09/27/2007 | 26 | NOTICE regarding MOTION to Extend *time to respond to Motions to Dismiss* MOTION to Dismiss 22 , MOTION to Dismiss *by Defendants Jenna Johnson, William Johnson and Bridget Johnson Pursuant to F.R.C.P. 12(b)(6)* MOTION to Dismiss *by Defendants Jenna Johns MOTION to Extend time to respond to Motions to Dismiss MOTION to Dismiss 22 , MOTION to Dismiss by Defendants Jenna Johnson, William Johnson and Bridget Johnson Pursuant to F.R.C.P. 12(b)(6) MOTION to Dismiss by Defendants Jenna Johns 25 (certificate of service) by Attorney Thomas J. Young on behalf of Plaintiff David J. Young (Young, Thomas) (Entered: 09/27/2007)* |
| 09/27/2007 | 27 | MOTION to Withdraw as Attorney by Attorney Derek R. Vaughn on behalf of Defendants Matthew R. Kahler, Stuart J. Dornan, Douglas County, Sandra L. Denton.(Vaughn, Derek) (Entered: 09/27/2007) |
| 09/28/2007 | 28 | TEXT NOTICE OF DEFICIENCY by Deputy Clerk that the Motion to Extend, 25 has been filed and is considered deficient due to no certificate of service. The plaintiff shall correct the deficiency within 15 days of the date of this entry or the pleading may be stricken from the record of this case. See Administrative Procedure II.B.(TJS) (Entered: 09/28/2007) |
| 10/01/2007 | 29 | ORDER granting 25 Motion to Extend. Plaintiff shall have until 10/26/07 to respond to defendants' motions to dismiss. Ordered by Judge Lyle E. Strom. (JSF) (Entered: 10/02/2007) |
| 10/01/2007 | 30 | ORDER granting 27 Motion to Withdraw as Attorney. Derek Vaughn is permitted to withdraw as counsel for defendants. Ordered by Judge Lyle E. Strom. (JSF) (Entered: 10/02/2007) |
| 10/03/2007 | 31 | SCHEDULING PACKET - Rule 26 Meeting Report Deadline set for 11/7/2007.Ordered by Judge Lyle E. Strom. (CJP) (Entered: 10/03/2007) |
| 10/26/2007 | 32 | BRIEF in opposition to Brief 23 , MOTION to Dismiss 22 *of Defendants County of Douglas, Stuart J. Dornan, Sandra L. Denton and Matthew R. Kahler* by Attorney Thomas J. Young on behalf of Plaintiff David J. Young.(Young, Thomas) (Entered: 10/26/2007) |
| 10/26/2007 | 33 | BRIEF in opposition to MOTION to Dismiss *by Defendants Jenna Johnson, William Johnson and Bridget Johnson Pursuant to F.R.C.P. 12* |

| | | |
|---|---|---|
| | | *(b)(6)* MOTION to Dismiss *by Defendants Jenna Johnson, William Johnson and Bridget Johnson Pursuant to F.R.C.P. 12(b)(6)* 18 , Brief, 19 by Attorney Thomas J. Young on behalf of Plaintiff David J. Young. (Young, Thomas) (Entered: 10/26/2007) |
| 11/01/2007 | 34 | REPLY regarding MOTION to Dismiss *by Defendants Jenna Johnson, William Johnson and Bridget Johnson Pursuant to F.R.C.P. 12(b)(6)* MOTION to Dismiss *by Defendants Jenna Johnson, William and Bridget Johnson Pursuant to F.R.C.P. 12(b)(6)* 18 *REPLY TO PLAINTIFF'S RESISTANCE DOC #33* by Attorney Douglas L. Phillips on behalf of Defendants Jenna R. Johnson, William J. Johnson, Bridgette Johnson.(Phillips, Douglas) (Entered: 11/01/2007) |
| 11/07/2007 | 35 | REPORT of Rule 26(f) Planning Meeting by Attorney Thomas J. Young on behalf of Plaintiff David J. Young.(Young, Thomas) (Entered: 11/07/2007) |
| 11/08/2007 | 36 | ORDER - Scheduling Conference set for 11/20/2007 at 09:00 AM before Senior Judge Lyle E. Strom.Ordered by Judge Lyle E. Strom. (CJP) (Entered: 11/08/2007) |
| 11/09/2007 | 37 | ORDER - Scheduling Conference set for 11/21/2007 at 08:30 AM before Senior Judge Lyle E. Strom.Ordered by Judge Lyle E. Strom. (CJP) (Entered: 11/09/2007) |
| 11/15/2007 | 38 | MOTION FOR SEPARATE TRIALS AND FOR STAY OF DISCOVERY by Attorney Alan M. Thelen on behalf of Defendants Angie Circo, Alan Reyes, Teresa Negron, Omaha, City of.(Thelen, Alan) (Entered: 11/15/2007) |
| 11/15/2007 | 39 | INDEX In Support of MOTION FOR SEPARATE TRIALS AND FOR STAY OF DISCOVERY 38 by Attorney Alan M. Thelen on behalf of Defendants Angie Circo, Alan Reyes, Teresa Negron, Omaha, City of. (Attachments: # 1 Affidavit Thelen# 2 Exhibit A)(Thelen, Alan) (Entered: 11/15/2007) |
| 11/15/2007 | 40 | BRIEF in support of MOTION FOR SEPARATE TRIALS AND FOR STAY OF DISCOVERY 38 by Attorney Alan M. Thelen on behalf of Defendants Angie Circo, Alan Reyes, Teresa Negron, Omaha, City of. (Thelen, Alan) (Entered: 11/15/2007) |
| 11/19/2007 | 41 | MOTION for Summary Judgment by Attorney George A. Thompson on behalf of Defendant Jennifer Thompson.(Thompson, George) (Entered: 11/19/2007) |
| 11/19/2007 | 42 | INDEX in support of *Motion for Summary Judgment* by Attorney George A. Thompson on behalf of Defendant Jennifer Thompson. (Attachments: # 1 Affidavit Patrick Borchers# 2 Affidavit Jennifer Thompson# 3 Exhibit #3 State's Brief in prior case)(Thompson, George) (Entered: 11/19/2007) |
| 11/21/2007 | 43 | ORDER that progression of this matter is stayed pending the Court's ruling on pending motions. The parties may proceed with discovery as |

| | | appropriate. Ordered by Judge Lyle E. Strom. (JSF) (Entered: 11/21/2007) |
|---|---|---|
| 12/03/2007 | 44 | BRIEF in opposition to MOTION FOR SEPARATE TRIALS AND FOR STAY OF DISCOVERY 38 *of City of Omaha, Angie Circo, Alan Reyes and Teresa Negron* by Attorney Thomas J. Young on behalf of Plaintiff David J. Young.(Young, Thomas) (Entered: 12/03/2007) |
| 12/05/2007 | 45 | MOTION to Extend *response to motion for summary judgment of Jennifer Thompson* MOTION for Summary Judgment 41 , Index, 42 by Attorney Thomas J. Young on behalf of Plaintiff David J. Young. (Young, Thomas) (Entered: 12/05/2007) |
| 12/05/2007 | 46 | AFFIDAVIT *in support* regarding MOTION to Extend *response to motion for summary judgment of Jennifer Thompson* MOTION for Summary Judgment 41 , Index, 42 45 by Attorney Thomas J. Young on behalf of Plaintiff David J. Young.(Young, Thomas) (Entered: 12/05/2007) |
| 12/07/2007 | 47 | BRIEF in support of MOTION FOR SEPARATE TRIALS AND FOR STAY OF DISCOVERY 38 by Attorney Alan M. Thelen on behalf of Defendants Angie Circo, Alan Reyes, Teresa Negron, Omaha, City of. (Thelen, Alan) (Entered: 12/07/2007) |
| 12/12/2007 | 48 | MEMORANDUM AND ORDER granting 41 Motion for Summary Judgment; Plaintiff's complaint against Jennifer Thompson is dismissed; denying 45 Motion to Extend. Ordered by Senior Judge Lyle E. Strom. (CJP) (Entered: 12/12/2007) |
| 12/12/2007 | 49 | MOTION for Leave *to file Amended Complaint* by Attorney Thomas J. Young on behalf of Plaintiff David J. Young. (Attachments: # 1 Proposed Amended Complaint)(Young, Thomas) (Entered: 12/12/2007) |
| 12/18/2007 | 50 | MEMORANDUM AND ORDER granting in part and denying in part 18 Motion to Dismiss. The motion as to William Johnson and Bridget Johnson is granted; the complaint against said defendants is dismissed without prejudice. The motion as to Jenna Johnson is denied. Defendants Stuart Dornan, Sandra Denton, Matthew Kahler, and Douglas County's motion to dismiss 22 is denied. Ordered by Senior Judge Lyle E. Strom. (JSF) (Entered: 12/18/2007) |
| 12/18/2007 | 51 | MEMORANDUM AND ORDER granting 38 Motion for separate trials and for stay of discovery. Plaintiff's policy claim under 42 U.S.C. § 1983 against the Cityof Omaha will be tried separately after all remaining claims have been tried. Discovery related solely to this claim is stayed until the Court, on motion, lifts the stay. Ordered by Senior Judge Lyle E. Strom. (JSF) (Entered: 12/18/2007) |
| 12/18/2007 | 52 | ORDER denying as moot 49 Motion for Leave to amend complaint. Ordered by Senior Judge Lyle E. Strom. (JSF) (Entered: 12/18/2007) |
| 01/03/2008 | 53 | MOTION for Judgment *Final Pursuant to Rule 54(b) re: Johnsons and Thompson* by Attorney Thomas J. Young on behalf of Plaintiff David J. |

| | | Young.(Young, Thomas) (Entered: 01/03/2008) |
|---|---|---|
| 01/03/2008 | 54 | BRIEF in support of MOTION for Judgment *Final Pursuant to Rule 54 (b) re: Johnsons and Thompson* 53 by Attorney Thomas J. Young on behalf of Plaintiff David J. Young.(Young, Thomas) (Entered: 01/03/2008) |
| 01/04/2008 | 55 | ANSWER to Complaint by Attorney Kristin M. Lynch on behalf of Defendants Matthew R. Kahler, Stuart J. Dornan, Douglas County, Sandra L. Denton(Lynch, Kristin) (Entered: 01/04/2008) |
| 01/04/2008 | 56 | *Defendant Jenna Johnson's* ANSWER to Complaint with jury demand by Attorney Douglas L. Phillips on behalf of Defendant Jenna R. Johnson (Phillips, Douglas) (Entered: 01/04/2008) |
| 01/08/2008 | 57 | NOTICE to Take Deposition of Patrick J. Borchers by Attorney Thomas J. Young on behalf of Plaintiff David J. Young (Young, Thomas) (Entered: 01/08/2008) |
| 01/25/2008 | 58 | Certificate *of Serving Disclosures Pursuant To Federal Rule of Civil Procedure 26(a)(1) and (2)* by Attorney Douglas L. Phillips on behalf of Defendant Jenna R. Johnson.(Phillips, Douglas) (Entered: 01/25/2008) |
| 01/25/2008 | 59 | Certificate *of Serving Discovery* by Attorney Douglas L. Phillips on behalf of Defendant Jenna R. Johnson.(Phillips, Douglas) (Entered: 01/25/2008) |
| 01/29/2008 | 60 | ORDER denying 53 motion for entry of final judgment pursuant to Rule 54(b) with regard to defendants, Jennifer Thompson, William J. Johnson and Bridget Johnson. Ordered by Senior Judge Lyle E. Strom. (JDR) (Entered: 01/29/2008) |
| 02/01/2008 | 61 | NOTICE *OF SERVICE OF INTERROGATORIES OF DEFENDANT ANGIE CIRCO, DEFENDANT ALAN REYES, DEFENDANT TERESA NEGRON and REQUESTS FOR PRODUCTION OF DOCUMENTS* by Attorney Alan M. Thelen on behalf of Defendants Angie Circo, Alan Reyes, Teresa Negron, Omaha, City of (Thelen, Alan) (Entered: 02/01/2008) |
| 02/08/2008 | 62 | NOTICE *of Intent to Serve Subpoena Duces Tecum* by Attorney Alan M. Thelen on behalf of Defendants Angie Circo, Alan Reyes, Teresa Negron, Omaha, City of (Thelen, Alan) (Entered: 02/08/2008) |
| 02/21/2008 | 63 | Certificate *of service of Plaintiff's Responses to Request of Admissions of Defendant Jenna Johnson* by Attorney Thomas J. Young on behalf of Plaintiff David J. Young.(Young, Thomas) (Entered: 02/21/2008) |
| 02/21/2008 | 64 | NOTICE *of Serving Defendant's Rule 26(a)(1) Initial Disclosures* by Attorney Kristin M. Lynch on behalf of Defendants Matthew R. Kahler, Stuart J. Dornan, Douglas County, Sandra L. Denton (Lynch, Kristin) (Entered: 02/21/2008) |
| 03/03/2008 | 65 | NOTICE *of mailing of Plaintiff's Initial Disclosures Pursuant to Rule 26 (a)(1)* by Attorney Thomas J. Young on behalf of Plaintiff David J. |

