RANDALL K. PULLIAM (*Pro Hac Vice* Application Forthcoming)
JOSEPH HENRY (HANK) BATES (167688)
BART DALTON (187930)
CAULEY BOWMAN CARNEY & WILLIAMS, PLLC
11311 Arcade Drive, Suite 200
Little Rock, Arkansas 72212
Telephone: (501) 312-8500
Facsimile: (501)312-8505
rpulliam@cauleybowman.com

Proposed Lead Counsel

JAMES M. WAGSTAFFE (95535)
ADRIAN J. SAWYER (203712)
KERR & WAGSTAFFE LLP
100 Spear Street, Suite 1800
San Francisco, California 94105-1528
Telephone: (415) 371-8500
Facsimile: (415)371-0500
sawyer@kerrwagstaffe.com

Proposed Liaison Counsel

Attorneys for Plaintiffs
The City of Omaha Nebraska Civilian Employees'
Retirement System and the City of Omaha Police
and Fire Retirement System

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN re SiRF TECHNOLOGY HOLDINGS, INC., SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>    All Actions | Case No. C 08-0856 MMC<br><u>CLASS ACTION</u><br><br>**THE OMAHA FUNDS' REPLY IN SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS**<br><br>Date:       May 16, 2008<br>Time:       9 a.m.<br>Courtroom:  7, 19th Floor<br><br>Hon. Maxine M. Chesney |

The City of Omaha, Nebraska Civilian Employees' Retirement System and the City of Omaha Police and Fire Retirement System (the "Omaha Funds") submit this reply in support of the motion seeking their appointment as Lead Plaintiff to direct this securities class action pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B). As detailed in the following paragraphs, and upon due consideration of the materials tendered by the separate individuals and institutions wishing to serve as Lead Plaintiffs in this lawsuit, the Omaha Funds respectfully submit that this Court should enter its order (1) appointing the Omaha Funds as lead plaintiff in these actions and any subsequently-filed related actions and (2) approving Omaha Fund's selection of the law firms of Cauley Bowman Carney & Williams, LLP as Lead Counsel and Kerr & Wagstaffe LLP as Liaison Counsel for the proposed Class.

## I.    ARGUMENT

Following the volume of papers separate persons and entities have submitted on the Lead Plaintiff question in this matter, questions abound. What, for instance, was the true nature and purpose of Alex Meruelo's ownership of securities in Defendant SiRF Technology Holdings, Inc. ("SiRF")? Even more frustratingly unclear – given that both the Iron Workers Local No. 25 Pension Fund (the "Iron Workers") and the Police and Fire Retirement System of the City of Detroit ("Detroit Police & Fire") undertook to accurately inform this Court of all matters in which those funds have moved for appointment as lead plaintiff during the last three years – is the uncertainty surrounding the total number of securities lawsuits the Iron Workers and Detroit Police & Fire have sought to direct on behalf of aggrieved investors in the recent past. (*See* Omaha Funds' Resp. Mots. Appointment Lead Pl. at 3 n.1 (noting that the Iron Workers have moved to be lead plaintiff in at least one case omitted from that party's certification); Iron Workers' & Weiss' Omnibus Opp'n Mots. Appointment Lead Pl. at 7 (making similar observation with respect to Detroit Police & Fire).) Nonetheless, though there may be many open issues at this stage of the litigation, one thing – at least – is apparent: The Omaha Funds stand out as the "most adequate plaintiff" best able to "fairly and adequately protect the interests of the class" in this litigation. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

1    True enough, there are other lead plaintiff applicants with – to varying degrees – a
2 "larg[er] financial interest" in the damages caused by Defendants.  With each of these
3 candidates, however, the Omaha Funds have successfully rebutted the presumption that it may be
4 the "most adequate plaintiff" here.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (confirming that
5 presumption that an entity is the "most adequate plaintiff" is rebuttable).  Frankly speaking, the
6 motions and responses addressing this issue show that the lead plaintiff aspirants claiming
7 greater losses than the Omaha Funds are beset with problems.  To be more precise, Alex Meruelo
8 – whose asserted stake is only marginally greater than the Omaha Funds' losses, to begin with –
9 was an extreme speculator who actually took positions allowing him to profit when the value of
10 SiRF stock declined during the Class Period.  (*See* Omaha Funds' Resp. Mots. Appointment
11 Lead Pl. at 5-7 (describing character of Mr. Meruelo's SiRF investments); Mem. P. & A. Police
12 Fire Retirement Sys. City Detroit Opp'n Competing Mots. Appointment Lead Pl. at 9-10 (same);
13 Iron Workers' & Weiss' Omnibus Opp'n Mots. Appointment Lead Pl. at 11 (same).)  Mr.
14 Meruelo was not, to put it mildly, a "typical" investor, and he will be subject to unique defenses
15 rendering him incapable of assuming the role of lead plaintiff.  *See* 15 U.S.C. § 78u-
16 4(a)(3)(B)(iii)(II)(bb); *Casden v. HPL Tech., Inc.*, No. C-02-3510 VRW, 2003 U.S. Dist LEXIS
17 19606, at *16 (N.D. Cal. Sept. 29, 2003) (observing that, in assessing "typicality," a court should
18 "look to any marked differences in the circumstances of the presumptive lead plaintiff or legal
19 theories on which it, as opposed to the other class members, will rely.")
20    With regard to Iron Workers, and aside from the previously mentioned concerns about
21 the veracity of its representations to this Court,[1] the PSLRA's restriction on professional lead

