United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re SiRF TECHNOLOGY HOLDINGS, INC.
SECURITIES LITIGATION

_____

This Document Relates To:

    All Actions

_____/

Master File No. C 08-0856 MMC

**ORDER AFFORDING POLICE & FIRE
RETIREMENT SYSTEM OF THE CITY
OF DETROIT OPPORTUNITY TO FILE
RESPONSE TO REPLY FILED BY IRON
WORKERS AND WEISS; CONTINUING
HEARING ON MOTIONS FOR
APPOINTMENT OF LEAD PLAINTIFF**

Before the Court are nine motions, each filed April 8, 2008, and each seeking an

order appointing the movant as lead plaintiff in the above-titled securities class action,

pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).  The nine moving parties are as follows:

(1) Police & Fire Retirement System of the City of Detroit ("PFRS"); (2) Iron Workers Local

No. 25 Pension Fund and Kenneth L. Weiss ("Iron Workers/Weiss"); (3) Alex Meruelo

("Meruelo"); (4) City of Omaha, Nebraska Civilian Employees' Retirement System and City

of Omaha Police and Fire Retirement System ("the Omaha Funds"); (5) Matthew Delaney

("Delaney"); (6) Christopher Collins ("Collins"); (7) Alan Nussbaum ("Nussbaum"); (8)

James Van Atten ("Van Atten"); and (9) Gary Mitchell Schorr Rev. Trust U/A DTD 3-20-98

("Schorr").  PFRS, Iron Workers/Weiss, Meruelo, and the Omaha Funds have each filed

opposition to competing motions, and each such party has filed a reply to the oppositions to

that party's motion.[1]  Having reviewed the movants' submissions, the Court rules as

follows.

In their respective oppositions, Iron Workers/Weiss, Meruelo, and the Omaha Funds

each argue the Court should not appoint PFRS, the movant that has incurred the largest

loss, in light of the provisions of 15 U.S.C. § 78u-4(a)(3)(B)(vi).  See 15 U.S.C.

§ 78u-4(a)(3)(B)(vi) (providing that "[e]xcept as the court may otherwise permit, consistent

with the purposes of this section [the PSLRA], a person may be a lead plaintiff . . . in no

more than 5 securities class actions brought as plaintiff class actions pursuant to the

Federal Rules of Civil Procedure during any 3-year period).  In its reply, PFRS responds to

such arguments.

In their reply, Iron Workers/Weiss, in addition to responding to the arguments made

by competing movants in opposition to Iron Workers/Weiss's motion, raise new arguments,

and submit evidence in support thereof, as to why PFRS should not be appointed lead

plaintiff.  Specifically, Iron Workers/Weiss argue (1) PFRS's current involvement in non-

securities class action cases supports a finding it lacks the resources to adequately

prosecute the instant case, and (2) PFRS made decisions to dismiss two prior securities

class actions in which it had been appointed lead plaintiff, which decisions, in the view of

Iron Workers/Weiss, were not in the best interests of the absent class members.  (See Iron

Workers/Weiss Reply, filed May 2, 2008, at 6:5-13:11.)  Iron Workers/Weiss fail to state

why they did not raise such arguments in their opposition to PFRS's motion, rather than

raise them in a reply to which PFRS would have no opportunity to respond prior to the

hearing.  Because the appointment of lead counsel will affect a large number of absent

class members, however, and given the nature of the arguments now being made by Iron

Workers/Weiss, the Court finds it appropriate to continue the May 16, 2008 hearing and

afford PFRS an opportunity to respond to the arguments newly-raised by Iron Workers/

---

[1]Movant Collins filed a statement of non-opposition to the appointment of a movant with higher losses than those alleged by Collins.  Movants Delaney, Nussbaum, Van Atten, and Schorr have not filed any response to the motions filed by other movants.

1  Weiss.

2      Accordingly, PFRS may file a supplemental reply in response to the above-

3  described arguments made by Iron Workers/Weiss, such supplemental reply to be filed no

4  later than May 19, 2008 and to consist of no more than eight pages in length, exclusive of

5  exhibits.

6      The hearing on the motions for appointment of lead counsel is hereby CONTINUED

7  to May 30, 2008, at 9:00 a.m.

8      **IT IS SO ORDERED.**

9

10  Dated:  May 9, 2008

11                                          MAXINE M. CHESNEY
                                            United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28