PETER BINKOW #173848
MICHAEL GOLDBERG #188669
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

Susan G. Kupfer (#141724)
GLANCY BINKOW & GOLDBERG LLP
One Embarcadero Center, Suite 760
San Francisco, California 94111
Telephone:    (415) 972-8160
Facsimile:    (415) 972-8166
Email: skupfer@glancylaw.com

*Liaison Attorneys for Proposed Lead Plaintiff*

Ira M. Press
Sarah G. Lopez
KIRBY McINERNEY LLP
830 Third Avenue, 10th Floor
New York, New York 10022
Telephone:    (212) 371-6600
Facsimile:    (212) 751-2540
Email: ipress@kmllp.com

*Attorneys for Proposed Lead Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE SiRF TECHNOLOGY HOLDINGS INC. SECURITIES LITIGATION | Master File No. C 08 00856 |
| This document Relates to:<br><br>All Actions | SUPPLEMENTAL MEMORANDUM OF POLICE & FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT IN RESPONSE TO MATTERS RAISED IMPROPERLY IN MAY 2, 2008 REPLY SUBMISSION OF IRON WORKERS LOCAL NO. 25 PENSION FUND AND KENNETH L. WEISS<br><br>Date:  May 30, 2008<br>Time:  9:00 a.m.<br>Courtroom 7, 19th Floor<br><br>Hon. Maxine M. Chesney |

**SUPPLEMENTAL MEMORANDUM OF POLICE & FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT IN RESPONSE TO MATTERS RAISED IMPROPERLY IN MAY 2, 2008 REPLY SUBMISSION OF IRON WORKERS LOCAL NO. 25 PENSION FUND AND KENNETH L. WEISS**

**INTRODUCTION**

Movant Detroit Police & Fire Retirement System of the City of Detroit ("Detroit PFRS") respectfully submits this supplemental brief, with leave of the Court, pursuant to its Order dated May 9, 2008, in order to respond to challenges to the Detroit PRFS's PSLRA lead plaintiff application raised by competing movants Iron Workers Local No. 25 Pension Fund and Kenneth L. Weiss ("Iron Workers/Weiss") for the very first time in their May 2, 2008 reply brief.

As the Court noted in its May 9th Order, "Iron Workers/Weiss failed to state why they did not raise such arguments in their opposition to PFRS' motion, rather than raise them in a reply to which PFRS would have no opportunity to respond prior to the hearing." *Id.* at 2. The May 2, 2008 reply memorandum filed by Iron Workers/Weiss improperly includes challenges to the motion of Detroit PRFS. Such arguments should have been raised, if at all, in Iron Workers/Weiss' April 25, 2008 brief in opposition to, *inter alia*, the motion of Detroit PFRS. A reply brief is not the proper place to raise challenges to the motion of another. By so doing, Iron Workers/Weiss unfairly sought to deprive Detroit PFRS of the opportunity to address these issues in the ordinary course of briefing. The Court should not countenance this brazen act of gamesmanship.

In any event, for the reasons set forth below, Iron Workers/Weiss' arguments are meritless. They are also hypocritical in the extreme. Were the Court to accept these flawed arguments, they would also preclude Iron Workers/Weiss themselves from serving as lead plaintiff.

**SUPPLEMENTAL MEMORANDUM OF POLICE & FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT IN RESPONSE TO MATTERS RAISED IMPROPERLY IN MAY 2, 2008 REPLY SUBMISSION OF IRON WORKERS LOCAL NO. 25 PENSION FUND AND KENNETH L. WEISS**

