United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SiRF TECHNOLOGY HOLDINGS, INC. SECURITIES LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>   All Actions<br><br>_____/ | Master File No. C 08-0856 MMC<br><br>**ORDER GRANTING MOTION TO APPOINT POLICE & FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT AS LEAD PLAINTIFF; APPROVING LEAD PLAINTIFF'S CHOICE OF COUNSEL; DENYING COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF; DIRECTIONS TO PARTIES** |

     Before the Court are seven motions, each filed April 8, 2008, and each seeking an order appointing the movant as lead plaintiff, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i). The seven moving parties are as follows:  (1) Police & Fire Retirement System of the City of Detroit ("PFRS"); (2) Iron Workers Local No. 25 Pension Fund and Kenneth L. Weiss ("Iron Workers/Weiss"); (3) Alex Meruelo ("Meruelo"); (4) City of Omaha, Nebraska Civilian Employees' Retirement System, and City of Omaha Police and Fire Retirement System ("Omaha Funds"); (5) Christopher Collins ("Collins"); (6) Alan Nussbaum ("Nussbaum"); and (7) Gary Mitchell Schorr Rev. Trust U/A DTD 3-20-98 ("Schorr").  PFRS, Iron Workers/Weiss, Meruelo, and the Omaha Funds have each filed opposition to competing motions, and each such party has filed a single reply to the oppositions to that party's

1  motion.[1]  PFRS, with leave of Court, has filed a supplemental reply.  Having reviewed the
2  movants' submissions, the Court finds the motions appropriate for determination on the
3  papers submitted, VACATES the hearing scheduled for May 30, 2008, and rules as
4  follows.

5  Under the Private Securities Litigation Reform Act ("PSLRA"), the district court "shall
6  appoint as lead plaintiff the member or members of the purported plaintiff class that the
7  court determines to be most capable of adequately representing the interests of the class
8  members."  See 15 U.S.C. § 78u-4(a)(3)(B)(i).

9  In applying § 78u-4(a)(3)(B)(i), the district court initially identifies the presumptively
10 most adequate plaintiff, which "is the person or group of persons that -- (aa) has either filed
11 the complaint or made a motion [to be appointed as lead plaintiff]; (bb) in the determination
12 of the court, has the largest financial interest in the relief sought by the class; and (cc)
13 otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."
14 See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In so doing, the district court ascertains which
15 movant has the largest loss and then, based only "on the information [that movant] has
16 provided in his pleadings and declarations," determines if such movant "satisfies the
17 requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'"  See In re
18 Cavanaugh, 306 F. 3d 726, 729-30 (9th Cir. 2002).  After the presumptively most adequate
19 plaintiff is identified, the district court next considers any evidence offered by other potential
20 class members to demonstrate that the presumptively most adequate plaintiff should not be
21 appointed.  See id. at 730.
22 //
23 //
24 //
25 //

---

[1] Movant Collins filed a statement of non-opposition to the Court's appointing a movant with losses higher than those alleged by Collins.  Movants Nussbaum and Schorr have not filed any response to the motions filed by other movants.

2

In accordance with the above-described procedure, the Court first considers which of the movants has the "largest financial interest in the relief sought," see 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), and finds PFRS, an institutional investor, is such movant, because its claimed loss of $1,615,947, (see Press Decl. Ex. C), is significantly higher than that of any other movant.

The Court next determines, considering only PFRS's showing, whether PFRS "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy'." See Cavanaugh, 306 F. 3d at 730. In that regard, PFRS asserts its claims are identical to those of other potential class members, in that each potential class member's claim is that it purchased stock in SiRF Technology Holdings, Inc. after the price had been artificially inflated as a result of false and misleading statements. Given such assertion, the Court finds PFRS has shown it can satisfy the Rule 23(a) requirements that there exist questions of law or fact common to the class, see Fed. R. Civ. P. 23(a)(2), and that PFRS's claims are typical of class members, see Fed. R. Civ. P. 23(a)(3). Additionally, PFRS has selected counsel experienced in securities litigation, states there is no history of antagonism between PFRS and other potential class members, and asserts that, in light of the high losses PFRS allegedly experienced, there is no likelihood its claims against defendants are collusive. Based on such showing, the Court finds PFRS has shown it can satisfy the Rule 23(a)(4) requirement that it will fairly and adequately protect the interests of the class. See In re Northern Dist. of Calif., Dalkon Shield IUD Products Liability Litig., 693 F. 2d 847, 855 (9th Cir. 1982) (holding "adequacy" requirement "depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive"). Finally, although PFRS does not expressly address the Rule 23(a)(1) requirement that the potential class members be "so numerous that joinder of all members is impracticable," see Fed. R. Civ. P. 23(a)(1), the Court observes that each complaint comprising the above-titled consolidated action alleges there are hundreds, if not

