UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SiRF TECHNOLOGY HOLDINGS, INC. SECURITIES LITIGATION <br><br> THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 3:08-cv-00856-MMC <br><br> **CLASS ACTION** <br><br> [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, on July 1, 2009, the parties to the above-entitled action entered into a Stipulation of Settlement dated as of July 1, 2009 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure ("F.R.Civ.P.") and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the complaint filed in this Action on July 28, 2008 on the merits and with prejudice upon the terms and conditions set forth in the Stipulation; and

WHEREAS, the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this order (the "Order"); and all capitalized terms used herein having the meanings defined in the Stipulation unless defined herein;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 14th day of August, 2009 that:

1. The Court preliminarily approves the Settlement, subject to further consideration at the Final Approval Hearing described below.

2. Solely for purposes of the Settlement, the Action shall be preliminarily certified as a class action for settlement purposes pursuant to F.R.Civ.P. 23 on behalf of the Settlement Class defined as follows: all persons who purchased or otherwise acquired SiRF Technology Holdings Inc. ("SiRF") common stock between June 21, 2007 and March 24, 2008, inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are Defendants, any entity in

which any of Defendants has a controlling interest, any Affiliate of a Defendant, the present or former directors of SiRF or any of its Affiliates, any present or former officer of SiRF or its Affiliates, and the members of their immediate families or their successors, heirs, assigns, and legal representatives.

3. A Final Approval Hearing pursuant to F.R.Civ.P. 23(e) is hereby scheduled to be held before the Court on January 8, 2010, at 9:00 a.m. for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b) to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the complaint filed herein on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Releasees;

(c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(d) to consider Lead Counsel's and Liaison Counsel's application for the Fee and Expense Award; and

(e) to rule upon such other matters as the Court may deem appropriate.

4. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Judgment approving the Stipulation and dismissing the complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

5. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund (the "Notice") annexed hereto as Exhibit 1 and the Proof of Claim and Release form annexed hereto as Exhibit 2.

6. The Court approves the selection of The Garden City Group, Inc. by Lead Counsel

as the Claims Administrator.  By September 14, 2009, the Claims Administrator, under the supervision of Lead Counsel, shall cause a copy of the Notice and Proof of Claim and Release, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, to all Settlement Class Members who can be identified with reasonable effort.  The date of such initial mailing shall be referred to as the "Notice Date."  The Defendants shall cause SiRF's transfer records and shareholder information, or such other information or lists that contain the names and last-known addresses of each Settlement Class Member, who SiRF can identify through reasonable effort, to be made available in electronic form to the Claims Administrator, at no cost to the Settlement Class, by September 24, 2009 for the purpose of identifying and giving notice to the Settlement Class.   The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased SiRF Common Stock during the Settlement Class Period as record owners but not as beneficial owners.  Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim and Release to their beneficial owners or within seven (7) days of their receipt of the Settlement Notice, (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which the nominee purchaser purchased such stock during such time period, or (b) request additional copies of this Notice and the Proof of Claim and Release form, which will be provided to the nominee purchaser free of charge, and within seven (7) days mail the Notice and Proof of Claim and Release form directly to the beneficial owners of the securities referred to herein.   Nominee purchasers who elect to send the Notice and Proof of Claim and Release form to the beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice and Proof of Claim and Release shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation demonstrating that the Notice was disseminated in accordance with the provisions of this Order, for the reasonable expense of sending the Notices to beneficial owners.  Lead Counsel shall, at or before the Final Approval Hearing, file with the Court proof of mailing of the Notice and Proof of Claim and

Release.

7. The Court approves the form of Summary Notice of the pendency of this class action and the proposed settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Lead Counsel shall cause the Summary Notice to be published in the national edition of The Wall Street Journal by September 24, 2009. Lead Counsel shall, at or before the Final Approval Hearing, file with the Court proof of publication of the Summary Notice.

8. The form and method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9. In order to be entitled to participate in the Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

   (a) A properly executed Proof of Claim and Release, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than November 13, 2009. Such deadline may be further extended by Court Order. Each Proof of Claim and Release shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim and Release is actually received prior to the motion for an order of the Court approving distribution of the Settlement Fund. Any Proof of Claim and Release submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

   (b) The Proof of Claim and Release submitted by each Settlement Class

        Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim and Release is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim and Release; and (iv) the Proof of Claim and Release must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

        (c)    As part of the Proof of Claim and Release, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all claims as provided in the Stipulation.

