UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SiRF TECHNOLOGY HOLDINGS, INC. SECURITIES LITIGATION | Case No.  3:08-cv-00856-MMC |
| | **CLASS ACTION** |
| _____ | **NOTICE OF PENDENCY OF CLASS ACTION AND HEARING ON PROPOSED SETTLEMENT AND ATTORNEYS' FEE PETITION AND RIGHT TO SHARE IN SETTLEMENT FUND** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED SIRF TECHNOLOGY HOLDINGS, INC. ("SIRF") COMMON STOCK BETWEEN JUNE 21, 2007 AND MARCH 24, 2008, INCLUSIVE (THE "SETTLEMENT CLASS PERIOD").

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  IF YOU ARE A SETTLEMENT CLASS MEMBER (DEFINED BELOW), YOU ULTIMATELY MAY BE ENTITLED TO RECEIVE BENEFITS PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM POSTMARKED ON OR BEFORE NOVEMBER 13, 2009.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A TIMELY REQUEST FOR EXCLUSION, YOU WILL BE BOUND BY THE RELEASE WHETHER OR NOT YOU SUBMIT A CLAIM.

CLAIMS DEADLINE: IN ORDER TO SHARE IN THE SETTLEMENT, CLAIMANTS MUST SUBMIT PROOFS OF CLAIM, ON THE FORM ACCOMPANYING THIS NOTICE, POSTMARKED ON OR BEFORE NOVEMBER 13, 2009.

EXCLUSION DEADLINE: TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A WRITTEN REQUEST TO THE CLAIMS ADMINISTRATOR THAT IS POSTMARKED ON OR BEFORE NOVEMBER 13, 2009.

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

Your rights may be affected by the above-captioned consolidated lawsuit (the "Action") which is pending in this Court.

• The Settlement will provide a Settlement Fund consisting of $2,900,000 cash plus interest for the benefit of investors who, during the period from June 21, 2007 through March 24, 2008, inclusive, purchased or otherwise acquired SiRF Common Stock and who suffered damages thereby (the "Settlement Class").

• The Settlement will resolve a lawsuit on behalf of the Settlement Class concerning alleged misstatements during the Settlement Class Period relating to the financial condition of SiRF and concerning the acquisition of Centrality.

- Your legal rights are affected whether you act or do not act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive a share of the Settlement Fund. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against SiRF and the other Released Parties about the Released Claims. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about the Settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

- These rights and options – and the deadlines to exercise them – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after appeals (if any) are resolved.  Please be patient.

SECURITIES BROKERS AND OTHER NOMINEES: PLEASE SEE INSTRUCTIONS ON PAGE [19] HEREIN.

## SUMMARY OF SETTLEMENT AND RELATED MATTERS

I.  <u>Definitions</u>

    1.    All capitalized terms used herein having the meanings as set forth and defined in the Stipulation of Settlement dated July 1, 2009 (the "Stipulation"), unless defined herein.

II.  <u>Purpose of this Notice</u>

    2.    This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court dated August 14, 2009.  The purpose of this Notice is to inform you that this Action, and the proposed Settlement, will affect all Settlement Class Members' rights.  This Notice describes rights you may have under the proposed Settlement and what steps you may take in relation to this Action.  This Notice is not an expression of any opinion by the Court as to the merits of any claims or any defenses asserted by any party in this Action, or the fairness or adequacy of the proposed Settlement.

III.    Statement of Plaintiff Recovery

3.      Pursuant to the Settlement described herein, a Settlement Fund consisting of $2,900,000 in cash, plus interest, has been established.  If all Settlement Class Members elect to participate in the Settlement, Lead Plaintiff estimates that the average recovery per damaged share of SiRF Common Stock under the Settlement is $0.10 per damaged share of SiRF Common Stock before deduction of Court-awarded attorneys' fees and expenses and costs of mailing and administration.  Lead Plaintiff intends to seek attorneys' fees of up to twenty (20) percent of the $2,900,000 Settlement Fund, or up to $580,000, plus expenses incurred in connection with prosecution of this Action in the approximate amount of $50,000.  Such requested attorneys' fees and expenses would amount to an average of approximately $0.0217 per damaged share of SiRF Common Stock.  In addition, the costs of mailing and administration are currently estimated to be $110,000, which would amount to an average of approximately $0.0038 per damaged share of SiRF Common Stock.  **Please note that these amounts are only estimates.**  Depending on the number of claims submitted, when during the Settlement Class Period a Settlement Class Member purchased or otherwise acquired his or her SiRF Common Stock, and whether the SiRF Common Stock was held at the end of the Settlement Class Period or sold during the Settlement Class Period, and if sold, when they were sold, an individual Settlement Class Member may receive more or less than this average amount.

