# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SiRF TECHNOLOGY HOLDINGS, INC. SECURITIES LITIGATION | Case No. 3:08-cv-00856-MMC<br><br>**CLASS ACTION**<br><br>**PROOF OF CLAIM AND RELEASE** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

| Must be Postmarked No Later Than November 13, 2009 | SiRF Technology Holdings, Inc. Securities Litigation<br>c/o The Garden City Group, Inc.<br>PO Box 9349<br>Dublin OH 43017-4249<br>1-866-396-5584 |  SIF |

Claim Number:                    Control Number:

# PROOF OF CLAIM AND RELEASE

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I - CLAIMANT INFORMATION | 2 |
| PART II - SCHEDULE OF TRANSACTIONS IN SIRF COMMON STOCK | 3 |
| PART III - RELEASE OF CLAIMS AND SIGNATURE | 4-6 |



## *In re SiRF Technology Holdings, Inc. Securities Litigation*

### PART I - CLAIMANT INFORMATION

**Claimant Name(s)** (as you would like the name(s) to appear on the check, if eligible for payment):

**Claimant Social Security Number/Taxpayer ID Number:**

**Name of the Person you would like the Claims Administrator to Contact Regarding This Claim** (if different from the Claimant Name(s) listed above):

**Claimant or Representative Contact Information:**
The Claims Administrator will use this information for all communications relevant to this Claim (including the check, if eligible for payment). If this information changes, you MUST notify the Claims Administrator in writing at the address above.

**Street Address:**

**City:**

**State and Zip Code:**

**Country (Other than U.S.):**

**Daytime Telephone Number:** ( )    -            **Evening Telephone Number:** ( )    -

**Email Address:**

*(Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)*

NOTICE REGARDING ELECTRONIC FILES: Claims with 100 or more transactions, or on behalf of 20 or more different accounts must be submitted electronically and in the required format. To obtain the mandatory electronic filing require-ments and file layout, you may visit the website at www.gardencitygroup.com or you may e-mail the Claims Administrator at eClaim@gardencitygroup.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at eClaim@gardencitygroup.com to inquire about your file and confirm it was received and acceptable.

NOTE: Separate Proofs of Claim should be submitted for each separate legal entity (e.g., a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (e.g., a Corporation with multiple brokerage accounts should include all transactions made in SiRF common stock) during the Class Period on one Proof of Claim, no matter how many accounts the transactions were made in.

### PART II - SCHEDULE OF TRANSACTIONS IN SiRF COMMON STOCK

A. **BEGINNING HOLDINGS:** State the total number of shares of SiRF common stock held at the close of trading on **June 20, 2007**. If none, write "zero" or "0". If other than zero, be sure to attach the required documentation, which is described in item #3 of the "Reminder Checklist" that appears at the end of this form.

B. **PURCHASES/ACQUISITIONS:** Separately list each and every purchase or acquisition of SiRF common stock during the period **June 21, 2007** through **March 24, 2008**. Be sure to attach the required documentation, which is described in item #3 of the "Reminder Checklist" that appears at the end of this form.

| Trade Date of Purchase Month/Day/Year | Number of Shares Purchased/Acquired | Purchase Price Per Share | Total Purchase Price (exclusive of commissions, taxes and fees) |
|---|---|---|---|
| / / | | $      . | $      . |
| / / | | $      . | $      . |
| / / | | $      . | $      . |
| / / | | $      . | $      . |

C. **SALES:** Separately list each and every sale of SiRF common stock during the period **June 21, 2007** through **March 24, 2008**. Be sure to attach the required documentation, which is described in item #3 of the "Reminder Checklist" that appears at the end of this form.

| Trade Date of Sale Month/Day/Year | Number of Shares Sold | Sale Price Per Share | Total Proceeds (exclusive of commissions, taxes and fees) |
|---|---|---|---|
| / / | | $      . | $      . |
| / / | | $      . | $      . |
| / / | | $      . | $      . |
| / / | | $      . | $      . |

D. **UNSOLD HOLDINGS:** State the total number of shares of SiRF common stock held as of the close of trading on **March 24, 2008**. (If none, write "zero" or "0". If other than zero, be sure to attach the required documentation), which is described in item #3 of the "Reminder Checklist" that appears at the end of this form.

### IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE PHOTOCOPY THIS PAGE AND CHECK THIS BOX ❑
### IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES MAY <u>NOT</u> BE REVIEWED



## PART III - RELEASE OF CLAIMS AND SIGNATURE

### Definitions

For the purpose of the Proof of Claim, defined terms have the following meanings. (Other defined terms have the meanings given them in the Stipulation of Settlement dated July 1, 2009 ("Stipulation")).

1. "Defendants" means SiRF Technology Holdings, Inc., Michael L. Canning, Diosdado P. Banatao, Geoffrey Ribar, and Kanwar Chadha.

2. "Effective Date" means the earliest date by which all of the events and conditions specified in § IV.I.1 of the Stipulation have occurred or have been met.

3. "Judgment" means the Order or Orders entered by the Court, if and upon approval of the Settlement, dismissing the Action with prejudice and without costs (except to the extent awarded by the Court) to any Settling Party, certifying the Class for Settlement purposes, releasing all Released Claims as against the Released Parties, and enjoining Class Members from instituting, continuing or prosecuting any action asserting any Released Claims against any Released Party.

