UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SiRF TECHNOLOGY HOLDINGS, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 3:08-cv-00856-MMC<br><br>**CLASS ACTION**<br><br>~~[PROPOSED]~~ **ORDER AND FINAL JUDGMENT** |

On the 8th day of January, 2010, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated as of July 1, 2009 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Defendants in the complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Settlement Class; and (4) whether and in what amount to award Lead Counsel and Liaison Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably

identifiable, who purchased or otherwise acquired SiRF Common Stock between June 21, 2007 and March 24, 2008, inclusive, except those persons or entities excluded from the definition of the Settlement Class or who previously excluded themselves from the Settlement Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of The Wall Street Journal pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the Fee and Expense Award requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation, unless defined herein.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the plaintiffs, all Settlement Class Members, and the Defendants.

2. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied in that: (i) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class they seek to represent; (iv) the Lead Plaintiff has and will fairly and adequately represent the interests of the Settlement Class; (v) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of the Settlement Class, as defined in the Stipulation. Excluded from the Settlement Class are the persons and/or entities who previously excluded themselves from the Settlement Class as listed on Exhibit A annexed hereto.

4. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of

Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement is approved as fair, reasonable and adequate, and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. The complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Releasees.

7. Settlement Class Members who have not previously excluded themselves therefrom and the successors and assigns of any of them are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, demands, rights, liabilities, or causes of action of any nature, known or unknown (including but not limited to Unknown Claims), arising out of or related in any way to the purchase or acquisition of SiRF Common Stock during the Settlement Class Period, including but not limited to all claims or allegations that (i) were asserted or could have been asserted against Defendants or the Releasees in the Action (including but not limited to all claims under the Securities Act of 1933, the Securities Exchange Act of 1934, the California Corporations Code, any other federal or state statute, common law, or the law of any foreign jurisdiction); (ii) or could have been asserted in any forum by the Settlement Class Members or any of them against any of the Releasees which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and which relate to the purchase or acquisition of SiRF Common Stock; or (iii) arise out of, relate to, or are in connection with the Settlement or resolution of the Action; or (iv) have been or could have been asserted in the Action or any forum by Defendants or any of them or the successors and assigns of any of them against the Lead Plaintiff, any Settlement Class Member or their attorneys, which arise out of or relate in any way to the institution,

prosecution, or settlement of the Action (the "Released Claims") against any and all of the "Releasees", as defined in the Stipulation. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8. The Defendants and the Released Parties and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants and the Released Parties or any of them or the successors and assigns of any of them against any of the Lead Plaintiff, Settlement Class Members, or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action except claims relating to the enforcement of the settlement of the Action (the "Releasees' Claims") against any of the plaintiffs, Settlement Class Members or their attorneys. The Releasees' Claims of all of the Defendants and the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Defendants or the Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants or the Released Parties;

(b) offered or received against the Defendants or the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant or Released Party, or against the plaintiffs and the Settlement Class as evidence of any infirmity in the claims of plaintiffs and the Settlement Class;

(c) offered or received against the Defendants or the Released Parties or against the plaintiffs or the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants or the Released Parties may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d) construed against the Defendants or the plaintiffs and the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against plaintiffs or the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the complaint would not have exceeded the Settlement Fund.

10. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

11. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

1    12.    Lead Counsel and Liaison Counsel are hereby awarded $580,000 ~~percent~~ of the Settlement Fund in fees and reimbursement of expenses of $ 49,384.73, which the Court finds to be fair and reasonable, which fees and expenses shall be paid to Lead Counsel and Liaison Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among plaintiff's counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates plaintiff's counsel for their respective contributions in the prosecution of the Action.

    13.    Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

    14.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

    15.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated: January 8, 2010    By /s/ Maxine M. Chesney
                            The Honorable Maxine M. Chesney
                            United States District Judge