UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SiRF TECHNOLOGY HOLDINGS, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No. 3:08-cv-00856-MMC<br><br>**CLASS ACTION**<br><br>[PROPOSED] ORDER APPROVING DISTRIBUTION PLAN<br><br>**AND DIRECTIONS TO CLAIMS ADMINISTRATOR**<br><br>DEPT:   Courtroom 7, 19th Floor<br>JUDGE:  Hon. Maxine M. Chesney |

Lead Plaintiff, the Police & Fire Retirement System of the City of Detroit, moved this Court for an Order approving a distribution plan for the Net Settlement Fund, and the Court having considered all materials and argument submitted in support of the motion, including the memorandum in support, the Declaration of Stephen J. Cirami in Support of Lead Plaintiff's Motion for Approval of Distribution Plan (the "Cirami Declaration" or "Cirami Decl.") submitted on behalf of the Court-approved Claims Administrator in the Action, The Garden City Group, Inc. ("GCG"), and the Declaration of Randall K. Berger in Support of Plaintiffs' Motion for Approval of Distribution Plan ("Berger Decl."), submitted herewith;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated July 1, 2009 (the "Stipulation") and the Cirami Declaration and all terms used herein shall have the same meanings as set forth in the Stipulation and the Cirami Declaration.

2.  Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly,

 a. The administrative recommendations of the Court-approved Claims Administrator, GCG, to accept the Timely Eligible Claims, as set forth in Exhibit C-1 to the Cirami Declaration, and the Late But Otherwise Eligible Claims, as set forth in Exhibit C-2 to the Cirami Declaration, are adopted;

 b. The Claims Administrator's administrative recommendations to reject the Rejected or Ineligible Claims, as set forth in Exhibit C-3 to the Cirami Declaration, are adopted;

 c. The Claims Administrator's administrative recommendations to reject the Disputed Claims, as set forth in Exhibit B to the Cirami Declaration, are adopted; specifically, the claims submitted by Barbara Shelton, Steven Faigen, Sun Yung Kim, Henry I. Daty Inc., Peter Kouch, Gerald Michael Prephan, Jon H. Knudtson are denied for the reason that, although such claimants have demonstrated investment losses, such claimants' records establish that they have not incurred a "Recognized Loss" within the meaning of the Stipulation of Settlement;

 d. GCG is directed to distribute 100% of the available balance of the Net Settlement Fund, after deducting the payments previously allowed and approved herein, and after payment of any estimated taxes and the costs of preparing appropriate final tax returns and any escrow fees, to the Authorized Claimants who would receive at least $10.00 based on their Recognized Claims in comparison to the total Recognized Claims of all Authorized Claimants (the "Distribution");

 e. In order to encourage Authorized Claimants to cash their Distribution checks promptly, and to avoid or reduce future expenses relating to unpaid Distribution checks, all Distribution checks shall bear a notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]";

 f. Authorized Claimants who do not cash their Distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated will be available for redistribution to other Authorized Claimants;

 g. Consistent with the Court-approved Plan of Allocation, if any funds remain in the Net Settlement Fund after the Distribution because of uncashed distributions or

other reasons, then, after GCG has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Settlement Fund for such re-distribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution.  If any funds remain in the Net Settlement Fund six (6) months after such re-distribution, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel;

   h. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to Authorized Claimants;

   i. No further Proofs of Claims may be accepted, and no further adjustments to Proofs of Claim may be made for any reason after March 1, 2011;

   j. All of the fees and expenses incurred and to be incurred by GCG in connection with its administration of the Settlement are approved; accordingly Lead Counsel shall direct payment of $299,055.45 out of the Settlement Fund to GCG in payment of such fees and expenses;

   k. Paper copies of the Proofs of Claim and all supporting documentation may be destroyed one year after final distribution, and electronic copies of the same may be destroyed three years after final distribution; and

   l. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any such other and further relief as this Court deems appropriate.

3. The Claims Administrator is DIRECTED to send a copy of the instant order to each of the seven claimants who submitted a Disputed Claim and to file proof of such service, no later than five calendar days from the date of this order.

IT IS SO ORDERED.

DATED: March 11, 2011

THE HONORABLE MAXINE M. CHESNEY
United States District Judge