| | | Young (Young, Thomas) (Entered: 03/03/2008) |
|---|---|---|
| 03/07/2008 | 66 | NOTICE *OF SERVICE OF SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS* by Attorney Alan M. Thelen on behalf of Defendants Angie Circo, Alan Reyes, Teresa Negron, Omaha, City of (Thelen, Alan) (Entered: 03/07/2008) |
| 03/28/2008 | 67 | MOTION to Compel by Attorney Douglas L. Phillips on behalf of Defendant Jenna R. Johnson. (Attachments: # 1 Exhibit A - Correspondence service with discovery 1.25.2008, # 2 Exhibit B - Defendant Jenna Johnson's First Set of Interrogatories to Plaintiff, # 3 Exhibit C - Defendant Jenna Johnson's First Request For Production of Documents to Plaintiff, # 4 Exhibit D - February 12, 2008 Good Faith Letter, # 5 Exhibit E - March 5, 2008 Good Faith Letter, # 6 Exhibit F - March 18, 2008 Good Faith Letter, # 7 Exhibit G - March 24, 2008 Good Faith Letter)(Phillips, Douglas) (Entered: 03/28/2008) |
| 04/01/2008 | 68 | NOTICE to Take Deposition of David Young , *Video Taped,* by Attorney Douglas L. Phillips on behalf of Defendant Jenna R. Johnson (Phillips, Douglas) (Entered: 04/01/2008) |
| 04/02/2008 | 69 | TEXT NOTICE OF INDEX OF EVIDENCE 67 by Deputy Clerk. Pursuant to NECivR 7.1(a)(2) and (b)(2), evidence in support of a motion shall be identified on an electronically-filed index of evidence. The index of evidence must identify the motion to which it relates. Attachments to the index must be described using the System-generated prompt box. This notice is for your information for future filings.(TJS) (Entered: 04/02/2008) |
| 04/09/2008 | 70 | NOTICE to Take Deposition of Jennie L. Young by Attorney Alan M. Thelen on behalf of Defendants Angie Circo, Alan Reyes, Teresa Negron, Omaha, City of (Thelen, Alan) (Entered: 04/09/2008) |
| 04/09/2008 | 71 | NOTICE to Take Deposition of James Martin Davis by Attorney Alan M. Thelen on behalf of Defendants Angie Circo, Alan Reyes, Teresa Negron, Omaha, City of (Thelen, Alan) (Entered: 04/09/2008) |
| 04/09/2008 | 72 | REPORT of Rule 26(f) Planning Meeting *(Plaintiff's Supplementary)* by Attorney Thomas J. Young on behalf of Plaintiff David J. Young. (Young, Thomas) (Entered: 04/09/2008) |
| 04/09/2008 | 73 | NOTICE *of Service of answers to discovery* by Attorney Thomas J. Young on behalf of Plaintiff David J. Young (Young, Thomas) (Entered: 04/09/2008) |
| 04/10/2008 | 74 | MOTION to Strike Report of Rule 26(f) Planning Meeting 72 by Attorney Alan M. Thelen on behalf of Defendants Angie Circo, Alan Reyes, Teresa Negron, Omaha, City of.(Thelen, Alan) (Entered: 04/10/2008) |
| 04/10/2008 | 75 | INDEX in support of MOTION to Strike Report of Rule 26(f) Planning Meeting 72 74 by Attorney Alan M. Thelen on behalf of Defendants Angie Circo, Alan Reyes, Teresa Negron, Omaha, City of. (Attachments: |

| | | # 1 Affidavit Alan Thelen)(Thelen, Alan) (Entered: 04/10/2008) |
|---|---|---|
| 04/14/2008 | 76 | BRIEF in opposition to MOTION to Compel 67 by Attorney Thomas J. Young on behalf of Plaintiff David J. Young.(Young, Thomas) (Entered: 04/14/2008) |
| 04/14/2008 | 77 | INDEX in support of Brief 76 *in Opposition to Motion to Compel* by Attorney Thomas J. Young on behalf of Plaintiff David J. Young. (Young, Thomas) (Entered: 04/14/2008) |
| 04/22/2008 | 78 | BRIEF in opposition to MOTION to Strike Report of Rule 26(f) Planning Meeting 72 74 by Attorney Thomas J. Young on behalf of Plaintiff David J. Young.(Young, Thomas) (Entered: 04/22/2008) |
| 04/22/2008 | 79 | INDEX in support of Brief 78 *in Opposition to Motion to Strike* by Attorney Thomas J. Young on behalf of Plaintiff David J. Young. (Attachments: # 1 Exhibit Affidavit of Thomas J. Young)(Young, Thomas) (Entered: 04/22/2008) |
| 04/30/2008 | 80 | NOTICE to Take Deposition of James Martin Davis and Jennie L. Young by Attorney Alan M. Thelen on behalf of Defendants Angie Circo, Alan Reyes, Teresa Negron, Omaha, City of (Thelen, Alan) (Entered: 04/30/2008) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/01/2008 15:49:50 | | | |
| **PACER Login:** | km0125 | **Client Code:** | 637.01/psl/aal |
| **Description:** | Docket Report | **Search Criteria:** | 8:07-cv-00265-LES-TDT |
| **Billable Pages:** | 7 | **Cost:** | 0.56 |

# The City of Omaha
# Case 4

District of Nebraska

TRIAL-OMAHA

# U.S. District Court
## District of Nebraska (8 Omaha)
## CIVIL DOCKET FOR CASE #: 8:08-cv-00087-LSC-FG3

Nikolas v. Omaha, City of, et al
Assigned to: Judge Laurie Smith Camp
Referred to: Magistrate Judge F. A. Gossett
Cause: 42:1981 Civil Rights

Date Filed: 02/29/2008
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Michael E. Nikolas**

represented by **W. Patrick Betterman**
BETTERMAN LAW FIRM
3628 North 163rd Plaza
Omaha, NE 68116-2164
(402) 333-3334
Fax: (402) 333-4113
Email: pat@betterlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Omaha, City of**
*a political subdivision of the State of Nebraska*

represented by **Alan M. Thelen**
CITY OF OMAHA
1819 Farnam Street
Suite 804
Omaha, NE 68183
(402) 444-5135
Fax: (402) 444-5125
Email: athelen@ci.omaha.ne.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**S. P. Benson, Jr.**
*an individual*

represented by **Alan M. Thelen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe**
*an individual*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

District of Nebraska

| 02/29/2008 | 1 | COMPLAINT with jury demand against City of Omaha, S. P. Benson, John Doe ( Filing fee $ 350, receipt number 0867000000001140603), by Attorney W. Patrick Betterman on behalf of Michael E Nikolas (Betterman, W.) (Entered: 02/29/2008) |
|---|---|---|
| 03/03/2008 | 2 | TEXT NOTICE OF JUDGES ASSIGNED: Judge Laurie Smith Camp and Magistrate Judge F. A. Gossett assigned. (TCL) (Entered: 03/03/2008) |
| 03/04/2008 | 3 | Summons Requested as to City of Omaha regarding Complaint 1 . (Betterman, W.) (Entered: 03/04/2008) |
| 03/04/2008 | 4 | Summons Requested as to S.P. Benson regarding Complaint 1 . (Betterman, W.) (Entered: 03/04/2008) |
| 03/04/2008 | 5 | Summons Issued (COPY) as to defendant Omaha, City of, S. P. Benson, Jr. YOU MUST PRINT YOUR ISSUED SUMMONS, WHICH ARE ATTACHED TO THIS DOCUMENT. PAPER COPIES WILL NOT BE MAILED. (TCL) (Entered: 03/04/2008) |
| 03/05/2008 | 6 | NOTICE *of Constitutional Issue* by Attorney W. Patrick Betterman on behalf of Plaintiff Michael E. Nikolas (Betterman, W.) (Entered: 03/05/2008) |
| 03/24/2008 | 7 | MOTION for Extension of Time to File Answer by Attorney Alan M. Thelen on behalf of Defendants Omaha, City of, S. P. Benson, Jr.(Thelen, Alan) (Entered: 03/24/2008) |
| 03/24/2008 | 8 | TEXT ORDER granting 7 Motion for Extension of Time to Answer. Omaha, City of answer due 4/24/2008 and S. P. Benson, Jr answer due 4/24/2008. Ordered by Deputy Clerk. (MKR) (Entered: 03/24/2008) |
| 03/24/2008 | 9 | SCHEDULING PACKET Rule 26 Meeting Report Deadline set for 5/1/2008. Ordered by Magistrate Judge F. A. Gossett. (CLS, ) (Entered: 03/24/2008) |
| 04/24/2008 | 10 | ANSWER to Complaint with jury demand by Attorney Alan M. Thelen on behalf of Defendants Omaha, City of, S. P. Benson, Jr(Thelen, Alan) (Entered: 04/24/2008) |
| 04/25/2008 | 11 | MOTION to Extend *Time to File Report of Parties' Planning Conference* by Attorney W. Patrick Betterman on behalf of Plaintiff Michael E. Nikolas.(Betterman, W.) (Entered: 04/25/2008) |
| 04/25/2008 | 12 | TEXT ORDER granting 11 Motion to Extend Deadline. The parties are given until and including May 15, 2008 to file their Rule 26(f) planning report. Ordered by Magistrate Judge F. A. Gossett. (CLS, ) (Entered: 04/25/2008) |

| PACER Service Center |
|---|
| Transaction Receipt |

District of Nebraska

| 05/01/2008 15:44:00 | | | |
|---|---|---|---|
| **PACER Login:** | km0125 | **Client Code:** | 637.01/psl/aal |
| **Description:** | Docket Report | **Search Criteria:** | 8:08-cv-00087-LSC-FG3 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

# The City of Omaha
## Case 5

NEBRASKADOCKET, PROSEDOCKET, TRIAL-OMAHA

## U.S. District Court
## District of Nebraska (8 Omaha)
## CIVIL DOCKET FOR CASE #: 8:08-cv-00194-JFB-PRSE

| | |
|---|---|
| McKoy v. Fahey et al | Date Filed: 04/30/2008 |
| Assigned to: Chief Judge Joseph F. Bataillon | Jury Demand: Plaintiff |
| Referred to: Pro Se Docket | Nature of Suit: 550 Prisoner: Civil Rights |
| Cause: 42:1983 Prisoner Civil Rights | Jurisdiction: Federal Question |

**Plaintiff**

**Sterling McKoy**                     represented by  **Sterling McKoy**
19319-047
FPC-TERRE HAUTE
Address Updated 10/23/2007
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808
PRO SE

V.

**Defendant**

**Mike Fahey**
*Mayor*

**Defendant**

**Hal Daub**
*Former Mayor*

**Defendant**

**Omaha, City of**
*The*

**Defendant**

**Thomas Warren**
*The Chief of Police*

**Defendant**

**Alan Pepin**

**Defendant**

**John Doe**

District of Nebraska

**Defendant**

**Jeffery Gassaway**
*Officer*

**Defendant**

**George Collins**
*Officer*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/30/2008 | 1 | COMPLAINT with jury demand against Mike Fahey, Hal Daub, Omaha, City of, Thomas Warren, Alan Pepin, John Doe, Jeffery Gassaway, George Collins; no Summons issued ; filed on behalf of pro se plaintiff Sterling McKoy.(ADB) (Entered: 04/30/2008) |
| 04/30/2008 | 2 | MOTION for Leave to Proceed in forma pauperis on behalf of Plaintiff Sterling McKoy.(ADB) (Entered: 04/30/2008) |
| 04/30/2008 | 3 | AFFIDAVIT regarding MOTION for Leave to Proceed in forma pauperis 2 on behalf of Plaintiff Sterling McKoy. (document not signed)(ADB) (Entered: 04/30/2008) |
| 04/30/2008 | 4 | PRISONER ACCOUNT CERTIFICATE by Plaintiff Sterling McKoy ACCESS TO THE PDF DOCUMENT IS RESTRICTED PURSUANT TO THE E-GOVERNMENT ACT. ACCESS IS LIMITED TO COUNSEL OF RECORD AND THE COURT. (ADB) (Entered: 04/30/2008) |
| 04/30/2008 | 5 | MOTION to Appoint Counsel on behalf of Plaintiff Sterling McKoy. (ADB, ) (Entered: 04/30/2008) |
| 04/30/2008 | 6 | NOTICE by Clerk acknowledging receipt of complaint filed by a pro se party. (ADB, ) (Entered: 04/30/2008) |
| 04/30/2008 | 7 | TEXT NOTICE OF DEFICIENCY by Deputy Clerk that the Affidavit 3 has been filed and is considered deficient because the document is not signed. The plaintiff shall correct the deficiency within 15 days of the date of this entry or the pleading may be stricken from the record of this case. See NECivR 11.1. (copy of document 3 mailed to plaintiff for signature)(ADB, ) (Entered: 04/30/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/01/2008 15:40:09 | | | |
| PACER Login: | km0125 | Client Code: | 637.01/psl/aal |
| Description: | Docket Report | Search Criteria: | 8:08-cv-00194-JFB-PRSE |

| Billable Pages: | 2 | Cost: | 0.16 |
|---|---|---|---|

# The City of Omaha
# Case 6



TO ORDER COPIES OF ANY DOCUMENTS LISTED BELOW, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply).