---

[1]   In the very language of Iron Workers, by "neglect[ing]" to identify another case in which it would be seeking appointment as a lead plaintiff, the fund committed an "oversight" suggesting it is "simply **incapable** of adequately overseeing yet another complex securities class action such as this." (Iron Workers' & Weiss' Omnibus Opp'n Mots. Appointment Lead Pl. at 7.)  Though the statement is unquestionably true, Iron Workers actually used this terminology to criticize Detroit Police & Fire for engaging in identical behavior.  All in all, though, these words apply with particular emphasis to Iron Workers, for unlike Detroit Police & Fire, it failed to advise the Court that it would be moving to serve as lead plaintiff in a case that would subject it to the PSLRA's prohibition on professional plaintiffs.  In other words, Iron Worker's omission was one with more than just run-of-the-mill significance.

plaintiffs applies to make it an unsuitable lead plaintiff.  (*See* Omaha Funds' Resp. Mots. Appointment Lead Pl. at 3-5 (discussing operation of applicable professional plaintiff provision).)  What is more, Iron Workers have teamed with Kenneth L. Weiss to propose that this complex litigation be directed by a group consisting of members with – from all appearances – no previous relationship.  This Court has consistently rejected similar associations, which are clearly nothing more than the creation of lawyers wishing to take the helm of securities class actions.[2]  *In re Critical Path, Inc., Sec. Litig.*, 156 F. Supp. 2d 1102, 1111 (N.D. Cal. 2001) ("A group is not a proper group unless its members have a relationship that predates the litigation.").

In similar fashion, Detroit Police & Fire is admittedly subject to the professional plaintiff strictures of the PSLRA.  That being so, and because the Omaha Funds are institutional investors who are not subject to this statutory bar – indeed, this is the **only** lawsuit in which they have pursued appointment as lead plaintiff – the Court should deem Detroit Police & Fire unworthy to serve here.  That being so, because Detroit Police & Fire and Iron Workers are for various reasons unable to "fairly and adequately protect the interests of the class," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), the Court should grant the Omaha Funds' Motion for Appointment as Lead Plaintiff.

## II.     CONCLUSION

For the foregoing reasons, movant respectfully requests that this Court (1) appoint the Omaha Funds as lead plaintiff in these actions and any subsequently-filed related actions; and (2) approve their selection of the law firms of Cauley Bowman Carney & Williams, PLLC as Lead Counsel and Kerr & Wagstaffe LLP as Liaison Counsel for the class.

---

[2]     The Omaha Funds, by contrast, as retirement funds for employees of the same municipality, are certainly cohesive and have a prior working relationship.  This Court has previously approved groups comprised of similar governmental pension funds.  *See Silicon Storage Tech., Inc., Sec. Litig.*, No. C 05-0295 PJH, 2005 U.S. Dist. LEXIS 45246, at *35 (N.D. Cal. May 3, 2005) (appointing as lead plaintiff group containing "state employees' retirement funds that work together from time to time on pension fund-related issues").

1  DATED: May 2, 2008                    **KERR & WAGSTAFFE LLP**

3                                         By _____s/_____
                                             ADRIAN J. SAWYER
4                                            Proposed Liaison Counsel

5                                         CAULEY BOWMAN CARNEY & WILLIAMS, PLLC

7                                         Proposed Lead Counsel

i

CASE NO. C 08-0856 MMC

OMAHA FUNDS' RESPONSE TO MTNS
FOR APPOINTMENT AS LEAD PLAINTIFF