**ARGUMENT**

**I.  LEAD PLAINTIFF APPOINTMENTS OF OTHER FUNDS ARE NOT RELEVANT TO PFRS' SUITABILITY.**

Iron Workers/Weiss argue that, for purposes of determining whether PFRS is a "professional plaintiff" one should also count the lead plaintiff appointments of a different fund, the Detroit General Retirement System. This same argument was raised, and rejected by other district courts in the Ninth Circuit. *See e.g., Brody v. Dot Hill System*, No. 06-228 (S.D. Cal. June 23, 2006) at p. 13 (Lopez Supp. Decl., Ex. A); *McClain v. WSB Financial Group, Inc.*, No. 07-1747 (W.D. Wash. March 10, 2008) at 7-8 (Lopez Supp. Decl., Ex. B).[1] Moreover, as demonstrated in PFRS' reply brief (p. 5-6), if the PSLRA professional plaintiff bar were to be applied to institutions, it inevitably would eliminate Iron Workers/Weiss themselves, as Iron Workers has been, or will have been, appointed five (5) times (besides this action) in the last three (3) years. The district courts in California that have addressed this issue have not rejected institutional investors on this basis. *See* Detroit PFRS Reply dated May 2, 2008 ("PFRS Reply") at p. 4. As with Iron Workers/Weiss' other arguments, this one is meritless.

**II.  THE PFRS IS NOT SPREAD TOO THIN.**

The notion that Detroit PFRS is "spread too thin" because of involvement in non-PSLRA actions identified by Iron Workers/Weiss is also meritless.[2] As noted in Detroit PFRS' May 2, 2008 reply papers, the courts recognize that pension funds have the resources and wherewithal to prosecute numerous actions at once. PFRS Reply at 6-7. Moreover, it is not in the least bit uncommon to do so. Our reply papers noted that the City of Omaha, which appears to be directing the litigation on behalf of competing movants, the Omaha Funds, is currently involved in at least 9 active non-PSLRA federal lawsuits (and one can only imagine how many state courts suits as well). *See* PFRS Reply at p. 7. Similarly, Iron Workers once again reveals its hypocrisy, as a search of the

---

[1]  All exhibits are attached to the May 19, 2008 Supplement Declaration of Sarah G. Lopez, filed herewith and referenced herein as "Lopez Supp. Decl."

[2]  *See* Iron Workers/Weiss' Reply at 9-10.

**SUPPLEMENTAL MEMORANDUM OF POLICE & FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT IN RESPONSE TO MATTERS RAISED IMPROPERLY IN MAY 2, 2008 REPLY SUBMISSION OF IRON WORKERS LOCAL NO. 25 PENSION FUND AND KENNETH L. WEISS**

federal dockets reveals that the Iron Workers itself has been involved in dozens of federal lawsuits over the past three (3) years. *See* Lopez Supp. Decl., Ex. C. The bottom line is that pension funds are frequently involved in non-PSLRA litigation. Most institutional funds can handle the case load, and it is not relevant in determining lead plaintiff suitability under the PSLRA. That is why the PSLRA does not require a movant to list non-PSLRA cases (*see* 15 U.S.C. §78u-4(a)(2)(A)(v)) and even the "professional plaintiff" bar provision makes no mention of non-PSLRA cases. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Tellingly, none of the competing movants has disclosed all of their involvement in non-PSLRA cases. That is because such involvement is not relevant.

Similarly, there is no requirement that a movant disclose cases where it is *considering* moving for lead plaintiff appointment but has not yet done so. Iron Workers, in its reply, admits as much (see Iron Workers Reply at 5).[3]

Finally, it is also telling that the Iron Workers' chapter and verse description of the PFRS' PSLRA litigation "burden" (Iron Workers Reply at 7-10) demonstrates no such thing. In addition to listing cases involving *other* funds, and non-PSLRA cases, the list includes at least three PSLRA cases where the parties have agreed to settlements.[4]

---

[3] In fact, while PFRS ultimately moved for lead plaintiff in the *Societe Generale* action on May 12, it has since withdrawn that application because other movants have larger financial interests.

[4] *In re KLA-Tencor Securities Litigation*, 06-cv-04065 (N.D. Cal.); *In re R&G Fin. Corp. Sec.* Litig., No. 05-CV-04186 (S.D.N.Y.); In *re Levi Strauss & Co. Sec. Litig.*, No. C-03-05605 (N.D.Cal.).

### III. IRON WORKERS/WEISS' ASSERTIONS OF INADEQUACY ARE NOTHING MORE THAN RANK SPECULATION

There is no merit to the suggestion that Detroit PFRS' "inadequacy" is "evidenced" by its conduct in two other cases, in 2005 and 2002, respectively. It will come as no surprise that several courts have appointed Detroit PFRS as a lead plaintiff in a PSLRA suit subsequent to those actions.