thousands, of potential class members;[2] accordingly, based on the limited information available at this early stage of the litigation, the Court finds PFRS could satisfy the numerousity requirement.

Because the Court has found PFRS has the largest loss and could satisfy the requirements set forth in Rule 23(a), PFRS is "the presumptively most adequate plaintiff." See Cavanaugh, 306 F. 3d at 730.

The Court next considers whether any other movant has "rebut[ted] the presumptive lead plaintiff's showing." See id. Here, no movant opposing appointment of PFRS expressly argues that PFRS cannot satisfy Rule 23's requirements. Rather, each opposing movant argues PFRS is nonetheless barred by statute from proceeding as lead plaintiff.

Specifically, the opposing movants rely on the following provision in the PSLRA:

> Except as the court may otherwise permit, consistent with the purposes of [the PSLRA], a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period.

See 15 U.S.C. § 78u-4(a)(3)(B)(vi).

In particular, as PFRS acknowledges, PFRS has served as a lead plaintiff in six securities class actions brought during the past three years. (See Press Decl. Ex. B ¶ 8.) As PFRS points out, however, the legislative history of the PSLRA, as set forth in the Conference Report,[3] indicates that § 78u-4(a)(3)(B)(vi) should be narrowly applied with respect to institutional investors. Specifically, the Conference Report states:

> The Conference Report seeks to restrict professional plaintiffs from serving as lead plaintiff by limiting a person from serving in that capacity more than five times in three years. Institutional investors seeking to serve as lead plaintiff may need to exceed this limitation and do not represent the type of

---

[2] For example, the complaint filed by Sammy Esses in Civil Case No. 8-856 alleges that "SiRF has over 60 million shares of stock outstanding, owned by hundreds if not thousands of persons." (See Compl. ¶ 43.) Such allegation, or a similar allegation, is included in the other complaints comprising the instant consolidated action.

[3] Outside of the text of the PSRLA, the Conference Report represents "the most reliable evidence of congressional intent." See In re Silicon Graphics Sec. Litig., 183 F. 3d 970, 977 (9th Cir. 1999).

4

> professional plaintiff this legislation seeks to restrict. As a result, the Conference Committee grants courts discretion to avoid the unintended consequence of disqualifying institutional investors from serving more than five times in three years. The Conference Committee does not intend for this provision to operate at cross purposes with the "most adequate plaintiff" provision.

H.R. Conf. Rep. No. 104-369, at 35.

In this instance, the Court, in exercising the discretion set forth in § 78u-4(a)(3)(B)(vi), finds it appropriate, for several reasons, to appoint PFRS as lead plaintiff. First, because PFRS is the presumptively most adequate lead plaintiff and no other movant has attempted to rebut PFRS's showing under Rule 23, the Court, by denying appointment of PFRS in reliance on § 78u-4(a)(3)(B)(vi), would be applying that statute at "cross purposes" with the "most adequate plaintiff" provision, a result which, as set forth in the Conference Report, is precisely contrary to congressional intent. Second, appointment of PFRS, an institutional investor, would be "consistent with" the primary purpose of the PSLRA, see 15 U.S.C. § 78u-4(a)(3)(B)(vi), to combat "abusive practices committed in private securities litigation," see H.R. Conf. Rep. No. 104-369, at 31. In particular, by enacting the PSLRA, Congress sought to increase the participation of institutional investors in securities class actions. "The Conference Committee believe[d] that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions," and "intend[ed] that the lead plaintiff provision [would] encourage institutional investors to take a more active role in securities class action lawsuits." See id. at 34. Third, although there may be instances in which an institutional investor could, in light of financial or other pressures, be unable to manage multiple lawsuits during a three-year period, there is insufficient evidence to demonstrate PFRS would be unable to effectively function as lead plaintiff herein.