10.    Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons submit a timely and valid request for exclusion from the Settlement Class.  Such request for exclusion shall be exercisable by mailing a timely and valid request for exclusion postmarked no later than November 13, 2009.

11.    Settlement Class Members who submit a timely and valid request for exclusion from the Settlement Class shall not be entitled to receive any payment out of the Settlement Fund as described in the Stipulation and Notice.

12.    Any Settlement Class Member who does not timely submit a valid Proof of Claim shall not be entitled to share in the Settlement Fund, except as specifically ordered by the Court, but nonetheless shall be barred and enjoined from asserting any of the Released Claims, including

Unknown Claims, and shall be bound by any judgment or determination of the Court affecting the Class Members.

13. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court, 450 Golden Gate Avenue, San Francisco, California 94102, and copies of all such papers are served, no later than November 13, 2009, upon each of the following: Randall K. Berger, Esq., Kirby McInerney LLP, 825 Third Avenue, 16th Floor, New York, New York 10022 on behalf of Lead Plaintiff; and James G. Kreissman, Esq., Simpson Thacher & Bartlett LLP, 2550 Hanover Street, Palo Alto, California 94304 on behalf of the Defendants.  Any such written notice of objection must include (a) a detailed statement of such person's specific objection to any matter before the Court; (b) documents sufficient to show the date(s), price(s), and number(s) of shares of SiRF common stock for all purchases and sales of SiRF common stock by such person during the Class Period; and (c) the grounds for such objections, as well as all documents and writings that such person desires the Court to consider.

14. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

15. Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If any Settlement Class Member chooses to retain its own counsel, such counsel must file an appearance on the Settlement Class Member's behalf no later than November 13, 2009.  If they do not enter an appearance, they will

be represented by plaintiff's Lead Counsel.

16. Lead Plaintiff's motion for final approval and papers in support of the Settlement, the proposed Plan of Allocation and Lead Counsel's and Liaison Counsel's application for attorneys' fees and expenses shall be submitted by December 4, 2009. Such papers will address any objections submitted pursuant to paragraphs 13 and 14 of this Order. Any Settlement Class Member who submits a written objection pursuant to paragraph 13 of this Order may submit a reply to Lead Counsel's response to such objection by December 18, 2009.

17. All discovery and pretrial proceedings in the Action, except for such proceedings ordered by the Court with respect to the application to approve the Settlement (including the filing of documents in support thereof), are stayed and suspended until further order of the Court. Pending final determination of whether the Settlement should be approved, the Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts Released Claims against any Releasee.

18. If: (a) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived in writing by Lead Counsel and Counsel for the Defendants; (b) the Court rejects, in any respect, the Judgment in substantially the form and content annexed to the Stipulation as Exhibit D and/or Lead Counsel and Counsel for the Defendants fail to consent to the entry of another form of order in lieu thereof; (c) the Court rejects the Stipulation, including any amendment thereto approved by Lead Counsel and counsel for the Defendants; or (d) the Court approves the Stipulation, including any amendment thereto approved by Lead Counsel and Counsel for the Defendants, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Stipulation.

19. All funds held by the Escrow Agent, or the Claims Administrator as its agent, shall

be deemed and considered to be in *custodia legis*, and shall remain subject to the oversight and jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation or further order(s) of the Court.

20. There shall be no distribution of any of the Net Settlement Fund to any Settlement Class Member until a plan of allocation is finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

21. Lead Counsel, or its authorized agent, the Claims Administrator, are authorized and directed to prepare any tax returns to be filed on behalf of or in respect of the Settlement Fund and to cause any Taxes due and owing to be paid from the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reportings or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.

22. As provided in the Stipulation, Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Settlement Class Members and the review of claims and administration of the Settlement out of the Settlement Fund without further order of the Court.

23. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: August 14, 2009          By _____
                                   The Honorable Maxine M. Chesney
                                   United States District Judge