4.      Under the relevant securities laws, a claimant's recoverable damages are limited to the losses attributable to the alleged securities law violations.  Losses that resulted from factors other than an alleged securities law violation are not recoverable from the Settlement Fund.  For purposes of the Settlement herein, a Settlement Class Member's distribution from the Settlement Fund will be governed by the proposed Plan of Allocation described below at ¶¶ 33-43, or such other Plan of Allocation as may be approved by the Court.

IV.    Statement of Potential Outcome of Case

5.      The parties disagree on both liability and damages and do not agree on the average amount of damages per share of SiRF Common Stock that would be recoverable if Lead Plaintiff was to have prevailed on each claim alleged.  The issues on which the parties disagree include,

1  without limitation, (a) the appropriate economic model for determining the amount by which SiRF

2  Common Stock was allegedly artificially inflated (if at all) during the Settlement Class Period; (b)

3  the amount by which SiRF Common Stock was allegedly artificially inflated (if at all) during the

4  Settlement Class Period; (c) the effect of various market forces influencing the trading price of

5  SiRF Common Stock at various times during the Settlement Class Period; (d) the extent to which

6  external factors, such as general market and industry conditions, influenced the trading price of

7  SiRF Common Stock at various times during the Settlement Class Period; (e) the extent to which

8  the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at

9  all) the trading price of SiRF Common Stock at various times during the Settlement Class Period;

10  (f) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were

11  omitted influenced (if at all) the trading price of SiRF Common Stock at various times during the

12  Settlement Class Period; and (g) whether the statements made or facts allegedly omitted were

13  material or otherwise actionable under the federal securities laws.

14        6.    Lead Counsel, described below at ¶¶ 9, 18, considers that there was a substantial

15  risk that Lead Plaintiff and the Settlement Class might not have prevailed on all their claims and

16  that the decline in the price of SiRF Common Stock could be attributed, in whole or in part, to

17  other factors.  Therefore, Lead Plaintiff could have recovered nothing or substantially less than the

18  amount of the Settlement.

19        7.    The Defendants have denied and continue to deny that they are liable to the Lead

20  Plaintiff or the Settlement Class and deny that Lead Plaintiff or the Settlement Class have suffered

21  any damages.

22  V.    Statement of Attorneys' Fees and Costs Sought

23        8.    Lead Counsel and Liaison Counsel, described below at ¶ 18, intend to apply for

24  fees of up to twenty (20) percent of the $2,900,000 Settlement Fund, or up to $580,000, and for

25  reimbursement of expenses incurred in connection with the prosecution of this Action in the

26  approximate amount of $50,000.00.  The requested fees and expenses would amount to an average

27  of $0.0217 per damaged share of SiRF Common Stock in total for fees and expenses.  Lead

28  Counsel and Liaison Counsel have expended considerable time and effort in the prosecution of

1    this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the

2    expectation that if they were successful in obtaining a recovery for the Settlement Class they

3    would be paid from such recovery.  In this type of litigation it is customary for counsel to be

4    awarded a percentage of the common fund recovery as their attorneys' fees.

5    VI.    Further Information

6       9.  Further information regarding the Action and this Notice may be obtained by

7    contacting Lead Counsel: Randall K. Berger, Esq., Kirby McInerney LLP, 825 Third Avenue,

8    16th Floor, New York, New York 10022, Telephone (212) 371-6600.  The Court has appointed a

9    Claims Administrator, who is also reasonably available to answer questions from Settlement Class

10   Members regarding matters contained in this Notice, including submission of Proof of Claim and

11   Release, and from whom additional copies of this Notice and the Proof of Claim and Release

12   forms may be obtained.

13
14   *In re SiRF Technology Holdings, Inc. Securities Litigation*
     c/o The Garden City Group, Inc.
15         Claims Administrator
       P.O. Box 9349
16         Dublin, OH  43017-4249
       1-866-396-5584
17
18   VII.   Reasons for the Settlement

19      10.  Lead Plaintiff believes that the proposed settlement is a good recovery and is in the

20   best interest of the Settlement Class.  The principal reason for the Settlement is the benefit to be

21   provided to the Settlement Class now.  This benefit must be compared to the risk that no recovery

22   might be achieved after a contested trial and likely appeals, possibly years into the future.

23   **NOTICE OF SETTLEMENT FAIRNESS HEARING**

24      11.  NOTICE IS HEREBY GIVEN, pursuant to Rule 23 of the Federal Rules of Civil

25   Procedure and an Order of the United States District Court for the Northern District of California

26   (the "Court") dated August 14, 2009, that a hearing will be held before the Honorable Maxine M.