4. "Released Claims" shall mean any and all claims (including Unknown Claims), demands, rights, liabilities, or causes of action of any nature, known or unknown (including but not limited to Unknown Claims), arising out of or related in any way to the purchase or acquisition of SiRF common stock during the Settlement Class Period, including but not limited to all claims or allegations that (i) were asserted or could have been asserted against Defendants or the Releasees in the Action (including but not limited to all claims under the Securities Act of 1933, the Securities Exchange Act of 1934, the California Corporations Code, any other federal or state statute, common law, or the law of any foreign jurisdiction); (ii) or could have been asserted in any forum by the Settlement Class Members or any of them against any of the Releasees which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and which relate to the purchase or acquisition of SiRF common stock; or (iii) arise out of, relate to, or are in connection with the Settlement or resolution of the Action; or (iv) have been or could have been asserted in the Action or any forum by Defendants or any of them or the successors and assigns of any of them Against the Lead Plaintiff, any Settlement Class Member or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action.

5. "Released Parties" means the Defendants; each of its respective present and former employees, officers, directors, attorneys, accountants, insurers, and agents; any person or entity that was or is an Affiliate of, or has or had a controlling interest in, any of the foregoing; and each of the predecessors, heirs, successors, assignors and assigns, parent(s), direct and indirect subisidary(ies) and their respective directors, officers, employees, agents, representatives, and administrators (but solely in their capacity as directors, officers, employees, agents, representatives, and administrators of the foregoing) of each of the foregoing.

6. "Unknown Claims" means collectively all claims, demands, rights, liabilities, and causes of action of every nature and description which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have,

5 

| **PART III - RELEASE OF CLAIMS AND SIGNATURE (CONTINUED)** |
|---|

and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

**The Release**

I (we) understand and acknowledge that without further action by anyone, on and after the Effective Date, each Class Member, **including Class Members who are parties to any other actions, arbitrations, or other proceedings against any of the Defendants that are pending on the Effective Date**, on behalf of themselves, their heirs, executors, administrators, successors, assigns, and any person they represent, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have fully, finally, and forever released relinquished, settled and discharged all Released Claims against each and every one of the Released Parties, including such Released Claims as already may have been asserted in any pending actions, arbitrations, or other proceedings, and whether or not a Proof of Claim and Release is executed and delivered by, or on behalf of, such Class Member.

### SIGNATURE AND CERTIFICATIONS

By signing and submitting this Proof of Claim and Release, the Claimant(s) or the person(s) who represents the Claimant(s) certifies, as follows:

1. that the Claimant(s) is (are) Settlement Class Members, as defined in the Notice;

2. that I (we) have read and understand the contents of the Notice and the Proof of Claim;

3. that I (we) are not acting for any of the Defendants, nor am I (are we) such a Defendant or otherwise excluded from the Class;

4. that I (we) have not filed a Request for Exclusion from the Class and that I (we) do not know of any Request for Exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in SiRF common stock;

5. that I (we) own(ed) the SiRF common stock identified in the Proof of Claim, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof;

6. that Claimant(s) may be entitled to receive a distribution from the Net Settlement Fund;

7. that Claimant(s) desires (desire) to participate in the Settlement described in the Notice and agrees to the terms and conditions thereof;

8. that I (we) submit to the jurisdiction of the United States District Court for the Northern District of California (San Francisco Division) for purposes of investigation and discovery under the Federal Rules of Civil Procedure with respect to this Proof of Claim;

9. that I (we) agree to furnish such additional information with respect to this Proof of Claim as the parties or the Court may require; and

10. that I (we) waive trial by jury, to the extent it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made by this Proof of Claim.

6 

## PART III - RELEASE OF CLAIMS AND SIGNATURE (CONTINUED)

I declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Proof of Claim are true and correct and that the documents submitted herewith are true and genuine.

_____
Signature of Claimant

_____                    _____
Print Name of Claimant                          Date

_____
Signature of Joint Claimant, if any

_____                    _____
Print Name of Joint Claimant                    Date

*If Claimant is other than an individual, or is not the person completing this form,
the following also must be provided:*

I declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Proof of Claim are true and correct and that the documents submitted herewith are true and genuine.

_____
Signature of Person Completing Form

_____                    _____
Print Name of Person Completing Form            Date

_____
Capacity of Person Signing (Executor, President, Trustee, etc.)

## REMINDER CHECKLIST

1. Please sign the Certification Section of the Proof of Claim and Release form.

2. If this Claim is being made on behalf of Joint Claimants, then both must sign.

3. Please remember to attach supporting documents. These must include adequate supporting documentation for the transactions reported in the specific sections of the Claim Form, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation.

4. **DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.**

5. Keep a copy of your Proof of Claim and Release form and all documentation submitted for your records.

6. The Claims Adminstrator will acknowledge receipt of your Proof of Claim and Release by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgment postcard. If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at 1-866-396-5584.

7. If you move, please send us your new address.

8. **Do not use highlighter on the Proof of Claim form or supporting documentation.**

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN NOVEMBER 13, 2009 AND MUST BE MAILED TO:**

**SiRF Technology Holdings, Inc. Securities Litigation
c/o The Garden City Group, Inc.
PO Box 9349
Dublin OH 43017-4249**

## ACCURATE CLAIM PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.