**This docket is current through 04/20/2008**

**For an updated version of this docket, click UPDATE**

| | |
|---|---|
| **Court:** | U.S. DISTRICT COURT DISTRICT OF NEBRASKA (8 OMAHA) |
| **Case Title:** | DEMPSEY v. OMAHA, CITY OF ET AL |
| **Case:** | 8:07-CV-00311 |
| **Judge:** | JUDGE LAURIE SMITH CAMP |
| **Date Filed:** | 08/10/2007 |
| **Other Dockets:** | USDC-NE, 8:07CV00110 |

**CASE INFORMATION**

| | |
|---|---|
| **Case Number:** | 8:07CV00311 |
| **Referred To:** | MAGISTRATE JUDGE F. A. GOSSETT |
| **Jury Demand:** | BOTH |
| **Nature of Suit:** | CIVIL RIGHTS: EMPLOYMENT (442) |
| **Key Nature of Suit:** | CIVIL RIGHTS; EMPLOYMENT (110.25) |
| **Jurisdiction:** | FEDERAL QUESTION |
| **Cause:** | 42 USC 1983 CIVIL RIGHTS ACT |

**PARTICIPANT INFORMATION**

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

| | |
|---|---|
| Plaintiff: | TIM DEMPSEY |
| Attorney(s): | MICHAEL J. DYER |
| Email Address: | MIKE@DYERLAW.COM |
| Firm Name: | DYER LAW OFFICE |
| Attorney Address: | 10730 PACIFIC STREET, SUITE 111 |
| | OMAHA, NE 68124-5646 |
| Attorney Phone: | 402-393-7529 |
| Attorney Fax: | 402-391-2289 |
| | |
| Attorney(s): | JEROLD V. FENNELL |
| Email Address: | JEROLDVFENNELL@HOTMAIL.COM |
| Firm Name: | FENNELL LAW FIRM |
| Attorney Address: | P.O. BOX 635 |
| | ELM GROVE, WI 53122-0635 |
| Attorney Phone: | 262-787-0966 |
| Attorney Fax: | 630-710-5648 |
| | |
| Defendant: | OMAHA, CITY OF A MUNICIPAL CORPORATION |
| Attorney(s): | ALAN M. THELEN |
| Email Address: | ATHELEN@CI.OMAHA.NE.US |
| Firm Name: | CITY OF OMAHA |
| Attorney Address: | 1819 FARNAM STREET, SUITE 804 |
| | OMAHA, NE 68183 |
| Attorney Phone: | 402-444-5135 |
| Attorney Fax: | 402-444-5125 |
| | |
| Defendant: | MICHAEL G. FAHEY INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY |
| Attorney(s): | ALAN M. THELEN |
| Email Address: | ATHELEN@CI.OMAHA.NE.US |
| Firm Name: | CITY OF OMAHA |
| Attorney Address: | 1819 FARNAM STREET, SUITE 804 |
| | OMAHA, NE 68183 |
| Attorney Phone: | 402-444-5135 |
| Attorney Fax: | 402-444-5125 |

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

| | |
|---|---|
| **Defendant:** | PAUL LANDOW INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY |
| **Attorney(s):** | <u>ALAN M. THELEN</u> |
| **Email Address:** | ATHELEN@CI.OMAHA.NE.US |
| **Firm Name:** | **CITY** OF **OMAHA** |
| **Attorney Address:** | 1819 FARNAM STREET, SUITE 804 |
| | OMAHA, NE 68183 |
| **Attorney Phone:** | 402-444-5135 |
| **Attorney Fax:** | 402-444-5125 |
| | |
| **Defendant:** | TOM MARFISI INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY |
| **Attorney(s):** | <u>ALAN M. THELEN</u> |
| **Email Address:** | ATHELEN@CI.OMAHA.NE.US |
| **Firm Name:** | **CITY** OF **OMAHA** |
| **Attorney Address:** | 1819 FARNAM STREET, SUITE 804 |
| | OMAHA, NE 68183 |
| **Attorney Phone:** | 402-444-5135 |
| **Attorney Fax:** | 402-444-5125 |

### DOCKET PROCEEDINGS

| Entry#: | Date: | Description: |
|---|---|---|
| 32 | 04/14/2008 | NOTICE TO TAKE DEPOSITION OF THOMAS WARREN BY ATTORNEY JEROLD V. FENNELL ON BEHALF OF PLAINTIFF TIM DEMPSEY (FENNELL, JEROLD) (ENTERED: 04/14/2008) |
| | | 🖼 View Document in PDF Format |
| 31 | 04/14/2008 | NOTICE TO TAKE DEPOSITION OF DON THORSON BY ATTORNEY JEROLD V. FENNELL ON BEHALF OF PLAINTIFF TIM DEMPSEY (FENNELL, JEROLD) (ENTERED: 04/14/2008) |
| | | 🖼 View Document in PDF Format |
| 30 | 04/14/2008 | NOTICE TO TAKE DEPOSITION OF MICHAEL J. FAHEY, PAUL LANDOW, AND TOM MARFISI BY ATTORNEY JEROLD V. FENNELL ON BEHALF OF PLAINTIFF TIM DEMPSEY (FENNELL, JEROLD) (ENTERED: 04/14/2008) |
| | | 🖼 View Document in PDF Format |

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

8:07-CV-00311

| 29 | 03/27/2008 | NOTICE TO TAKE DEPOSITION OF **CITY** OF **OMAHA** RULE 30 (B) (6) BY ATTORNEY JEROLD V. FENNELL ON BEHALF OF PLAINTIFF TIM DEMPSEY (FENNELL, JEROLD) (ENTERED: 03/27/2008) |

    📄 View Document in PDF Format

| 28 | 03/21/2008 | NOTICE TO TAKE DEPOSITION OF TIM DEMPSEY BY ATTORNEY ALAN M. THELEN ON BEHALF OF DEFENDANTS OMAHA, CITY OF, MICHAEL G. FAHEY, PAUL LANDOW, TOM MARFISI (THELEN, ALAN) (ENTERED: 03/21/2008) |

    📄 View Document in PDF Format

| 27 | 02/21/2008 | TEXT ORDER. COUNSEL APPEARED TELEPHONICALLY FOR R.16 CONFERENCE. JEROLD FENNELL AND MICHAEL DYER REPRESENTED THE PLAINTIFF AND ALAN THELEN REPRESENTED THE DEFENDANT. STATUS OF THE CASE REVIEWED. PLANNING CONFERENCE CONTINUED TO 6/23/2008 AT 09:30 AM CHAMBERS BEFORE MAGISTRATE JUDGE F. A. GOSSETT, BY TELEPHONE CALL INITIATED BY PLAINTIFF'S COUNSEL. ORDERED BY MAGISTRATE JUDGE F. A. GOSSETT. (ARL, ) (ENTERED: 02/21/2008) |

    Send Runner to the Court

| 26 | 02/21/2008 | TEXT MINUTE ENTRY FOR IN CHAMBERS PROCEEDINGS HELD BEFORE MAGISTRATE JUDGE F. A. GOSSETT ON 2/21/2008. COUNSEL APPEARED TELEPHONICALLY FOR R.16 CONFERENCE. JEROLD FENNELL AND MICHAEL DYER REPRESENTED THE PLAINTIFF AND ALAN THELEN REPRESENTED THE DEFENDANT. STATUS OF THE CASE REVIEWED. HEARING TO BE CONTINUED. (ARL, ) (ENTERED: 02/21/2008) |

    Send Runner to the Court

| 25 | 02/13/2008 | TEXT ORDER GRANTINGMOTION TO EXTEND. THE AMENDED COMPLAINT IS DEEMED TIMELY FILED. ORDERED BY MAGISTRATE JUDGE F. A. GOSSETT. (CLS, ) (ENTERED: 02/13/2008) |

    Send Runner to the Court

| 24 | 02/07/2008 | ANSWER TO AMENDED COMPLAINTBY ATTORNEY ALAN M. THELEN ON BEHALF OF DEFENDANTS OMAHA, CITY OF, MICHAEL G. FAHEY, PAUL LANDOW, TOM MARFISI AMENDED COMPLAINT FILED BY TIM DEMPSEY (THELEN, ALAN) (ENTERED: |

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

02/07/2008)

📄 View Document in PDF Format

| 23 | 02/06/2008 | UNOPPOSED MOTION TO EXTEND TIME TO FILE AMENDED COMPLAINT AMENDED COMPLAINT BY ATTORNEY JEROLD V. FENNELL ON BEHALF OF PLAINTIFF TIM DEMPSEY.(FENNELL, JEROLD) (ENTERED: 02/06/2008) |

📄 View Document in PDF Format

| 22 | 02/06/2008 | AMENDED COMPLAINT OF PLAINTIFF TIMOTHY DEMPSEY AGAINST DEFENDANT ALL DEFENDANTS, BY ATTORNEY JEROLD V. FENNELL ON BEHALF OF TIM DEMPSEY(FENNELL, JEROLD) (ENTERED: 02/06/2008) |

📄 View Document in PDF Format

| 21 | 01/10/2008 | TEXT ORDER REGARDING ORDER . THE ORDER IS AMENDED TO REFLECT THAT A NEW DEADLINE FOR FILING SUMMARY JUDGMENT MOTIONS BASED ON QUALIFIED IMMUNITY WILL BE ESTABLISHED AT THE TIME OF THE PARTIES' PLANNING CONFERENCE SET FOR 2/21/2008 AT 9:30 AM.ORDERED BY MAGISTRATE JUDGE F. A. GOSSETT. (CLS, ) (ENTERED: 01/10/2008) |

Send Runner to the Court

| 20 | 01/08/2008 | ORDER. PLAINTIFF'S MOTION TO AMEND COMPLAINTIS GRANTED. PLAINTIFF SHALL FILE AND SERVE HIS AMENDED COMPLAINT NO LATER THAN 1/25/2008. ALL ADVERSE PARTIES SHALL ANSWER OR RESPOND TO THE FIRST AMENDED COMPLAINT WITHIN THE TIME ALLOWED BY FED. R. CIV. P. 15(A)(3). DEFENDANTS' MOTION FOR EXTENSION OF TIME IS GRANTED. THE DEADLINE FOR FILING MOTIONS FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY (NOW SET FOR 1/7/2008) IS VACATED. A NEW DEADLINE WILL BE ESTABLISHED AT THE TIME OF THE PARTIES' PLANNING CONFERENCE ON 2/14/2008. ORDERED BY MAGISTRATE JUDGE F. A. GOSSETT. (CLS, ) (ENTERED: 01/08/2008) |

📄 View Document in PDF Format

| 19 | 01/07/2008 | BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT BY ATTORNEY JEROLD V. FENNELL ON BEHALF OF PLAINTIFF TIM DEMPSEY.(FENNELL, JEROLD) (ENTERED: |

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

01/07/2008)

🗎 View Document in PDF Format

| 18 | 01/07/2008 | UNOPPOSED MOTION TO AMEND COMPLAINT BY ATTORNEY JEROLD V. FENNELL ON BEHALF OF PLAINTIFF TIM DEMPSEY. (ATTACHMENTS: # SUBMISSION FROM SENDER PROPOSED AMENDED COMPLAINT)(FENNELL, JEROLD) (ENTERED: 01/07/2008) |

🗎 View Document in PDF Format

| 17 | 12/31/2007 | MOTION TO EXTEND DEADLINE FOR FILING MOTIONS FOR SUMMARY JUDGMENT BY ATTORNEY ALAN M. THELEN ON BEHALF OF DEFENDANTS OMAHA, CITY OF, MICHAEL G. FAHEY, PAUL LANDOW, TOM MARFISI.(THELEN, ALAN) (ENTERED: 12/31/2007) |

🗎 View Document in PDF Format

| 16 | 12/19/2007 | TEXT ORDER. ON THE COURT'S MOTION AND CONSULTATION WITH COUNSEL, THE PLANNING CONFERENCE IS RESCHEDULED TO 2/21/2008 AT 09:30 AM CHAMBERS BEFORE MAGISTRATE JUDGE F. A. GOSSETT, BY TELEPHONE CALL INITIATED BY PLAINTIFF'S COUNSEL.ORDERED BY MAGISTRATE JUDGE F. A. GOSSETT. (ARL,) (ENTERED: 12/19/2007) |

Send Runner to the Court

| 15 | 12/17/2007 | NOTICE OF SERVING DISCOVERY RESPONSES BY ATTORNEY MICHAEL J. DYER ON BEHALF OF PLAINTIFF TIM DEMPSEY (DYER, MICHAEL) (ENTERED: 12/17/2007) |

🗎 View Document in PDF Format

| 14 | 12/06/2007 | NOTICE OF SERVING DISCOVERY REQUESTS BY ATTORNEY ALAN M. THELEN ON BEHALF OF DEFENDANTS OMAHA, CITY OF, MICHAEL G. FAHEY, PAUL LANDOW, TOM MARFISI (THELEN, ALAN) (ENTERED: 12/06/2007) |

🗎 View Document in PDF Format

| 13 | 12/01/2007 | DISCLOSURE PLAINTIFFS INITIAL RULE 26 DISCLOSURES BY ATTORNEY JEROLD V. FENNELL ON BEHALF OF PLAINTIFF TIM |

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

DEMPSEY.(FENNELL, JEROLD) (ENTERED: 12/01/2007)

📄 View Document in PDF Format

| 12 | 11/30/2007 | NOTICE OF SERVING DEFENDANTS' INITIAL DISCLOSURES BY ATTORNEY ALAN M. THELEN ON BEHALF OF DEFENDANTS OMAHA, CITY OF, MICHAEL G. FAHEY, PAUL LANDOW, TOM MARFISI (THELEN, ALAN) (ENTERED: 11/30/2007) |

📄 View Document in PDF Format

| 11 | 11/01/2007 | ORDER SETTING SCHEDULE FOR INITIAL PROGRESSION OF A CIVIL CASE - PLANNING CONFERENCE SET FOR 2/14/2008 AT 9:30 AM BY TELEPHONE BEFORE MAGISTRATE JUDGE F. A. GOSSETT. COUNSEL FOR PLAINTIFF(S) SHALL INITIATE THE PLANNING CONFERENCE CALL TO THE COURT AT 9:30 AM ON 2/14/2008. COUNSEL SHALL NOTIFY THE UNDERSIGNED MAGISTRATE JUDGE BY JOINT OR SEPARATE LETTERS BY 1/7/2008 ADDRESSING MEDIATION REQUIREMENTS. ORDERED BY MAGISTRATE JUDGE F. A. GOSSETT. (CLS, ) (ENTERED: 11/01/2007) |

📄 View Document in PDF Format

| 10 | 10/31/2007 | REPORT OF RULE 26(F) PLANNING MEETING BY ATTORNEY JEROLD V. FENNELL ON BEHALF OF PLAINTIFF TIM DEMPSEY.(FENNELL, JEROLD) (ENTERED: 10/31/2007) |

📄 View Document in PDF Format

| 9 | 09/26/2007 | SCHEDULING PACKET RULE 26 MEETING REPORT DEADLINE SET FOR 10/31/2007. ORDERED BY MAGISTRATE JUDGE F. A. GOSSETT. (CLS, ) (ENTERED: 09/26/2007) |

📄 View Document in PDF Format

| 8 | 09/26/2007 | ANSWER TO COMPLAINT BY ATTORNEY ALAN M. THELEN ON BEHALF OF DEFENDANTS **CITY** OF **OMAHA**, MICHAEL G. FAHEY, PAUL LANDOW, TOM MARFISI(THELEN, ALAN) (ENTERED: 09/26/2007) |

📄 View Document in PDF Format

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

| 7 | 08/31/2007 | SUMMONS ISSUED (COPY) AS TO DEFENDANT **CITY** OF **OMAHA**, MICHAEL G. FAHEY, PAUL LANDOW, TOM MARFISI. YOU MUST PRINT YOUR ISSUED SUMMONS, WHICH ARE ATTACHED TO THIS DOCUMENT. PAPER COPIES WILL NOT BE MAILED. (TCL ) (ENTERED: 08/31/2007)<br><br>📄 View Document in PDF Format |
| 6 | 08/31/2007 | SUMMONS REQUESTED AS TO DEFENDANT TOM MARFISI REGARDING COMPLAINT . (FENNELL, JEROLD) (ENTERED: 08/31/2007)<br><br>📄 View Document in PDF Format |
| 5 | 08/31/2007 | SUMMONS REQUESTED AS TO DEFENDANT PAUL LANDOW REGARDING COMPLAINT . (FENNELL, JEROLD) (ENTERED: 08/31/2007)<br><br>📄 View Document in PDF Format |
| 4 | 08/31/2007 | SUMMONS REQUESTED AS TO DEFENDANT MICHAEL G. FAHEY REGARDING COMPLAINT . (FENNELL, JEROLD) (ENTERED: 08/31/2007)<br><br>📄 View Document in PDF Format |
| 3 | 08/31/2007 | SUMMONS REQUESTED AS TO DEFENDANT **CITY** OF **OMAHA** REGARDING COMPLAINT . (FENNELL, JEROLD) (ENTERED: 08/31/2007)<br><br>📄 View Document in PDF Format |
| 2 | 08/10/2007 | TEXT NOTICE OF JUDGES ASSIGNED: JUDGE LAURIE SMITH CAMP AND MAGISTRATE JUDGE F. A. GOSSETT ASSIGNED. (JAE, ) (ENTERED: 08/10/2007)<br><br>Send Runner to the Court |
| 1 | 08/10/2007 | COMPLAINT WITH JURY DEMAND AGAINST ALL DEFENDANTS ( FILING FEE $ 350, RECEIPT NUMBER 1013564), BY ATTORNEY JEROLD V. FENNELL ON BEHALF OF TIM DEMPSEY(FENNELL, JEROLD) (ENTERED: 08/10/2007) |

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

8:07-CV-00311

📄 View Document in PDF Format

TO ORDER COPIES OF ANY DOCUMENTS LISTED ABOVE, CALL WESTLAW COURTEXPRESS 1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply).