Iron Workers/Weiss challenge Detroit PFRS' decision not to replead following the without-prejudice dismissal of claims in *In re Guess?, Inc. Securities Litigation*, No. CV01-00871 LGB(RNBx) (C.D.Cal.). In that case, following oral argument and vigorous briefing, the court, in an opinion that was nearly 30 pages in length, granted the dismissal motion with 20 days leave to replead to cure specific deficiencies. *See In re Guess?, Securities Litigation,* No. 01-00871 (C.D. Cal. Nov. 29, 2001) at p. 26-29. (*See* Lopez Supp. Decl., Ex. D.), Ex. D, p. 26-29. The Detroit PFRS' outside counsel (a firm other than Kirby McInerney) determined that it could not satisfy the court's concerns. Detroit PFRS, therefore acted responsibly and, rather than filing a frivolous amendment simply because it had the right to do so, it chose not to replead.[5]

Moreover, it is hardly unusual for counsel, acting responsibly, to determine in a given situation that it is not able to replead in a manner that would address the court's concerns. The Coughlin law firm, counsel for the Iron Workers here, when acting as lead counsel, has on occasion reached the same determination that Detroit PFRS' counsel reached in 2002 in the *Guess* case. In *Miller v. Lazard Ltd.*, 473 F.Supp.2d. 571, 591 (S.D.N.Y. 2007), the Court dismissed the action commenced by the Coughlin law firm. The Court expressly granted the Coughlin law firm, lead counsel there, twenty (20) days to file an amended complaint.. *Id*. Coughlin chose not to do so. *See* Lopez Supp. Decl., Ex. E (*Lazard* docket entry #64). Similarly, after a dismissal of their claims in *In re Vertex Pharmaceuticals, Inc. Securities Litigation*, 03-cv-11852-PBS (D. Mass), the Couglin firm's predecessor (Lerach Coughlin) failed to appeal the dismissal. Lopez Supp. Decl., Ex. F

---

[5] The Milberg Weiss law firm, the predecessor to the firm representing the Iron Workers/Weiss in this action and one of several plaintiffs' counsel of record in the *Guess* action, was notified of the decision not to pursue the *Guess* action further. If said counsel believed the *Guess* case should have been pursued further, it could have picked up the baton on behalf of the class. It chose not to do so.

**SUPPLEMENTAL MEMORANDUM OF POLICE & FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT IN RESPONSE TO MATTERS RAISED IMPROPERLY IN MAY 2, 2008 REPLY SUBMISSION OF IRON WORKERS LOCAL NO. 25 PENSION FUND AND KENNETH L. WEISS**
4

(*Vertex* docket entry #84, *et seq.*). Such prudent choices do not evidence inadequacy, and Iron Workers' counsel knows that.

Also meritless is the suggestion that Detroit PFRS abandoned the class in the *Calpine* securities litigation in 2005. *See* Iron Workers/Weiss Reply at 12-13. First and foremost, there was no "class" to abandon, as class certification had been denied by the Court. *See* Lopez Supp. Decl., Ex. G, Stipulation of Dismissal and Order, at 2 (Hon. Saundra Brown Armstrong). The ultimate resolution – *i.e.*, the resolution now challenged by Iron Workers/Weiss – was reached through mediation in front of a retired judge who is an experienced mediator of securities class action lawsuits (the Honorable Daniel Weinstein of the JAMS organization).[6] Moreover, *the parties expressly advised the Court that plaintiff was settling on a non-class basis, and the Court so-ordered the dismissal "without prejudice as to any claim of any would be member of the Class denied by the Court...."* Lopez Supp. Decl., Ex. G, at 3 (emphasis added).[7]

The PSLRA expressly provides that the "most adequate [lead] plaintiff" presumption can only be rebutted by "proof" of the presumptive lead plaintiff's inadequacy or atypicality. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). Courts have held that mere speculation respecting a presumptive lead plaintiff cannot defeat the presumption. *Mohanty v. BigBand Networks, Inc.*, No. C 07-5101 SBA, 2008 WL 426250 at *8 (N.D. Cal. Feb. 14, 2008) ("'concerns,'" as opposed to "proof," are "insufficient to rebut the presumption"); *Schonfield v. Dendreon Corp.*, No. C07-800MJP, 2007 WL 2916533 at *5 (W.D. Wash. Oct. 4, 2007) (suggestion of conflict of interest, absent evidentiary basis, does not rebut presumption); *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344 at *6 (N.D. Cal. Apr. 16, 2007); *Carson v. Clarent Corp.*, No. C 01-03361 CRB, 2001 WL 1782712 at *2 (N.D. Cal. Dec. 14,

---

[6] Kirby McInerney did not represent PFRS in the *Calpine* action.