Finally, the Court has considered Iron Workers/Weiss's argument that the Court should not exercise its discretion under § 78u-4(a)(3)(B)(vi) to appoint PFRS because of

1  PFRS's "prior acts," (see Iron Workers/Weiss's Reply, filed May 2, 2008, at 12:1-13:11), but
2  finds such argument unpersuasive.  Contrary to Iron Workers/Weiss's argument, PFRS did
3  not "walk[ ] away" from the putative class action in In re Guess?, Inc. Securities Litig., Civil
4  Case NO. 01-00871 (C.D. Cal.); rather, as PFRS has shown, the district court therein
5  dismissed the operative complaint, affording leave to amend only if PFRS was able to
6  allege particular, detailed facts identified by the district court, (see Supp. Lopez Decl., filed
7  May 19, 2008. Ex. D), and PFRS, through counsel then representing it, determined it could
8  not so amend.  Further, and contrary to Iron Workers/Weiss's argument, PFRS did not
9  "secretly" settle with the defendants and "abandon" the class in Weisz v. Calpine Corp.,
10 Civil Case No. 02-1200 (N.D. Cal.); rather, as PFRS has shown, the settlement was
11 disclosed to the district court, which, in light of the settlement, dismissed PFRS's individual
12 claims, and without prejudice to any putative class member's right to proceed with an
13 individual action against the defendants therein. (See Supp. Lopez Decl., filed May 19,
14 2008, Ex. G.)[4]

15    Accordingly, PFRS's motion for appointment as lead plaintiff will be granted, and the
16 competing motions will be denied.

17    Once a lead plaintiff is selected, the lead plaintiff "shall, subject to the approval of the
18 court, select and retain counsel to represent the class." See 15 U.S.C. § 78u-4(a)(3)(B)(v).
19 Here, PFRS has selected as counsel to represent the class the law firms of Kirby
20 McInerney LLP and Glancy Binkow & Goldberg LLP.  Having reviewed said law firms'
21 respective resumes, (see Press Decl. Ex. D), the Court, given each such firm's experience
22 with respect to class action securities litigation, finds good cause exists to approve PFRS's
23 selection.
24 //

---

[4] The settlement of PFRS's individual claim was reached only after the district court had denied PFRS's motion for class certification, i.e., only after the district court had determined that the matter could not proceed on behalf of any party other than PFRS and that any other putative class member would have to file its own claim against the defendants therein.

**CONCLUSION**

For the reasons stated above:

1. PFRS's motion for appointment as lead plaintiff is hereby GRANTED.

2. PFRS's selection of Kirby McInerney LLP as Lead Counsel and Glancy Binkow & Goldberg LLP as Liaison Counsel is, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), hereby APPROVED.

3. The motions for appointment as lead plaintiff filed by Iron Workers/Weiss, Meruelo, Omaha Funds, Collins, Nussbaum, and Schorr are, in each instance, hereby DENIED.

4. The Court's order of March 14, 2008 provides: "Following the selection of a Lead Plaintiff and Lead Plaintiff's Counsel, the parties shall meet and confer and submit a mutually agreeable schedule for the filing of a consolidated complaint (or designation of an operative complaint), as well as for the briefing and hearing of responses thereto." (See Consolidation Order, filed March 14, 2008, ¶ 11.) Accordingly, PFRS and defendants are directed to so meet and confer and to submit a mutually agreeable schedule no later than June 20, 2008. Additionally, in such submission, the parties shall, as appropriate, set forth the proposed date(s) on which the parties will (a) meet and confer regarding initial disclosures, early settlement, ADR process selection, and a discovery plan, (b) file a Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference, (c) file a Rule 26(f) Report, and (d) propose a date for a Case Management Conference.

**IT IS SO ORDERED.**

Dated: May 27, 2008

MAXINE M. CHESNEY
United States District Judge