27   Chesney in the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California

28   94102, at 9:00 a.m., on January 8, 2010 (the "Final Approval Hearing") to determine whether a

1  proposed settlement (the "Settlement") of the above-captioned action (the "Action") as set forth in

2  the Stipulation, is fair, reasonable and adequate and to consider the proposed Plan of Allocation

3  for the Settlement proceeds and the application of Lead Counsel and Liaison Counsel for

4  attorneys' fees and reimbursement of expenses.

5       12.    The Court, by Order dated August 14, 2009, has **conditionally** certified a plaintiff

6  Settlement Class consisting of all persons who purchased or otherwise acquired SiRF Technology

7  Holdings, Inc. ("SiRF") common stock between June 21, 2007 and March 24, 2008, inclusive  (the

8  "Settlement Class Period").  Excluded from the Settlement Class are Defendants, any entity in

9  which any of Defendants has a controlling interest, any Affiliate of a Defendant, the present or

10 former directors of SiRF or any of its Affiliates, any present or former officer of SiRF or its

11 Affiliates, and the members of their immediate families or their successors, heirs, assigns, and

12 legal representatives (collectively "Excluded Persons").

13                           **BACKGROUND OF THE LITIGATION**

14      13.    On June 21, 2007, SiRF issued a press release (the "June 21 Press Release") and

15 held an investor conference call (the "June 21 Conference Call") to announce the acquisition of

16 Centrality Communications, Inc. ("Centrality").

17      14.    On July 31, 2007, SiRF held a quarterly investor conference call (the "July 31

18 Conference Call"), during which it discussed the acquisition of Centrality.

19      15.    On October 30, 2007, SiRF held a quarterly investor conference call (the "October

20 30 Conference Call") and issued a press release (the "October 30 Press Release"), during which it

21 made further statements concerning the acquisition of Centrality, and concerning the financial

22 condition of SiRF.

23      16.    On February 4, 2008, SiRF held a quarterly investor conference call during which it

24 disclosed that it had fallen short of earning estimates for the fourth quarter of 2007 and had

25 experienced a decline in gross margins.

26      17.    In February 2008, various plaintiffs filed securities class actions on behalf of

27 persons who purchased or otherwise acquired SiRF Common Stock during the Settlement Class

28 Period.

18.    By order dated March 14, 2008, these actions were consolidated into this Action. By order dated May 27, 2008, plaintiff Police and Fire Retirement System of the City of Detroit was named Lead Plaintiff representing the Settlement Class, the law firm of Kirby McInerney LLP was named Lead Counsel, and the law firm of Glancy Binkow & Goldberg LLP was named Liaison Counsel.

19.    On July 28, 2008, Lead Plaintiff filed a complaint that alleges that SiRF and certain of SiRF's officers and directors, in violation of Section 10(b) of the Securities Exchange Act of 1934, made material false or misleading statements concerning the financial condition of SiRF and concerning the acquisition of Centrality in the June 21 Press Release, June 21 Conference Call, July 31 Conference Call, October 30 Press Release, and October 30 Conference Call.  Lead Plaintiff purports to represent a class of persons who purchased or otherwise acquired SiRF Common Stock during the Settlement Class Period.

20.    On September 26, 2008, Defendants moved to dismiss the complaint.  In light of the proposed settlement, the Court, at the party's request, did not rule on the motion to dismiss.

## BACKGROUND TO THE SETTLEMENT

21.    The Defendants have denied and continue to deny all averments of wrongdoing or liability in the Action and all other accusations of wrongdoing or violations of law.  The Stipulation is not and shall not be construed or be deemed to be evidence or an admission or a concession on the part of any of the Defendants of any fault or liability or damages whatsoever, and Defendants do not concede any infirmity in the defenses that they have asserted or intended to assert in the Action.

22.    Prior to entering into the Stipulation, Lead Counsel conducted an investigation relating to the events and transactions underlying plaintiff's claims.  Among other things, Lead Counsel interviewed several former SiRF employees, made diligent efforts to obtain facts supporting the claims of Settlement Class Members, researched the legal claims, and reviewed documentary information supporting those claims.  In determining to settle the Action, they have taken into account this investigation, as well as the substantial expense and length of time necessary to prosecute the Action through trial, post-trial motions, and likely appeals, taking into

1  consideration the significant uncertainties in predicting the outcome of this complex litigation.