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

# The City of Omaha
# Case 7

CONSENTMAGISTRATEJUDGE, LENGTHOFTRIAL-2, TRIAL-OMAHA

## U.S. District Court
### District of Nebraska (8 Omaha)
### CIVIL DOCKET FOR CASE #: 8:07-cv-00277-FG3

Brizendine v. Omaha, City of et al
Assigned to: Magistrate Judge F. A. Gossett
Case in other court: Douglas County District Court, Doc. 1071, Page
     786
Cause: 28:1441 Petition for Removal- Civil Rights Act

Date Filed: 07/23/2007
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Charles Brizendine**                    represented by **Timothy L. Ashford**
                                          300 South 19th Street
                                          Suite 316
                                          Omaha, NE 68102
                                          (402) 342-8888
                                          Fax: (402) 346-2966
                                          Email: TAsh178346@aol.com
                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Omaha, City of**                        represented by **Thomas O. Mumgaard**
                                          CITY OF OMAHA
                                          1819 Farnam Street
                                          Suite 804
                                          Omaha, NE 68183
                                          (402) 444-5137
                                          Fax: (402) 444-5125
                                          Email: tmumgaard@ci.omaha.ne.us
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Omaha Police Department**               represented by **Thomas O. Mumgaard**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Thomas Warren**                         represented by **Thomas O. Mumgaard**
*Chief Of Police, Individually And In His*     (See above for address)
*Official Capacity*                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Paul D. Kratz**                         represented by **Thomas O. Mumgaard**
*City Attorney, Individually And In His Official*    (See above for address)
*Capacity*                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Marty Conboy**                          represented by **Thomas O. Mumgaard**
*City Prosecutor, Individually And In His*     (See above for address)

*Official Capacity*                                    *ATTORNEY TO BE NOTICED*

### Defendant

**Frank Platt**                              represented by **Thomas O. Mumgaard**
*Omaha Police Officer, Individually And In*                  (See above for address)
*His Official Capacity*                                    *ATTORNEY TO BE NOTICED*

### Defendant

**Michael Curd**                            represented by **Thomas O. Mumgaard**
*Omaha Police Officer, Individually And In*                  (See above for address)
*His Official Capacity*                                    *ATTORNEY TO BE NOTICED*

### Defendant

**Brian Gerrity**                           represented by **Thomas O. Mumgaard**
*Omaha Police Officer, Individually And In*                  (See above for address)
*His Official Capacity*                                    *ATTORNEY TO BE NOTICED*

### Defendant

**John Does 1-10**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2007 | 1 | NOTICE OF REMOVAL with Jury Demand from Douglas County District Court, Doc. 1071, Page 786; receipt no. 8-4663 in the amount of $350; with attached state court pleadings, by Attorney Thomas O. Mumgaard on behalf of Paul D. Kratz, Marty Conboy, Frank Platt, Michael Curd, Brian Gerrity, Omaha, City of, Omaha Police Department and Thomas Warren (JSF) (Entered: 07/23/2007) |
| 07/23/2007 | 2 | CIVIL COVER SHEET (JSF) (Entered: 07/23/2007) |
| 07/23/2007 | 3 | MOTION for Extension of Time to File Answer by Attorney Thomas O. Mumgaard on behalf of Defendants Paul D. Kratz, Marty Conboy, Frank Platt, Michael Curd, Brian Gerrity, Omaha, City of, Omaha Police Department and Thomas Warren. (JSF) (Entered: 07/23/2007) |
| 07/23/2007 | 4 | TEXT NOTICE OF FAILURE TO FILE ELECTRONICALLY the Notice of Removal 1 by Deputy Clerk. Pursuant to Administrative Procedures I and II, all documents submitted for filing shall be filed using the Electronic Filing System. An attorney who willfully or negligently fails as a registered attorney to electronically file documents may be ordered to show cause why the court should not impose sanctions. This notice is for your information for future filings. (JSF) (Entered: 07/23/2007) |
| 07/23/2007 | 5 | TEXT ORDER granting 3 Motion for Extension of Time to Answer. Paul D. Kratz, Marty Conboy, Frank Platt, Michael Curd, Brian Gerrity, City of Omaha, Omaha Police Department and Thomas Warren answers due 8/23/2007. Ordered by Deputy Clerk. (JSF) (Entered: 07/23/2007) |
| 07/23/2007 | 6 | SCHEDULING PACKET Rule 26 Meeting Report Deadline set for 9/17/2007. Ordered by Magistrate Judge F. A. Gossett. (CLS, ) (Entered: 07/23/2007) |
| 09/28/2007 | 7 | ANSWER to Complaint with Jury Demand by Attorney Thomas O. Mumgaard on behalf of Defendants Omaha, City of, Omaha Police Department(Mumgaard, Thomas) (Entered: 09/28/2007) |
| 09/28/2007 | 8 | ANSWER to Complaint with Jury Demand by Attorney Thomas O. Mumgaard on behalf of Defendants Paul D. Kratz, Marty Conboy(Mumgaard, Thomas) (Entered: 09/28/2007) |
| 09/28/2007 | 9 | ANSWER to Complaint with Jury Demand by Attorney Thomas O. Mumgaard on behalf of Defendants Frank Platt, Michael Curd, Brian Gerrity, Thomas Warren(Mumgaard, |

| | | |
|---|---|---|
| | | Thomas) (Entered: 09/28/2007) |
| 10/01/2007 | 10 | REPORT of Rule 26(f) Planning Meeting Parties disagree on Settlement *(Joint Report)* by Attorney Thomas O. Mumgaard on behalf of Defendants Paul D. Kratz, Marty Conboy, Frank Platt, Michael Curd, Brian Gerrity, Omaha, City of, Omaha Police Department, Thomas Warren.(Mumgaard, Thomas) (Entered: 10/01/2007) |
| 10/11/2007 | 11 | ORDER SETTING SCHEDULE FOR INITIAL PROGRESSION OF A CIVIL CASE - Planning Conference set for 1/14/2008 at 9:30 AM by telephone before Magistrate Judge F. A. Gossett. Counsel for plaintiff(s) shall initiate the planning conference call to the court at 9:30 AM on 1/14/2008. Counsel shall notify the undersigned magistrate judge by joint or separate letters by 12/10/2007 addressing mediation requirements. Ordered by Magistrate Judge F. A. Gossett. (CLS, ) (Entered: 10/11/2007) |
| 11/27/2007 | 12 | CONSENT to Jurisdiction by US Magistrate Judge - upon consent of parties, this case is transferred to Magistrate Judge F. A. Gossett for final disposition. Ordered by Judge Laurie Smith Camp. (JSF) (Entered: 11/28/2007) |
| 12/21/2007 | 13 | DISCLOSURE DOCUMENT - Plaintiff's Rule 26(a)(1) Mandatory Disclosures by Attorney Timothy L. Ashford on behalf of Plaintiff Charles Brizendine.(Ashford, Timothy) Modified on 12/21/2007 to correct nature of filing & docket text (CLS, ). (Entered: 12/21/2007) |
| 12/21/2007 | | NOTICE of Docket Text Modification by Deputy Clerk regarding Filing 13 . The docket has been corrected to show that this filing is a disclosure document, not a motion. (CLS, ) (Entered: 12/21/2007) |
| 12/27/2007 | 14 | MOTION to Extend *Deadline for Summary Judgment Motions* by Attorney Thomas O. Mumgaard on behalf of Defendants Paul D. Kratz, Marty Conboy, Frank Platt, Michael Curd, Brian Gerrity, Omaha, City of, Omaha Police Department, Thomas Warren. (Mumgaard, Thomas) (Entered: 12/27/2007) |
| 12/27/2007 | 15 | NOTICE *of serving disclosures* by Attorney Thomas O. Mumgaard on behalf of Defendants Paul D. Kratz, Marty Conboy, Frank Platt, Michael Curd, Brian Gerrity, Omaha, City of, Omaha Police Department, Thomas Warren (Mumgaard, Thomas) (Entered: 12/27/2007) |
| 01/07/2008 | 16 | TEXT ORDER granting 14 Motion to Extend Deadline. For good cause shown, the defendants are given an extension of time until and including January 31, 2008 to file any motions for summary judgment based on qualified immunity. Ordered by Magistrate Judge F. A. Gossett. (CLS, ) (Entered: 01/07/2008) |
| 01/14/2008 | 17 | TEXT MINUTE ENTRY for In Chambers proceedings held before Magistrate Judge F. A. Gossett on 1/14/2008. Counsel appeared telephonically. Timothy Ashford represented the plaintiff and Thomas Mumgaard represented the defendant. Progression of the case reviewed. Order to be issued by separate entry. (ARL,) (Entered: 01/14/2008) |
| 01/14/2008 | 18 | ORDER. Counsel appeared telephonically for R.16 conference. Progression of the case reviewed. Defendant is given until 1/31/2008 to file any motion for qualified immunity and/or motion for summary judgment. The R.16 conference is continued to 4/28/2008 at 9:30 A.M., by telephone call initiated by plaintiff's counsel.Ordered by Magistrate Judge F. A. Gossett. (ARL, ) (Entered: 01/14/2008) |
| 01/31/2008 | 19 | MOTION for Summary Judgment *on the Merits and Qualified Immunity* by Attorney Thomas O. Mumgaard on behalf of Defendants Paul D. Kratz, Marty Conboy, Frank Platt, Michael Curd, Brian Gerrity, Omaha, City of, Omaha Police Department, Thomas Warren.(Mumgaard, Thomas) (Entered: 01/31/2008) |
| 01/31/2008 | 20 | INDEX in support of MOTION for Summary Judgment *on the Merits and Qualified Immunity* 19 by Attorney Thomas O. Mumgaard on behalf of Defendants Paul D. Kratz, Marty Conboy, Frank Platt, Michael Curd, Brian Gerrity, Omaha, City of, Omaha Police Department, Thomas Warren. (Attachments: # 1 Exhibit 1 (Platt affidavit), # 2 Exhibit 2 |

District of Nebraska

| | | |
|---|---|---|
| | | (Curd affidavit), # 3 Exhibit 3 (Gerrity affidavit), # 4 Exhibit 4 (Conboy affidavit), # 5 Exhibit 5 (Kratz affidavit), # 6 Exhibit 6 (Petersen affidavit), # 7 Exhibit 7 (Stungis affidavit), # 8 Exhibit 8 (OPD force & arrest policies), # 9 Exhibit 9 (Record of Arrest - booking sheet))(Mumgaard, Thomas) (Entered: 01/31/2008) |
| 01/31/2008 | 21 | BRIEF in support of MOTION for Summary Judgment *on the Merits and Qualified Immunity* 19 by Attorney Thomas O. Mumgaard on behalf of Defendants Paul D. Kratz, Marty Conboy, Frank Platt, Michael Curd, Brian Gerrity, Omaha, City of, Omaha Police Department, Thomas Warren.(Mumgaard, Thomas) (Entered: 01/31/2008) |
| 02/19/2008 | 22 | MOTION to Continue by Attorney Timothy L. Ashford on behalf of Plaintiff Charles Brizendine.(Ashford, Timothy) (Entered: 02/19/2008) |
| 02/25/2008 | 23 | TEXT ORDER granting 22 Motion to Continue. Plaintiff is given an extension of time until and including 3/25/2008 in which to file a response to defendants' Motion for Summary Judgment 19 . Ordered by Magistrate Judge F. A. Gossett. (CLS, ) (Entered: 02/25/2008) |
| 03/20/2008 | 24 | MOTION to Continue by Attorney Timothy L. Ashford on behalf of Plaintiff Charles Brizendine.(Ashford, Timothy) (Entered: 03/20/2008) |
| 03/20/2008 | 25 | TEXT ORDER granting 24 Motion to Continue. Plaintiff is given an extension of time until and including 4/16/2008 in which to file a response to defendants' Motion for Summary Judgment 19 . Ordered by Magistrate Judge F. A. Gossett. (CLS, ) (Entered: 03/20/2008) |
| 04/16/2008 | 26 | MOTION to Withdraw as Attorney by Attorney Timothy L. Ashford on behalf of Plaintiff Charles Brizendine.(Ashford, Timothy) (Entered: 04/16/2008) |
| 04/16/2008 | 27 | MOTION to Continue by Attorney Timothy L. Ashford on behalf of Plaintiff Charles Brizendine.(Ashford, Timothy) (Entered: 04/16/2008) |
| 04/16/2008 | 29 | STRICKEN - MOTION to Withdraw as Attorney by Attorney Timothy L. Ashford on behalf of Plaintiff Charles Brizendine.(CJP) Modified on 4/17/2008 to strike per order 30 (CJP). (Entered: 04/17/2008) |
| 04/17/2008 | 28 | ORDER AND NOTICE OF HEARING. Counsel's motion to withdraw 26 and accompanying motion for continuance 26 are set for hearing on Monday, May 5, 2008 at 11:00 a.m. in Courtroom 6, second floor, Roman L. Hruska U.S. Courthouse, 111 S. 18th Plaza, Omaha, Nebraska. Timothy L. Ashford and plaintiff, Charles Brizendine, are both required to personally attend the hearing. Mr. Ashford shall, no later than April 23, 2008, serve a copy of this Order and Notice of Hearing on Charles Brizendine at his last known address. Mr. Ashford shall, no later than April 30, 2008, timely file proof of service showing compliance with paragraph 3, above, and listing the names and addresses of the persons to whom notice was sent. Ordered by Magistrate Judge F. A. Gossett. (CLS, ) (Entered: 04/17/2008) |
| 04/17/2008 | 30 | TEXT STRIKE ORDER that Pursuant to General Order Number 2006-01, the Motion to Withdraw as Attorney 29 is stricken for the following reason(s): the document is a duplicate of document number 26 - attorney filed original. Ordered by Deputy Clerk. (CJP) (Entered: 04/17/2008) |
| 04/17/2008 | 31 | TEXT ORDER. Due to the motion to withdraw by plaintiff's counsel which is set for hearing on 5/5/2008, the R.16 conference set for 4/28/2008 at 9:30 A.M., is cancelled and will be rescheduled by further order of the court.Ordered by Magistrate Judge F. A. Gossett. (ARL,) (Entered: 04/17/2008) |
| 04/22/2008 | 32 | NOTICE OF HEARING AND PROOF OF SERVICE by Attorney Timothy L. Ashford on behalf of Plaintiff Charles Brizendine.(Ashford, Timothy) Modified on 4/22/2008 to correct event(MKR). (Entered: 04/22/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/30/2008 16:47:28 | | | |
| PACER Login: | km0125 | Client Code: | 759.01/imp/aal |
| Description: | Docket Report | Search Criteria: | 8:07-cv-00277-FG3 |
| Billable Pages: | 4 | Cost: | 0.32 |