[7] The Lerach Coughlin law firm (predecessor to the Coughlin law firm) was among plaintiffs' counsel of record in the *Calpine* action, and was notified of the decision not to pursue the *Calpine* action further. If the Iron Workers' counsel believed the *Calpine* action should have been pursued further, they could have picked up the baton on behalf of the class.

**SUPPLEMENTAL MEMORANDUM OF POLICE & FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT IN RESPONSE TO MATTERS RAISED IMPROPERLY IN MAY 2, 2008 REPLY SUBMISSION OF IRON WORKERS LOCAL NO. 25 PENSION FUND AND KENNETH L. WEISS**

5

2001).[8] Indeed, the Iron Workers' own brief in *In Re Radian Securities Litigation*, No. 2:07-03375-MAM (E.D.Pa.), also spoke of the need for "proof" to defeat this presumption. Lopez Supp. Decl., Ex. H, p 3,6.

Accordingly, the speculative challenges improperly raised by the Iron Workers/Weiss in their reply fall well short of the evidentiary level required to defeat the PFRS' statutory presumption.

## CONCLUSION

Nothing in the improper reply submission by Iron Workers/Weiss provides the sort of "proof" that is needed to defeat the statutory presumption that Detroit PFRS should be appointed lead plaintiff.

Dated: May 19, 2008

                            Respectfully submitted,

                            **GLANCY BINKOW & GOLDBERG LLP**

                            By:    /s/ Peter Binkow
                                 Peter Binkow # 173848
                                 Michael Goldberg# 188669
                                 1801 Avenue of the Stars, Suite 311
                                 Los Angeles, California 90067
                                 Tel:   (310) 201-9150
                                 Fax:   (310) 201-9160
                                 E-mail:info@glancylaw.com

---

[8] Other courts in the Ninth Circuit have also held that the most adequate lead plaintiff presumption can only be rebutted by proof of the presumptive lead plaintiff's inadequacy or atypicality. *Armbruster v. Cellcyte Genetics Corp.*, No. 08-0047RSL, 2008 WL 1929903 at *2 (W.D. Wash. Apr. 28, 2008); *In re Atlas Mining Co. Sec. Litig.*, No. CV 07-428, 2008 WL 821756 at *7 (D. Idaho Mar. 25, 2008); *McGuire v. Dendreon Corp.*, No. C07-800MJP, 2008 WL 418122 at *2 (W.D. Wash. Feb. 13, 2008); *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, No. 2:06-CV-2674, 2007 WL 2692217 at *6-7 (D. Ariz. Sept. 11, 2007).

**SUPPLEMENTAL MEMORANDUM OF POLICE & FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT IN RESPONSE TO MATTERS RAISED IMPROPERLY IN MAY 2, 2008 REPLY SUBMISSION OF IRON WORKERS LOCAL NO. 25 PENSION FUND AND KENNETH L. WEISS**

Susan G. Kupfer (#141724)
One Embarcadero Center, Suite 760
San Francisco, CA   94111
Tel:   (415) 972 - 8160
Fax:   (415) 972 - 8166
E-mail: skupfer@glancylaw.com

*Liaison Attorneys for Proposed Lead Plaintiff*

Ira M. Press
Sarah G. Lopez
**KIRBY McINERNEY LLP**
830 Third Avenue, 10th Floor
New York, NY   10022
Tel:   (212) 371 - 6600
Fax:   (212) 699 - 1194

*Attorneys for Proposed Lead Plaintiff*

**SUPPLEMENTAL MEMORANDUM OF POLICE & FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT IN RESPONSE TO MATTERS RAISED IMPROPERLY IN MAY 2, 2008 REPLY SUBMISSION OF IRON WORKERS LOCAL NO. 25 PENSION FUND AND KENNETH L. WEISS**

7