2  Lead Counsel believes that the Settlement described herein confers very substantial benefits upon

3  the Settlement Class. Based upon their consideration of all of these factors, Lead Plaintiff and

4  Lead Counsel have concluded that it is in the best interest of Lead Plaintiff and the Settlement

5  Class to settle the Action on the terms described herein.

6       23.    Lead Plaintiff recognizes the uncertainty and the risk of the outcome of any

7  litigation, especially complex litigation such as this, and the difficulties and risks inherent in the

8  trial of such an action. Lead Plaintiff desires to settle the claims of the Settlement Class against

9  Defendants on the terms and conditions described herein, which provide substantial benefits to the

10  Settlement Class. Lead Counsel deems such settlement to be fair, reasonable and adequate, and in

11  the best interests of the Settlement Class.

12       24.    The Defendants, while continuing to deny all allegations of wrongdoing or liability

13  whatsoever, desired to settle and terminate all existing or potential claims against them, without in

14  any way acknowledging any fault or liability.

15       25.    The amount of damages, if any, that Lead Plaintiff could prove was also a matter of

16  serious dispute, and the Settlement's use of a Recognized Loss formula, as described below at ¶

17  34, for distributing the Settlement proceeds does not constitute a finding, admission, or concession

18  that provable damages could be measured by the Recognized Loss formula. No determination has

19  been made by the Court as to liability or the amount, if any, of damages suffered by the Settlement

20  Class, nor on the proper measure of any such damages. The determination of damages, like the

21  determination of liability, is a complicated and uncertain process, typically involving conflicting

22  expert opinions. During the course of the Action, Defendants, in addition to denying any liability,

23  disputed that Lead Plaintiff and the Settlement Class were damaged by any wrongful conduct on

24  the part of Defendants. The Settlement herein provides an immediate and substantial cash benefit

25  and avoids the risks that liability or damages might not have been proven at trial.

26       26.    The Court has not determined the merits of Lead Plaintiff's claims or the defenses

27  thereto. This Notice does not imply that there has been or would be any finding of violation of the

28  law or that recovery could be had in any amount if the Action were not settled.

## **TERMS OF THE PROPOSED SETTLEMENT**

27.     In full and complete settlement of the Released Claims (as defined below), and subject to the terms and conditions of the Stipulation, Defendants have agreed to pay $2,900,000 (the "Settlement Amount") into escrow on behalf of Lead Plaintiff and the Settlement Class on or before September 14, 2009.

28.     Pursuant to the Settlement, and on the Effective Date, as defined below at ¶ 32, Lead Plaintiff and other Settlement Class Members who have not excluded themselves therefrom on behalf of themselves, their heirs, executors, administrators, successors and assigns shall release and forever discharge, and shall forever be enjoined from prosecuting, the Releasees (defined below) with respect to each and every Released Claim (defined below).

29.     The "Defendants" include the following, each of whom will be released from all Released Claims: (1) SiRF; (2) Michael L. Canning; (3) Diosdado P. Banatao; (4) Geoffrey Ribar; and Kanwar Chadha.  The "Individual Defendants" include (1) Michael L. Canning; (2) Diosdado P. Banatao; (3) Geoffrey Ribar; and (4) Kanwar Chadha.  "Releasees" shall mean, in any capacity, SiRF; each of its respective present and former employees, officers, directors, attorneys, accountants, insurers, and agents, including, but not limited to, Michael L. Canning, Diosdado P. Banatao, Geoffrey Ribar, and Kanwar Chadha; any person or entity that was or is an Affiliate of, or has or had a controlling interest in, any of the foregoing; and each of the predecessors, heirs, successors, assignors and assigns, parent(s), direct and indirect subsidiary(ies) and their respective directors, officers, employees, agents, representatives, and administrators (but solely in their capacity as directors, officers, employees, agents, representatives, and administrators of the foregoing) of each of the foregoing.

30.     "Released Claims" shall mean any and all claims, demands, rights, liabilities, or causes of action of any nature, known or unknown (including but not limited to Unknown Claims, as defined herein), arising out of or related in any way to the purchase or acquisition of SiRF Common Stock during the Settlement Class Period, including but not limited to all claims or allegations that (i) were asserted or could have been asserted against Defendants or the Releasees in the Action (including but not limited to all claims under the Securities Act of 1933, the

1  Securities Exchange Act of 1934, the California Corporations Code, any other federal or state

2  statute, common law, or the law of any foreign jurisdiction); (ii) or could have been asserted in

3  any forum by the Settlement Class Members or any of them against any of the Releasees which

4  arise out of or are based upon the allegations, transactions, facts, matters or occurrences,

5  representations or omissions involved, set forth, or referred to in the Action and which relate to the

6  purchase or acquisition of SiRF Common Stock; or (iii) arise out of, relate to, or are in connection

7  with the Settlement or resolution of the Action; or (iv) have been or could have been asserted in

8  the Action or any forum by Defendants or any of them or the successors and assigns of any of

9  them against the Lead Plaintiff, any Settlement Class Member or their attorneys, which arise out