The City of Omaha
Case 8

LENGTHOFTRIAL-+10, TRIAL-OMAHA

# U.S. District Court
## District of Nebraska (8 Omaha)
## CIVIL DOCKET FOR CASE #: 8:07-cv-00157-LSC-FG3

City of Omaha v. Figg Bridge Engineers et al
Assigned to: Judge Laurie Smith Camp
Referred to: Magistrate Judge F. A. Gossett
Case in other court: Douglas County District Court, Doc.
                     1070 No. 353
Cause: 28:1441 Petition For Removal--Other Contract

Date Filed: 04/26/2007
Jury Demand: Both
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**City of Omaha, Nebraska**
*a Municipal Corporation*

represented by **Anne M. O'Brien**
LAMSON, DUGAN LAW FIRM
10306 Regency Parkway Drive
Omaha, NE 68114-3743
(402) 397-7300
Fax: (402) 397-7824
Email: amo@ldmlaw.com
*ATTORNEY TO BE NOTICED*

**Brian J. Brislen**
LAMSON, DUGAN LAW FIRM
10306 Regency Parkway Drive
Omaha, NE 68114-3743
(402) 397-7300
Fax: (402) 397-7824
Email: bbrislen@ldmlaw.com
*ATTORNEY TO BE NOTICED*

**Craig F. Martin**
LAMSON, DUGAN LAW FIRM
10306 Regency Parkway Drive
Omaha, NE 68114-3743
(402) 397-7300
Fax: (402) 397-7824
Email: dtweed@ldmlaw.com
*ATTORNEY TO BE NOTICED*

**Paul D. Kratz**
CITY OF OMAHA
1819 Farnam Street
Suite 804
Omaha, NE 68183

District of Nebraska

(402) 444-5118
Fax: (402) 444-5125
Email: pkratz@ci.omaha.ne.us
*ATTORNEY TO BE NOTICED*

**William M. Lamson, Jr.**
LAMSON, DUGAN LAW FIRM
10306 Regency Parkway Drive
Omaha, NE 68114-3743
(402) 397-7300
Fax: (402) 397-8450
Email: wlamson@ldmlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Figg Bridge Engineers**
*Inc.*

represented by **Edward H. Tricker**
WOODS, AITKEN LAW FIRM -
LINCOLN
301 South 13th Street
Suite 500
Lincoln, NE 68508-2578
(402) 437-8500
Fax: (402) 437-8558
Email: etricker@woodsaitken.com
*ATTORNEY TO BE NOTICED*

**Monica L. Freeman**
WOODS, AITKEN LAW FIRM -
LINCOLN
301 South 13th Street
Suite 500
Lincoln, NE 68508-2578
(402) 437-8500
Fax: (402) 437-8558
Email: mfreeman@woodsaitken.com
*ATTORNEY TO BE NOTICED*

**Phil B. Abernethy**
BUTLER, SNOW LAW FIRM -
JACKSON
P.O. Box 22567
Jackson, MS 39225-2567
(601) 985-4536
Fax: (602) 985-4500
Email: phil.abernethy@butlersnow.com

*ATTORNEY TO BE NOTICED*

**Todd W. Weidemann**
WOODS, AITKEN LAW FIRM -
LINCOLN
301 South 13th Street
Suite 500
Lincoln, NE 68508-2578
(402) 437-8500
Fax: (402) 437-8558
Email: tweidemann@woodsaitken.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Figg Engineering Group**        represented by   **Edward H. Tricker**
*TERMINATED: 01/11/2008*                         (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Monica L. Freeman**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Phil B. Abernethy**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Todd W. Weidemann**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Interested Party**

**Bahr Vermeer Haecker Architects**  represented by   **Jason R. Fendrick**
                                                  LIAKOS & MATUKEWICZ LLP
                                                  11516 Nicholas Street
                                                  Suite 201
                                                  Omaha, NE 68154-4409
                                                  (402) 393-1400
                                                  Fax: (402) 393-1402
                                                  Email: jfendrick@liakoslaw.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Michael J. Matukewicz**
                                                  LIAKOS & MATUKEWICZ LLP
                                                  11516 Nicholas Street
                                                  Suite 201
                                                  Omaha, NE 68154-4409
                                                  (402) 393-1400
                                                  Fax: (402) 393-1402
                                                  Email: mmatukewicz@liakoslaw.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

District of Nebraska

John G. Liakos
LIAKOS, MATUKEWICZ LAW
FIRM
11516 Nicholas Street
Suite 201
Omaha, NE 68154-4409
(402) 393-1400
Fax: (402) 393-1402
Email: jliakos@liakoslaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/26/2007 | 1 | NOTICE OF REMOVAL with Jury Demand against City of Omaha, Nebraska from Douglas County District Court, Nebraska, Case number 1070-353 ( Filing fee $ 350, receipt number 962615) with attached state court pleadings, by Attorney Edward H. Tricker on behalf of City of Omaha, Nebraska, Figg Bridge Engineers, Inc., Figg Engineering Group (Tricker, Edward) (Entered: 04/26/2007) |
| 04/26/2007 | 2 | TEXT NOTICE OF JUDGES ASSIGNED: Judge Laurie Smith Camp and F. A. Gossett assigned. (TCL, ) (Entered: 04/26/2007) |
| 04/26/2007 | | TEXT NOTICE to counsel regarding Notice of Removal 1 . This notice is being sent by the court for the purpose of providing electronic notice to plaintiff's counsel that the matter has been removed to federal court. (CLS, ) (Entered: 04/26/2007) |
| 04/26/2007 | 3 | DEMAND for Trial by Jury *and Place of Trial* by Attorney Edward H. Tricker on behalf of Defendants Figg Bridge Engineers, Inc., Figg Engineering Group.(Tricker, Edward) (Entered: 04/26/2007) |
| 04/26/2007 | 4 | SCHEDULING PACKET Rule 26 Meeting Report Deadline set for 6/15/2007. Ordered by Magistrate Judge F. A. Gossett. (CLS, ) (Entered: 04/26/2007) |
| 04/27/2007 | 5 | NOTICE regarding Notice of Removal, 1 by Attorney Edward H. Tricker on behalf of Defendants Figg Bridge Engineers, Inc., Figg Engineering Group (Tricker, Edward) (Entered: 04/27/2007) |
| 04/27/2007 | 6 | MOTION for Extension of Time to File Answer by Attorney Edward H. Tricker on behalf of Defendants Figg Bridge Engineers, Inc., Figg Engineering Group.(Tricker, Edward) (Entered: 04/27/2007) |
| 04/27/2007 | 7 | TEXT ORDER granting 6 Motion for Extension of Time to Answer. Figg Bridge Engineers, Inc. is given until 6/1/2007 to respond to the Complaint 1 . Figg Engineering Group is given until 6/11/2007 to respond to the Complaint 1 . Ordered by Magistrate Judge F. A. Gossett. (CLS, ) (Entered: 04/27/2007) |
| 05/08/2007 | 8 | APPLICATION/ORDER admitting pro hac vice Attorney Phil B. |

| | | |
|---|---|---|
| | | Abernethy for Defendants Figg Bridge Engineers, Inc. and Figg Engineering Group. Ordered by Deputy Clerk. (MKR) (Entered: 05/08/2007) |
| 05/08/2007 | 9 | MOTION to Change Place of Trial *(Opposition to Defendants' Request for Trial in Lincoln, Nebraska) and Request for Trial in Omaha, Nebraska,* by Attorney William M. Lamson, Jr on behalf of Plaintiff City of Omaha, Nebraska.(Lamson, William) (Entered: 05/08/2007) |
| 05/08/2007 | 10 | INDEX in support of MOTION to Change Place of Trial *(Opposition to Defendants' Request for Trial in Lincoln, Nebraska) and Request for Trial in Omaha, Nebraska,* MOTION to Change Place of Trial *(Opposition to Defendants' Request for Trial in Lincoln, Nebraska) and Request for Trial in Omaha, Nebraska,* 9 by Attorney William M. Lamson, Jr on behalf of Plaintiff City of Omaha, Nebraska.(Lamson, William) (Entered: 05/08/2007) |
| 05/08/2007 | 11 | AFFIDAVIT of William M. Lamson, Jr. *referenced in Index of Evidence (Filing No. 10)* regarding MOTION to Change Place of Trial *(Opposition to Defendants' Request for Trial in Lincoln, Nebraska) and Request for Trial in Omaha, Nebraska,* MOTION to Change Place of Trial *(Opposition to Defendants' Request for Trial in Lincoln, Nebraska) and Request for Trial in Omaha, Nebraska,* 9 by Attorney William M. Lamson, Jr on behalf of Plaintiff City of Omaha, Nebraska.(Lamson, William) (Entered: 05/08/2007) |
| 05/08/2007 | 12 | BRIEF In Support of MOTION to Change Place of Trial *(Opposition to Defendants' Request for Trial in Lincoln, Nebraska) and Request for Trial in Omaha, Nebraska,* MOTION to Change Place of Trial *(Opposition to Defendants' Request for Trial in Lincoln, Nebraska) and Request for Trial in Omaha, Nebraska,* 9 by Attorney William M. Lamson, Jr on behalf of Plaintiff City of Omaha, Nebraska.(Lamson, William) (Entered: 05/08/2007) |
| 05/11/2007 | 13 | TEXT ORDER regarding 9 Plaintiff's Motion to Change Place of Trial. By agreement of counsel, defendants are given until and including May 25, 2007 to respond to the motion. Ordered by Magistrate Judge F. A. Gossett. (CLS, ) (Entered: 05/11/2007) |
| 05/25/2007 | 14 | INDEX Opposition *to Plaintiff's Request for Trial at Omaha, NE* 9 *and in Support of Trial at Lincoln, NE* by Attorney Edward H. Tricker on behalf of Defendant Figg Bridge Engineers.(Tricker, Edward) Modified on 5/29/2007 to create link to motion (JSF). (Entered: 05/25/2007) |
| 05/25/2007 | 15 | BRIEF Opposition *to Plaintiff's Request for Trial in Omaha, NE* 9 *and in Support of Trial in Lincoln, NE* by Attorney Edward H. Tricker on behalf of Defendant Figg Bridge Engineers.(Tricker, Edward) Modified on 5/29/2007 to create link to motion (JSF). (Entered: 05/25/2007) |
| 06/04/2007 | 16 | REPLY BRIEF In Support of MOTION to Change Place of Trial *(Opposition to Defendants' Request for Trial in Lincoln, Nebraska) and Request for Trial in Omaha, Nebraska,* MOTION to Change Place of Trial *(Opposition to Defendants' Request for Trial in Lincoln, Nebraska)* |