10  of or relate in any way to the institution, prosecution, or settlement of the Action. "Unknown

11  Claims" shall mean any Released Claim that any Lead Plaintiff or Settlement Class Member does

12  not know or suspect to exist at the time of the release that, if known, might have affected the

13  Stipulation of Settlement in this Action or any of the terms therein, or the decision by any

14  Settlement Class Member not to object to this Settlement or to opt out from the Settlement Class.

15  "Releasees" shall mean, in any capacity, SiRF; each of its respective present and former

16  employees, officers, directors, attorneys, accountants, insurers, and agents, including, but not

17  limited to, Michael L. Canning, Diosdado P. Banatao, Geoffrey Ribar, and Kanwar Chadha; any

18  person or entity that was or is an Affiliate of, or has or had a controlling interest in, any of the

19  foregoing; and each of the predecessors, heirs, successors, assignors and assigns, parent(s), direct

20  and indirect subsidiary(ies) and their respective directors, officers, employees, agents,

21  representatives, and administrators (but solely in their capacity as directors, officers, employees,

22  agents, representatives, and administrators of the foregoing) of each of the foregoing.

23      31.    If the Settlement is approved by the Court, all claims will be dismissed on the

24  merits and with prejudice as to all Settlement Class Members, and all Settlement Class Members

25  shall be forever barred from prosecuting a class action or any other action raising any Released

26  Claims against any Releasee.

27      32.    The Settlement will become effective at such time as an Order entered by the Court

28  approving the Settlement shall become final and not subject to appeal (the "Effective Date").

## PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS AMONG SETTLEMENT CLASS MEMBERS

33.     The $2,900,000 Settlement Amount and the interest earned thereon shall be the Settlement Fund.  The Settlement Fund, less all taxes, approved costs, fees and expenses shall be distributed to members of the Settlement Class who submit acceptable Proofs of Claim and Release ("Authorized Claimants") under the Plan of Allocation described below.

34.     To the extent that there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim (also referred to in the Plan of Allocation as "Recognized Loss"), as defined below.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.  A "Recognized Loss" will be calculated for each purchase or acquisition of SiRF Common Stock listed in the Claim Form, and for which adequate documentation is provided.  The calculation of the Recognized Loss will depend upon several factors, including when and at what price the SiRF Common Stock was purchased or otherwise acquired, and when and at what price it was sold.

An Authorized Claimant's Recognized Loss will be calculated as follows:

1.  For shares of SiRF Common Stock purchased or otherwise acquired between June 21, 2007 and February 4, 2008:

    A.     For shares retained at the end of trading on March 24, 2008, the Recognized Loss shall be the lesser of:

        (1)   $6.64 per share; or

        (2)   the difference between the purchase price per share and $6.25.[1]

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the

1       B.   For shares sold between June 21, 2007 and February 4, 2008, the

2         Recognized Loss shall be zero.

3       C.   For shares sold between February 5, 2008 and March 24, 2008, the

4         Recognized Loss shall be the lesser of:

5         (1)   $6.00 per share; or

6         (2)   the difference between the purchase price per share and the sales

7           price per share for each share sold.

8     2.   For shares of SiRF Common Stock purchased or otherwise acquired between

9     February 5, 2008 and March 24, 2008:

10       A.   For shares retained at the end of trading on March 24, 2008, the

11         Recognized Loss shall be the lesser of:

12         (1)   $0.64 per share; or

13         (2)   the difference between the purchase price per share and $6.25.

14       B.   For shares sold between February 5, 2008 and March 24, 2008, the

15         Recognized Loss shall be zero.

16   35.   The Claims Administrator shall determine each Authorized Claimant's pro rata

17 share of the Settlement Fund based upon each Authorized Claimant's Recognized Loss. The

18 Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class

19 Member might have been able to recover after a trial; nor is it an estimate of the amount that will

20 be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the

21 basis upon which the Settlement Fund will be proportionately allocated to the Authorized

22 Claimants.

23   36.   The date of purchase or sale is the "contract" or "trade" date as distinguished from

24 the "settlement" date. The determination of the price paid per share and the price received per

25 share shall be exclusive of all commissions, taxes, fees and charges.

26

27 basis for the action is disseminated."   $6.25 was the mean (average) closing price of SiRF
common stock during the 90-day period beginning on March 25, 2008 and ending on June 20,

28 2008.