| | | |
|---|---|---|
| | | *and Request for Trial in Omaha, Nebraska,* <u>9</u> by Attorney William M. Lamson, Jr on behalf of Plaintiff City of Omaha, Nebraska.(Lamson, William) (Entered: 06/04/2007) |
| 06/11/2007 | <u>17</u> | ANSWER to Complaint by Attorney Edward H. Tricker on behalf of Defendant Figg Bridge Engineers(Tricker, Edward) (Entered: 06/11/2007) |
| 06/15/2007 | <u>18</u> | REPORT of Rule 26(f) Planning Meeting by Attorney William M. Lamson, Jr on behalf of Plaintiff City of Omaha, Nebraska.(Lamson, William) (Entered: 06/15/2007) |
| 06/25/2007 | <u>19</u> | ORDER SETTING SCHEDULE FOR INITIAL PROGRESSION OF A CIVIL CASE - Planning Conference set for 10/11/2007 at 9:30 AM by telephone before Magistrate Judge F. A. Gossett. Counsel for plaintiff(s) shall initiate the planning conference call to the court at 9:30 AM on 10/11/2007. Counsel shall notify the undersigned magistrate judge by joint or separate letters by 9/20/2007 addressing mediation requirements. Ordered by Magistrate Judge F. A. Gossett. (CLS, ) (Entered: 06/25/2007) |
| 08/17/2007 | <u>20</u> | Certificate *of Service of Defendants' Initial Disclosures* by Attorney Edward H. Tricker on behalf of Defendants Figg Bridge Engineers, Figg Engineering Group.(Tricker, Edward) (Entered: 08/17/2007) |
| 08/17/2007 | <u>21</u> | DISCLOSURE *(Plaintiff's Rule 26(a)(1) Initial Disclosures)* by Attorney William M. Lamson, Jr on behalf of Plaintiff City of Omaha, Nebraska. (Lamson, William) (Entered: 08/17/2007) |
| 08/30/2007 | <u>22</u> | ORDER granting <u>9</u> Motion to Change Place of Trial to the Omaha Division. Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. Ordered by Magistrate Judge F. A. Gossett. (CLS, ) (Entered: 08/30/2007) |
| 09/04/2007 | <u>23</u> | Certificate *of Service* by Attorney Anne M. O'Brien on behalf of Plaintiff City of Omaha, Nebraska.(O'Brien, Anne) (Entered: 09/04/2007) |
| 09/26/2007 | 24 | TEXT NOTICE REGARDING CORPORATE DISCLOSURE STATEMENT by Deputy Clerk as to Defendants Figg Bridge Engineers, Figg Engineering Group. Pursuant to Fed. R. Civ. P. 7.1, non-governmental corporate parties are required to file Corporate Disclosure Statements (Statements). The parties shall use the form Corporate Disclosure Statement, available on the Web site of the court at http://www.ned.uscourts.gov/forms/. If you have not filed your Statement, you must do so within 15 days of the date of this notice. If you have already filed your Statement in this case, you are reminded to file a Supplemental Statement within a reasonable time of any change in the information that the statement requires.(JAE, ) (Entered: 09/26/2007) |
| 09/28/2007 | <u>25</u> | NOTICE of Appearance - *Monica L. Freeman* by Attorney Edward H. Tricker on behalf of Defendant Figg Bridge Engineers (Tricker, Edward) (Entered: 09/28/2007) |

| 09/28/2007 | 26 | Certificate *of Service* by Attorney Edward H. Tricker on behalf of Defendant Figg Bridge Engineers.(Tricker, Edward) (Entered: 09/28/2007) |
|---|---|---|
| 10/01/2007 | 27 | TEXT NOTICE REGARDING ELECTRONIC SIGNATURE re Certificate 26 by Deputy Clerk. This document does not comply with Administrative Procedure II.C regarding signatures or The attorney login does not match the s/signature on this document. This notice is for your information for future filings.(MKR) (Entered: 10/01/2007) |
| 10/02/2007 | 28 | DISCLOSURE *of Corporate Affiliations and Financial Interest - Figg Bridge Engineers, Inc.* by Attorney Edward H. Tricker on behalf of Defendant Figg Bridge Engineers.(Tricker, Edward) (Entered: 10/02/2007) |
| 10/02/2007 | 29 | DISCLOSURE *of Corporate Affiliations and Financial Interest - Figg Engineering Group* by Attorney Edward H. Tricker on behalf of Defendant Figg Engineering Group.(Tricker, Edward) (Entered: 10/02/2007) |
| 10/03/2007 | 30 | TEXT NOTICE OF INCORRECT EVENT used when filing the DISCLOSURE 28 and DISCLOSURE 29 by Deputy Clerk. In the future, use the event Corporate Disclosure Statement pursuant to Fed. R. Civ. Proc. 7.1.(MKR) (Entered: 10/03/2007) |
| 10/11/2007 | 31 | TEXT MINUTE ENTRY for in chambers proceedings held before Magistrate Judge F. A. Gossett on 10/11/2007. Counsel for the parties appeared telephonically. William Lamson and Paul Kratz represented the plaintiff and Todd Weidemann represented the defendant. Progression of the case reviewed. R.16 conference to be continued by separate order. (ARL,) (Entered: 10/11/2007) |
| 10/11/2007 | 32 | TEXT ORDER. Counsel for the parties appeared telephonically for R.16 conference. Wm. Lamson and P. Kratz represented the plaintiff and T. Weidemann represented the defendant. Progression of the case reviewed. For good cause, the conference is continued to 1/7/2008 at 9:00 a.m., to be held by telephone call initiated by plaintiff's counsel.Ordered by Magistrate Judge F. A. Gossett. (ARL, ) (Entered: 10/11/2007) |
| 10/26/2007 | 33 | DISCLOSURE *Plaintiff's First Supplement to Rule 26(a)(1) Initial Disclosures* by Attorney William M. Lamson, Jr on behalf of Plaintiff City of Omaha, Nebraska.(Lamson, William) (Entered: 10/26/2007) |
| 10/26/2007 | 34 | Certificate *of Service* by Attorney Anne M. O'Brien on behalf of Plaintiff City of Omaha, Nebraska.(O'Brien, Anne) (Entered: 10/26/2007) |
| 12/13/2007 | 35 | Certificate *of Service* by Attorney Todd W. Weidemann on behalf of Defendant Figg Bridge Engineers.(Weidemann, Todd) (Entered: 12/13/2007) |
| 12/14/2007 | 36 | Certificate *of Service* by Attorney Todd W. Weidemann on behalf of Defendant Figg Bridge Engineers.(Weidemann, Todd) (Entered: 12/14/2007) |

District of Nebraska

| 12/14/2007 | 37 | Certificate *of Service* by Attorney Todd W. Weidemann on behalf of Defendant Figg Bridge Engineers.(Weidemann, Todd) (Entered: 12/14/2007) |
| 12/14/2007 | 38 | NOTICE *of Intent to Issue Rule 34A Subpoena Duces Tecum to Building Cost Consultants, Inc.* by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska (Martin, Craig) (Entered: 12/14/2007) |
| 12/14/2007 | 39 | NOTICE *of Intent to Issue Rule 34A Subpoena Duces Tecum to Schemmer Associates* by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska (Martin, Craig) (Entered: 12/14/2007) |
| 12/14/2007 | 40 | NOTICE *of Intent to Issue Rule 34A Subpoena Duces Tecum to Bahr Vermeer Hoecker Architects* by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska (Martin, Craig) (Entered: 12/14/2007) |
| 12/14/2007 | 41 | STRICKEN -- MOTION for Leave by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Martin, Craig) Modified on 12/18/2007: Stricken per Text Order 45 (CLS, ). (Entered: 12/14/2007) |
| 12/17/2007 | 42 | TEXT NOTICE REGARDING ELECTRONIC SIGNATURE re Motion for Leave 41 by Deputy Clerk. This document does not comply with NECivR 11.1(a) regarding signatures or The attorney login does not match the s/signature on this document. This notice is for your information for future filings.(MKR) (Entered: 12/17/2007) |
| 12/18/2007 | 43 | MOTION to Strike MOTION for Leave 41 by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska.(Martin, Craig) (Entered: 12/18/2007) |
| 12/18/2007 | 44 | MOTION for Leave *to File Amended Complaint* by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska. (Attachments: # 1 Exhibit Amended Complaint, # 2 Exhibit Affidavit of Anne Marie O'Brien)(Martin, Craig) (Entered: 12/18/2007) |
| 12/18/2007 | 45 | TEXT ORDER granting 43 Motion to Strike Filing 41 , plaintiff's motion for leave to file an amended complaint. A corrected motion has been filed. Ordered by Magistrate Judge F. A. Gossett. (CLS, ) (Entered: 12/18/2007) |
| 12/18/2007 |  | NOTICE of Docket Text Modification regarding MOTION for Leave 41 . The document was stricken per Text Order 45. (CLS, ) (Entered: 12/18/2007) |
| 12/20/2007 | 46 | RESPONSE *to Plaintiff's Motion for Leave to File Amended Complaint* by Attorney Todd W. Weidemann on behalf of Defendant Figg Bridge Engineers.(Weidemann, Todd) (Entered: 12/20/2007) |
| 12/21/2007 | 47 | TEXT ORDER granting 44 Motion for Leave to File Amended Complaint. Amended Complaint due by 1/10/2008. Defendants shall respond to the amended pleading within the time allowed by Fed. R. Civ. P. 15(a). Ordered by Magistrate Judge F. A. Gossett. (CLS, ) (Entered: 12/21/2007) |

District of Nebraska

| 12/28/2007 | 48 | NOTICE *Of Intent to Issue Rule 34A Subpoena Duces Tecum* by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska (Martin, Craig) Modified on 12/28/2007 to correct filer (TCL). (Entered: 12/28/2007) |
| 12/28/2007 | 49 | NOTICE *of Intent to Issue Rule 34A Subpoena Duces Tecum* by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska (Martin, Craig) Modified on 12/28/2007 to correct filer(TCL). (Entered: 12/28/2007) |
| 12/28/2007 | 50 | NOTICE *of Intent to Issue Rule 34A Subpoena Duces Tecum* by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska (Martin, Craig) Modified on 12/28/2007 to correct filer(TCL). (Entered: 12/28/2007) |
| 12/28/2007 | 51 | NOTICE *of Intent to Issue Rule 34A Subpoena Duces Tecum* by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska (Martin, Craig) Modified on 12/28/2007 to correct filer(TCL). (Entered: 12/28/2007) |
| 12/28/2007 | 52 | NOTICE *of Intent to Issue Rule 34A Subpoena Duces Tecum* by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska (Martin, Craig) Modified on 12/28/2007 to correct filer (TCL). (Entered: 12/28/2007) |
| 12/28/2007 | 53 | NOTICE *of Intent to Issue Rule 34A Subpoena Duces Tecum* by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska (Martin, Craig) Modified on 12/28/2007 to correct filer (TCL). (Entered: 12/28/2007) |
| 12/28/2007 | 54 | NOTICE *of Intent to Issue Rule 34A Subpoena Duces Tecum* by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska (Martin, Craig) Modified on 12/28/2007 to correct filer (TCL). (Entered: 12/28/2007) |
| 12/28/2007 | 55 | NOTICE *of Intent to Issue Rule 34A Subpoena Duces Tecum* by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska (Martin, Craig) (Entered: 12/28/2007) |
| 01/04/2008 | 56 | NOTICE *of Objection to Subpoena Duces Tecum* by Attorney John G. Liakos, Jason R. Fendrick, Michael J. Matukewicz (Liakos, John) (Entered: 01/04/2008) |
| 01/07/2008 | 57 | ORDER SETTING FINAL SCHEDULE FOR PROGRESSION OF A CIVIL CASE - Parties shall confer and file a mediation status report by 5/1/2008. Depositions due 8/15/2008. The Final Pretrial Conference is set for 11/13/2008 at 11:00 AM in Chambers before Magistrate Judge F. A. Gossett. Jury Trial set for 12/2/2008 08:30 AM in Courtroom 2 - Omaha before Judge Laurie Smith Camp.Ordered by Magistrate Judge F. A. Gossett. (ARL, ) (Entered: 01/07/2008) |
| 01/08/2008 | 58 | STRICKEN - AMENDED COMPLAINT *Jury Trial Demanded, Place of Trial - Omaha* against Defendant all defendants, by Attorney Anne M. |

| | | |
|---|---|---|
| | | O'Brien on behalf of City of Omaha, Nebraska (Attachments: # 1 Exhibit)(O'Brien, Anne) Modified on 1/10/2008: Document stricken per Text Order 60 (CLS, ). (Entered: 01/08/2008) |
| 01/10/2008 | 59 | MOTION to Strike by Attorney Anne M. O'Brien on behalf of Plaintiff City of Omaha, Nebraska.(O'Brien, Anne) (Entered: 01/10/2008) |
| 01/10/2008 | 60 | TEXT ORDER granting 59 Motion to Strike Amended Complaint 58 , as the document was filed in error. Plaintiff is given leave to file the correct version attached to its motion for leave 44 . Ordered by Magistrate Judge F. A. Gossett. (CLS, ) (Entered: 01/10/2008) |
| 01/10/2008 | | NOTICE of Docket Text Modification regarding Amended Complaint 58 . The document was stricken at the plaintiff's request per Text Order 60 . (CLS, ) (Entered: 01/10/2008) |
| 01/11/2008 | 61 | AMENDED COMPLAINT against Defendant Figg Bridge Engineers, by Attorney Anne M. O'Brien on behalf of City of Omaha, Nebraska (Attachments: # 1 Exhibit)(O'Brien, Anne) (Entered: 01/11/2008) |
| 01/16/2008 | 62 | NOTICE of Intent to Issue Subpoena Duces Tecum to Calvin R. Schrage and The National Steel Bridge Alliance by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska (Martin, Craig) (Entered: 01/16/2008) |
| 01/16/2008 | 63 | Certificate of Service of Plaintiff's Answers to Defendants' First Set of Interrogatories by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska.(Martin, Craig) (Entered: 01/16/2008) |
| 01/17/2008 | 64 | TEXT NOTICE REGARDING CORPORATE DISCLOSURE STATEMENT by Deputy Clerk as to Interested Party Bahr Vermeer Haecker Architects. Pursuant to Fed. R. Civ. P. 7.1, non-governmental corporate parties are required to file Corporate Disclosure Statements (Statements). The parties shall use the form Corporate Disclosure Statement, available on the Web site of the court at http://www.ned.uscourts.gov/forms/. If you have not filed your Statement, you must do so within 15 days of the date of this notice. If you have already filed your Statement in this case, you are reminded to file a Supplemental Statement within a reasonable time of any change in the information that the statement requires.(JAE, ) (Entered: 01/17/2008) |
| 01/17/2008 | 65 | DISCLOSURE Corporate Disclosure Statement by Attorney John G. Liakos on behalf of Interested Party Bahr Vermeer Haecker Architects. (Liakos, John) (Entered: 01/17/2008) |
| 01/21/2008 | 66 | ANSWER to Amended Complaint 61 by Attorney Edward H. Tricker on behalf of Defendant Figg Bridge Engineers Answer to Complaint 17 filed by Figg Bridge Engineers (Tricker, Edward) (Entered: 01/21/2008) |
| 01/21/2008 | 67 | MOTION for Summary Judgment (Partial) by Attorney Edward H. Tricker on behalf of Defendant Figg Bridge Engineers.(Tricker, Edward) (Entered: 01/21/2008) |
| 01/21/2008 | 68 | INDEX in support of Motion for Summary Judgment (Partial) 67 by |