1      37.    For Settlement Class Members who held shares at the beginning of the Settlement

2  Class Period, or made multiple purchases or sales during the Settlement Class Period, the first-in

3  first-out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of

4  calculating a claim.  Under the FIFO method, sales of shares during the Settlement Class Period

5  will be matched, in chronological order, first against shares held at the beginning of the Settlement

6  Class Period.  The remaining sales of shares during the Settlement Class Period will then be

7  matched, in chronological order, against shares purchased during the Settlement Class Period.  In

8  no event shall a Settlement Class Member's recognized loss exceed the sum of the Settlement

9  Class Member's purchase expenditure on SiRF shares less the proceeds received from the sale of

10  those shares (calculated pursuant to FIFO).

11      38.    Each Authorized Claimant shall be allocated a pro rata share of the Settlement

12  Fund based on his, her or its Recognized Loss as compared to the total Recognized Losses of all

13  Authorized Claimants.  However, a payment to any Authorized Claimant of less than $10.00 in

14  total will not be included in the calculation and will not be distributed.

15      39.    A Settlement Class Member will be eligible to receive a distribution from the Net

16  Settlement Fund only if that Settlement Class Member had a net loss, after profits from

17  transactions in SiRF Common Stock during the Settlement Class Period are subtracted from all

18  losses (the "Net Recognized Loss").  However, the proceeds from sales of shares that have been

19  matched against shares held before the commencement of the Settlement Class Period will not be

20  considered in the calculation of such Net Recognized Loss.

21      40.    The claim computation is not intended to be an estimate of the amount an

22  Authorized Claimant might have been able to recover at trial, and it is not an estimate of the

23  amount that will be paid pursuant to the Settlement.  This is not a "claims made" settlement.  After

24  the Court has approved the settlement, Defendants shall have no interest in the Settlement Fund.

25      41.    No person shall have any claim against any of the Settling Parties or their counsel

26  or the Claims Administrator for distributions made in accordance with this Plan of Allocation.

27  The parties and their counsel shall be given access to the Proofs of Claim and related materials in

28  order to ensure compliance with the terms of the Stipulation.

42.     Settlement Class Members who do not submit acceptable Proofs of Claim and Release as described therein will not share in the settlement proceeds.  Settlement Class Members who do not submit an acceptable Proof of Claim and Release will nevertheless be bound by the Settlement and the Judgment of the Court dismissing this Action.

43.     Checks will be distributed to Authorized Claimants after all claims have been processed and after the Court has granted final approval of the Settlement.  If any funds remain in the Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Settlement Fund cash their distribution checks, any balance remaining in the Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Settlement Fund for such re-distribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution.  If after six months after such re-distribution any funds shall remain in the Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel.

## THE RIGHTS OF SETTLEMENT CLASS MEMBERS

44.     The Court has **conditionally** certified this Action to proceed as a class action for settlement purposes.  If you purchased or otherwise acquired SiRF Common Stock between June 21, 2007 and March 24, 2008 and you were damaged thereby, and you are not excluded from the definition of the Settlement Class, and you do not submit a request for exclusion in accordance with the terms of this Notice, then you are a Settlement Class Member.  Excluded from the Settlement Class are Defendants, any entity in which any of Defendants has a controlling interest, any Affiliate of a Defendant, the present or former directors of SiRF or any of its Affiliates, any present or former officer of SiRF or its Affiliates, and the members of their immediate families or their successors, heirs, assigns, and legal representatives (collectively "Excluded Persons").  As a Settlement Class Member, you have the choice whether or not to remain a Settlement Class Member.  Either choice will have consequences that you should understand before making your decision.

45.     If you wish to remain a Settlement Class Member, you may be entitled to share in the proceeds of the Settlement, provided that you submit a timely and valid Proof of Claim and Release.  Settlement Class Members will be represented by the Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file an appearance on your behalf on or before November 13, 2009, and must serve copies of such appearance on attorneys listed in ¶ 55 below.

46.     If you object to the proposed Settlement or any of its terms, or to Lead Counsel's and Liaison Counsel's application for fees and expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in ¶ 55 below.

47.     If you do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in ¶ 52 below.  Persons who exclude themselves from the Settlement Class will not receive any share of the Settlement Fund and will not be bound by the Settlement.  If you so exclude yourself, you will have the right to pursue any individual claim, at your own expense, that you may have against any of the Defendants.

### SUBMISSION AND PROCESSING OF PROOFS OF CLAIM

48.     In order to be eligible to receive any distribution from the Settlement Fund, you must complete and sign the accompanying Proof of Claim and Release form and send it by first class mail postmarked on or before November 13, 2009, addressed as follows:

*In re SiRF Technology Holdings, Inc. Securities Litigation*
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9349
Dublin, OH  43017-4249
1-866-396-5584

49.     Unless the Court orders otherwise, if you do not timely submit a proper Proof of Claim and Release form, you will not be entitled to any share of the Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.  A proper Proof of Claim and Release form must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements,

1    or an authorized statement from the broker containing the transactional information found in a

2    broker confirmation slip.