| | | Attorney Edward H. Tricker on behalf of Defendant Figg Bridge Engineers.(Tricker, Edward) Modified on 1/22/2008 to create link to motion. (JAE, ). (Entered: 01/21/2008) |
|---|---|---|
| 01/21/2008 | 69 | BRIEF in support of *Motion for Summary Judgment (Partial)* 67 by Attorney Edward H. Tricker on behalf of Defendant Figg Bridge Engineers.(Tricker, Edward) Modified on 1/22/2008 to create link to motion. (JAE, ). (Entered: 01/21/2008) |
| 01/22/2008 | 70 | TEXT NOTICE OF INCORRECT EVENT used when filing the DISCLOSURE 65 by Deputy Clerk. In the future, use the event "Corporate Disclosure Statement Pursuant to Fed. R. Civ. P. 7.1".(JAE, ) (Entered: 01/22/2008) |
| 01/30/2008 | 71 | Certificate *of Service* by Attorney Todd W. Weidemann on behalf of Defendant Figg Bridge Engineers.(Weidemann, Todd) (Entered: 01/30/2008) |
| 02/08/2008 | 72 | Unopposed MOTION to Extend *Time in Which to Respond to Defendant's* MOTION for Summary Judgment *(Partial)* 67 by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska.(Martin, Craig) (Entered: 02/08/2008) |
| 02/11/2008 | 73 | ORDER granting 72 the Plaintiff's Motion for an Extension of Time; and the Plaintiff shall respond to the Defendant's Motion for Summary Judgment by filing its brief and index of evidence, if any, on or before Tuesday, March 4, 2008. Ordered by Judge Laurie Smith Camp. (MKR) (Entered: 02/11/2008) |
| 03/03/2008 | 74 | BRIEF in opposition to MOTION for Summary Judgment *(Partial)* 67 by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska. (Martin, Craig) (Entered: 03/03/2008) |
| 03/03/2008 | 75 | INDEX in opposition to MOTION for Summary Judgment *(Partial)* 67 by Attorney Craig F. Martin on behalf of Plaintiff City of Omaha, Nebraska. (Attachments: # 1 Exhibit Affidavit of Larry Foster, # 2 Exhibit Affidavit of Craig F. Martin)(Martin, Craig) (Entered: 03/03/2008) |
| 03/03/2008 | 76 | DISCLOSURE *OF EXPERT WITNESSES* by Attorney Anne M. O'Brien on behalf of Plaintiff City of Omaha, Nebraska. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(O'Brien, Anne) (Entered: 03/03/2008) |
| 03/05/2008 | 77 | Unopposed MOTION to Extend *Time in Which to Reply to Plaintiff's Brief in Opposition to Defendant's Motion for Partial Summary Judgment* Brief 74 by Attorney Edward H. Tricker on behalf of Defendant Figg Bridge Engineers.(Tricker, Edward) (Entered: 03/05/2008) |
| 03/06/2008 | 78 | ORDER - The Defendant's Motion for an Extension of Time 77 is granted. The Defendant shall reply to the Plaintiff's Opposition to the Defendant's Motion for Summary Judgment by filing its brief and index of evidence, if any, on or before March 21, 2008. Ordered by Judge |

District of Nebraska

| | | Laurie Smith Camp. (JAE, ) (Entered: 03/06/2008) |
|---|---|---|
| 03/21/2008 | 79 | REPLY BRIEF in support of *Motion for Partial Summary Judgment* by Attorney Edward H. Tricker on behalf of Defendant Figg Bridge Engineers.(Tricker, Edward) (Entered: 03/21/2008) |
| 03/24/2008 | 80 | TEXT NOTICE OF INDEX OF EVIDENCE 79 by Deputy Clerk. Pursuant to NECivR 7.1(a)(2) and (b)(2), evidence in support of a brief shall be identified on an electronically-filed index of evidence. The index of evidence must identify the motion to which it relates. Attachments to the index must be described using the System-generated prompt box. This notice is for your information for future filings.(MKR) (Entered: 03/24/2008) |
| 04/01/2008 | 81 | Certificate *of Service* by Attorney Todd W. Weidemann on behalf of Defendant Figg Bridge Engineers.(Weidemann, Todd) (Entered: 04/01/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/30/2008 16:48:35 | | | |
| PACER Login: | km0125 | Client Code: | 759.01/imp/aal |
| Description: | Docket Report | Search Criteria: | 8:07-cv-00157-LSC-FG3 |
| Billable Pages: | 7 | Cost: | 0.56 |

The City of Omaha
Case 9

NEBRASKADOCKET, PROSEDOCKET, TRIAL-OMAHA

## U.S. District Court
### District of Nebraska (8 Omaha)
### CIVIL DOCKET FOR CASE #: 8:07-cv-00352-RGK-PRSE

Hansen v. Omaha, City of et al                 Date Filed: 09/07/2007
Assigned to: Judge Richard G. Kopf            Jury Demand: None
Referred to: Pro Se Docket                     Nature of Suit: 290 Real Property: Other
Cause: 28:1331(a) Fed. Question: Real Property  Jurisdiction: Federal Question

**Plaintiff**

**Paul John Hansen**          represented by   **Paul John Hansen**
                                               1548 North 19th Street
                                               Omaha, NE 68110
                                               (402) 671-0526
                                               PRO SE


V.

**Defendant**

**Omaha, City of**            represented by   **Alan M. Thelen**
                                               CITY OF OMAHA
                                               1819 Farnam Street
                                               Suite 804
                                               Omaha, NE 68183
                                               (402) 444-5135
                                               Fax: (402) 444-5125
                                               Email: athelen@ci.omaha.ne.us
                                               *ATTORNEY TO BE NOTICED*


**Defendant**

**Mike Fahey**                represented by   **Alan M. Thelen**
*Mayor*                                        (See above for address)
                                               *ATTORNEY TO BE NOTICED*


**Defendant**

**Omaha Planning Department**  represented by   **Alan M. Thelen**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*


**Defendant**

**Steven N. Jensen**          represented by   **Alan M. Thelen**
*as AICP Director*                             (See above for address)
                                               *ATTORNEY TO BE NOTICED*

District of Nebraska

| Date Filed | # | Docket Text |
|---|---|---|
| 09/07/2007 | 1 | COMPLAINT/Motion for Preliminary Restraining Order and for Temporary and Permanent Injunction against City of Omaha, Mike Fahey, Omaha Planning Department, Steven N. Jensen. No Summons issued, with receipt number 8-5030, in the amount of $ 350; filed by Pro Se Plaintiff Paul John Hansen(KBJ) (Entered: 09/07/2007) |
| 09/07/2007 | 2 | MOTION for Temporary Restraining Order filed by Pro Se Plaintiff Paul John Hansen.(KBJ) (Entered: 09/07/2007) |
| 09/07/2007 | 3 | NOTICE by Clerk acknowledging receipt of complaint filed by a pro se party. (KBJ) (Entered: 09/07/2007) |
| 09/07/2007 | 4 | ORDER pursuant to General Order No. 2007-12: All pro se civil cases that are assigned to a district judge for trial, whether filed by a prisoner or not, are herewith exempted from the disclosure and conference requirements of F.R.Civ.P. 26, except in pending cases where a scheduling order (or packet) or progression order has been previously issued, the parties shall abide by such scheduling or progression orders. In the future, it will not be the practice of the court to issue scheduling packets in pro se civil cases assigned to district judges. Instead, it will be the practice to issue a progression order, addressing discovery and other issues, approximately 30 days after the last defendant has answered. Ordered by Judge Richard G. Kopf. (KBJ, ) (Entered: 09/07/2007) |
| 09/07/2007 | 5 | MEMORANDUM AND ORDER that the motion for temporary restraining order filing 2 is denied. Ordered by Judge Richard G. Kopf. Copy mailed to pro se party. (GJG, ) (Entered: 09/07/2007) |
| 09/07/2007 | 6 | AMENDED MOTION for Temporary Restraining Order filed by Pro Se Plaintiff Paul John Hansen. (Scanned document has been compared to the paper document and it has been determined that the scanned document is as legible as the paper document). (KBJ) (Entered: 09/07/2007) |
| 09/07/2007 | 7 | TEXT ORDER denying amended motion for temporary restraining order 6 . See filing 5 . Ordered by Judge Richard G. Kopf. (GJG, ) (Entered: 09/07/2007) |
| 09/10/2007 | 8 | MOTION for declatory judgment as to property rights filed by Pro Se Plaintiff Paul John Hansen.(KBJ) (Entered: 09/10/2007) |
| 09/12/2007 | 9 | Summons Issued (COPY) as to defendant Mike Fahey, Steven N. Jensen regarding Complaint 1 (KBJ) (Entered: 09/12/2007) |
| 09/12/2007 | 10 | SUMMONS Returned Executed upon defendant Mike Fahey on 9/12/2007. (KBJ) (Entered: 09/13/2007) |
| 09/12/2007 | 11 | SUMMONS Returned Executed upon defendant Steven N. Jensen on 9/12/2007. (KBJ) (Entered: 09/13/2007) |
| 10/02/2007 | 12 | MOTION for Extension of Time to File Answer *or a Motion in Response* |

District of Nebraska

| | | |
|---|---|---|
| | | *to Complaint* by Attorney Alan M. Thelen on behalf of Defendants City of Omaha, Mike Fahey, Omaha Planning Department, Steven N. Jensen. (Thelen, Alan) (Entered: 10/02/2007) |
| 10/02/2007 | 13 | TEXT ORDER granting 12 Motion for Extension of Time to Answer. City of Omaha answer due 11/1/2007; Mike Fahey answer due 11/1/2007; Omaha Planning Department answer due 11/1/2007; Steven N. Jensen answer due 11/1/2007. THIS IS A TEXT ONLY ENTRY. NO PDF DOCUMENT ATTACHED. Ordered by Deputy Clerk. (Copy of NEF sent to pro se party). (GJG, ) (Entered: 10/02/2007) |
| 10/12/2007 | 14 | MOTION to Dismiss *or Stay* by Attorney Alan M. Thelen on behalf of Defendants City of Omaha, Mike Fahey, Omaha Planning Department, Steven N. Jensen.(Thelen, Alan) (Entered: 10/12/2007) |
| 10/12/2007 | 15 | INDEX in support of MOTION to Dismiss *or Stay* 14 by Attorney Alan M. Thelen on behalf of Defendants City of Omaha, Mike Fahey, Omaha Planning Department, Steven N. Jensen. (Attachments: # 1 Affidavit Mulcahy# 2 Affidavit Thelen)(Thelen, Alan) (Entered: 10/12/2007) |
| 10/12/2007 | 16 | BRIEF in support of MOTION to Dismiss *or Stay* 14 by Attorney Alan M. Thelen on behalf of Defendants City of Omaha, Mike Fahey, Omaha Planning Department, Steven N. Jensen.(Thelen, Alan) (Entered: 10/12/2007) |
| 11/01/2007 | 17 | RESPONSE regarding MOTION to Dismiss *or Stay* 14 filed by Plaintiff Paul John Hansen.(PCV, ) (SCANNED DOCUMENT HAS BEEN COMPARED TO THE PAPER DOCUMENT AND IT HAS BEEN DETERMINED THAT THE SCANNED DOCUMENT IS AS LEGIBLE AS THE PAPER DOCUMENT) Modified on 11/5/2007 to add additional text regarding scanned documents (PCV, ). (Entered: 11/01/2007) |
| 04/16/2008 | 18 | MEMORANDUM AND ORDER regarding MOTION to Dismiss *or Stay* 14 . Plaintiff shall have until May 16, 2008 to respond to Defendants' Motion to Dismiss by presenting all material pertinent to the motion as allowed under Federal Rule of Civil Procedure 56. ***Pro Se Case Management Deadlines: May 16, 2008 Plaintiff's response to Defendants' Motion to Dismiss due.Ordered by Judge Richard G. Kopf. (Copy mailed to pro se party)(JAB) (Entered: 04/16/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/01/2008 15:22:02 | | | |
| PACER Login: | km0125 | Client Code: | 637.01/psl/aal |
| Description: | Docket Report | Search Criteria: | 8:07-cv-00352-RGK-PRSE |
| Billable Pages: | 2 | Cost: | 0.16 |

# EXHIBIT M

EFiled: Feb 21 2008 11:37AM EST
Transaction ID 18676871
Case No. 3561-

## IN THE COURT OF THE CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT and GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT, on behalf of themselves and all other similarly situated shareholders of Yahoo! Inc., <br><br> Plaintiffs, <br><br> v. <br><br> YAHOO! INC., JERRY YANG, ROY BOSTOCK, RON BURKLE, ERIC HIPPEAU, VYOMESH JOSHI, ARTHUR KERN, ROBERT KOTICK, EDWARD KOZEL, MAGGIE WILDEROTTER, AND GARY WILSON, <br><br> Defendants. | Civil Action No. |

## VERIFIED CLASS ACTION COMPLAINT

Plaintiffs Police & Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit (collectively "Plaintiffs"), by their undersigned counsel, on behalf of themselves and all other similarly situated public shareholders (the "Class") of Yahoo! Inc. (hereafter, "Yahoo" or the "Company"), bring the following Verified Class Action Complaint ("Complaint") against Yahoo and the members of its board of directors (the "Board"). The allegations of this Complaint are based on the personal knowledge of Plaintiffs as to themselves and on information and belief (including the investigation of counsel and review of publicly available information) as to all other matters.

relief sought herein with respect to the Class as a whole.  To the extent the Yahoo Directors continue their refusal to consider and respond in good faith to the acquisition transaction offers or adopt defensive measures to make such an acquisition more difficult or costly to Microsoft or any other potential acquirer, preliminary and final injunctive relief on behalf of the Class as a whole will be entirely appropriate.