3         50.     All Proofs of Claim must be submitted by the date specified in this Notice unless

4    such period is extended by Order of the Court.

5         51.     Each Claimant shall be deemed to have submitted to the jurisdiction of the United

6    States District Court for the Northern District of California with respect to his, her or its Proof of

7    Claim and Release.  The Court has jurisdiction to allow, disallow, or adjust any claim on equitable

8    grounds.

9                  **EXCLUSION FROM THE CLASS AND THE SETTLEMENT**

10        52.     Each Settlement Class Member shall be bound by all determinations and judgments

11   in this Action concerning the Settlement, whether favorable or unfavorable, unless such person

12   shall mail, by first class mail, a written request for exclusion from the Settlement Class,

13   postmarked no later than November 13, 2009, addressed to:

14               *In re SiRF Technology Holdings, Inc. Securities Litigation*
                        c/o The Garden City Group, Inc.
15                          Claims Administrator
                              P.O. Box 9349
16                        Dublin, OH  43017-4249
                            1-866-396-5584
17

18   You have until November 13, 2009, to exclude yourself from the Settlement Class.  No Settlement

19   Class Member may exclude himself from the Settlement Class after that date.  In order to be valid,

20   each such request for exclusion must set forth the name and address of the person or entity

21   requesting exclusion, must state that such person or entity "requests exclusion from the Settlement

22   Class in the SiRF Technology Holdings, Inc. Securities Litigation, 08-cv-00856-MMC," and must

23   be signed by such person or entity.  Persons and entities requesting exclusion must provide the

24   following information: Social Security or Taxpayer Identification Number, the number of shares

25   of SiRF Common Stock purchased or otherwise acquired between June 21, 2007 and March 24,

26   2008 and the price paid therefor, and the number of shares of SiRF Common Stock purchased or

27   otherwise acquired between June 21, 2007 and March 24, 2008 sold during that period and the

28

1  amount received therefor, and the number of shares still owned as of the close of trading on March

2  24, 2008.

3      53.    IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU DO NOT

4  PROPERLY EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS, YOU WILL BE

5  BOUND BY THE SETTLEMENT AND THE JUDGMENT OF THE COURT DISMISSING

6  THE ACTION WITH PREJUDICE AS AGAINST THE RELEASEES AND FOREVER

7  BARRING ALL SETTLEMENT CLASS MEMBERS FROM PRESENTING A CLASS

8  ACTION OR ANY OTHER PROCEEDING RAISING ANY RELEASED CLAIMS AGAINST

9  ANY RELEASEES (AS THOSE TERMS ARE DEFINED IN PARAGRAPHS [30] OF THIS

10  NOTICE), EVEN IF YOU DO NOT FILE A PROOF OF CLAIM AND RELEASE. IF YOU

11  EXCLUDE YOURSELF, YOU WILL NOT BE BOUND BY THE JUDGMENT, BUT YOU

12  WILL NOT BE ENTITLED TO ANY SHARE OF THE NET SETTLEMENT FUND.

13                  **SETTLEMENT FAIRNESS HEARING**

14      54.    At the Final Approval Hearing, the Court will determine whether to grant final

15  approval of this Settlement and dismiss the Action and the claims of the Settlement Class

16  Members. The Court will also determine whether to grant final approval of the Plan of Allocation

17  for the Settlement proceeds as fair and reasonable. The Final Approval Hearing may be

18  adjourned from time to time by the Court without further written notice to the Settlement Class. If

19  you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead

20  Counsel. If the Settlement is approved, the Court will also consider the application of Lead

21  Counsel and Liaison Counsel for attorneys' fees.

22      55.    At the Final Approval Hearing, any Settlement Class Member who has not

23  previously submitted a request for exclusion from the Settlement Class may appear in person or

24  through counsel and be heard to the extent allowed by the Court in opposition to the fairness,

25  reasonableness and adequacy of the Settlement, the Plan of Allocation, or the application for an

26  award of attorneys' fees and reimbursement of expenses, provided, however, that in no event shall

27  any person be heard in opposition to the Settlement, the Plan of Allocation, or Lead Counsel's and

28  Liaison Counsel's application for attorneys' fees and expenses and in no event shall any paper or

1   brief submitted by any such person be accepted or considered by the Court, unless, on or before

2   November 13, 2009, such person (a) files with the Clerk of the Court at the United States District

3   Court for the Northern District of California (San Francisco Division), United States Courthouse,

4   450 Golden Gate Avenue, San Francisco, California 94102 notice of such person's intention to

5   appear, showing proof of such person's membership in the Settlement Class, and providing a

6   statement that indicates the basis for such opposition, along with any documentation in support of