91.   Plaintiffs are committed to prosecuting this action and have retained competent counsel experienced in litigation of this nature.  Plaintiffs' claims are typical of the claims of the other members of the Class and Plaintiffs have the same interests as the other members of the Class.  Accordingly, Plaintiffs are an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

92.   The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for defendants, or adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

**CLAIMS FOR RELIEF**
**COUNT I**
**(Breach of Fiduciary Duty Against the Yahoo Directors)**

93.   Plaintiffs reallege each and every allegation above as if set forth in full herein.

94.    The Yahoo Directors owe the Class the utmost fiduciary duties of due care, good faith, and loyalty.  The Yahoo Directors have failed to consider and respond in good faith to the acquisition offers by Microsoft to the detriment of Yahoo and its shareholders.  Despite the failure of their restructuring initiatives, the Yahoo Directors have given no indication of intent to conduct any legitimate negotiations with Microsoft.

95.    The Yahoo Directors have a duty not to adopt, implement or maintain any defensive measures, such as the Severance Plans or the poison pill, designed to make the acquisition of Yahoo unduly burdensome or expensive for a potential suitor.  They are obligated to refrain from entering into any agreements that would either harm the Company or its shareholders or inhibit the Yahoo Directors' ability to maximize shareholder value.  Given the substantial premium offered by Microsoft, there is no threat posed to Yahoo or its shareholders by the offer.  Moreover, because the Yahoo Directors had sufficient time to implement any contemplated restructuring and explore alternative value-maximizing transactions (over a year), any legitimate purpose afforded the Company's poison pill has expired, thus requiring its redemption by the Yahoo Directors.

96.    As a result of the foregoing, the Yahoo Directors have breached their fiduciary duties to Yahoo and its shareholders, including the obligations of loyalty, good faith, fair dealing, and due care, causing harm to Plaintiffs and the Class.

97.    Plaintiffs and the Class have no adequate remedy at law.

### RELIEF REQUESTED

**WHEREFORE,** Plaintiffs demand judgment as follows:

(a)    Declaring this action properly maintainable as a class action;

- 33 -

(b)     Declaring that the Individual Defendants' conduct of refusing to consider and respond in good faith to offers to acquire Yahoo, including the offers made by Microsoft, is in breach of the Yahoo Directors' fiduciary duties of loyalty, good faith, fair dealing, and due care;

(b)     Preliminarily and permanently enjoining the Yahoo Directors from placing their own interests ahead of those of Yahoo and its shareholders by refusing to consider and respond in good faith to acquisition offers that would maximize value to Yahoo's shareholders;

(c)     Preliminarily and permanently enjoining the Yahoo Directors from entering into any contractual agreements that inhibit the Yahoo Directors' ability to maximize shareholder value;

(d)     Preliminarily and permanently enjoining the Yahoo Directors from initiating any defensive measures which may render the acquisition of the Company more burdensome or expensive for a potential acquirer;

(e)     Ordering the Yahoo Directors to rescind or redeem the poison pill and/or declaring the poison pill invalid;

(f)     Invalidating the Severance Plans;

(g)     Awarding Plaintiffs the costs and disbursements of this action, including attorneys', accountants', and experts' fees; and

(h)     Awarding such other and further relief as is just and equitable.

- 34 -

OF COUNSEL:

Mark Lebovitch
Brett M. Middleton
BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 554-1400


Dated: February 21, 2008

/s/ Joel Friedlander
Andre G. Bouchard (Bar No. 2504)
David J. Margules (Bar No. 2254)
Joel Friedlander (Bar No. 3163)
Evan O. Williford (Bar No. 4162)
BOUCHARD MARGULES &
   FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
*Counsel for Plaintiffs Police & Fire Retirement
System of the City of Detroit and the General
Retirement System of the City of Detroit*

# EXHIBIT N

EFiled: Mar 20 2008 1:22PM EDT
Transaction ID 19014818
Case No. 3638-

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, individually and on behalf of all others similarly situated, | Civil Action No. _____ |
| Plaintiff, | |
| -against- | **STOCKHOLDERS' CLASS ACTION COMPLAINT** |
| THE BEAR STEARNS COMPANIES INC., HENRY S. BIENEN, JAMES E. CAYNE, CARL D. GLICKMAN, MICHAEL GOLDSTEIN, ALAN C. GREENBERG, DONALD J. HARRINGTON, FRANK T. NICKELL, PAUL A. NOVELLY, FREDERIC V. SALERNO, ALAN D. SCHWARTZ, VINCENT TESE, and WESLEY S. WILLIAMS, JR., | |
| Defendants. | |

Plaintiff, Police And Fire Retirement System Of The City Of Detroit, by and through its attorneys, alleges upon information and belief (said information and belief being based, in part, upon the investigation conducted by and through its undersigned counsel), except with respect to its ownership of The Bear Stearns Companies Inc. ("Bear Stearns", "Bear" or the "Company") common stock, and its suitability to serve as a class representative, which is alleged upon personal knowledge, as follows:

### SUMMARY OF THE ACTION

1.      Plaintiff brings this action individually and as a class action on behalf of all persons, other than defendants, who own the securities of Bear Stearns and who are similarly situated, for compensatory damages and injunctive relief arising from the agreement by and among defendant Bear Stearns and JP Morgan Chase & Company ("JP Morgan"), whereby Bear

and the Class, and have breached, and are breaching, their fiduciary duties to plaintiff and the Class.

48.     Because the Defendant Directors (and those acting in concert with them) dominate and control the business and corporate affairs of Bear Stearns and because they are in possession of private corporate information concerning the Company's businesses and future prospects, there exists an imbalance and disparity of knowledge and economic power between the defendants and the public shareholders of the Company, which makes the Agreement inherently unfair to the Company's public shareholders.

49.     JP Morgan, along with management, have acted and are acting with knowledge or with reckless disregard to the fact that the Director Defendants are in breach of their fiduciary duties to the Company's public shareholders and have participated in such breaches of fiduciary duties by the directors of Bear Stearns and thus are liable as aiders and abettors.

50.     By reason of the foregoing acts, practices and course of conduct, the Director Defendants have failed to use the required care and diligence in the exercise of their fiduciary obligations owed to Bear Stearns and its public shareholders.

51.     As a result of the actions of the defendants, plaintiff and the Class have been and will be damaged in that they will not receive the fair value of the Company's assets and business in exchange for their Bear Stearns Stock, and have been and will be prevented from obtaining a fair price for their Bear Stearns Stock.

52.     Unless enjoined by this Court, the Director Defendants will continue to breach their fiduciary duties owed to plaintiff and the Class, all to the irreparable harm of the Class. Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff demands judgment as follows:

A.      Declaring that this action may be maintained as a class action;

B.      Declaring that the proposed transaction is unfair, unjust and inequitable to plaintiff and the other members of the Class;

C.      Enjoining preliminarily and permanently the defendants from taking any steps necessary to accomplish or implement the acquisition of defendant Bear Stearns by JP Morgan at a price that is not fair and equitable;

D.      Requiring defendants to compensate plaintiff and the members of the Class for all losses and damages suffered and to be suffered by them as a result of the acts and transactions complained of herein, together with prejudgment and post judgment interest;

E.      Awarding plaintiff the costs and disbursements of this action, including reasonable attorneys, accountants' and experts' fees; and

F.      Granting such other and further relief as may be just and proper.

Dated: March 20, 2008

CHIMICLES & TIKELLIS LLP

_____
Pamela S. Tikellis (#2172)
Robert J. Kriner, Jr. (#2546)
A. Zachary Naylor (#4439)
Meghan A. Adams (#4981)
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
(302) 656-2500

*Attorneys for Plaintiff The Police and Fire
Retirement System of the City of Detroit*

14

OF COUNSEL:

Kohn Swift & Graf, PC
Joseph C. Kohn
Denis F. Sheils
William E. Hoese
One South Broad Street, Suite 2100
Philadelphia, PA 19107
215-238-1700

Wolf Haldenstein Adler
  Freeman & Herz LLP
Gregory M. Nespole
Malcolm T. Brown
270 Madison Avenue
New York, NY 10016
(212) 545-4600

# EXHIBIT O

# SIRF: Damages calculations for Movant Alex Meruelo

**Page 1 of 2**

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share* | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale* | Gross Receipts | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|---|
| **Purchased stock** | 1/16/2008 | 10,000 | $16.9773 | $169,773.00 | | | | | ($106,859.00) |
| | 1/16/2008 | 5,000 | $16.5000 | $82,500.00 | | | | | ($51,043.00) |
| | 1/17/2008 | 5,000 | $16.3000 | $81,500.00 | | | | | ($50,043.00) |
| | 1/17/2008 | 5,000 | $16.0500 | $80,250.00 | | | | | ($48,793.00) |
| | 1/17/2008 | 2,500 | $16.1561 | $40,390.35 | | | | | ($24,661.85) |
| | 1/17/2008 | 2,500 | $16.1385 | $40,346.30 | | | | | ($24,617.80) |
| | | | | | | | | | ($306,017.65) |

| Options | Date of Purchase | # Contracts Sold/Shares Purchased | Price | Cost or proceeds | | | | | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|---|
| **Dec. 07 $30 calls:** | | | | | | | | | |
| QIRLF(sold calls) | 10/15/2007 | 100 | $1.25 | $12,500.00 | | | | | |
| QIRLF Purchased calls to cancel contract | 10/17/2007 | 100 | $1.00 | ($10,000.00) | | | | | |
| | | | | | | | | | $2,500.00 |
| **Jan. 08 $30 calls:** | | | | | | | | | |
| QIRAF(sold calls) | 10/16/2007 | 100 | $1.80 | $18,000.00 | | | | | |
| Purchased calls to cancel contract | 10/22/2007 | 100 | $0.80 | ($8,000.00) | | | | | |
| | | | | | | | | | $10,000.00 |
| **Sept. 08 $22.50 puts:** | | | | | | | | | |
| QIRUX (Sold Naked Put) | 1/31/2008 | 448 | $8.5000 | $380,800.00 | | | | | |
| QIRUX(Bought on Assignement) | 2/6/2008 | 44,800 | $22.5000 | $1,008,000.00 | | | | | ($713,493.76) |
| **March 08 $25 puts:** | | | | | | | | | |
| QIROE (sold Naked Put) | 12/18/2007 | 250 | $2.98 | $74,500.00 | | | | | |
| | 1/9/2008 | 100 | $6.30 | $63,000.00 | | | | | |
| | 1/11/2008 | 98 | $6.85 | $67,130.00 | | | | | |
| | | 448 | proceeds | $204,630.00 | | | | | ($332,693.76) |

Page 2 of 2

## SIRF: Damages calculations for Movant Alex Meruelo

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share* | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale* | Gross Receipts | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|---|
| QIROE Purchased puts to cancel contract | 1/30/2008 | 448 | $10.25 | $459,200.00 | | | | | ($254,570.00) |
| QIROE Purchased on assignment | 1/18/2008 | 4,400 | $25.00 | $110,000.00 | | | | | ($82,317.84) |
| | 1/30/2008 | 2,500 | $25.00 | $62,500.00 | | | | | ($46,771.50) |
| FIFO taken from line 32 QIROE Sold naked put 167 total contracts split up in lines 32 and 41 under Fifo | | | | | | | | | ($129,089.34) |
| Fifo | 1/11/2008 | 69 | $2.9800 | $20,562.00 | | | | | $20,562.00 |
| **TOTALS** | | | | | | | | | **($734,738.75)** |

**Class Period**
October 30, 2007-February 4, 2008.

Mean Average Price from February 5, 2008 through and including April 7, 2008 is $6.2914

Line 35, Did not count loss, because occurred in class period.

# EXHIBIT P

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, Alex Meruelo, duly certify and state:

1.  I make this declaration pursuant to Section 101 of the Private Securities Litigation Reform Act of 1995 as required by Section 21D(a)(2) of Title I of the Securities Exchange Act of 1934 (the "Act").

2.  I have reviewed a complaint filed against **SiRF Technology Holdings Inc.** (the "Complaint"), adopt its allegations and authorize the filing of a similar complaint, if required.

3.  I did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in any private action arising under Title I of the Act.

4.  I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

5.  To the best of my current knowledge, the following are all of my transactions in **SiRF Technology Holdings Inc.'s** securities during the Class Period specified in the reviewed Complaint, October 30, 2007 through February 4, 2008, inclusive:

See Attached Exhibit A.

6.  During the three year period preceding the date on which this certification is signed, I have not served or sought to serve as a class representative in any case brought under the Federal Securities Laws, except as follows:

In re Williams Securities Litigation, Northern District of Oklahoma

In re Mastec Inc. Securities Litigation, Southern District of Florida

7.  I will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

relating to the representation of the class.

8.  The matters stated in this declaration are true to the best of my current knowledge, information and belief.

9.  I hereby certify, under penalty of perjury pursuant to the laws of the United States of America, that the foregoing is true and correct.

Dated:    4-4-08        _____
                        Alex Meruelo

# Exhibit A

## SIRF

Securities Transactions

Alex Meruelo

| Common Stock | Date of Purchase | Number of Shares | Price Per Share |
|---|---|---|---|
| | 1/16/2008 | 10,000 | $16.9773 |
| | 1/16/2008 | 5,000 | $16.5000 |
| | 1/17/2008 | 5,000 | $16.3000 |
| | 1/17/2008 | 5,000 | $16.0500 |
| | 1/17/2008 | 2,500 | $16.1561 |
| | 1/17/2008 | 2,500 | $16.1385 |
| * | 2/6/2008 | 44,800 | $22.50 |
| * | 1/18/2008 | 4,400 | $25.00 |
| * | 1/30/2008 | 2,500 | $25.00 |

* Purchased on assignment

| Options: Date of Purchase/Sale | Type of Options | # Contracts Sold/Shares Purchased | Price |
|---|---|---|---|
| 10/15/2007 Sale | Dec. 07 $30 calls: | 100 | $1.25 |
| 10/16/2007 Sale | Jan. 08 $30 Calls: | 100 | $1.80 |
| 10/17/2007 Purchase | Dec. 07 $30 calls: | 100 | $1.00 |
| 10/22/2007 Purchase | Jan. 08 $30 calls: | 100 | $0.80 |
| 12/18/2007 Sale | March 08 $25 puts: | 250 | $2.98 |
| 1/9/2008 Sale | March 08 $25 puts: | 100 | $6.30 |
| 1/11/2008 Sale | March 08 $25 puts: | 167 | $6.85 |
| 1/30/2008 Purchase | March 08 $25 puts: | 448 | $10.25 |
| 1/31/2008 Sale | Sept. 08 $22.50 puts: | 448 | $8.50 |