7   such objection, and (b) simultaneously serves copies of such notice, proof, statement and

8   documentation, together with copies of any other papers or briefs such person files with the Court,

9   in person or by mail upon Lead Counsel:

10
Randall K. Berger, Esq.
Kirby McInerney LLP
11
825 Third Avenue, 16th Floor
New York, NY 10022
12
(212) 371-6600

13   and upon Defendants' Counsel:

14

15
James G. Kreissman, Esq.
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
16
Palo Alto, California 94304
(650) 251-5000
17

18   Lead Plaintiff's motion for final approval and papers in support of the Settlement, the proposed

19   Plan of Allocation and Lead Counsel's and Liaison Counsel's application for attorneys' fees and

20   expenses shall be submitted by December 4, 2009 and will address any objections submitted as set

21   forth above. Any Settlement Class Member who submits a written objection as set forth above

22   may submit a reply to Lead Counsel's response to such objection by December 18, 2009.

23   Attendance at the hearing is not necessary; however, persons wishing to be heard orally in

24   opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for

25   attorneys' fees are required to indicate in their written objection their intention to appear at the

26   hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or Lead

27   Counsel's and Liaison Counsel's application for an award of attorneys' fees and expenses and

28   desire to present evidence at the Final Approval Hearing must include in their written objections

1   the identity of any witnesses they may call to testify and exhibits they intend to introduce into

2   evidence at the Final Approval Hearing.  Settlement Class Members do not need to appear at the

3   hearing or take any other action to indicate their approval.

### ATTORNEYS' FEES AND DISBURSEMENTS

5       56.    At the Final Approval Hearing or at such other time as the Court may direct, Lead

6   Counsel and Liaison Counsel intend to apply to the Court for an award of attorneys' fees from the

7   Settlement Fund in an amount not greater than twenty (20) percent of the Settlement Fund and for

8   reimbursement of their expenses up to a maximum amount of $50,000.00.  Lead Counsel and

9   Liaison Counsel, without further notice to the Settlement Class, may subsequently apply to the

10  Court for fees and expenses incurred in connection with administering and distributing the

11  Settlement proceeds to the members of the Settlement Class and any proceedings subsequent to

12  the Final Approval Hearing.

### FURTHER INFORMATION

14      57.    For a more detailed statement of the matters involved in this Action, reference is

15  made to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other

16  papers filed in the Action, which may be inspected at the Office of the Clerk of the United States

17  District Court for the Northern District of California (San Francisco Division), United States

18  Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, during regular business

19  hours.

20      58.    ALL INQUIRIES CONCERNING THIS SETTLEMENT NOTICE OR THE

21  PROOF OF CLAIM AND RELEASE FORM BY SETTLEMENT CLASS MEMBERS SHOULD

22  BE MADE TO THE CLAIMS ADMINISTRATOR IN WRITING AT THE ADDRESS

23  INDICATED BELOW.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

25      59.    If you purchased or otherwise acquired SiRF Common Stock between June 21,

26  2007 and March 24, 2008, inclusive for the beneficial interest of a person or organization other

27  than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF

28  THIS SETTLEMENT NOTICE, you either (a) provide to the Claims Administrator the name and

1   last known address of each person or organization for whom or which you purchased or otherwise

2   acquired such stock during such time period, or (b) request additional copies of this Notice and the

3   Proof of Claim and Release form, which will be provided to you free of charge, and within seven

4   (7) days mail the Notice and Proof of Claim and Release form directly to the beneficial owners of

5   the securities referred to herein.  If you choose to follow alternative procedure (b), the Court has

6   directed that, upon such mailing, you send a statement to the Claims Administrator confirming

7   that the mailing was made as directed.  You are entitled to reimbursement from the Settlement

8   Fund of your reasonable expenses actually incurred in connection with the foregoing, including

9   reimbursement of postage expense and the cost of ascertaining the names and addresses of

10  beneficial owners.  Those expenses will be paid upon request, and submission of appropriate

11  supporting documentation for reimbursement of those expenses actually incurred must be

12  submitted to the Claims Administrator by November 13, 2009, provided that your response to this

13  settlement notice under procedure (a) or (b) must be done within seven (7) days of your receipt of

14  this settlement notice.  All communications concerning the foregoing should be addressed to the

15  Claims Administrator:

16              In re SiRF Technology Holdings, Inc. Securities Litigation
                        c/o The Garden City Group, Inc.
17                          Claims Administrator
                              P.O. Box 9349
18                         Dublin, OH  43017-4249
                            1-866-396-5584
19

20  Dated:  August 14, 2009                    By Order of the Court

21

22                                             _____
                                               CLERK OF THE COURT

23

24

25

26

27

28